1  Mike Arias (CSB #115385)
     mike@asstlawyers.com
2  Alfredo Torrijos (CSB #222458)
     alfredo@asstlawyers.com
3  **ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
   6701 Center Drive West, 14th Floor
4  Los Angeles, California 90045
   Telephone:  (310) 844-9696
5  Facsimile: (310) 861-0168

6  Steven L. Woodrow*
     swoodrow@woodrowpeluso.com
7  Patrick H. Peluso*
     ppeluso@woodrowpeluso.com
8  Taylor T. Smith*
     tsmith@woodrowpeluso.com
9  **WOODROW & PELUSO, LLC**
   3900 East Mexico Avenue, Suite 300
10 Denver, Colorado 80210
   Telephone: (720) 213-0675
11 Facsimile: (303) 927-0809

12 *Pro Hac Vice* admission to be filed

13 Attorneys for Plaintiff Edwardo Munoz
   and the Classes

14

15                **UNITED STATES DISTRICT COURT**

16         **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 17  **EDWARDO MUNOZ,** individually and on behalf of all others similarly situated, | Case No. |
| 18 | |
| 19                                 Plaintiff, | **CLASS ACTION COMPLAINT** |
| 20        v. | |
| 21  **7-ELEVEN, INC.,** a Texas corporation, | **JURY TRIAL DEMANDED** |
| 22                                 Defendant. | |
| 23 | |

24        Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") brings this class action
25  complaint against Defendant 7-Eleven, Inc. ("Defendant" or "7-Eleven") to obtain
26  redress for, and put an end to, Defendant's serial violations of the Fair Credit
27  Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or "Act"), specifically its failure
28  to provide lawful notices and disclosures to its job applicants and employees as well

1  as its failure to provide applicants and employees with notice and an opportunity to
2  respond prior to undertaking adverse action against them. Plaintiff, for his Class
3  Action Complaint, alleges as follows upon personal knowledge as to himself and his
4  own acts and experiences, and, as to all other matters, upon information and belief,
5  including investigation conducted by his attorneys.

6  **NATURE OF THE ACTION**

7     1. Enacted to promote the accuracy, fairness, and privacy of consumer
8  information contained in the files of consumer reporting agencies, the FCRA
9  explicitly protects job applicants and existing employees from adverse employment
10 action taken as a result of potentially inaccurate or immaterial information. To that
11 end, employers who obtain and use consumer reports regarding their applicants and
12 employees are required to provide: (1) clear and conspicuous disclosures, in a
13 document consisting solely of the disclosure (*i.e.*, that stands alone), prior to
14 obtaining consumer reports in the first place, and (2) copies of the reports they
15 obtain, together with a written summary of rights under the Act, prior to taking any
16 adverse employment action against the applicants/employees based on information
17 contained in such reports.

18    2. Defendant willfully violates the FCRA by: (1) failing to provide a clear
19 and conspicuous or standalone upfront disclosure that Defendant may procure
20 consumer reports about its applicants and employees, and (2) failing to provide its
21 applicants and employees with copies of such reports and the required summaries of
22 their FCRA rights before taking adverse action against them.

23    3. Consumer reports and investigative consumer reports, while both being
24 types of consumer reports, are not one in the same. They are subject to distinct
25 disclosure requirements. When an employer procures a standard "consumer report"
26 regarding an applicant, it must provide a clear and conspicuous disclosure that stands
27 alone pursuant to Section 1681b(b)(2); however, when an employer procures an
28 investigative consumer report (an invasive type of consumer report that features

**CLASS ACTION COMPLAINT**  - 2 -

1    interviews with a multitude of potential sources) regarding an applicant it must

2    comply with the disclosure requirements of *both* Section 1681b(b)(2) and Section

3    1681d(a)-(b). (*See, e.g.,* Advisory Opinion to Beaudette, available at

4    https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-beaudette-06-09-98.)

5        4.    To comply with both provisions, the FTC has made clear that an

6    employer cannot include the required Section 1681d(b) disclosures with the Section

7    1681b(b)(2)(A) disclosure because doing so overshadows the latter disclosure and,

8    thus, violates Section 1681b(b)(2)(A)'s requirement that the disclosure be clear and

9    conspicuous and "in a document that consists solely of the disclosure." (*See, e.g.,*

10   FTC Advisory Opinion to Willner, available at https://www.ftc.gov/policy/advisory-

11   opinions/advisory-opinion-willner-03-25-99.)

12       5.    In 7-Eleven's case, Defendant fails to provide its applicants or

13   employees with a standalone disclosure and authorization that clearly and

14   conspicuously indicates in a document consisting solely of the disclosure that

15   Defendant may obtain a consumer report about them for employment purposes. First,

16   Defendant provides a single disclosure combining both the disclosure required for a

17   standard consumer report as well as disclosures required for an investigative

18   consumer report, including details regarding the nature and scope of any

19   investigation such that the disclosure overwhelms the consumer report disclosure.

20   The disclosure and authorization also contain additional extraneous information

21   about Sterling Talent Solutions and summaries of FCRA rights, as well as additional

22   language purporting to authorize the preparation of reports by Sterling Talent

23   Solutions. The authorization also purports to give consent to any party or agency

24   contacted by 7-Eleven, Inc. to furnish information to it, and contains

25   acknowledgements that the consumer has read and understood the disclosure and

26   that they may have any employment offer revoked if "unacceptable information is

27   found in an investigative background inquiry or consumer report. (See Disclosure &

28

1 Authorization, a true and accurate copy of which is attached hereto as Ex. A.) The
2 disclosure cannot be considered standalone.

3      6.    The inclusion of such extraneous information and the overshadowing of
4 the consumer report disclosure rendered the disclosure confusing to Plaintiff and
5 other class members. By including combined disclosures, it is unclear as to whether
6 7-Eleven intends to procure a standard consumer report, an investigative consumer
7 report, or both. This lack of clarity frustrates the purpose of the FCRA, which is to
8 inform consumers and allow them a meaningful opportunity to authorize such
9 disclosures. Indeed, had a lawful disclosure been provided Plaintiff and others would
10 not have signed it.

11      7.    Defendant has also willfully violated the FCRA by taking adverse
12 action—including firing its employees—against its job applicants and employees
13 based in whole or in part upon consumer reports or investigative consumer reports
14 that it procured about them without providing such applicants/employees with "pre-
15 adverse action" notice prior to taking action. Instead, Defendant takes adverse action
16 against applicants and employees without providing a copy of the consumer report
17 procured about them or a description of their rights as required by Section
18 1681b(b)(3)(A). As such, Defendant serially violates the FCRA.

19      8.    As a result of Defendant's willful violations of the FCRA, employees
20 and applicants such as Plaintiff Munoz are deprived of rights, including privacy
21 rights guaranteed to them by federal law, and are thus entitled to statutory damages
22 of at least $100 and not more than $1,000 for each violation. *See* 15 U.S.C. §
23 1681n(a)(1)(A).

24 **PARTIES**

25      9.    Plaintiff Munoz is a natural person and citizen of the State of California.
26 He resides in Merced, Merced County, California.

27      10.    Defendant 7-Eleven is a Texas corporation with its principal place of
28 business located at 3200 Hackberry Rd. Irving, TX 75063-0131.

**CLASS ACTION COMPLAINT**     - 4 -

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, which is a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"), because the classes each consist of over 100 people, at least one member of each class is from a State other than Texas (the state of the Defendant), and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

12.     This Court has personal jurisdiction over Defendant because it conducts substantial business in this District and the unlawful conduct alleged in the Complaint emanated from this District.

13.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in the District. Plaintiff was hired at a 7-Eleven location in Los Angeles, California and worked there for a month prior to being terminated based on information contained in a background check obtained about him in relation to his employment.

**FACTS COMMON TO PLAINTIFF AND ALL COUNTS**

14.     7-Eleven is a corporation based in Irving, Texas.

15.     In or around January 2018, Plaintiff applied for a job with 7-Eleven at a store in Los Angeles, California.

16.     In or around January 2018, Plaintiff was required to complete various acknowledgments of company disclosures including a disclosure regarding Plaintiff's background and criminal history.

17.     Rather than provide a standalone disclosure—as the FCRA requires—Plaintiff was presented with a document entitled "Disclosure Regarding Background Investigation," which included the disclosures for both a consumer report and an investigative consumer report, including details regarding the nature and scope of any investigation, together with other extraneous information, including details about

Sterling Talent Solutions and its privacy policy, acknowledgements that documents have been received and reviewed and that the signer understands that by signing they may have an offer revoked, and an authorization purporting to grant "any party or agency contacted by 7-Eleven, Inc." to furnish whatever information 7-Eleven requests. (*See* Ex. A.)

18.     The unnecessary inclusion of such extraneous information rendered the document confusing to Plaintiff and the average consumer. That is, because 7-Eleven fails to provide a clear and conspicuous disclosure in a document consisting solely of the disclosure as required by the FCRA, Plaintiff was unable to meaningfully authorize the report, or reports, that 7-Eleven intended to procure about him. Plaintiff would not have authorized the background check had a lawful disclosure been provided.

19.     Plaintiff was employed by 7-Eleven for approximately one month, starting January 26, 2018.

20.     On or around February 21, 2018, 7-Eleven terminated Plaintiff, an adverse employment action, based on information contained in the background check it had procured regarding Plaintiff.

21.     Plaintiff did not receive a pre-adverse action notice, a copy of the consumer report, or a summary of his rights under the FCRA at that time.

22.     Simply put, 7-Eleven fails to give applicants any opportunity to review and discuss the report and any inaccuracies within it prior to taking adverse action.

23.     As the FTC has made clear, applicants and employees are supposed to be afforded the opportunity to review the background check/consumer report and discuss it with their prospective employer *before losing out on a job* (or having other adverse action taken against them) because of information contained in the report. The FTC has ruled that in general, an employer should wait at least five (5) business days following the notice to the applicant or employee of the anticipated adverse action—together with a copy of the report and a summary of the applicant's/

employee's FCRA rights—*before actually taking the adverse action*. This notice advises the applicant or employee of their ability to discuss the report with their employer. (*See, e.g.,* FTC Advisory Opinion to Weisberg, available at http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-weisberg-06-27-97.)

24.     Because of the unlawful disclosures provided to applicants and employees, including Plaintiff, as well as Defendant's failure to give applicants an opportunity to remedy any issues with the consumer reports prior to termination, Defendant has willfully denied Plaintiff the rights guaranteed to him by the FCRA. Such violations entitle him, and other similarly situated, to statutory damages of not less than $100 and not more than $1,000 per violation.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two nationwide Classes defined as follows:

> **Disclosure Class:** All persons in the United States who (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Disclosure Class; (2) applied for employment with Defendant; (3) about whom Defendant procured a consumer report; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form Defendant provided to Plaintiff.

> **Adverse Action Class:** All persons in the United States who (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Adverse Action Class; (2) were subject to an adverse employment action; (3) based in whole or in part upon any consumer report procured by Defendant; and (4) who, like Plaintiff, had an adverse action taken against them before they were provided any notice of a contemplated action together with a copy of the report and a summary of rights under the FCRA.

> **California Subclass:** All members of either of the Disclosure Class or the Adverse Action Class who reside in California.

26.     Excluded from the Classes and Subclass are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' officers and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person. Plaintiff anticipates the need to amend the Complaint following a reasonable period for class discovery.

27.     **Numerosity:** The exact numbers of the members of the Classes and Subclass are unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has thousands of employees and potentially an even greater number of job applicants. Further, the Class and Subclass members can readily be ascertained through Defendant's records and the records of Sterling Talent Solutions.

28.     **Commonality:** Common questions of law and fact exist as to all members of the Classes and Subclass for which this proceeding will provide common answers in a single stroke based upon common evidence, including:

(a)     Whether Defendant's conduct described herein violated the FCRA;

(b)     Whether Defendant has procured or caused to be procured consumer reports about job applicants and employees;

(c)     Whether Defendant's disclosure violates the FCRA's requirement that the pre-report disclosure be clear and conspicuous in a document consisting solely of the disclosure;

(d)     Whether Defendant has provided a pre-adverse action notice and, if not, the extent of its failure to provide such notices;

(e)     Whether Defendant has acted willfully;

(f)     And for the Subclass the proper measure of statutory damages and the availability and appropriateness of declaratory and injunctive relief.

CLASS ACTION COMPLAINT          - 8 -

29.    **Typicality:** As a result of Defendant's uniform disclosures and conduct, Plaintiff and the Class and Subclass members suffered the same injury and similar damages. If the disclosure violated the FCRA as to Plaintiff, then it violated the FCRA as to all job applicants and employees. Thus, Plaintiff's claims are typical of the claims of the other Class and Subclass members.

30.    **Adequate Representation:** Plaintiff is a member of the Classes and Subclass and both he and his counsel will fairly and adequately represent and protect the interests of the Classes and Subclass, as neither has interests adverse to those of the Class and Subclass members and Defendant has no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Further, Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and Subclass, and they have the financial resources to do so.

31.    **Injunctive and Declaratory Relief:** In using uniform disclosures that violate the FCRA and by uniformly failing to provide pre-adverse action notices as required, Defendant has acted or refused to act on grounds generally applicable to Subclass so as to render injunctive and declaratory relief appropriate under the California Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code § 17200 *et seq.* For the Subclass members, Defendant's uniform conduct requires the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Subclass members, thus, making final injunctive and/or declaratory relief appropriate with respect to the Subclass as a whole. Further, because Defendant's uniform practices result in similar, if not identical, injuries for all Subclass members, Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Subclass, not on facts or law applicable only to Plaintiff.

32.    **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given Class or Subclass member's

1  situation, the answers to whether Defendant's pre-report disclosure and failure to

2  provide pre-adverse action notices are unlawful is the same for everyone—

3  resounding "yesses" on both questions—and they will be proven using common

4  evidence.

5      33.    **Superiority and Manageability:** A class action is superior to all other

6  methods of adjudicating the controversy. Joinder of all class members is impractical,

7  and the damages suffered by/available to the individual Class and Subclass members

8  will likely be small relative to the cost associated with prosecuting an action. Thus,

9  the expense of litigating an individual action will likely prohibit the Class and

10  Subclass members from obtaining effective relief for Defendant's misconduct. In

11  addition, there are numerous common factual and legal questions that could result in

12  inconsistent verdicts should there be several successive trials. In contrast, a class

13  action will present far fewer management difficulties, as it will increase efficiency

14  and decrease expense. Further, class-wide adjudication will also ensure a uniform

15  decision for the Class and Subclass members.

16      34.    Plaintiff reserves the right to revise the definition of the Classes and

17  Subclass as necessary based upon information obtained in discovery.

18               <u>**COUNT I**</u>
          **Violation of 15 U.S.C. § 1681b(b)(2)(A)(i)**
19        **(On Behalf of Plaintiff and the Disclosure Class)**

20      35.    Plaintiff incorporates by reference the foregoing allegations as if fully

21  set forth herein.

22      36.    The FCRA declares that:

23      Except as provided in subparagraph (B), a person may not procure a
24      consumer report, or cause a consumer report to be procured, for
        employment purposes with respect to any consumer, unless—
25
        (i) a <u>clear and conspicuous</u> disclosure has been made in writing to the
26      consumer at any time before the report is procured or caused to be
27      procured, in a document that consists <u>solely of the disclosure</u>, that a
        consumer report may be obtained for employment purposes . . . .
28

**CLASS ACTION COMPLAINT**          - 10 -

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

    37.    The FCRA defines a consumer report as:

> . . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, cred-it capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .
>
> (B) employment purposes . . .

15 U.S.C. § 1681a(d)(1).

    38.    Defendant's background checks are consumer reports.

    39.    The pre-report disclosure that 7-Eleven provided to applicants and employees combines disclosures required for consumer reports with disclosures required for investigative consumer reports. That is, Defendant provides a single disclosure combining both the disclosure required for a standard consumer report as well as disclosures required for an investigative consumer report, including details regarding the nature and scope of any investigation such that the disclosure overwhelms the consumer report disclosure.

    40.    The disclosure and authorization also contain additional extraneous information about Sterling Talent Solutions and summaries of FCRA rights, as well as additional language purporting to authorize the preparation of reports by Sterling Talent Solutions. The authorization also purports to give consent to any party or agency contacted by 7-Eleven, Inc. to furnish information to it, and contains acknowledgements that the consumer has read and understood the disclosure and that they may have any employment offer revoked if unacceptable information is found in an investigative background inquiry or consumer report.

    41.    The disclosure and authorization that Defendant provided to Plaintiff and the Disclosure Class members willfully violated the FCRA by not being clear and conspicuous, by being unnecessarily duplicative, and by including extraneous

1    information such that the disclosure cannot be said to "stand alone" in a document

2    that consists solely of the disclosure. Plaintiff and the other class members wouldn't

3    have authorized the reports had appropriate disclosures been provided.

4         42.     Defendant procured consumer reports with respect to Plaintiff and the

5    Disclosure Class members. The disclosures provided to Plaintiff were the same or

6    substantially the same as the one provided to all Disclosure Class members. Thus,

7    Defendant uniformly violated the FCRA rights of all Class members in the same way

8    and, in the process, violated their right to information and their privacy rights as

9    delineated by Congress.

10       43.     Defendant's violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was willful for

11    at least the following reasons:

12            (i)     The rule that FRCA disclosures be "clear and conspicuous" and

13            part of a document consisting "solely" of that disclosure has been the law

14            established for well over a decade.

15            (ii)     Defendant is a large corporation who regularly engages outside

16            counsel—it had ample means and opportunity to seek legal advice regarding

17            its FCRA responsibilities. As such, any violations were made in conscious

18            disregard of the rights of others.

19            (iii)     Clear judicial and administrative guidance—dating back to at

20            least the 1990s—regarding a corporation's FCRA responsibilities exists and is

21            readily available explaining that such disclosures must stand-alone. This

22            readily-available guidance means Defendant either was aware of its

23            responsibilities or plainly should have been aware of its responsibilities but

24            ignored them and violated the FCRA anyway.

25       44.     Plaintiff and the Disclosure Class are entitled to statutory damages of

26    not less than $100 and not more than $1,000 for each of Defendant's willful

27    violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

28

45.     Accordingly, under the FCRA, Plaintiff and the Disclosure Class seek statutory damages, reasonable cost and attorneys' fees, and such other relief as the Court deems necessary, reasonable, and just.

## COUNT II
### Violation of 15 U.S.C. § 1681b(b)(3)
### (On Behalf of Plaintiff and the Adverse Action Class)

46.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

47.     The FCRA provides that:

(3) Conditions on use for adverse actions.

(A) In General. Except as provided in subparagraph (b), in using a consumer report for employment purposes, *before taking any adverse action* based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—

(i)     a copy of the report; and
(ii)    a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

*See* 15 U.S.C. 1681b(b)(3) (Emphasis added).

48.     The FCRA defines adverse action as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

49.     In construing the FCRA, the FTC made clear, applicants and employees are supposed to be provided the opportunity to review any background check/ consumer reports obtained in regards to them and to discuss it with the employer before losing out on a job (or having other adverse action taken) because of information contained in the report. The FTC has stated repeatedly that in general an employer should wait at least five (5) business days following the notice to the applicant or employee of the anticipated adverse action—together with a copy of the report and a summary of the applicant/employees' FCRA rights—before actually

1  taking the adverse action. This notice advises the applicant or employee of their

2  ability to discuss the report with their employer. (*See, e.g.,* FTC Advisory Opinion to

3  Weisberg, available at http://www.ftc.gov/policy/advisory-opinions/advisory-

4  opinion-weisberg-06-27-97.)

5      50.    After obtaining a consumer report about Plaintiff for employment

6  purposes, Defendant—based in whole or in part on information contained in

7  Plaintiff's consumer report—revoked Plaintiff's employment offer, an adverse

8  employment action. Plaintiff had been working for a month at that point.

9      51.    Defendant violated Section 1681b(b)(3)(A) of the FCRA by failing to

10  provide Plaintiff and members of the Adverse Action Class with pre-adverse action

11  notice together with a copy of the report and summary of rights under the FCRA.

12  Instead, Defendant evaluates each applicant's and employee's consumer report and

13  takes adverse action against them without sending any pre-adverse action notice.

14  Defendant's failure to provide the required notice frustrates the purpose of the FCRA

15  and robs applicants and employees of a meaningful opportunity to discuss any

16  negative information in their consumer reports with Defendant prior to the decision

17  to take adverse action, as intended by the FCRA.

18      52.    Defendant's violations of 15 U.S.C. § 1681b(b)(3)(A) were willful. The

19  rule that employers must give applicants and employees an opportunity to remedy

20  any discrepancies with their consumer reports directly with the employer prior to any

21  adverse action being taken is well established. Defendant is a large corporation that

22  has retained lawyers on staff and regularly engages counsel—it has ample means and

23  opportunity to seek legal advice regarding their FCRA responsibilities. Further, there

24  is a glut of judicial and administrative guidance—dating back to the 1990's—

25  regarding a corporation's FCRA responsibilities. As a consequence of such readily

26  available guidance, Defendant was either aware of its responsibilities or should have

27  been aware of its responsibilities but violated the FCRA anyway.

28

**CLASS ACTION COMPLAINT**                - 14 -

53.     Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

54.     Accordingly, under the FCRA, Plaintiff and the Adverse Action Class seek statutory damages, reasonable cost and attorneys' fees, and such other relief as the Court deems necessary, reasonable, and just.

**COUNT III**
**Violation of the California Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200 *et seq*.**
**(On Behalf of Plaintiff and the California Subclass)**

55.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

56.     Defendant's failure to provide a clear and conspicuous disclosure and authorization under the FCRA that "stands alone" violated the unlawful prong of the UCL.

57.     Defendant's failure to provide a pre-adverse action notice in accordance with the FCRA violated the unlawful prong of the UCL.

58.     Defendant's violations are ongoing and continuing and will likely occur in the future absent an order from this Court enjoining 7-Eleven from continuing to violate the FCRA with respect to California residents.

59.     As such, Plaintiff and the California Subclass members are entitled to injunctive relief and corresponding declaratory relief, attorneys fees, and such additional relief as the Court deems necessary, reasonable, and just.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Edwardo Munoz, individually and on behalf of the Classes and Subclass, respectfully requests that this Court issue an order:

A.     Certifying this case as a class action on behalf of the Classes and Subclass defined above, appointing Edwardo Munoz as class representative and appointing his counsel as class counsel;

B. Declaring that Defendant's actions, as set out above, constitute violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

C. Declaring that Defendant's practice of not providing a copy of the consumer report relied upon and a summary of FCRA rights constitutes a violation of the FCRA;

D. Awarding damages, including statutory and treble damages where applicable, to Plaintiff and the Classes in amounts to be determined at trial;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Subclass, *inter alia*: (i) an order prohibiting Defendant from engaging in the wrongful and unlawful actions described herein; and (ii) requiring Defendant to provide proper disclosures, notices, and summaries under federal law;

F. Awarding Plaintiff and the Classes and Subclass their reasonable litigation expenses and attorneys' fees;

G. Awarding Plaintiff and the Classes and Subclass pre- and post-judgment interest, to the extent allowable;

H. Providing such other injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Classes and Subclass; and

I. Such further and other relief as the Court deems reasonable and just.

/ / /

/ / /

/ / /

1

2                                     **JURY DEMAND**

3          Plaintiff requests a trial by jury of all claims that can be so tried.

4

5                                               Respectfully submitted,

6

7    Dated: May 8, 2018                        **Edwardo Munoz**, individually and on behalf
                                                of all others similarly situated,
8

9                                    By:       /s/   *Mike Arias*
                                               Mike Arias (CSB #115385)
10                                               mike@asstlawyers.com
                                               Alfredo Torrijos (CSB #222458)
11                                               alfredo@asstlawyers.com
                                               **ARIAS SANGUINETTI WANG &**
12                                               **TORRIJOS, LLP**
                                               6701 Center Drive West, 14th Floor
13                                             Los Angeles, California 90045
                                               Telephone:  (310) 844-9696
14                                             Facsimile: (310) 861-0168

15                                             Steven L. Woodrow*
                                                 swoodrow@woodrowpeluso.com
16                                             Patrick H. Peluso*
                                                 ppeluso@woodrowpeluso.com
17                                             Taylor T. Smith*
                                                 tsmith@woodrowpeluso.com
18                                             **WOODROW & PELUSO, LLC**
                                               3900 East Mexico Avenue, Suite 300
19                                             Denver, Colorado  80210
                                               Telephone: (720) 213-0675
20                                             Facsimile: (303) 927-0809

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**              - 17 -