Mike Arias (CSB #115385)
  mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone:  (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be filed

Attorneys for Plaintiff Edwardo Munoz
and the Class and Subclass

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**7-Eleven, Inc.,** a Texas corporation,<br><br>Defendant. | Case No.  2:18-cv-03893-RGK-AGR<br><br>**FIRST AMENDED<br>CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") brings this first amended class action complaint against Defendant 7-Eleven, Inc. ("Defendant" or "7-Eleven") to obtain redress for, and put an end to, Defendant's serial violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or "Act"), specifically its

**FIRST AMENDED
CLASS ACTION COMPLAINT**

- 1 -

failure to provide lawful notices and disclosures to its job applicants and employees as well as such other relief as this Court deems necessary and just. Plaintiff, for his First Amended Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA explicitly protects job applicants and existing employees from adverse employment action taken as a result of potentially inaccurate or immaterial information. To that end, employers who obtain and use consumer reports regarding their applicants and employees are required to provide: (1) clear and conspicuous disclosures, in a document consisting solely of the disclosure (*i.e.*, that stands alone), prior to obtaining consumer reports in the first place, and (2) copies of the reports they obtain, together with a written summary of rights under the Act, prior to taking any adverse employment action against the applicants/employees based on information contained in such reports.

2. Defendant willfully violates the FCRA by failing to provide a clear and conspicuous or standalone upfront disclosure that Defendant may procure consumer reports about its applicants and employees prior to procuring consumer reports about them.

3. Consumer reports and investigative consumer reports, while both being types of consumer reports, are not one in the same. They are subject to distinct disclosure requirements. When an employer procures a standard "consumer report" regarding an applicant, it must provide a clear and conspicuous disclosure that stands alone pursuant to Section 1681b(b)(2); however, when an employer procures an investigative consumer report (an invasive type of consumer report that features interviews with a multitude of potential sources) regarding an applicant it must

comply with the disclosure requirements of *both* Section 1681b(b)(2) and Section 1681d(a)-(b). (*See, e.g.,* Advisory Opinion to Beaudette, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-beaudette-06-09-98.)

4. To comply with both provisions, the FTC has made clear that an employer cannot include the required Section 1681d(b) disclosures with the Section 1681b(b)(2)(A) disclosure because doing so overshadows the latter disclosure and, thus, violates Section 1681b(b)(2)(A)'s requirement that the disclosure be clear and conspicuous and "in a document that consists solely of the disclosure." (*See, e.g.,* FTC Advisory Opinion to Willner, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-willner-03-25-99.)

5. In 7-Eleven's case, 7-Eleven fails to provide its applicants or employees with a standalone disclosure and authorization that clearly and conspicuously indicates in a document consisting solely of the disclosure that Defendant may obtain a consumer report about them for employment purposes. First, Defendant provides a single disclosure combining both the disclosure required for a standard consumer report as well as disclosures required for an investigative consumer report, including details regarding the nature and scope of any investigation such that the disclosure overwhelms the consumer report disclosure. The disclosure and authorization also contain additional extraneous information about Sterling Talent Solutions and summaries of FCRA rights, as well as additional language purporting to authorize the preparation of reports by Sterling Talent Solutions. The authorization also purports to give consent to any party or agency contacted by 7-Eleven, Inc. to furnish information to it, and contains acknowledgements that the consumer has read and understood the disclosure and that they may have any employment offer revoked if "unacceptable information is found in an investigative background inquiry or consumer report. (See Disclosure & Authorization, a true and accurate copy of which is attached hereto as Ex. A.) The disclosure cannot be considered standalone.

**FIRST AMENDED**
**CLASS ACTION COMPLAINT**
- 3 -

6. The inclusion of such extraneous information and the overshadowing of the consumer report disclosure rendered the disclosure confusing to Plaintiff and other class members. By including combined disclosures, it is unclear as to whether 7-Eleven intends to procure a standard consumer report, an investigative consumer report, or both. This lack of clarity frustrates the purpose of the FCRA, which is to inform consumers and allow them a meaningful opportunity to authorize such disclosures. Indeed, had a lawful disclosure been provided Plaintiff and others would not have signed it.

7. As a result of Defendant's willful violations of the FCRA, employees and applicants such as Plaintiff Munoz are deprived of rights, including privacy rights guaranteed to them by federal law, and are thus entitled to statutory damages of at least $100 and not more than $1,000 for each violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

## PARTIES

8. Plaintiff Munoz is a natural person and citizen of the State of California. He resides in Merced, Merced County, California.

9. Defendant 7-Eleven is a Texas corporation with its principal place of business located at 3200 Hackberry Rd. Irving, TX 75063-0131.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, which is a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"), because the class consists of over 100 people, at least one member of the class is from a State other than Texas (the state of the Defendant), and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

FIRST AMENDED
CLASS ACTION COMPLAINT

- 4 -

11. This Court has personal jurisdiction over Defendant because it conducts substantial business in this District and the unlawful conduct alleged in the Complaint emanated from this District.

12. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in the District. Plaintiff was hired at a 7-Eleven location in Los Angeles, California and worked there for a month prior to being terminated based on information contained in a background check obtained about him in relation to his employment.

## FACTS COMMON TO PLAINTIFF AND ALL COUNTS

13. 7-Eleven is a corporation based in Irving, Texas.

14. In or around January 2018, Plaintiff applied for a job with 7-Eleven at a store in Los Angeles, California.

15. In or around January 2018, Plaintiff was required to complete various acknowledgments of company disclosures including a disclosure regarding Plaintiff's background and criminal history.

16. Rather than provide a standalone disclosure—as the FCRA requires—Plaintiff was presented with a document entitled "Disclosure Regarding Background Investigation," which included the disclosures for both a consumer report and an investigative consumer report, including details regarding the nature and scope of any investigation, together with other extraneous information, including details about Sterling Talent Solutions and its privacy policy, acknowledgements that documents have been received and reviewed and that the signer understands that by signing they may have an offer revoked, and an authorization purporting to grant "any party or agency contacted by 7-Eleven, Inc." to furnish whatever information 7-Eleven requests. (*See* Ex. A.)

17. The unnecessary inclusion of such extraneous information rendered the document confusing to Plaintiff and the average consumer. That is, because 7-Eleven fails to provide a clear and conspicuous disclosure in a document consisting solely of

FIRST AMENDED
CLASS ACTION COMPLAINT

- 5 -

the disclosure as required by the FCRA, Plaintiff was unable to meaningfully authorize the report, or reports, that 7-Eleven intended to procure about him. Plaintiff would not have authorized the background check had a lawful disclosure been provided.

18. Plaintiff was employed by 7-Eleven for approximately one month, starting January 26, 2018.

19. On or around February 21, 2018, 7-Eleven terminated Plaintiff based on information contained in the background check it had procured regarding Plaintiff.

20. Defendant—by failing to provide lawful disclosures to applicants and employees, including Plaintiff—has willfully denied Plaintiff the rights guaranteed to him by the FCRA. Such violations entitle him, and other similarly situated, to statutory damages of not less than $100 and not more than $1,000 per violation.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself, a nationwide Class, and a California Subclass defined as follows:

> **Disclosure Class:** All persons in the United States who (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Disclosure Class; (2) applied for employment with Defendant; (3) about whom Defendant procured a consumer report; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form Defendant provided to Plaintiff.
>
> **California Subclass:** All members of the Disclosure Class who reside in California.

22. Excluded from the Class and Subclass are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' officers and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a

FIRST AMENDED
CLASS ACTION COMPLAINT

- 6 -

1  timely request for exclusion, (4) persons who have had their claims in this matter
2  finally adjudicated and/or otherwise released, and (5) the legal representatives,
3  successors, and assigns of any such excluded person. Plaintiff anticipates the need to
4  amend the Complaint following a reasonable period for class discovery.

5      23. **Numerosity:** The exact numbers of the members of the Class and
6  Subclass are unknown to Plaintiff at this time, but it is clear that individual joinder is
7  impracticable. Defendant has thousands of employees and potentially an even greater
8  number of job applicants. Further, the Class and Subclass members can readily be
9  ascertained through Defendant's records and the records of Sterling Talent Solutions.

10     24. **Commonality:** Common questions of law and fact exist as to all
11 members of the Class and Subclass for which this proceeding will provide common
12 answers in a single stroke based upon common evidence, including:

13     (a) Whether Defendant's conduct described herein violated the FCRA;
14     (b) Whether Defendant has procured or caused to be procured consumer
15         reports about job applicants and employees;
16     (c) Whether Defendant's disclosure violates the FCRA's requirement that
17         the pre-report disclosure be clear and conspicuous in a document
18         consisting solely of the disclosure;
19     (d) Whether Defendant has acted willfully;
20     (e) And for the Subclass the proper measure of statutory damages and the
21         availability and appropriateness of declaratory and injunctive relief.

22     25. **Typicality:** As a result of Defendant's uniform disclosures and conduct,
23 Plaintiff and the Class and Subclass members suffered the same injury and similar
24 damages. If the disclosure violated the FCRA as to Plaintiff, then it violated the
25 FCRA as to all job applicants and employees. Thus, Plaintiff's claims are typical of
26 the claims of the other Class and Subclass members.

27     26. **Adequate Representation:** Plaintiff is a member of the Class and
28 Subclass and both he and his counsel will fairly and adequately represent and protect

the interests of the Class and Subclass, as neither has interests adverse to those of the Class and Subclass members and Defendant has no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Further, Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and Subclass, and they have the financial resources to do so.

27. **Conduct Similar Towards Class Members:** In using uniform disclosures that violate the FCRA, Defendant has acted or refused to act on grounds generally applicable to Subclass so as to render injunctive and declaratory relief appropriate under the California Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code § 17200 *et seq*. For the Subclass members, Defendant's uniform conduct requires the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Subclass members, thus, making final injunctive and/or declaratory relief appropriate with respect to the Subclass as a whole. Further, because Defendant's uniform practices result in similar, if not identical, injuries for all Subclass members, Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Subclass, not on facts or law applicable only to Plaintiff.

28. **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given Class or Subclass member's situation, the answer to whether Defendant's pre-report disclosure is unlawful is the same for everyone—a resounding "yes" to that question—and it will be proven using common evidence.

29. **Superiority and Manageability:** A class action is superior to all other methods of adjudicating the controversy. Joinder of all class members is impractical, and the damages suffered by/available to the individual Class and Subclass members will likely be small relative to the cost associated with prosecuting an action. Thus, the expense of litigating an individual action will likely prohibit the Class and

Subclass members from obtaining effective relief for Defendant's misconduct. In addition, there are numerous common factual and legal questions that could result in inconsistent verdicts should there be several successive trials. In contrast, a class action will present far fewer management difficulties, as it will increase efficiency and decrease expense. Further, class-wide adjudication will also ensure a uniform decision for the Class and Subclass members.

30.   Plaintiff reserves the right to revise the definition of the Class and Subclass as necessary based upon information obtained in discovery.

## COUNT I
### Violation of 15 U.S.C. § 1681b(b)(2)(A)(i)
### (On Behalf of Plaintiff and the Disclosure Class)

31.   Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32.   The FCRA declares that:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> (i) a <u>clear and conspicuous</u> disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists <u>solely of the disclosure</u>, that a consumer report may be obtained for employment purposes . . . .

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

33.   The FCRA defines a consumer report as:

> . . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, cred-it capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .
>
> (B) employment purposes . . .

15 U.S.C. § 1681a(d)(1).

FIRST AMENDED
CLASS ACTION COMPLAINT

- 9 -

34. Defendant's background checks are consumer reports.

35. The pre-report disclosure that 7-Eleven provided to applicants and employees combines disclosures required for consumer reports with disclosures required for investigative consumer reports. That is, Defendant provides a single disclosure combining both the disclosure required for a standard consumer report as well as disclosures required for an investigative consumer report, including details regarding the nature and scope of any investigation such that the disclosure overwhelms the consumer report disclosure.

36. The disclosure and authorization also contain additional extraneous information about Sterling Talent Solutions and summaries of FCRA rights, as well as additional language purporting to authorize the preparation of reports by Sterling Talent Solutions. The authorization also purports to give consent to any party or agency contacted by 7-Eleven, Inc. to furnish information to it, and contains acknowledgements that the consumer has read and understood the disclosure and that they may have any employment offer revoked if unacceptable information is found in an investigative background inquiry or consumer report.

37. The disclosure and authorization that Defendant provided to Plaintiff and the Disclosure Class members willfully violated the FCRA by not being clear and conspicuous, by being unnecessarily duplicative, and by including extraneous information such that the disclosure cannot be said to "stand alone" in a document that consists solely of the disclosure. Plaintiff and the other class members wouldn't have authorized the reports had appropriate disclosures been provided.

38. Defendant procured consumer reports with respect to Plaintiff and the Disclosure Class members. The disclosures provided to Plaintiff were the same or substantially the same as the one provided to all Disclosure Class members. Thus, Defendant uniformly violated the FCRA rights of all Class members in the same way and, in the process, violated their right to information and their privacy rights as delineated by Congress.

**FIRST AMENDED CLASS ACTION COMPLAINT** - 10 -

39. Defendant's violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was willful for at least the following reasons:

(i) The rule that FRCA disclosures be "clear and conspicuous" and part of a document consisting "solely" of that disclosure has been the law established for well over a decade.

(ii) Defendant is a large corporation who regularly engages outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others.

(iii) Clear judicial and administrative guidance—dating back to at least the 1990s—regarding a corporation's FCRA responsibilities exists and is readily available explaining that such disclosures must stand-alone. This readily-available guidance means Defendant either was aware of its responsibilities or plainly should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

40. Plaintiff and the Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

41. Accordingly, under the FCRA, Plaintiff and the Disclosure Class seek statutory damages, reasonable cost and attorneys' fees, and such other relief as the Court deems necessary, reasonable, and just.

## COUNT II
**Violation of the California Unfair Competition Law  
Cal. Bus. & Prof. Code § 17200 *et seq*.  
(On Behalf of Plaintiff and the California Subclass)**

42. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

1   43.   Defendant's failure to provide a clear and conspicuous disclosure and authorization under the FCRA that "stands alone" violated the unlawful prong of the UCL.

44.   Defendant's violations are ongoing and continuing and will likely occur in the future absent an order from this Court enjoining 7-Eleven from continuing to violate the FCRA with respect to California residents.

45.   As such, Plaintiff and the California Subclass members are entitled under the UCL to an Order enjoining 7-Eleven's further violations of the FCRA and for corresponding declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Edwardo Munoz, individually and on behalf of the Class and Subclass, respectfully requests that this Court issue an order:

A.   Certifying this case as a class action on behalf of the Class and Subclass defined above, appointing Edwardo Munoz as class representative and appointing his counsel as class counsel;

B.   Declaring that Defendant's actions, as set out above, constitute violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

C.   Awarding damages, including statutory and treble damages where applicable, to Plaintiff and the Class in amounts to be determined at trial;

D.   Awarding injunctive and other equitable relief as is necessary to protect the interests of the Subclass, *inter alia*: (i) an order prohibiting Defendant from engaging in the wrongful and unlawful actions described herein; and (ii) requiring Defendant to provide proper disclosures;

E.   Awarding Plaintiff and the Class and Subclass their reasonable litigation expenses and attorneys' fees;

1     F.    Awarding Plaintiff and the Class and Subclass pre- and post- judgment interest, to the extent allowable;

    G.    Providing such other injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Class and Subclass; and

    H.    Such further and other relief as the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: July 9, 2018        **Edwardo Munoz**, individually and on behalf of all others similarly situated,

By:   /s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Mike Arias (CSB #115385)
  mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

**FIRST AMENDED CLASS ACTION COMPLAINT**    - 13 -