Julie R. Trotter, Bar No. 209675
  jtrotter@calljensen.com
Kent R. Christensen, Bar No. 253815
  kchristensen@calljensen.com
Delavan J. Dickson, Bar No. 270865
  ddickson@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant 7-Eleven, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO MUNOZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>7-ELEVEN, INC., a Texas corporation,<br><br>Defendant. | Case No.  2:18-cv-03893 RGK (AGR)<br><br>**DEFENDANT 7-ELEVEN, INC.'S FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Date:   August 27, 2018<br>Time:   9:00 a.m.<br>Place:  Courtroom 850<br><br>Complaint Filed:   May 9, 2018<br>Trial Date:   None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 27, 2018, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850 of the United States District Court for the Central District of California, located at 255 E. Temple Street, Los Angeles, California 90012, Defendant 7-Eleven, Inc. will, and hereby does, move for an order dismissing the claims against it in the above entitled action.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6). As explained in the accompanying Memorandum of Points and Authorities, Plaintiff has failed to plead actual facts that would show its claims are plausible as required under the applicable *Twombly/Iqbal* standard.

Defendant makes this Motion following the conference of the parties pursuant to L.R. 7-3, which took place on July 16, 2018. The parties had also engaged in detailed meet-and-confer efforts pertaining to the original Complaint – in fact, the First Amended Complaint resulted from those meet-and-confer efforts.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such other matters as may be presented to the Court at the time of the hearing.

Dated: July 23, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Kent R. Christensen
Delavan J. Dickson


By: */s/ Julie R. Trotter*
     Julie R. Trotter

Attorneys for Defendant 7-Eleven, Inc

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Plaintiff asserts one claim under the Fair Credit Reporting Act ("FCRA"), as well as a derivative state law claim. In her FCRA claim, Plaintiff alleges 7-Eleven violated the FCRA because its one-page background check authorization form contained *too much* information. As explained below, and by other courts analyzing analogous forms, Plaintiff's argument lacks merit as a matter of law and this claim should be dismissed with prejudice. Moreover, because Plaintiff's state law claim is derivative to his FCRA claim, it should be dismissed for the same reasons. Further, because there is no possible way Plaintiff could cure the fatal defects with these claims, the dismissal should be with prejudice.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, although courts must accept all factual allegations in a complaint as true, this rule "is inapplicable to legal conclusions." *See id.* at 678-79. In other words, a claim that consists of "naked assertions devoid of further factual enhancement" does not suffice. *Id.* at 678 (internal quotation marks omitted).

In deciding whether a claim is plausible, the Court is expected "to draw on its judicial experience and common sense." *Id.* at 679.

/ / /

/ / /

### III. DISCUSSION

#### A. Plaintiff's FCRA Claim For Alleged Violation Of 15 U.S.C. Section 1681b(b)(2)(A)(i) Is Not Viable

Plaintiff's FCRA claim contends that the one-page disclosure and authorization form for 7-Eleven to obtain a "consumer report" contained *too much* information. As explained below, the contention fails as a matter of law.

The FCRA defines the term "consumer report" as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-- (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

*See* 15 U.S.C. § 1681a(d)(1). One specific kind of "consumer report" relevant here is known as an "investigative consumer report," which is defined as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

*See* 15 U.S.C. § 1681a(e). More information must be disclosed to a person in order to obtain an investitive consumer report about them relative to the information that must be disclosed for other types of consumer reports. *See* 15 U.S.C. §§ 1681b(b)(2) and 1681d(a).

///

///

Under 15 U.S.C. Section 1681b(b)(2)(A)(i), a prospective employer may not obtain a "consumer report" from an applicant unless it first provides the applicant with "a clear and conspicuous disclosure" in a writing "that consists solely of the disclosure." *See* 15 U.S.C. § 1681b(b)(2)(A). In analyzing what may be included in such a disclosure, the FTC has advised that some additional information is acceptable as long as it does not confuse the consumer or detract from the mandated disclosure. For instance, "[i]t is permissible to include information that is closely related to the FCRA disclosure and serves to focus an applicant's attention on the FCRA disclosure." *See Walker v. Fred Meyer, Inc.*, 2018 WL 2455915, *3 (D. Ore. May 7, 2018) (internal quotation marks and citations omitted).

Plaintiff claims the one-page disclosure and authorization form he executed for 7-Eleven violated the above-FCRA requirements because: (1) it provided information the FCRA requires be provided for both obtaining a "consumer report" and "investigative consumer report" as those terms are defined by the FCRA; (2) noted Sterling Talent Solutions, Inc. would be the third party that would prepare any report obtained pursuant to this form; (3) informed Plaintiff where he could find a summary of his FCRA rights; (4) explained that Plaintiff was authorizing parties to provide information for such a report to 7-Eleven; (5) stated that if Plaintiff executed it he would be acknowledging he had both read and understood the one-page form; and (6) explained that Plaintiff's employment offer could be revoked if unacceptable information was uncovered during this process. (*See* Compl., ¶¶ 35-37.) In other words, Plaintiff's argument is that 7-Eleven violated the FCRA by informing Plaintiff what executing the form would mean in a straight-forward, concise, fashion. (*Compare id. with* Dkt. No. 1, Ex. A.)

Unsurprisingly, Plaintiff's argument fails as a matter of law because a company being upfront, clear, and direct on these matters with employee applicants does not violate the FCRA's requirements – rather, the FCRA expects companies to do exactly what 7-Eleven has done with this one-page form. With respect to Plaintiff's specific contentions, 7-Eleven also notes that:

- On the first point, the FTC advisory opinion Plaintiff relies upon to claim it is improper to include the information required to obtain either a "consumer report" or "investigative consumer report" in one disclosure states that it is proper to do this so long as the latter disclosure is "very limited" in nature, which is obviously the case with 7-Eleven's own one-page form. (*Compare* Dkt. No. 1, ¶ 4) *with* FTC Advisory Opinion to Willner, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-willner-03-25-99; *see also Walker*, 2018 WL 2455915, *1-*2, *5 (in holding form with analogous provisions did not violate Section 1681b(b)(2)(A)(i) in dismissing FCRA claim, stating "the fact that Fred Meyer provided Walker with a disclosure that discussed both consumer reports and investigative reports does not run afoul of the FRCA" in citing to the Willner Opinion letter); *Coleman v. Kohl's Dep't Stores, Inc.*, 2015 WL 5782352, *1-*2 (N.D. Cal. 2015) (dismissing same claim against analogous form that also included disclosures for investigative consumer report and other consumer reports).

- On the second point, the fact that 7-Eleven notes Sterling would be the third party procuring the report is entirely consistent with Section 1681b(b)(2)(A)(i)'s requirements. Indeed, failure to make such a disclosure could have been challenged as misleading. *See Walker*, 2018 WL 2455915, *1-*2 (holding form with analogous provisions did not violate Section 1681b(b)(2)(A)(i) in dismissing FCRA claim); *Coleman*, 2015 WL 5782352, *1-*2 (dismissing same claim against analogous form that also included information regarding the party who would be preparing the report).

- On the third point, 7-Eleven was required to inform Plaintiff where he could find a summary of his relevant FCRA rights as this disclosure authorized obtaining an investigative consumer report. *See* 15 U.S.C. 1681d(a)(1).

- On the fourth and fifth points, the FCRA required 7-Eleven to obtain authorization for such a report from Plaintiff, and also allowed such authorization

to be included as part of the disclosure. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii). *See Marquez v. Bank of Am., N.A.*, 2018 WL 1948864, *1-*2 (N.D. Cal. April 25, 2018) (dismissing claim against analogous form that included similar authorizations).

- On the sixth point, once again, 7-Eleven informing Plaintiff of potential consequences from any report obtained not only complies with the FCRA's requirements, but it would arguably render a disclosure form improperly misleading if it failed to do so. *Coleman*, 2015 WL 5782352, *1-*2 (dismissing same claim against analogous form that also noted information obtained could be relied upon to make hiring decision).

Thus, 7-Eleven respectfully requests that the Court follow the reasoning and analysis of other judges in this circuit when considering forms analogous to 7-Eleven's here, and dismiss the action. (*Compare* Dkt. No. 1, Ex. A) *with Walker*, 2018 WL 2455915, *1-*2 (holding form with analogous provisions did not violate Section 1681b(b)(2)(A)(i) in dismissing FCRA claim) *Marquez, N.A.*, 2018 WL 1948864, *1-*2 (same); *Coleman*, 2015 WL 5782352, *1-*2 (same). Moreover, because allowing leave to amend on this claim would be futile, 7-Eleven requests that the dismissal be with prejudice. *See Curry v. Yelp, Inc.*, 875 F.3d 1219, 1222 (9th Cir. 2017).

### B. The UCL Claim Fails For The Same Reasons

As is common, Plaintiff's state claim under the Unfair Competition Law is derivative to his other claim. (*See* Dkt. No. 1, ¶¶ 55-59.) As such, it fails for the same reasons.

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the reasons stated above, the Court should dismiss Plaintiff's First Amended Complaint with prejudice.

Dated: July 23, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Kent R. Christensen
Delavan J. Dickson

By: */s/ Julie R. Trotter*
Julie R. Trotter

Attorneys for Defendant 7-Eleven, Inc.