# EXHIBIT A



# Advisory Opinion to Willner (03-25-99)

March 25, 1999

Mr. Kenneth M. Willner
Paul, Hastings, Janofsky & Walker
1299 Pennsylvania Ave. N.W.
Washington, DC 20004-2400

RE: Sections 603(e), 604(b)(2)(A), 606(a) and 606(b) of the Fair Credit Reporting Act

Dear Mr. Willner:

This is in response to your letter requesting a staff opinion regarding the Fair Credit Reporting Act ("FCRA"). Your questions involve background checks of job applicants, undertaken for employers by third party agencies. The agencies generally conduct telephone interviews with between two and five references for each applicant, in which they inquire about the applicant's prior work performance. We set forth your questions verbatim, with our analysis immediately following.

1. If an employer uses a third-party agency to conduct a reference check on an applicant, is the reference check considered a "consumer report" (or) an "investigative consumer report"?

We believe that the reference checks which you describe constitute investigative consumer reports as that term is defined in Section 603(e) of the FCRA. A full discussion of our position is presented in the attached letters. (Hinkle, 7/9/98; Beaudette, 6/9/98)

2. If a reference check by a third-party is considered an "investigative consumer report," can the employer combine the information regarding the "nature and scope of the investigation" with the initial disclosure that an "investigative consumer report" may be obtained?

There are three separate disclosures to consider. First, Section 606(a) requires any user of an investigative consumer report to disclose that such a report may be requested, no later than three days after ordering such a report. Second, Section 606(b) requires the report user to disclose the "nature and scope of the investigation requested" upon request by the consumer, no later than five days after receiving the request (or five days after ordering the report, if that is later). Third, Section 604(b)(2)(A), which applies only to employers but includes all types of consumer reports (including, but not limited to, investigative reports), requires a disclosure "in a document that consists solely of the disclosure" that a consumer report may be obtained for employment purposes.

We believe that employers may combine the disclosures required by Section 606(b) relating to the "nature and scope of the investigation" with the initial disclosure that an investigative consumer report may be obtained required by Section 606(a), in those cases where the employer is able to describe with sufficient particularity the nature and scope of any such investigation that might be requested in the future. Where an employer cannot do so at that point in time (e.g., there are too many alternative types of investigations that it might possibly order at the time of the initial disclosure), it will not be able to comply with Section 606(b) until the parameters of the investigation have been determined or the report has been ordered.

Section 604(b)(2)(A)'s requirement that the disclosure by employers of any consumer report (investigative or other) be in a stand-alone document raises the issue of what (if any) other items may be included on that document. In the enclosed letter (Steer, 10/21/97), the staff explained that the intent of this provision is to insure that the disclosure appears conspicuously in a document unencumbered by other information. In the Steer letter, we opined that the employer could also include the authorization required by Section 604(b)(2)(B), because the authorization would contain limited verbiage and would enhance the Section 604(b)(2)(A) disclosure, rather than detract from it. We believe that a limited Section 606(a) disclosure would also be permissible, on the same theory. For example:

> A consumer report may be obtained on you for employment purposes. It may be an "investigative consumer report" that includes information as to your character, general reputation, personal characteristics and mode of living.(1) You have a right to request disclosure of the nature and scope of the report, which involves personal interviews with sources such as your neighbors, friends, or associates.

The first sentence (the general consumer report disclosure for employers) sets forth the disclosure without elaboration, and the second and third sentences (the initial investigative consumer report disclosure(2)) are sufficiently brief and in accord with the first sentence that we would consider it as emphasizing the Section 604(b)(2)(A) disclosure, and thus be permissible under that section on the theory set forth in the Steer letter. However, a Section 606(b) notice setting forth the nature and scope of the investigation would of necessity be much more detailed and would likely be held to overshadow 604(b) disclosure in violation of 604(b)(2)(A). Therefore, we believe that an employer may combine only a very limited Section 606(a) notice with the general Section 604(b)(2)(A) notice without running afoul of the latter section's requirement that the required disclosure be in a stand-alone document. The surest way for an employer to comply, of course, would be to provide the Section 604(b)(2)(A) notice and the Section 606 notice in separate documents.

3. If a reference check by a third party agency is not considered a "consumer report" or an "investigative consumer report," are there other FCRA requirements of which we should be mindful?

Your clients are concerned that disclosure to an applicant of the names of references with their comments will have a chilling effect on the provision of honest references by former employers. While we recognize that concern, we believe that the clear language of Section 604(b)(3) requires that an employer who intends to take an adverse employment action based on a consumer report must first provide to the consumer a "copy" of the report. Accordingly, we believe a copy of the complete report must be made available. This issue is discussed in more detail in the attached letter (Hahn, 7/8/98).

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

1. The notice should include whichever are applicable, and exclude others.

2. See Federal Trade Commission Commentary on the Fair Credit Reporting Act, comment 606-6. 16 C.F.R. Part 600 Appendix; 55 Fed. Reg. 18,804, 18,819 (May 4, 1990).



ftc.gov