Mike Arias (CSB #115385)
  mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone:   (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiff and the alleged Classes

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz,** individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>**7-Eleven, Inc.,** a Texas corporation,<br><br>                              Defendant. | Case No.  2:18-cv-03893-RGK-AGR<br><br>**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**<br><br>Date: September 10, 2018<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br>Complaint Filed: May 15, 2018 |

PLEASE TAKE NOTICE that on September 10, 2018 at 9:00 a.m. at the United States District Court for the Central District of California, Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") will and hereby does move before the Honorable R. Gary Klausner for an order:

1.　　Certifying the following Classes of individuals pursuant to Federal Rule of Civil Procedure 23:

> **Disclosure Class:** All persons in the United States who (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Disclosure Class; (2) applied for employment with Defendant; (3) about whom Defendant procured a consumer report; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form that Defendant provided to Plaintiff.

> **California Subclass:** All members of the Disclosure Class who reside in California.

2.　　Appointing Plaintiff Munoz as the Class Representative; and

3.　　Appointing the law firms of Woodrow & Peluso, LLC and Arias Sanguinetti Wang & Torrijos, LLP as Class Counsel.

The Motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, and exhibits attached thereto. For the reasons set forth herein, the proposed class and subclass meet all of Rule 23's prerequisites to class certification.

Should the Court find that additional information is required to complete the class certification inquiry, Plaintiff hereby respectfully requests that the Court reserve its ruling on the instant motion and allow for discovery to take place on class-wide issues, at the conclusion of which Plaintiff will file a fulsome

memorandum in support of the instant motion detailing the appropriateness of class certification.

Respectfully submitted,

Dated: August 13, 2018

**Edwardo Munoz**, individually and on behalf of all others similarly situated,

By:  /s/  *Patrick H. Peluso*

One of Plaintiff's Attorneys

Mike Arias (CSB #115385)
 mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
 alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG &
 TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone:  (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
 swoodrow@woodrowpeluso.com
Patrick H. Peluso*
 ppeluso@woodrowpeluso.com
Taylor T. Smith*
 tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Mike Arias (CSB #115385)
  mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone:  (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiff and the alleged Classes

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**7-Eleven, Inc.,** a Texas corporation,<br><br>Defendant. | Case No.  2:18-cv-03893-RGK-AGR<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: September 10, 2018<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br>Complaint Filed: May 15, 2018 |

i

1

**TABLE OF CONTENTS**

2   TABLE OF AUTHORITIES..................................................................................iv

3   I.     INTRODUCTION ..................................................................................1

4   II.    STATEMENT OF FACTS .....................................................................3

5   III.   THE PROPOSED CLASS AND SUBCLASS MEET RULE 23'S

6          REQUIREMENTS. ...............................................................................4

7          A.   The Requirements of Rule 23(a) are Satisfied Here ......................5

8               1.   Class membership is ascertainable through reference to

9                    entirely objective criteria. ...................................................5

10              2.   The Proposed Class and Subclass are Sufficiently

11                   Numerous. .............................................................................6

12              3.   Plaintiff's claims present common questions of law

13                   and fact. .................................................................................7

14              4.   Plaintiff Munoz's claims are typical. ....................................9

15              5.   Plaintiff and his counsel will fairly and adequately

16                   represent the class..................................................................9

17         B.   The Requirements of Rule 23(b)(2) and (b)(3) are Also

18              Satisfied................................................................................11

19              1.   7-Eleven has acted on grounds generally applicable to the

20                   California Subclass as a whole. .............................................11

21              2.   Each of the requirements of Rule 23(b)(3) are met

22                   as well...................................................................................12

23                   a.   Common questions of law and fact predominate. ......12

24                   b.   The Classes would be manageable—Defendant has

25                        names and other information for each person who

26                        received its Disclosure....................................................13

27                   c.   A class action would also be superior. .........................14

28

**PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION FOR            - ii -
CLASS CERTIFICATION**

1

**IV.    CONCLUSION**..............................................................................................**15**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ........................................14

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975) ......................................................5

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ..........................................5, 13

*Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568 (C.D. Cal. 2007) .........................10

*Gardner v. Shell Oil Co.*, C-09-5876-CW, 2011 WL 1522377 (N.D. Cal. Apr. 21, 2011) ...............................................................................................................................6

*Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579 (S.D. Cal. 2010) ............................6

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...........................8, 10, 11

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) ...................................9

*In re First Alliance Mortgage Co.*, 471 F.3d 977 (9th Cir. 2006) ............................7

*In re Static Random Access Memory (SRAM) Antitrust Litig.*, 264 F.R.D. 603 (N.D. Cal. 2009) .......................................................................................................................8

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*,
  571 F.3d 953 (9th Cir. 2007) ................................................................................11

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008) .........................6

*McKenzie v. Federal Express Corp.*, 275 F.R.D. 290 (C.D. Cal. 2011) ...............15

*O'Connor v. Boeing North Am., Inc.*, 184 F.R.D. 311 (C.D. Cal. 1998) ...........5, 10

*Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516 (C.D. Cal. 2011) ........................5

*Rowden v. Pac. Parking Sys., Inc.*, 282 F.R.D. 581 (C.D. Cal. 2012) ...................13

*Rutstein v. Avis Rent-A-Car System, Inc.*, 211 F.3d 1228 (11th Cir. 2000) ...........12

*Scholes v. Stone, McGure, & Benjamin*, 143 F.R.D. 181 (N.D. Ill. 1992) ...............8

*Soc. Servs. Union, Local 535 v. County of Santa Clara*,
  609 F.2d 944 (9th Cir. 1979) ................................................................................10

*Stemple v. QC Holdings, Inc.*, No. 12-cv-01997, 2014 WL 4409817 (S.D. Cal. Sept. 5, 2014) ......................................................................................................................9

*Valentino v. Carter-Wallace, Inc.* 97 F.3d 1227 (9th Cir. 1996) ....................12, 15

1    *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ..............................7, 11, 12

2    *Wiener v. Dannon Co.*, Inc., 255 F.R.D. 658 (C.D. Cal. 2009)....................................7

3    *Wolin v. Jaguar Land Rover N. Am. LLC*, 617 F.3d 1168 (9th Cir. 2010) .........9, 14

4    *Zinser v. Accufix Research Inst.,* 253 F.3d 1180 (9th Cir. 2001) ......................13, 14

5

6    **STATUTES, RULES, SECONDARY SOURCES**

7    California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*........11

8    Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*..................................................1

9    Fed. R. Civ. P. 23, *et seq.* ..................................................................................*passim*

10   5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE (3d ed. 2001)...............6

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.     INTRODUCTION

This case challenges Defendant 7-Eleven, Inc.'s ("Defendant" or "7-Eleven") serial violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or "Act"), specifically the Act's background check disclosure ("Disclosure") rules. In short, 7-Eleven's Disclosure is riddled with extraneous information in violation of the FCRA. Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") is just one of many 7-Eleven applicants and employees who received the same unlawful Disclosure prior to 7-Eleven's procurement of consumer reports about them. As a result, Munoz seeks statutory damages on behalf of himself and all other 7-Eleven applicants and employees who received the same Disclosure.

Munoz now moves to certify the alleged Classes. His claims plainly satisfy each requirement for class certification under Rule 23: the proposed Classes are sufficiently numerous, common questions of law and fact predominate over individual issues, Plaintiff's claims are typical of those of the Class members, and Munoz is an adequate representative and is represented by counsel experienced and well-versed in class action litigation. Finally, a class action is the superior method for resolving the claims at issue, as it would be impracticable and inefficient to force each individual class member to litigate his, her, or its claims separately when they can be resolved on a class-wide basis.

As such, there exists a certifiable Class and Subclass consisting of the following people:

> **Disclosure Class:** All persons in the United States who (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Disclosure Class; (2) applied for employment with Defendant; (3) about whom Defendant procured a consumer report; and (4) who were provided the same form FCRA

1  disclosure and authorization as the disclosure and authorization form

2  Defendant provided to Plaintiff.

3  **California Subclass:** All members of the Disclosure Class who reside

4  in California.

5  Given the uniformity of 7-Eleven's Disclosure practices, Munoz's claims and

6  the claims of every other person in the classes succeed or fail for the exact same

7  reasons. First, 7-Eleven's pre-report Disclosure either "stands-alone" and is "clear

8  and conspicuous" as required by the FCRA for Munoz and every class member or

9  for none of them. Second, 7-Eleven either acted willfully with respect to Munoz and

10  the other applicants and employees to whom it provided its unlawful disclosure or it

11  acted willfully towards none of them.

12  The answers to these two questions rely on the same evidence, are identical

13  for each class member, and will drive the resolution of the litigation for the proposed

14  Class and Subclass as collective wholes. Accordingly, and as explained below, the

15  Court should grant certification.

16  To the extent the Court determines further evidence is necessary for the

17  purposes of establishing any element of Rule 23 or to counter any opposition raised

18  by Defendant, Plaintiff requests that the Court permit class discovery on those issues

19  and defer consideration of this motion pending such discovery on the relevant issues,

20  followed by supplemental briefing supported by substantial evidence.[1]

21

22  _____

23  [1] The Parties submitted a Joint Stipulation on June 4, 2018 which requested, *inter alia*, that the 90-day class certification deadline established in Local Rule 23-3 be

24  vacated and re-docketed at the Scheduling Conference (presently set for October 22, 2018) to allow for an appropriate period of class discovery. (*See* Dkt. 21.) The Court

25  denied this joint request. (*See* Dkt. 22.) 7-Eleven responded to the Complaint on July 23, 2018, but has not responded to discovery. Plaintiff is thus required to move for

26  class certification without the benefit of class discovery. This appears inconsistent

27  with Rule 23's requirement that certification be decided "at an early practicable

28  time," which marked a departure from prior language requiring that certification be

## II.    STATEMENT OF FACTS

7-Eleven is a Texas corporation based in Irving, Texas. (Compl. ¶ 9.) Defendant has thousands of job applicants and employees. (*Id.* ¶ 23.) During its employment process, 7-Eleven presents its applicants and employees with a document styled, "Disclosure Regarding Background Investigation" (the "Disclosure"). (*Id.* ¶ 16.) The Disclosure includes unnecessary extraneous information, which renders the document confusing to the average consumer, and violates the FCRA's mandate that the disclosure be set forth "in a document that consists solely of the disclosure." (*Id.* ¶¶ 6, 17.)

In January 2018, Plaintiff Munoz applied for a position with 7-Eleven at a store in Los Angeles, California. (Compl. ¶ 14.) During the application process, Plaintiff was required to complete various acknowledgments of company disclosures including the disclosure regarding background and criminal history. (*Id.* ¶ 15.)

The Disclosure presented to Plaintiff was riddled with additional information, including disclosures for both a consumer report and an investigative consumer report (including details regarding the nature and scope of any investigation), and other extraneous information. (Compl. ¶ 16.) In addition to the investigative consumer report disclosures, the Disclosure also contained: (1) extensive details about Sterling Talent Solutions, its privacy policy, and a reservation of rights regarding prospective consumer reporting agencies, (2) acknowledgments that the signer understands that by signing the disclosure 7-Eleven may revoke a previously-extended offer of employment, (3) an authorization purporting to grant "any party or agency contacted by 7-Eleven" to furnish whatever information that 7-Eleven requests, and (4) other repetitive and unnecessary information. (*Id.*) The inclusion of such extraneous information rendered the Disclosure confusing to Munoz and the

decided "as soon as practicable after commencement of an action" specifically so as to allow Courts to permit class discovery where needed.

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION FOR                              - 3 -
CLASS CERTIFICATION

average consumer (*Id.* ¶¶ 6, 17.) Shortly after being hired by 7-Eleven, Plaintiff was fired based on information procured as a result of the disclosure. (*Id.* ¶ 19.)

Given that such extraneous information nakedly violates the plain language of the FCRA—specifically, its dual requirements that the disclosure be "clear and conspicuous" and in a "document that consists solely of the disclosure"—Munoz filed the instant lawsuit.

The specific number of persons who received the Disclosure is unknown at this time, but, on information and belief, Defendant has thousands of employees and an even greater number of job applicants who all received the same Disclosure. As such, and for the reasons set forth below, the Court should certify the proposed Class and Subclass.

## III. THE PROPOSED CLASS AND SUBCLASS MEET RULE 23'S REQUIREMENTS.

Class certification is appropriate under Rule 23 when the movant presents facts to satisfy each of the requirements of Rule 23(a) and at least one of the subsections of Rule 23(b). Rule 23(a) requires that: (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) there are common questions of law and fact amongst class members (commonality); (iii) the proposed representative's claims are typical of those of the class (typicality); and (iv) both the named-representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

With respect to Rule 23(b), in this case certification is sought under Rule 23(b)(3) for the Disclosure Class and under both Rule 23(b)(2) and Rule 23(b)(3) for the California Subclass. For a (b)(2) class, the proponent must show that the defendant has acted or refused to act on grounds generally applicable to the class. Under Rule 23(b)(3), there must be questions of law or fact common to the proposed

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

- 4 -

class members that predominate over any questions affecting only individual members, the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy, and the case must be manageable as a class action. Fed. R. Civ. P. 23(b)(3).

A court generally does not inquire into the merits of the plaintiff's claims when considering certification. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Moreover, though a plaintiff seeking certification must make a *prima facie* showing on each of the elements of Rule 23, "an extensive evidentiary showing" is not required. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

As explained below, the Class and Subclass satisfy Rules 23(a), (b)(2), and (b)(3) and should be certified.

### A.     The Requirements of Rule 23(a) are Satisfied Here.

First, the proposed Classes meet each of the requirements for Rule 23(a) and Local Rule 23-2.2. That is, class membership is defined and ascertainable through objective criteria, the Classes are sufficiently numerous, the class members share common issues, including whether the Disclosure is "stand-alone" and "clear and conspicuous" as required, Munoz's claims are typical of the class, and Munoz and his counsel will adequately represent the interests of the class.

All of these considerations support certification of the proposed Classes here.

### 1.     Class membership is ascertainable through reference to entirely objective criteria.

Although Rule 23 doesn't expressly require that a proposed class be ascertainable, courts imply such a condition. *See Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 523 (C.D. Cal. 2011). "A class definition should be precise, objective, and presently ascertainable . . . [h]owever the class need not be so ascertainable that every potential member can be identified at the commencement of the action." *O'Connor v. Boeing North Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal.

1   1998). This District has made this rule express through Local Rule 23-2.2(a), which

2   requires "a definition of the proposed class." A class definition is sufficient if it is

3   "definite enough so that it is administratively feasible for the court to ascertain

4   whether an individual is a member." *Gardner v. Shell Oil Co.*, C-09-5876-CW, 2011

5   WL 1522377 at *3 (N.D. Cal. Apr. 21, 2011); *see also* 5 JAMES WM. MOORE ET AL.,

6   MOORE'S FEDERAL PRACTICE, ¶ 23.21[1] (3d ed. 2001) ("The identity of class

7   members must be ascertainable by reference to objective criteria."). Objective

8   criteria may include a defendant's business records. *See, e.g., Gardner*, 2011 WL

9   1522377 at *4; *see also Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617-18

10  (C.D. Cal. 2008).

11      The proposed Class and Subclass at issue here are both ascertainable by

12  reference to objective criteria. There is nothing subjective about whether an

13  individual applied to work for 7-Eleven, whether they were provided the same

14  Disclosure form as the form given to Munoz, or whether 7-Eleven acted willfully.

15  Indeed, 7-Eleven has records of who it provided the Disclosure to and about whom it

16  obtained consumer reports. While it is unnecessary for Munoz to identify each

17  potential class member at this time, it is plain that class membership is based on

18  objective criteria, including 7-Eleven's own data, and any questions can be resolved

19  through declaratory and documentary evidence. As such, membership in the

20  proposed Class and Subclass is ascertainable.

21          **2.     The Proposed Class and Subclass are Sufficiently Numerous.**

22      Rule 23(a)(1) requires that the class be "so numerous that joinder of all

23  members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also* Local Rule 23-2.2(b)

24  (requiring motion for class certification state the approximate size of the proposed

25  class). Courts have held that just 40 class members typically satisfies the numerosity

26  requirement. *See Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579, 588 (S.D. Cal.

27  2010).

28  **PLAINTIFF'S MEMORANDUM IN**
    **SUPPORT OF MOTION FOR**                    - 6 -
    **CLASS CERTIFICATION**

1   Here, Munoz alleges that 7-Eleven has thousands of employees and an even

2   greater number of job applicants. (Compl. ¶ 23.) There is nothing to suggest that the

3   form was made special for Munoz or that he was given a form that was only

4   provided to a handful of others. Thus, the form Disclosure 7-Eleven provided Munoz

5   was undoubtedly provided to numerous other persons. To the extent more specific

6   information is needed, such detail can only be obtained through discovery, which

7   Plaintiff has not yet had a fair opportunity to conduct.

8   Common sense indicates that numerosity is met here, and to the extent more

9   evidence is required it may be obtained through discovery.

10   **3.     Plaintiff's claims present common questions of law and fact.**

11   Rule 23(a) next requires that "there are questions of law or fact common to the

12   class." Fed. R. Civ. P. 23(a)(2); *see also* Local Rule 23-2.2(d). To meet commonality

13   requirement, the representative plaintiff must demonstrate that the proposed class

14   members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct.

15   2541, 2551 (2011) (*quoting Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157

16   (1982)). Commonality is a permissive standard. *Wiener v. Dannon Co.*, Inc., 255

17   F.R.D. 658, 664 (C.D. Cal. 2009). "[E]ven a single common question will do." *Dukes*,

18   131 S. Ct. at 2556.

19   As the Supreme Court explained in *Dukes*, "[w]hat matters to class

20   certification . . . is not the raising of common 'questions'—even in droves—but,

21   rather the capacity of a classwide proceeding to generate common *answers* apt to

22   drive the resolution of the litigation. *See Dukes*, 131 S. Ct. at 2551 (commonality

23   requires that the claims of the class "depend upon a common contention . . . of such

24   a nature that it is capable of classwide resolution—which means that determination

25   of its truth or falsity will resolve an issue that is central to the validity of each one of

26   the claims in one stroke."). Rule 23(a)(2) commonality may be met by a single issue

27   of law or fact. *In re First Alliance Mortgage Co.*, 471 F.3d 977, 990-91 (9th Cir.

28   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**          - 7 -

2006). The issues need not be identical. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 264 F.R.D. 603, 611 (N.D. Cal. 2009). Commonality has been characterized as a relatively low and easily surmountable hurdle. *Scholes v. Stone, McGure, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

In this case, the litigation will generate common answers for the Classes, namely: (1) whether the Disclosure met the "stand-alone" and "clear and conspicuous" requirements set forth in the statute, and (2) whether 7-Eleven acted willfully. Plaintiff's Complaint is limited to one count alleging violations of the FCRA and one count alleging violations of the unlawful prong of the UCL on behalf of the California-only Subclass stemming from the FCRA violations.

The alleged violations are identical with respect to each class member. For the "Disclosure Class," each claim involves the same disclosure and authorization regarding the possibility of consumer report procurement that was provided to Plaintiff. Insofar as the Disclosure failed to "stand alone," it was similarly unlawful with respect to every recipient in the exact same way. It was a form disclosure, which presents a textbook class action.

And if the Disclosure failed to stand-alone, that FCRA violation was either willful or not willful as it relates to everyone—indeed, a sophisticated company like 7-Eleven had ample opportunity to ensure compliance with the FCRA prior to drafting and utilizing the Disclosure. Moreover, there is no evidence that 7-Eleven singled-out Plaintiff or others for a faulty Disclosure while providing compliant disclosures to other applicants and employees. Hence, while a hearing on the merits will ultimately determine who is correct, at this point what matters for commonality

1  purposes is the fact that the answers to these questions are identical across the entire

2  Class—satisfying the commonality prong.

3  **4.  Plaintiff Munoz's claims are typical.**

4  Rule 23(a)(3)'s typicality requirement ensures that "the interests of the named

5  representative align with the interests of the class." *Wolin v. Jaguar Land Rover N.*

6  *Am. LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010); *see also* Fed. R. Civ. P. 23(a)(3).

7  When analyzing typicality, courts look to "whether other members have the same or

8  similar injury, whether the action is based on conduct which is not unique to the

9  named plaintiffs, and whether other class members have been injured by the same

10  course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.

11  1992).

12  The typicality requirement "is 'permissive' and requires only that the named

13  plaintiff's claims [be] 'reasonably coextensive with those of the absent class

14  members.'" *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997, 2014 WL 4409817, at

15  *5 (S.D. Cal. Sept. 5, 2014).

16  Applied here, Munoz's claims are typical of the proposed class. Like the other

17  class members, Munoz received the same form Disclosure that allegedly fails to

18  stand-alone. Likewise, each class member was also subjected to the same corporate

19  practices and procedures that led to the use of the unlawful Disclosures, and Munoz

20  seeks the same statutory damages for everyone. Munoz also resides in California,

21  like the other Subclass members.

22  Simply put, Munoz's claims are based on the same legal theories as the other

23  class members, and his interests align with those of the Class and Subclass. The

24  typicality requirement is plainly satisfied here.

25  **5.  Plaintiff and his counsel will fairly and adequately**

26  **represent the class.**

27

28

1    Munoz will also fairly and adequately protect the interests of the class. Fed. R.

2    Civ. P. 23(a)(4). The adequacy requirement considers whether the plaintiff and his

3    counsel have any conflicts of interest and whether plaintiff is represented by

4    qualified and competent counsel. *See Hanlon*, 150 F.3d at 1020. "Only a conflict

5    that goes to the very subject matter of the litigation will defeat a party's claim of

6    representative status." *O'Connor v. Boeing N. Am. Inc.*, 180 F.R.D. 311, 375 (C.D.

7    Cal. 1998). Adequacy is only defeated by actual conflicts. *Soc. Servs. Union, Local*

8    *535 v. County of Santa Clara*, 609 F.2d 944, 948 (9th Cir. 1979). The class

9    representative and class counsel must have the "zeal and competence" required to

10   protect the interests of the absent class members. *Evans v. IAC/Interactive Corp.*,

11   244 F.R.D. 568, 577 (C.D. Cal. 2007).

12       Here, Plaintiff's interests are entirely consistent with the interests of the

13   proposed classes. Munoz received the same form Disclosure from Defendant and

14   seeks the same damages. Plaintiff has stepped forward to lend his time and name to

15   the pleadings and will continue to participate in the litigation to protect the interests

16   of the classes. Simply put, Munoz has demonstrated his willingness and ability to

17   serve as a class representative.

18       Plaintiff and the Classes are also represented by qualified counsel with

19   extensive experience in consumer class actions. Similarly, proposed class counsel

20   are respected members of the legal community who have sufficient experience in

21   class actions of similar size, scope, and complexity to the instant action. (*See* Firm

22   Resume of Woodrow & Peluso, LLC, attached as Exhibit 1 to the Peluso Declaration,

23   Ex. A.) Proposed Class counsel are familiar with the FCRA and have regularly

24   engaged in major complex litigation involving the FCRA. (*Id.*) Counsel also have the

25   resources necessary to litigate this case. As such, Munoz and his lawyers have and will

26   continue to adequately represent the Classes in satisfaction of Rule 23(a)(4)'s

27   adequacy element.

28

**PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION FOR
CLASS CERTIFICATION**                    - 10 -

**B.      The Requirements of Rule 23(b)(2) and (b)(3) are Also Satisfied.**

Certification under Rule 23(b)(2) requires proof that the defendant has acted on grounds generally applicable to the class as a whole so as to justify class-wide injunctive relief and corresponding declaratory relief. Fed. R. Civ. P. 23(b)(2). To certify a class under Rule 23(b)(3), Plaintiff must show that the common questions of law and fact predominate over any questions effecting only individual members of the class and that the class mechanism is superior to other methods for adjudicating the controversy. *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2007). Certification under Rule 23(b)(3) is encouraged when "the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon*, 150 F.3d at 1022.

As set forth below, certification under Rule 23(b)(3) is appropriate for the Disclosure Class and certification under both Rule 23(b)(2) and (b)(3) is appropriate for the California Subclass.

**1.      7-Eleven has acted on grounds generally applicable to the California Subclass as a whole.**

Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class making "final injunctive relief or corresponding declaratory relief . . . appropriate." *Dukes*, 131 S.Ct. at 2557 (quoting Fed. R. Civ. P. 23(b)(2)). That is precisely the case here. 7-Eleven has procured consumer reports about job applicants and employees without first providing a stand-alone, clear and conspicuous Disclosure as required. The Disclosure is identical across the entire Subclass—there is no one who received a separate disclosure that would require individualized trials. Further, there is no indication that 7-Eleven has stopped such practices. As the California Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code § 17200, *et seq*. allows for injunctive relief to stop unlawful practices with respect to California consumers,

1  coupled with the fact that 7-Eleven has treated everyone in the Subclass in exactly

2  the same way, the Court should certify the California Subclass under Rule 23(b)(2).

3            **2.      Each of the requirements of Rule 23(b)(3) are met as well.**

4        The record also demonstrates satisfaction of Rule 23(b)(3) for both the Class

5  and Subclass. As explained below, the common questions in the case predominate of

6  any perceived individualized issues, a class action would be manageable here, and a

7  class action is superior to any other method for adjudicating the controversy.

8             **a.      Common questions of law and fact predominate.**

9        The crux of the predominance analysis focuses on the balance between

10  individual and common issues. *Id*. "Implicit in the satisfaction of the predominance

11  test is the notion that the adjudication of common issues will help achieve judicial

12  economy." *Valentino v. Carter-Wallace, Inc.* 97 F.3d 1227, 1234 (9th Cir. 1996).

13  Common questions predominate over individual questions where "the issues in the

14  class action are subject to generalized proof, and thus applicable to the class as a

15  whole . . . predominate over those issues that are subject to individualized proof."

16  *Rutstein v. Avis Rent-A-Car System, Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000).

17        As explained above, the main issues in this case ask whether 7-Eleven's form

18  Disclosure satisfies the FCRA's stand-alone requirement and whether 7-Eleven's

19  violations were willful. These issues are susceptible to generalized, class-wide proof

20  and the same evidence will be used for each class member. The answers to these

21  common questions are necessarily subject to common evidence, primarily from

22  information to be found within 7-Eleven's own records. *Dukes*, 131 S. Ct. at 2551

23  ("What matters to class certification . . . is not the raising of common 'questions'—

24  even in droves—but, rather the capacity of a classwide proceeding to generate

25  common answers apt to drive the resolution of the litigation.").

26

27

28  **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**      - 12 -

1    In short, a single adjudication can resolve these common questions for the

2    entire class with a single stroke of the pen. Thus, common questions predominate

3    over individual issues.

4              b.        **The Classes would be manageable—Defendant has**

5                        **names and other information for each person who**

6                        **received its Disclosure.**

7    Rule 23(b)(3) also requires the Court to examine the likely difficulties of

8    managing and maintaining a class action. *See Zinser v. Accufix Research Inst.,* 253

9    F.3d 1180, 1189 (9th Cir. 2001). "A class action is not manageable if membership of

10   the class cannot be sufficiently well-defined at the outset." *See Rowden v. Pac.*

11   *Parking Sys., Inc.*, 282 F.R.D. 581, 585 (C.D. Cal. 2012) (citing William Schwarzer,

12   A. Wallace Tashima, & James Wagstaffe, *Federal Civil Procedure Before Trial* §

13   10:432 (2006)). "A well-defined class must be not only precise, but also objective

14   and presently ascertainable." *Rowden*, 282 F.R.D. at 585 (citing *O'Connor v. Boeing*

15   *N. Am., Inc.,* 184 F.R.D. 311, 319 (C.D. Cal. 1998)). A serious, and perhaps

16   insurmountable, manageability problem arises if each member has to litigate

17   separate issues to establish his or her right to recover individually. *See Zinser,* 253

18   F.3d at 1192 ("If each class member has to litigate numerous and substantial

19   separate issues to establish his or her right to recovery individually a class action is

20   not 'superior.'") The question of manageability encompasses "the whole range of

21   practical problems that may render the class action format inappropriate for a

22   particular suit." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974).

23   Manageability presents no hurdle here. 7-Eleven certainly has or can produce

24   a list of persons who it procured a consumer report about for employment purposes

25   after such persons were provided the Disclosure and can produce documents

26   sufficient to identify such persons. From that point the identities of the class

27   members can be discerned through 7-Eleven's records, which likely contain names,

28

1  street addresses, and other personal contact information. With this data, which can

2  be updated, members of the Classes can be informed individually by first class mail,

3  phone, or email of the action and, should Munoz prevail, the relief secured/made

4  available. This far exceeds the floor of notice by publication.[2]

5       Furthermore, to the extent class members are required to submit evidence

6  demonstrating that they actually received 7-Eleven's Disclosure, such a claims

7  process wouldn't prove unmanageable. Whether a person received the Disclosure is

8  an objective inquiry that takes little effort to verify. As such, that there may

9  ultimately be a limited claims process does nothing to defeat a finding of

10  manageability here. Hence, this case is readily manageable and well-suited for class

11  determination, and the produced data will add to the ease of management when the

12  Classes are ultimately certified.

13                    **c.      A class action would also be superior.**

14       Rule 23(b)(3) further requires that the class action mechanism be superior to

15  the other available methods for the fair and efficient adjudication of the controversy.

16  The inquiry into whether the class action is the superior method for a particular case

17  focuses on increased efficiency and economy. *See Zinser*, 253 F.3d at 1190; *see also*

18  *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir.

19  2010).

20       Class actions are particularly appropriate when they allow plaintiffs with

21  similar claims to jointly bear the cost of litigation. *See Amchem Prods., Inc. v.*

22  *Windsor*, 521 U.S. 591, 615 (1997) (stating that the "very core of the class action

23  mechanism is to overcome the problem that small recoveries do not provide an

24  _____

25  [2] Munoz requests that he be permitted leave to file a Notice Plan for disseminating

26  notice to the Class Members within thirty (30) days of the any Order granting
    certification. The notice should be by direct mail and should inform Class and

27  Subclass members of the nature of the action, the status of the case, and information

28  about their ability to request exclusion. *See* Local Rule 23-2.2(g).

1   incentive for any individual to bring a solo action prosecuting his or her rights"); *see*
2   *also Valentino*, 97 F.3d at 1234. This is particularly true when the damages at stake
3   are "not large." *McKenzie v. Federal Express Corp.*, 275 F.R.D. 290, 301 (C.D. Cal.
4   2011) (damages were considered "not large" when the maximum statutory recovery
5   was $4,000 for each class member).

6         This proposed class action is superior to other available methods for
7   adjudicating Munoz's and the Classes' claims. Absent class treatment in this case,
8   each individual member of the Classes would be required to present the same legal
9   and factual arguments supported by identical evidence, in separate and duplicative
10  proceedings. The result would be a multiplicity of trials conducted at enormous
11  expense to both the judicial system and the litigants. It would also present the risk of
12  inconsistent rulings. That is of course neither efficient nor fair to anyone, including
13  7-Eleven.

14        Moreover, there is no indication that members of the Classes have a strong
15  interest in individual litigation, let alone any incentive to pursue their claims
16  individually, given the small amount of damages likely to be recovered relative to the
17  resources required to prosecute such an action. Further, class certification will
18  promote consistency of rulings and judgments, giving all parties the benefit of
19  finality. Indeed, thousands of trials (which wouldn't be brought given the low
20  individual amounts at issue) would necessarily threaten divergent findings regarding
21  the sufficiency of the opt-out language.

22        Simply put, the class action device is the superior method of adjudication
23  here—no other realistic alternative exists.

24  **IV.   CONCLUSION**

25        The proposed Classes meet all the requirements for certification under Rule
26  23(a) and (b)(3) and the Subclass also meets the requirements of Rule 23(b)(2). With
27  thousands of readily identifiable persons who received 7-Eleven's Disclosure, the

28

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION FOR
CLASS CERTIFICATION

- 15 -

1  class action mechanism is the most effective method to adjudicate the claims of the
2  class members.
3         WHEREFORE, for these and the foregoing reasons, Plaintiff respectfully
4  requests that the Court grant his motion for certification of the Class and Subclass,
5  appoint him as Class Representative and his counsel as Class Counsel, order that a
6  Notice Plan be submitted within thirty (30) days of certification, and grant all other
7  and further relief that the Court deems reasonable and just.

8

9                                      Respectfully submitted,

10

11 Dated: August 13, 2018              **Edwardo Munoz**, individually and on behalf
                                       of all others similarly situated,

12

13                          By:        /s/  *Patrick H. Peluso*
                                       _____
14                                     One of Plaintiff's Attorneys

15                                     Mike Arias (CSB #115385)
                                          mike@asstlawyers.com
16                                     Alfredo Torrijos (CSB #222458)
                                          alfredo@asstlawyers.com
17                                     **ARIAS SANGUINETTI WANG &**
                                       **TORRIJOS, LLP**
18                                     6701 Center Drive West, 14th Floor
                                       Los Angeles, California 90045
19                                     Telephone:  (310) 844-9696
                                       Facsimile: (310) 861-0168

20                                     Steven L. Woodrow*
21                                        swoodrow@woodrowpeluso.com
                                       Patrick H. Peluso*
22                                        ppeluso@woodrowpeluso.com
                                       Taylor T. Smith*
23                                        tsmith@woodrowpeluso.com
                                       **WOODROW & PELUSO, LLC**
24                                     3900 East Mexico Avenue, Suite 300
                                       Denver, Colorado 80210
25                                     Telephone: (720) 213-0675
                                       Facsimile: (303) 927-0809

26

27

28
   **PLAINTIFF'S MEMORANDUM IN**
   **SUPPORT OF MOTION FOR**              - 16 -
   **CLASS CERTIFICATION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on August 13, 2018.

<u>/s/ Patrick H. Peluso</u>

**PLAINTIFF'S MEMORANDUM IN**
**SUPPORT OF MOTION FOR**
**CLASS CERTIFICATION**

- 17 -