UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-03893-RGK-AGR | Date | September 05, 2018 |
|---|---|---|---|
| Title | *EDWARD MUNOZ v. 7-ELEVEN, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim

## I. INTRODUCTION

On May 9, 2018, Edward Munoz ("Plaintiff") filed a complaint against 7-Eleven, Inc. ("Defendant") in federal court on behalf of a class similarly situated alleging that the Defendant violated sections 1681b(b)(2)(A)(i) and 1681b(b)(3) of the Fair Credit Reporting Act ("FCRA") as well as sections of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) ("UCL").

On July 23, 2018, Plaintiff filed First Amended Complaint ("FAC") against Defendant in federal court on behalf of a class similarly situated. Plaintiff continues to allege that Defendant violated section 1681b(b)(2)(A)(i) of the FCRA and sections of California UCL, but eliminated his cause of action for violation of § 1681b(b)(3).

Presently before the court is Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. For the following reasons, the Court **DENIES** Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiff applied for a position with 7-Eleven in January 2018. While completing his application, the Plaintiff was asked to sign a disclosure form ("Form"). This form contained a general disclosure that there would be a consumer report performed that summarized Plaintiff's background and criminal history. As a result of the information produced in the report that followed, Plaintiff was fired.

Both parties agree that in addition to the general disclosure, other information was also included in the form. Plaintiff alleges that 7-Eleven's disclosure form violates the FCRA by providing information regarding both obtaining a "consumer report" and an "investigative consumer report," in violation of the FCRA "stand-alone" requirement. Additionally, Plaintiff alleges that Defendant also included extraneous information that made the disclosure form unclear and hard to understand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-03893-RGK-AGR | Date | September 05, 2018 |
|---|---|---|---|
| Title | *EDWARD MUNOZ v. 7-ELEVEN, INC.* | | |

### III. JUDICIAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the Court must take the allegations in the challenged complaint as true and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not detail factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Factual allegations must "permit the court to infer more than the mere possibility of misconduct" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### IV. DISCUSSION

Plaintiff alleges that Defendant's disclosure statement violates the FCRA because the form violates the "stand-alone" requirement and includes extraneous information so that the form is not "clear and conspicuous." 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant argues the Plaintiff's claims fail as a matter of law because the disclosure form at issue does not violate the FCRA. For the following reasons, the Court denies Defendant's Motion to Dismiss.

The FCRA was enacted to ensure the "accuracy and fairness of credit reporting" and protect the privacy rights of individuals. 15 U.S.C. § 1681. Consumer reports and investigative consumer reports are reports covered by the FCRA. *Id.* Consumer reports commonly are prepared for employers and describe an applicant's credit history and other characteristics for use in "employment purposes." 15 U.S.C. § 1681a(d)(1). An investigative consumer report may also be performed by an employer, which is a similar report detailing general character and reputation. 15 U.S.C. § 1681a(e). However, an investigative consumer report is performed using personal interviews of friends and family. *Id.*

The FCRA provides, in relevant part, that:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
> (i) a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists *solely of the disclosure*, that a consumer report may be obtained for employment purposes…

15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-03893-RGK-AGR | Date | September 05, 2018 |
|---|---|---|---|
| Title | *EDWARD MUNOZ v. 7-ELEVEN, INC.* | | |

The requirement that the document consist "solely" of the disclosure statement is often referred to as a "stand-alone requirement." *Coleman v. Kohl's Department Store*, 2015 WL 5782352 (N.D. Cal., Oct. 5, 2015). When an employer includes "terms in addition to the disclosure" and produces a document consisting of more than just the disclosure statement before procuring a consumer report for a prospective employee, the employer has willfully violated the "stand-alone requirement." *Syed v. M-I, LLC*, 853 F.3d 492, 496 (9th Cir. 2017). The provision also provides a "clear and conspicuous" requirement, which is separate from the consists "solely" of the disclosure requirement. *Id*. Even where an employer uses a "clear and conspicuous" disclosure that does not "stand alone," they have still violated the FCRA. *Id*. at 503. As the Defendant points out, there is some indication that a disclosure for a consumer report and a disclosure for an investigative consumer report may be included in the same form under certain limited situations. *See Walker v. Fred Meyer*, 2018 WL 2455915, *5 (D. Ore. May 7, 2018) (*citing to* FTC Advisory Opinion to Willner, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-willner-03-25-99).

Here, Plaintiff alleges in the FAC that (1) the Defendant's disclosure included both a disclosure for a consumer report and a disclosure for an investigative consumer report in violation of the FCRA and (2) the disclosure form included extraneous information that made the disclosure confusing for the Plaintiff. Furthermore, Plaintiff has attached a complete copy of the disclosure at issue, which Defendant impliedly concedes is a true and accurate copy.

Taking all factual allegations in Plaintiff's Complaint as true and viewed in a light most favorable to the Plaintiff, Plaintiff has sufficiently pleaded plausible claims for violations of the FCRA and the UCL. Thus, Defendant's challenge to the claims raises only the issue of whether the disclosure in question is legally sufficient. Specifically, Defendant argues only that the disclosure form attached to the complaint meets both the "clear and conspicuous" and "stand-alone" requirements of the FCRA. While Defendant's arguments may ultimately prevail on summary judgment, the Court will not address this issue at this stage of litigation. At the pleading stage, the Court finds that Plaintiff has adequately stated a claim for relief.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

_____ : _____
Initials of Preparer