Julie R. Trotter, Bar No. 209675
  jtrotter@calljensen.com
Kent R. Christensen, Bar No. 253815
  kchristensen@calljensen.com
Delavan J. Dickson, Bar No. 270865
  ddickson@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:  (949) 717-3000
Fax:  (949) 717-3100

Attorneys for Defendant 7-Eleven, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO MUNOZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>7-ELEVEN, INC., a Texas corporation,<br><br>Defendant. | Case No.  2:18-cv-03893 RGK (AGR)<br><br>**DEFENDANT 7-ELEVEN, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:  October 9, 2018<br>Time:  9:00 a.m.<br>Place: Courtroom 850<br><br><br>Complaint Filed:  May 9, 2018<br>Trial Date:          None Set |

SEV05-13:2296860_5:9-18-18

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................5

II. BACKGROUND ....................................................................................................5

III. LEGAL STANDARD FOR CLASS CERTIFICATION .......................................6

IV. DISCUSSION .........................................................................................................7

    A. Plaintiff Has Not Met His Evidentiary Burden On Certification ..................7

    B. There Is Insufficient Commonality To Support Class Certification .............8

    C. Plaintiff Is Not An Adequate Class Representative And Is Not Typical Of The Class He Seeks to Represent ...........8

    D. Even If Plaintiff Could Satisfy Rule 23(a)'s Requirements, Plaintiff's Motion For Class Certification Should Still Be Denied Under Rule 23(b) ...................................................................10

        1. Plaintiff Cannot Meet His Burden On Rule 23(b)(3) Because Individual Issues Would Predominate If A Class Were Certified ...................10

        2. Plaintiff Cannot Meet His Burden On Rule 23(b)(3) Because Class Certification is not a Superior Method of Adjudication ....................14

        3. Neither Plaintiff Nor The Subclass Can Pursue Injunctive Relief .........16

V. CONCLUSION .......................................................................................................17

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Aesbacher v. Cal. Pizza Kitchen, Inc.*,
   2007 WL 1500853 (C.D. Cal. April 3, 2007) ............................................. 13

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) .......................................................................... 6, 7, 10, 14

*Cooper v. Acad. Mortg. Corp. (UT)*,
   2017 WL 8186733 (N.D. Ga. Nov. 27, 2017) ................................. 11, 12, 13

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
   895 F.3d 1166 (9th Cir. 2018) ......................................................10, 11, 12, 13

*Epic Sys. Corp. v. Lewis*,
   138 S. Ct. 1612 (2018) ................................................................................ 6

*Gen. Tel. Co. of the Sw. v. Falcon*,
   457 U.S. 147 (1982) .................................................................................... 6

*Groshek v. Time Warner Cable, Inc.*,
   865 F.3d 884 (7th Cir. 2017) ........................................................... 11, 12, 13

*Heffelfinger v. Elec. Data Sys. Corp.*,
   2013 WL 12201050 (C.D. Cal. Feb. 26, 2013) ........................................... 14

*Hesse v. Sprint Corp.*,
   598 F.3d 581 (9th Cir. 2010) ....................................................................... 9

*Kelcner v. Sycamore Manor Health Center*,
   305 F. Supp. 2d 429 (M.D. Pa. 2004) ......................................................... 9

*Lightbourne v. Printroom, Inc.*,
   307 F.R.D. 593 (C.D. Cal. 2015) ................................................................ 15

*Rosales v. El Rancho Farms*,
   2012 WL 292977 (E.D. Cal. Jan. 31, 2012) ................................................ 9

*Rowden v. Pac. Parking Sys., Inc.*,
   282 F.R.D. 581 (C.D. Cal. 2012) ................................................................ 15

*Sandoval v. Pharmacare US, Inc.*,
   2016 WL 3554919 (S.D. Cal. June 10, 2016) ............................................. 11

## TABLE OF AUTHORITIES (Cont'd)
Page

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ............................................................................................. 11

*Syed v. M-I, LLC*,
    853 F.3d 492 ............................................................................................................ 12

*Torres v. Nutrisystem Inc.*,
    289 F.R.D. 587 (C.D. Cal. 2013) ........................................................................ 8, 10

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................................passim

*White v. Experian Info. Solutions, Inc.*,
    2018 WL 1989514 (C.D. Cal. April 6, 2018) ......................................................... 14

*Wilson v. Conair Corp.*,
    2016 WL 7742772 (E.D. Cal. June 3, 2016) .......................................................... 16

**Federal Statutes**

15 U.S.C. § 1681b(b)(2)(A) ........................................................................... 5, 11, 12, 13

15 U.S.C. § 1681n ................................................................................................... 15

15 U.S.C. § 1681n(a)(1)(A) ............................................................................ 11, 13, 16

15 U.S.C. § 1681n(a)(3) .......................................................................................... 16

15 U.S.C. § 1681o ................................................................................................... 16

**State Statutes**

Business & Professions Code § 17200 ........................................................................ 5

**Federal Rules**

Fed. R. Civ. P. 23(a) ............................................................................................. 7, 10

Fed. R. Civ. P. 23(a)(3) and (4) ................................................................................. 9

Fed. R. Civ. P. 23 ................................................................................................. 8, 14

Fed. R. Civ. P. 23(a) or (b) ......................................................................................... 7

## TABLE OF AUTHORITIES (Cont'd)

Page

Fed. R. Civ. P. 23(a)(4) ..................................................................................... 7

Fed. R. Civ. P. 23(b) .................................................................................... 7, 10

Fed. R. Civ. P. 23(b)(2) ......................................................................... 7, 16, 17

Fed. R. Civ. P. 23(b)(3) ............................................................................ passim

**Other Authorities**

Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 10-C ...................... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Like many companies, Defendant 7-Eleven, Inc. ("7-Eleven") conducts background checks of employees as part of its onboarding process. In this action, Plaintiff claims that 7-Eleven's background check process violates the FCRA. He bases this claim on his unverified contentions that (1) 7-Eleven's one-page background check disclosure form (hereinafter "Form") violates 15 U.S.C. § 1681b(b)(2)(A) because it contains *too much* information; and (2) this alleged information overload caused him so much confusion he could not understand the one-page Form and, if he had understood it, he would not have signed it.[1] (*See* Dkt. No. 23, ¶¶ 16-17, Ex. A.) Plaintiff further alleges that the putative class as a whole was also confused by the Form – however, he has not submitted any evidence at all to corroborate this speculative assertion. (*See id.* at ¶ 37.)

In his motion for class certification, Plaintiff asks this Court to certify a nationwide class of many thousands, ignoring the glaring individual issues that his allegations raise. (*See* Mot. at 15:26-16:2.) As explained below, the Court should not certify this case as a class action because the action would be unmanageable, is not superior to other alternatives, and Plaintiff is neither a typical nor adequate class representative.

## II. BACKGROUND

Plaintiff asserts two causes of action in his First Amended Complaint: (1) violation of the Fair Credit and Reporting Act ("FCRA") and (2) unfair competition under California's Unfair Competition Law, Business and Professions Code Section 17200 ("UCL"). Both causes of action are premised on the theory that the one-page Form violates 15 U.S.C. § 1681b(b)(2)(A) of the FCRA because it supposedly is not a

---

[1] A declaration from Plaintiff is conspicuously absent from his motion for class certification.

stand-alone document, and also is not clear and conspicuous. (*See* Dkt. No. 23, ¶ 5.) Plaintiff alleges that, due to these failures,

- he did not understand what he was doing in signing the Form;
- he would not have signed it if he understood the Form; and
- he lost his job with 7-Eleven because of the information uncovered in the background check conducted after he signed the Form.

(*See id.*, ¶¶ 17, 19.)

Plaintiff seeks to represent a nationwide class of all persons who applied for a job with 7-Eleven and were presented with the Form. Plaintiff also seeks to represent a subclass of all California residents. On behalf of himself and all putative class members, Plaintiff seeks an award of "damages, including statutory and treble damages where applicable" as well as injunctive relief. (*See id.*, Prayer for Relief.)

## III. LEGAL STANDARD FOR CLASS CERTIFICATION

Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). As such, courts must be vigilant to prevent against potential abuses because – as our Supreme Court recently recognized – it is "well known that [class actions] can unfairly place pressure on the defendant to settle even unmeritorious claims." *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018).

A plaintiff seeking class certification must affirmatively demonstrate – **with actual evidence** – that he meets all four of the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *See Dukes*, 564 U.S. at 345; *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). This is a strict burden, and the Court must conduct a "rigorous analysis" to confirm that the Rule 23 standards are met. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). This is because

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.



SEV05-13:2296860_5:9-18-18 - 6 -
DEFENDANT 7-ELEVEN, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

*Dukes*, 564 U.S. at 350 (emphasis in original).

To satisfy Rule 23(a), a plaintiff must show that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Plaintiff seeks to satisfy Rule 23(b)'s requirements by (1) certifying a California subclass on his derivative claim for violation of California's UCL under Rule 23(b)(2); and (2) certifying a nationwide class under Rule 23(b)(3). To certify a class under Rule 23(b)(2), Plaintiff must show that 7-Eleven "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). To certify a class under Rule 23(b)(3), Plaintiff must show that "questions of law or fact common to class members predominate over any questions affecting only individual class members" *and* "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## IV. DISCUSSION

### A. Plaintiff Has Not Met His Evidentiary Burden On Certification

As noted above, in order for a plaintiff to meet his burden of establishing the relevant certification factors, he must rely on actual evidence. *See Comcast*, 569 U.S. at 33.

Here, the *only* evidence submitted with the motion is a declaration from Plaintiff's lawyer about his own background. Although this may suffice to show Plaintiff's counsel is an adequate counsel representative for Rule 23(a)(4) purposes, it has no relevance to any of the other Rule 23(a) or (b) factors. As such, the motion should be denied due to this lack of evidence – especially given the putative class here numbers in the thousands and Plaintiff contends the end result should be a $100 to $1,000 damage award for each member. *See, e.g.*, Rutter Group Prac. Guide Fed. Civ.

Pro. Before Trial Ch. 10-C at [10:570 and 10:572] (noting that in moving for class certification a plaintiff must submit "whatever evidence is required to establish each of the prerequisites and grounds for the class action: i.e., declarations or other admissible evidence showing 'numerosity,' 'commonality,' 'typicality,' etc." and also stating "[m]ost courts interpret this to require a preponderance of the evidence").

### B.  There Is Insufficient Commonality To Support Class Certification

Plaintiff's motion argues commonality exists by pointing to two allegedly common questions. (*See* Mot. at 8:9-14.) However, as the Supreme Court has instructed, proving commonality requires much more than stringing together a list of common questions. *See Dukes*, 564 U.S. at 349 (noting that the commonality language "is easy to misread, since [a]ny competently crafted class complaint literally raises common questions."); *see also Torres v. Nutrisystem Inc.*, 289 F.R.D. 587, 591 (C.D. Cal. 2013). Rather, it "requires the plaintiff to demonstrate that the class members have suffered the same injury, which does not mean merely that they have all suffered a violation of the same provision of law." *Dukes*, 564 U.S. at 350.

While Plaintiff alleges he and every other class member were so confused by the one-page Form that they would not have signed it if they had been provided a "lawful" disclosure instead, it is self-evident that whether or not Plaintiff's assertion is true requires an individualized inquiry. For example, apart from conducting thousands of individual inquiries, it would be impossible to determine what any putative class member's understanding of the Form was, and/or whether they would not have signed it if they understood what the Form was authorizing. Moreover, Plaintiff himself has failed to submit *any* evidence – even from himself – that could show otherwise. As such, Plaintiff has fallen far short of meeting his burden of establishing this required element of Rule 23.

### C.  Plaintiff Is Not An Adequate Class Representative And Is Not Typical Of The Class He Seeks to Represent

Plaintiff also has the burden of establishing that his claims and the likely defenses

thereto are typical of the claims and likely defenses of other putative class members, and, relatedly, that he would be an adequate class representative. *See* Fed. R. Civ. P. 23(a)(3) and (4). Plaintiff's failure to submit any evidence beyond a declaration from counsel also precludes a finding that his claims are typical or that he could be an adequate class representative for a few reasons. *See Dukes*, 564 U.S. at 349 n.5 (noting the commonality, typicality and adequacy requirements of Federal Rule of Procedure 23(a) often overlap).

First, a would-be class representative "must allege *and show* that they have personally been injured, not [just] that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *See Rosales v. El Rancho Farms*, 2012 WL 292977, *2 (E.D. Cal. Jan. 31, 2012) (internal quotation marks omitted). Because Plaintiff failed to submit a declaration for himself substantiating his unverified contention that he actually was confused by the one-page Form because it included *too much* information, he has failed to meet his burden on this issue.

Second, Plaintiff's failure to submit a declaration in support of his own motion to certify a class of thousands raises genuine concerns about his adequacy as a class representative. As the Ninth Circuit has recognized, courts must confirm a would-be class representative is willing to put in the effort necessary to represent the class competently before certifying a class. *See Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010) (noting that, *inter alia*, "[c]lass representation is inadequate if the named plaintiff fails to prosecute the action vigorously on behalf of the entire class").

Finally, even putting aside Plaintiff's failure to submit evidence from anyone but his lawyer, it is clear Plaintiff cannot establish he is typical of the proposed class. This is because **if he would not have authorized 7-Eleven to conduct any background check on him – no matter how clear and conspicuous the disclosure – 7-Eleven never would have hired him**. (*See* Declaration of John Harrison, ¶ 2); *see also Kelcner v. Sycamore Manor Health Center*, 305 F. Supp. 2d 429, 434-36 (M.D. Pa.

2004). As the Ninth Circuit recently confirmed, when the harm an FCRA claim is premised upon would have resulted *even if* the defendant had done exactly what the plaintiff claims it should have done under the FCRA, then the plaintiff cannot recover under the FCRA. *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1175-76 (9th Cir. 2018) (affirming summary judgment ruling on FCRA claim because, even presuming the plaintiff had set forth a plausible FCRA violation, end result would have been the same if the defendant had acted as the plaintiff claimed it should have so there was no concrete harm caused by such a violation).

### D. Even If Plaintiff Could Satisfy Rule 23(a)'s Requirements, Plaintiff's Motion For Class Certification Should Still Be Denied Under Rule 23(b)

Even if Plaintiff could meet the requirements of Rule 23(a), class certification still would not be appropriate because neither the nationwide class nor the proposed California subclass are maintainable under Rule 23(b).

#### 1. Plaintiff Cannot Meet His Burden On Rule 23(b)(3) Because Individual Issues Would Predominate If A Class Were Certified

In all class actions, a plaintiff must be able to show "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *See Dukes*, 564 U.S. at 350 (internal quotation marks omitted, italics in original). In addition, when a plaintiff seeks to certify a class under Rule 23(b)(3) – as Plaintiff is doing here with both of his claims (*see* Mot. at 11:12-14) – he must go even further by proving, *inter alia*, "that the questions of law or fact common to class members predominate over any questions affecting only individual members … ." *See* Fed. R. Civ. P. 23(b)(3). The predominance requirement is more exacting than the commonality requirement. *See Comcast*, 569 U.S. 27 at 34 (stating that "[i]f anything, Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)"); *see also Torres*, 289 F.R.D. at 594.

Plaintiff argues that common questions would predominate on his claim for

statutory damages under the FCRA because he and the putative class may obtain statutory damages simply by showing that (1) the Form does not comply with 15 U.S.C. § 1681b(b)(2)(A); and (2) 7-Eleven acted "willfully" in violating 15 U.S.C. § 1681b(b)(2)(A) with the Form. (*See* Mot. at 12:17-25); *see also* 15 U.S.C. § 1681n(a)(1)(A). Plaintiff is wrong. Further, in so limiting the common issues, Plaintiff ignores critical questions, which are discussed below, that the Court would have to address independent of the answer to these two questions.

        a)    **Individual Inquiries Would Be Necessary To Determine Whether A Class Member Could Recover Statutory Penalties *Even Presuming* 7-Eleven Violated 15 U.S.C. § 1681b(b)(2)(A) With The Form**

In order for a class member to obtain the statutory damages Plaintiff is seeking, the class member would have to show actual injury – i.e. that they were so confused by the Form that they did not understand it – because such a showing is necessary to confer Article III standing on the class member. *See*, generally, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546-50 (2016); *see also Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 889 (7th Cir. 2017); *Cooper v. Acad. Mortg. Corp. (UT)*, 2017 WL 8186733, *6 (N.D. Ga. Nov. 27, 2017); *Sandoval v. Pharmacare US, Inc.*, 2016 WL 3554919, *7-*8 (S.D. Cal. June 10, 2016).

This is because, as the Ninth Circuit just explained,

> in order to satisfy Article III's standing requirement, a plaintiff seeking damages for the violation of a statutory right must not only plausibly allege the violation but must also plausibly allege a concrete injury causally connected to the violation. In the absence of a plausible concrete injury, [a person] cannot establish standing to sue.

*Dutta*, 895 F.3d at 1172 (internal quotation marks and citations omitted). The Ninth Circuit went on to state that in analyzing this issue,

> [C]ourts must ask: (1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural

>violations alleged in [the] case actually harm, or present a material risk of harm to, such interests. In making the first inquiry, [courts] ask whether Congress enacted the statute at issue to protect a concrete interest that is akin to a historical, common law interest. The second inquiry requires some examination of the *nature* of the specific alleged [violations] to ensure that they raise a real risk of harm to concrete interests [the statute] protects. In other words, [courts] must consider whether, in the case before [them], the procedural violation caused a real harm or a material risk of harm.

*Id.* at 1174 (internal quotation marks and citations omitted, non-italicized brackets in original).

The Ninth Circuit has held that alleged violations of 15 U.S.C. § 1681b(b)(2)(A) meet the first part of the test. *See Syed v. M-I, LLC*, 853 F.3d 492, 497 and 499 (9th Cir. 2017); *see also Dutta*, 895 F.3d at 1174 (citing *Syed* as an example of an analysis made on the first step). With respect to the second part of the test, the Ninth Circuit has held that a plaintiff alleging a violation of 15 U.S.C. § 1681b(b)(2)(A) must *show* he actually was confused by the allegedly non-complaint form. *See Syed*, 853 F.3d at 499-500.

The above authority instructs how someone can establish standing to obtain statutory damages for alleged 15 U.S.C. § 1681b(b)(2)(A) violations. However, it also highlights how alleging a violation of 15 U.S.C. § 1681b(b)(2)(A) does not allow a person to claim as a *per se* matter that they have Article III standing. *See*, *e.g.*, *Groshek*, 865 F.3d at 889 (not disputing *Syed*'s analysis but finding the plaintiff there had still failed to show injury in fact because, unlike the plaintiff in *Syed*, "Groshek presents no factual allegations plausibly suggesting that he was confused by the disclosure form or the form's inclusion of [extraneous information that should not have been included]"); *Cooper*, 2017 WL 8186733, *6 (in analyzing standing for claims premised on alleged violations of 15 U.S.C. § 1681b(b)(2)(A), noting that standing requires proof that either the plaintiff "did not receive the information that a background check was being procured for employment purposes or could not understand that she was authorizing such a background check"). Indeed, to hold

otherwise would ignore the second part of the two-part test that the Ninth Circuit recently reiterated applies in these circumstances. *See Dutta*, 895 F.3d at 1174.

Most relevant here, it is the second part of this two-part test which demonstrates how individual questions would predominate if this case were certified because that second part *requires* individualized analysis. *See id.* This is because *even if* Plaintiff could show 7-Eleven violated 15 U.S.C. § 1681b(b)(2)(A) via the contents of the Form, class members would not be able to recover statutory penalties unless and until they showed they were so confused by the one-page Form that they did not understand it. To determine that question, the Court would have to engage in individualized inquiries for each class member because there simply is no other way to determine if a person was or was not confused by the one-page Form other than a person-by-person assessment. *See, e.g., Groshek*, 865 F.3d at 889; *Cooper*, 2017 WL 8186733, *5-*8; *accord Dutta*, 895 F.3d at 1174-76 (showing the two-part test for standing requires showing of actual harm on second part of test). Given Plaintiff contends the class would number in the thousands, obviously these necessary individualized inquiries would predominate if the case was certified for class treatment. As such, Plaintiff has not – and cannot – meet his burden to establish this requirement of Rule 23(b)(3)

        **b)**    **Individualized Inquiries Would Be Necessary To Ascertain The Amount Of Statutory Damages A Class Member Would Be Entitled To Receive *Even If* The Member Had Standing And Proved 7-Eleven Willfully Violated 15 U.S.C. § 1681b(b)(2)(A) With The Form**

Not only is entitlement to any damages an individualized issue, but determining the appropriate amount of damages also cannot be resolved by common proof. This is because even though the FCRA sets a range of between $100 to $1,000 for willful violations by companies, determining what amount to award in that range still requires individualized analysis of the actual harm caused by the willful violation. *See* 15 U.S.C. § 1681n(a)(1)(A); *see also Aesbacher v. Cal. Pizza Kitchen, Inc.*, 2007 WL

1500853, *3 (C.D. Cal. April 3, 2007). Rather than propose any plan for how the Court could address the range of potential damages for each class member – let alone Plaintiff's untethered claim for treble damages – Plaintiff's motion ignores the issue entirely.[2] *See Comcast*, 569 U.S. at 34-35 (reversing decision to certify class because the plaintiff's model for damages "f[ell] far short of establishing that damages are capable of measurement on a classwide basis" and, as such, it appeared "[q]uestions of individual dama**ge calculations [would] inevi**tably overwhelm questions common to the class").

### 2. Plaintiff Cannot Meet His Burden On Rule 23(b)(3) Because Class Certification is not a Superior Method of Adjudication

In addition to showing a predominance of common issues, Plaintiff must show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" in order to certify a class under Rule 23(b)(3). *See* Fed. R. Civ. P. 23(b)(3). Courts have considerable discretion in determining whether a class action is a superior method of adjudication under Rule 23(b)(3). *See Heffelfinger v. Elec. Data Sys. Corp.*, 2013 WL 12201050, *9 (C.D. Cal. Feb. 26, 2013) (noting "Rule 23 vests wide discretion in the district court to evaluate the manageability of a Rule 23(b)(3) class action"). Here, there are several reasons why class certification is not a superior mechanism for this alleged procedural violation of FCRA.

First, in light of the individualized inquiries raised by Plaintiff's allegations (as detailed above), the case would be unmanageable if certified for class treatment.

Second, in creating the FCRA, Congress purposefully created a framework for claims brought under it to incentivize individual actions by allowing individual

---

[2] Plaintiff's motion also ignores the fact that even presuming a class member could establish standing, the actual harm caused by the one-page Form is likely to fall well below even the low-end range of the statutory damages amount. Thus, even presuming the case was certified and damages were ultimately awarded, additional, individualized analysis on whether such awards are even constitutionally permissible would also be required. *See White v. Experian Info. Solutions, Inc.*, 2018 WL 1989514, *9 (C.D. Cal. April 6, 2018).

plaintiffs to seek actual damages, statutory damages, punitive damages, and attorneys' fees. *See Rowden v. Pac. Parking Sys., Inc.*, 282 F.R.D. 581, 586-87 (C.D. Cal. 2012) (noting that class treatment for claims for damages under 15 U.S.C. § 1681n – like those Plaintiff is seeking here – was not superior to other alternatives because "Congress took the significant step of making attorney's fees, costs, and punitive damages available to individual litigants" who pursue such claims); *Lightbourne v. Printroom, Inc.*, 307 F.R.D. 593, 603 (C.D. Cal. 2015) (noting that when a claim includes attorneys' fees, "there appears to be little reason why a class action is more efficient than individual actions") (internal quotation marks omitted). Because putative class members already have built in statutory incentives to pursue litigation (even of small sums) a class action is not superior.

Third, as a review three groups of putative class members reveals, class treatment would not be superior for any of them. Consider the following three putative class groups (1) those who received the Form but were not confused by it; (2) those whose background check had no negative impact on their employment but could establish Article III standing; and (3) those whose background check did have a negative impact on their employment with 7-Eleven and also were confused by it.[3] With respect to the first group, class treatment is not superior for the obvious reason that involving them in this lawsuit would be a monumental waste of time and resources given that they would not be entitled to recover anything. Similarly, class treatment would not be superior for those in group two given their lack of tangible harm and likely desire to decide for themselves whether or not they want to pursue a highly technical FCRA claim against their employer. Further, class treatment would not be superior for those in group three because they would have ample incentive to pursue such claims on their own given (1) the likelihood that they would also want to bring other claims that could be made by

---

[3] This third group is the only group that Plaintiff could even hope to represent in good faith because he could not claim that his claims are common or typical of those in the other two groups.

people who believe adverse employment actions were based on improper motive; and (2) as noted above, the FCRA is designed to incentivize individual actions. *See* 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2). In fact, the manner in which Plaintiff is attempting to litigate the FCRA claims here is in direct contravention to the interests of people in this third group because he is only seeking statutory damages under the FCRA. However, if a person suffered actual, meaningful, harm, as a consequence of the Form, this litigation strategy is not in their interests because a plaintiff who seeks actual, non-statutory, damages under 15 U.S.C. § 1681o is not subject to a $1,000 cap. *Compare* 15 U.S.C. § 1681n(a)(1)(A) *with* 15 U.S.C. § 1681o. As such, if this motion were granted, it would have the perverse consequence of limiting the potential recovery of the very people in the class most harmed by 7-Eleven's supposedly illegal conduct.

Finally, 7-Eleven notes one other significant, practical, factor weighing against superiority in this proposed nationwide class action is that, save for those who reside in or by this District, having claims litigated here could be incredibly costly given class members will have to travel to this District for the individualized inquiries detailed above to determine liability as to themselves.

### 3. Neither Plaintiff Nor The Subclass Can Pursue Injunctive Relief

Plaintiff is seeking to certify a subclass under Rule 23(b)(2) of California residents. (*See* Mot. at 11:15-12:2.) Although Rule 23(b)(2) does not have Rule 23(b)(3)'s predominance requirement, it is largely only available when a plaintiff seeks injunctive relief.[4] *See Dukes*, 564 U.S. at 362-63. Here, however, Plaintiff and the proposed subclass could not obtain injunctive relief from 7-Eleven because none of them could show they are at risk of having to execute the Form in the near future given – as the subclass itself is defined – they all have already done so. (*See* Mot. at 1:22-2:5). Therefore, Plaintiff's request to certify a class under Rule 23(b)(2) must be denied. *See Dukes*, 564 U.S. at 364-65; *see also Wilson v. Conair Corp.*, 2016 WL

---

[4] Plaintiff's motion does not contend that he would seek anything other than injunctive relief if a class was certified under Rule 23(b)(2).

7742772, *3 (E.D. Cal. June 3, 2016) (denying certification under Rule 23(b)(2) where plaintiff would not be at substantial risk of suffering alleged harm again in the future).

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion should be denied.

Dated: September 18, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Kent R. Christensen
Delavan J. Dickson

By: /s/ *Julie R. Trotter*
      Julie R. Trotter

Attorneys for Defendant 7-Eleven, Inc.