Julie R. Trotter, Bar No. 209675
 jtrotter@calljensen.com
Kent R. Christensen, Bar No. 253815
 kchristensen@calljensen.com
Delavan J. Dickson, Bar No. 270865
 ddickson@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant 7-Eleven, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO MUNOZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>7-ELEVEN, INC., a Texas corporation,<br><br>Defendant. | Case No.  2:18-cv-03893 RGK (AGR)<br><br>**DEFENDANT 7-ELEVEN, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>**<br><br>Complaint Filed:  May 9, 2018<br>Trial Date:         None Set |

Defendants 7-Eleven, Inc. ("Defendant"), hereby answers the allegations of the First Amended Complaint ("Complaint") filed by Plaintiff Edwardo Munoz ("Plaintiff"), as follows:

1. In response to Paragraph 1 of the Complaint, Defendant denies the allegation as the provisions of the Fair Credit Reporting Act ("FCRA") speak for themselves.

2. In response to Paragraph 2 of the Complaint, Defendant denies the allegations stated therein.

3. In response to Paragraph 3 of the Complaint, Defendant denies the allegations as the provisions of the FCRA speak for themselves.

4. In response to Paragraph 4 of the Complaint, Defendant denies the allegations as the provisions of the FCRA speak for themselves.

5. In response to Paragraph 5 of the Complaint, Defendant denies the allegations as the form attached as Exhibit A to the Complaint ("Form") speaks for itself.

6. In response to Paragraph 6 of the Complaint, Defendant denies the allegations stated therein.

7. In response to Paragraph 7 of the Complaint, Defendant denies the allegations stated therein.

8. In response to Paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

9. In response to Paragraph 9 of the Complaint, Defendant admits the allegations stated therein.

10. In response to Paragraph 10 of the Complaint, Defendant admits this court has subject matter jurisdiction over the claims in this case.

11. In response to Paragraph 11 of the Complaint, Defendant denies the allegation that it engaged in any unlawful conduct but otherwise admits the allegations stated therein.

12. In response to Paragraph 12 of the Complaint, Defendant admits this Court is the proper venue for this action.

13. In response to Paragraph 13 of the Complaint, Defendant admits the allegations stated therein.

14. In response to Paragraph 14 of the Complaint, Defendant admits the allegations stated therein.

15. In response to Paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

16. In response to Paragraph 16 of the Complaint, Defendant denies the allegations as the Form speaks for itself.

17. In response to Paragraph 17 of the Complaint, Defendant denies the allegations as the Form speaks for itself.

18. In response to Paragraph 18 of the Complaint, Defendant admits the allegations stated therein.

19. In response to Paragraph 19 of the Complaint, Defendant admits the allegations stated therein.

20. In response to Paragraph 20 of the Complaint, Defendant denies the allegations stated therein.

21. In response to Paragraph 21 of the Complaint, the allegations speak for themselves such that they do not require an admission or denial. Defendant denies, however, that a class action is proper.

22. In response to Paragraph 22 of the Complaint, the allegations speak for themselves such that they do not require an admission or denial.

23.     In response to Paragraph 23 of the Complaint, Defendant is unaware of what information Plaintiff knows at this time. Defendant denies the remaining allegations stated therein.

24.     In response to Paragraph 24 of the Complaint, Defendant denies the allegations stated therein.

25.     In response to Paragraph 25 of the Complaint, Defendant denies the allegations stated therein.

26.     In response to Paragraph 26 of the Complaint, Defendant denies the allegations stated therein.

27.     In response to Paragraph 27 of the Complaint, Defendant denies the allegations stated therein.

28.     In response to Paragraph 28 of the Complaint, Defendant denies the allegations stated therein.

29.     In response to Paragraph 29 of the Complaint, Defendant denies the allegations stated therein.

30.     In response to Paragraph 30 of the Complaint, the allegations speak for themselves such that they do not require an admission or denial.

31.     In response to Paragraph 31 of the Complaint, Defendant incorporates by reference the foregoing responses as if fully set forth herein.

32.     In response to Paragraph 32 of the Complaint, the law speaks for itself such that no admission or denial is necessary.

33.     In response to Paragraph 33 of the Complaint, the law speaks for itself such that no admission or denial is necessary.

34.     In response to Paragraph 34 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

35.     In response to Paragraph 35 of the Complaint, Defendant denies the allegations stated therein because the Form speaks for itself.



36. In response to Paragraph 36 of the Complaint, Defendant denies the allegations stated therein because the Form speaks for itself.

37. In response to Paragraph 37 of the Complaint, Defendant denies the allegations stated therein.

38. In response to Paragraph 38 of the Complaint, Defendant denies the allegations stated therein.

39. In response to Paragraph 39 of the Complaint, Defendant denies the allegations stated therein.

40. In response to Paragraph 40 of the Complaint, Defendant denies the allegations stated therein.

41. In response to Paragraph 41 of the Complaint, Defendant denies that Plaintiff or the putative class are entitled to any relief in this case.

42. In response to Paragraph 42 of the Complaint, incorporates by reference the foregoing responses as if fully set forth herein.

43. In response to Paragraph 43 of the Complaint, Defendant denies the allegations stated therein.

44. In response to Paragraph 44 of the Complaint, Defendant denies the allegations stated therein.

45. In response to Paragraph 45 of the Complaint, Defendant denies the allegations stated therein.

## **SEPARATE DEFENSES**

Defendant further alleges the following separate defenses. By stating new matters constituting a defense below, Defendant is not agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

/ / /

/ / /

/ / /

## FIRST SEPARATE DEFENSE

### (Failure to State Facts Sufficient to Constitute a Cause of Action)

1. The Complaint and each purported cause of action asserted therein against Defendant fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND SEPARATE DEFENSE

### (Unclean Hands)

2. The Complaint and each purported cause of action asserted therein against Defendant fails, in whole or in part, by the doctrine of unclean hands.

## THIRD SEPRATE DEFENSE

### (Waiver)

3. The Complaint and each purported cause of action asserted therein against Defendant fails, in whole or in part, by the defense of waiver.

## FOURTH SEPARATE DEFENSE

### (No Willfulness)

4. Plaintiff's request for statutory damages fails because Defendant has not willfully failed to comply with any provisions of the FCRA.

## FIFTH SEPARATE DEFENSE

### (No Harm)

5. The Complaint fails in whole because Plaintiff has suffered no legally recognizable harm as a result of the matters alleged in the Complaint.

/ / /

/ / /

/ / /

### SIXTH SEPARATE DEFENSE

### (No Causation)

6. Defendant alleges that to the extent Plaintiff suffered any damages, such damages were caused by persons or entities or conditions other than Defendant.

### SEVENTH SEPARATE DEFENSE

### (Failure to Mitigate)

7. Defendant alleges that any damages awarded in this matter should be reduced to the extent any harm Plaintiff allegedly endured was caused by his own failure to take reasonable steps to mitigate those damages.

### EIGHTH SEPARATE DEFENSE

### (Consent)

8. Defendant alleges that Plaintiff's claims are barred by Plaintiff's consent, acquiescence or ratification of the acts, conduct or transactions of the Defendant and others.

### NINTH SEPARATE DEFENSE

### (Damages Speculative)

9. The Complaint and each purported cause of action asserted therein against Defendant fails, in whole or in part, because the damages claimed by Plaintiff are speculative.

### TENTH SEPARATE DEFENSE

### (Estoppel)

10. The Complaint and each purported cause of action asserted therein against Defendant fails, in whole or in part, by the doctrine of estoppel in that inter alia,

Plaintiff unreasonably delayed in bringing these claims after having knowledge of the purported injuries alleged in the Complaint.

### ELEVENTH SEPARATE DEFENSE
### (No Injunctive Relief)

11. The Complaint and each purported cause of action asserted therein against Defendant fails, in whole or in part, because Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

### TWELFTH SEPARATE DEFENSE
### (Unjust Enrichment)

12. The Complaint and each purported cause of action asserted therein against Defendant fails, in whole or in part, because Plaintiff is seeking to recover more than he is entitled to recover such that the award being sought by him would unjustly enrich him.

### THIRTEENTH SEPARATE DEFENSE
### (Set-Off)

13. To the extent any award of damages is made, Defendant has the right under the equitable doctrine of setoff to offset any overpayments and/or obligations owed to it by the party to whom a damage award is made.

### FOURTEENTH SEPARATE DEFENSE
### (Violation of Due Process)

14. The imposition of statutory and/or treble damages would violate Defendant's due process rights.

## FIFTEENTH SEPARATE DEFENSE

### (Statute of Limitations)

15. The Complaint fails in whole or in part to the extent it seeks to recover for actions taken outside of the applicable statute of limitations on the claims alleged therein.

## SIXETTENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Class Certification)

16. This action may not be maintained as a class action as Plaintiff cannot establish the necessary prerequisites for class certification under Federal Rule of Civil Procedure 23.

## SEVENTEENTH SEPARATE DEFENSE

### (Additional Defenses)

17. Defendant presently has insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet unstated, defenses available. Thus, subject to discovery in this action, Defendant expressly reserves its right to assert additional defenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1. That judgment be entered in favor of Defendant, and against Plaintiff, on all causes of action alleged in the Complaint;

2. That Plaintiff take nothing by way of his Complaint;

3. That the Complaint be dismissed with prejudice;

/ / /

/ / /

/ / /

4. That Defendant be awarded its costs of suit in this matter; and

5. For such other and further relief as the Court may deem just and proper.

Dated: September 19, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Kent R. Christensen
Delavan J. Dickson

By: /s/ *Julie R. Trotter*
Julie R. Trotter

Attorneys for Defendant 7-Eleven, Inc.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the Constitution of the United States.

Dated: September 19, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Kent R. Christensen
Delavan J. Dickson

By: /s/ *Julie R. Trotter*
Julie R. Trotter

Attorneys for Defendant 7-Eleven, Inc.