Mike Arias (CSB #115385)
   mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
   alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
   swoodrow@woodrowpeluso.com
Patrick H. Peluso*
   ppeluso@woodrowpeluso.com
Taylor T. Smith*
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiff and the alleged Classes

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz,** individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>    v.<br><br>**7-Eleven, Inc.,** a Texas corporation,<br><br>                   Defendant. | Case No. 2:18-cv-03893-RGK-AGR<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 22, 2018<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br>Complaint Filed: May 9, 2018 |

**Joint Case Management Statement**

Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") and Defendant 7-Eleven, Inc. ("Defendant" or "7-Eleven") jointly submit this Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's standing order.

**1. Statement of the Case**

<u>Plaintiff's Position</u>:  This putative class action challenges Defendant's alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., ("FCRA" or the "Act"), specifically the Act's rules governing the procurement of background checks on job applicants and employees. In short, Plaintiff alleges that Defendant violated the FCRA by using an improper form disclosure when it ordered background checks on applicants and employees.

The FCRA requires that employers provide a "standalone" disclosure that says the company will procure a background check. This disclosure cannot contain any extraneous information, apart from a line where the applicant or employee can sign to authorize the background check. 7-Eleven's form disclosure, however—including the one provided to Plaintiff—was replete with irrelevant extra information. Under the FCRA, that entitles each person about whom Defendant obtained a background check to statutory damages ranging between $100 - $1,000.

<u>Defendant's Position</u>:  Plaintiff's contentions regarding 7-Eleven's straightforward, ***one-page***, disclosure are wrong as it is a standalone document that does not contain any extraneous information.  Indeed, numerous courts have held analogous disclosures meet the FCRA's requirements as a matter of law, and Plaintiff to date has failed to cite to any decision where a court found an analogous disclosure did not do so.

Moreover, Plaintiff's contentions regarding statutory damages is also incorrect as it fails to inform the Court of two key showings that would have to be made before any statutory damages award could be made.  First, before statutory

- 1 -

**Joint Case Management Statement**

damages could be awarded, Plaintiff would have to show that 7-Eleven "willfully" violated the FCRA's standalone requirement with the form. Unsurprisingly, it would be absurd to find that 7-Eleven willfully violated the FCRA with a one-page form on the grounds that form includes too *much* information. Second, even if Plaintiff succeeded in proving 7-Eleven willfully violated the standalone requirement with its one-page form, the only people who could obtain statutory damages would be those who are able to convince a trier of fact that they actually were confused by what 7-Eleven's one-page disclosure meant.

## 2. Subject Matter Jurisdiction

This case is an alleged class action brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., ("FCRA" or the "Act."). As such, the Parties agree that the Court has original jurisdiction under 28 U.S.C. § 1331. No issues exist as to personal jurisdiction or venue, and no parties remain to be served.

Plaintiff asserts that the Court also has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this case is a putative class action consisting of over 100 class members who are minimally diverse and whose amounts in controversy, when aggregated, exceed $5,000,000.

**Joint Case Management Statement**

## 3. Legal Issues

<u>Plaintiff's Position:</u>

(i) Whether Defendant's FCRA disclosure complies with the mandates of the FCRA;

(ii) Whether Defendant acted willfully;

(iii) Whether one or more classes should be certified; and

(iv) The proper measure of damages.

<u>Defendant's Position:</u>

In addition to the legal issues identified above by Plaintiff, and as noted above, one other substantial issue that would have to be resolved in this case is that – even presuming Plaintiff was able to show 7-Eleven willfully violated the FCRA with its one-page form by including too much information in it – Plaintiff and other class members will also have to establish that they were, in fact, genuinely confused by what the one-page form was.

## 4. Service

All parties have been served and there are no issues with service.

## 5. Additional parties

The parties do not expect to add any additional parties at this time.

## 6. Contemplated motions

Plaintiff has moved for class certification within the 90-day requirement set forth in the Local Rules and anticipates the potential need to file an updated motion for class certification after an appropriate period of class discovery, if the Court finds that this is necessary to make a determination as to class certification. Plaintiff also intends to move for summary judgment after a class has been certified. Plaintiff may need to file a motion to amend the pleadings as appropriate.

At this time, Defendant intends to pursue a motion for summary judgment. In addition, it expects that substantial motion practice will be required on case management issues in the event this case is certified for class treatment given the numerous – and in Defendant's mind insurmountable – difficulties managing this case would entail if allowed to proceed as a class.

**7.     Arbitration**

The case is not suitable for reference to arbitration or to a Magistrate Judge for trial.

**8.     Related Cases**

The parties are not aware of any related cases.

**9.     Discovery**

   a.     *Extent, nature, and location of discovery*

   <u>Plaintiff's Position</u>: Plaintiff's position on a discovery schedule hinges on whether the Court requires additional evidence before ruling on Plaintiff's motion for class certification (which has been filed without the benefit of discovery, to comply with the Local Rules' 90-day requirement). If the Court believes it has sufficient evidence at the outset to certify a class without the benefit of class discovery, Plaintiff believes a six-month period of merits discovery is appropriate. However, if the Court requires additional evidence before ruling on the class certification issue, Plaintiff believes that discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this ten (10) month period the Plaintiff would file a renewed motion for class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based

- 4 -

**Joint Case Management Statement**

discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial. Discovery in this case will focus primarily on Defendant's FCRA disclosure form, its knowledge of FCRA requirements, its training of employees in FCRA compliance, and the ability to identify class members. The majority of the discovery in this case will be obtained from Defendant's records.

Plaintiff strongly disagrees with Defendant's position that 2-3 years of discovery would be required if a class were certified here. This position, if adopted, would make certifying a class in a FCRA case impossible. Fortunately for Plaintiff and the class, this position misunderstands the law. In a class action, "standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007); *accord Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978–79 (9th Cir. 2011); *see also Larson v. Trans Union, LLC*, 201 F.Supp.3d 1103, 1109 (N.D. Cal 2016). 7-Eleven's argument ignores this authority and is based on the flawed premise that each individual class member must show through separate proofs that they were sufficiently confused so as to have standing. This is not, and has never been, the law.

<u>Defendant's Position:</u>   Defendant disagrees that any discovery should be allowable on certification issues if the Court denies Plaintiff's motion for class certification because, as explained in its opposition to that motion, there are numerous, insurmountable, hurdles that Plaintiff would never be able to address such that class treatment could be warranted in this matter.

In the event the Court denies Plaintiff's motion for class certification, Defendant believes a customary discovery period would be, and that trial could be set on Plaintiff's individual claims by mid-2019 (if not earlier).

However, if the Court were to grant Plaintiff's motion for class certification, discovery would need to last for 2-3 years given, as noted above, a required showing

- 5 -

Joint Case Management Statement

for anyone to receive statutory damages is that they prove they were confused by 7-Eleven's one-page disclosure form because it contained too much information.  Thus, if certification is granted, the Court will either need to set this matter for a years'-long trial for each putative class member (which numbers in the thousands), or the parties are going to have to engage in substantial deposition practice.  Defendant further notes that Plaintiff's contentions regarding class members' not needing to establish they were actually confused by Defendant's one-page disclosure form is wrong, as authorities make clear that such a showing is required for a person to obtain statutory damages under the FCRA.  *See*, *e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546-50 (2016); *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1175-76 (9th Cir. 2018); *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 889 (7th Cir. 2017); *Cooper v. Acad. Mortg. Corp. (UT)*, 2017 WL 8186733, *6 (N.D. Ga. Nov. 27, 2017); *Sandoval v. Pharmacare US, Inc.*, 2016 WL 3554919, *7-*8 (S.D. Cal. June 10, 2016).  In addition, the only decision Plaintiff cites in support of his position that even mentions the FCRA is the non-binding *Larson* decision, and it does not affirmatively hold such a showing is unnecessary for statutory damages to be awarded under the FCRA.  *See Larson*, 201 F. Supp. 3d at 1109.

    b.    *Suggested Changes to Discovery Limitations*

Plaintiff's position: The Parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

Defendant's position: If the case is not certified, no changes will need to be made to the default rules of discovery.  However, if the case is certified, as detailed above, significant changes will have to be made.

    c.    *Number of hours per deposition*

The Parties propose 8 hours per deposition.

**10.   Jury Trial**

Joint Case Management Statement

Plaintiff has made a proper jury trial demand. Defendant does not dispute Plaintiff's right to trial by jury but does not independently request a trial by jury.

**11. Trial Length**

<u>Plaintiff's Position</u>: A trial in this case would take 3 days. Plaintiff disagrees with Defendant's assertion that a trial could take over a year.

<u>Defendant's Position</u>: If the case is not certified, trial should take no more than 3 days. If a case is certified, a trial could possibly take over a year (and potentially a number of years) to complete given the individualized inquiries that would be required regarding whether each putative class member was, in fact, confused by 7-Eleven's one-page disclosure form because it included too much information.

**12. Settlement**

The parties do not request Court assistance with settlement talks at this time. The parties reserve the right to request a judicial settlement conference after initial discovery has taken place.

**13. Other Matters**

There are no other matters that the Parties believe require Court attention at this time.

Respectfully submitted,

Dated: October 15, 2018

**Edwardo Munoz**, individually and on behalf of all others similarly situated,

By:   /s/  *Patrick H. Peluso*
One of Plaintiff's Attorneys

Mike Arias (CSB #115385)
mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
alfredo@asstlawyers.com

Joint Case Management Statement

|   |   |
|---|---|
| 1 | **ARIAS SANGUINETTI WANG & TORRIJOS, LLP** |
| 2 | 6701 Center Drive West, 14th Floor |
|   | Los Angeles, California 90045 |
| 3 | Telephone: (310) 844-9696 |
|   | Facsimile: (310) 861-0168 |

Steven L. Woodrow*
   swoodrow@woodrowpeluso.com
Patrick H. Peluso*
   ppeluso@woodrowpeluso.com
Taylor T. Smith*
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Dated: October 15, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Kent R. Christensen
Delavan J. Dickson


By: /s/ Julie R. Trotter
     Julie R. Trotter

Attorneys for Defendant 7-Eleven, Inc.

- 8 -

**Joint Case Management Statement**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on October 15, 2018.

/s/ Patrick H. Peluso