UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03893-RGK-AGR | Date | October 18, 2018 |
|---|---|---|---|
| Title | EDWARD MUNOZ v. 7-ELEVEN, INC. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER re Plaintiff's Motion to Certify Class [DE 33]

## I. INTRODUCTION

On May 9, 2018, Edward Munoz ("Plaintiff") filed a complaint against 7-Eleven, Inc. ("Defendant") in federal court on behalf of a class similarly situated alleging that the Defendant violated sections 1681b(b)(2)(A)(i) and 1681b(b)(3) of the Fair Credit Reporting Act ("FCRA"), as well as sections of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) ("UCL").

On July 23, 2018, Plaintiff filed a First Amended Complaint ("FAC"). Plaintiff continues to allege violations of section 1681b(b)(2)(A)(i) of the FCRA and the UCL, but eliminated his claim for violation of § 1681b(b)(3) of the FCRA. On September 5, 2018, Defendant's Motion to Dismiss for Failure to State a Claim was denied.

Presently before the Court is Plaintiff's Motion to Certify Class. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff applied for a position with 7-Eleven in January 2018. While completing his application, Plaintiff was asked to sign a disclosure form ("Disclosure Form"). This Disclosure Form contained a general disclosure that there would be a consumer report performed that summarized Plaintiff's background and criminal history. As a result of the information produced in the report that followed, Plaintiff was fired.

Both parties agree that in addition to the general disclosure, other information was also included in the Disclosure Form. Plaintiff alleges that 7-Eleven's Disclosure Form violates the FCRA by providing information regarding both obtaining a "consumer report" and an "investigative consumer report," in violation of the FCRA's "stand-alone" requirement. Additionally, Plaintiff alleges that Defendant also included extraneous information that made the Disclosure Form unclear and hard to understand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03893-RGK-AGR | Date | October 18, 2018 |
|---|---|---|---|
| Title | EDWARD MUNOZ v. 7-ELEVEN, INC. | | |

### III. JUDICIAL STANDARD

For certification of a class action under Federal Rule of Civil Procedure ("Rule") 23, the Plaintiff bears the burden of demonstrating that the requirements of Rules 23(a) and 23(b) are met. *Marlo v. United Parcel Service, Inc.*, 638 F.3d 942, 947 (9th Cir. 2011). "Frequently, [the] 'rigorous analysis' [of Rule 23] will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart v. Dukes*, 564 U.S. 338, 351 (2011). "Although some inquiry into the substance of a case may be necessary . . . it is improper to advance a decision on the merits to the class certification stage." *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (citations omitted) (internal quotation marks omitted).

### IV. DISCUSSION

Plaintiff asks for certification of a class comprised of the following classes:

"**Disclosure Class**: All persons in the United states who (1) from a date prior to the filing of the initial complaint in this action to the date notice is sent to the Disclosure Class; (2) applied for employment with Defendant; (3) about whom Defendant procured a consumer report; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form that Defendant provided to Plaintiff.
**California Subclass**: All members of the Disclosure Class who reside in California.

(Pl.'s Mot. to Certify Class 2:7-16, ECF No. 33.)

For the following reasons, the Court finds that Plaintiff's proposed classes satisfy the requirements of both Rule 23(a) and Rule 23(b).

#### A. **Rule 23(a)**

Rule 23(a) requires that "(1) the class [be] so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a). Rule 23(a)'s requirements are also referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Rule 23(a) is satisfied here. Plaintiff alleges, and Defendant does not dispute, that 7-Eleven has thousands of employees and even more job applicants. Therefore, the total number of members in the Disclosure Class and California Subclass are likely to be in the thousands. Even though Plaintiff has not specified the estimated number of class members in the Subclass, courts have held that just 40 memsbers typically satisfies the numerosity requirement. *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010*)*. Based on the facts alleged, the court finds that the class is "so numerous" that joinder of all members

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03893-RGK-AGR | Date | October 18, 2018 |
|---|---|---|---|
| Title | EDWARD MUNOZ v. 7-ELEVEN, INC. | | |

would be impracticable. Furthermore, common questions of law and fact exist because the alleged unlawful Disclosure Form was used for each class member who applied for a job. For the same reasons, Plaintiff's claims are typical. Finally, Plaintiff is willing to protect the interests of the class and vigorously prosecute the class action, and class counsel is experienced in class action suits before the Court. Thus, all four elements of Rule 23(a) are met for both the Disclosure Class and California Subclass.

  B. **Rule 23(b)**

A plaintiff must also establish at least one of the following requirements of Rule 23(b): (1) the prosecution of separate actions would create risk of (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(b).

Upon review of the facts alleged, the Court finds that individual questions of actual harm or damages do not predominate over the common question of whether Defendant's Disclosure Form violates the FCRA. Additionally, class-wide relief is superior to other methods of adjudicating the conflict because the cost of individual suits would be prohibitive and class-wide relief will prevent inconsistent adjudications. Therefore, the Disclosure Class and California Subclass both satisfy Rule 23(b)(3).

In opposition, Defendant argues that the requirements of Rule 23(b) are not satisfied because the case requires (1) a determination of whether each member of the class has standing to bring suit in federal court and (2) calculations of individualized damages owed to each member of the class. Neither argument is persuasive.

As to Defendant's first argument, "[i]n a class action, standing is satisfied if at least one named plaintiff meets the requirements" of Article III. *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007). In order to show standing, a named plaintiff must show (1) "the plaintiff suffered an injury in fact . . . that is sufficiently 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,'" (2) "the injury is 'fairly traceable' to the challenged conduct," and (3) "the injury is 'likely' to be 'redressed by a favorable decision.'" *Id.* Here, Plaintiff has established standing. His injury—the procurement of a consumer report as the result of a faulty FCRA Disclosure Form—is sufficiently complete and particularized. *See Robins v. Spokeo*, 867 F.3d 1108 (2017) (holding that the plaintiff had established a sufficiently concrete and particularized injury because defendant violated a provision of the FCRA intended to protect consumers). The consumer report is traceable to Defendant's alleged violation of the FCRA and would be remedied by a ruling in favor of the Plaintiff. Thus, Plaintiff has established standing, and determinations of harm suffered by additional members of the class for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03893-RGK-AGR | Date | October 18, 2018 |
|---|---|---|---|
| Title | EDWARD MUNOZ v. 7-ELEVEN, INC. | | |

purposes of Article III standing will not be necessary.

As to Defendant's second argument, the Ninth Circuit has held that the "presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)." *Levya v. Medline Indus.*, 716 F.3d 510, 513 (9th Cir. 2013) However, a "common methodology for calculating damages" must exist to make calculation of those damages feasible. *Doyle v. Chrysler Grp., LLC*, 664 Fed. App'x 576, 579 (9th Cir. 2016). Here, Plaintiff seeks only statutory damages, which can be proven on a class-wide basis. *See Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 U.S. Dist. LEXIS 97584, at *18 (N.D. Cal. July 26, 2016). Thus, neither individual determinations of harm, nor determinations of statutory damages will prevent the class from being certified.

As the class is certifiable under Rule 23(b)(3), the Court need not consider whether the class may be certified under Rule 23(b)(2).

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Certify Class.

**IT IS SO ORDERED.**

                                                                  Initials of Preparer          :