1  Mike Arias (CSB #115385)
      mike@asstlawyers.com
2  Alfredo Torrijos (CSB #222458)
      alfredo@asstlawyers.com
3  **ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
   6701 Center Drive West, 14th Floor
4  Los Angeles, California 90045
   Telephone:  (310) 844-9696
5  Facsimile: (310) 861-0168

6  Steven L. Woodrow*
      swoodrow@woodrowpeluso.com
7  Patrick H. Peluso*
      ppeluso@woodrowpeluso.com
8  Taylor T. Smith*
      tsmith@woodrowpeluso.com
9  **WOODROW & PELUSO, LLC**
   3900 East Mexico Avenue, Suite 300
10 Denver, Colorado 80210
   Telephone: (720) 213-0675
11 Facsimile: (303) 927-0809

12 *Pro Hac Vice*

13 Attorneys for Plaintiff Edwardo Munoz
   and the Class and Subclass
14

15 **UNITED STATES DISTRICT COURT**

16 **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| **Edwardo Munoz,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**7-Eleven, Inc.,** a Texas corporation,<br><br>Defendant. | Case No. 2:18-cv-03893-RGK-AGR<br><br>**PLAINTIFF'S PROPOSED PLAN FOR DISSEMINATING THE CLASS NOTICE**<br><br>Date: February 4, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br>Complaint Filed: May 15, 2018 |

## I. Introduction

On October 18, 2018, the Court granted certification under Federal Rule of Civil Procedure 23 to the following Class and Subclass:

> **Disclosure Class**: All persons in the United States who (1) from a date [two years] prior to the filing of the initial complaint in this action to the date notice is sent to the Disclosure Class; (2) applied for employment with Defendant; (3) about whom Defendant procured a consumer report; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form that Defendant provided to Plaintiff.
>
> **California Subclass**: All members of the Disclosure Class who reside in California.

(Dkt. 43.)

Counsel for Plaintiff Munoz and the Classes has met and conferred with counsel for Defendant 7-Eleven and, after further conferral and consultation with proposed class action administrators, Plaintiff proposes the following plan for notifying the Classes.

## II. Proposed Notice Plan

Discovery has revealed that there are approximately 57,000 members of the Disclosure Class.[1] 7-Eleven has further indicated that it has addresses and telephone numbers for these individuals.

As the Court is aware, due process requires that the Class be provided "the

---

[1] 7-Eleven has indicated it will produce contact information for all 57,000 class members to a third-party administrator approved by the Court. Class Counsel believe that the data should also be made available to Munoz's attorneys for use in this lawsuit. The Parties have met and conferred regarding this dispute and will be bringing it to the Court's attention via its established discovery dispute procedures.

best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *Silber v. Mabon,* 18 F.3d 1449, 1454 (9th Cir. 1994). Such safeguards ensure that notice to the class complies with both Rule 23 and the demands of due process. *Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010). Adherence to these standards does not require that every individual class member receive *actual* notice—due process mandates only that the notice be "reasonably calculated under the circumstances to apprise [class members] of the pendency of the class action and give [them] a chance to be heard." *Ross v. Trex Co., Inc.*, No. 09-CV-00670, 2013 WL 791229, at *1 (N.D. Cal. Mar. 4, 2013). A notice plan that reaches at least 70% of the class is reasonable. FEDERAL JUDICIAL CENTER, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 3 (2010).

As for content, a class notice is satisfactory where it "generally describes the terms of the [case] in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980) *disapproved of on other grounds by Evans v. Jeff D.*, 475 U.S. 717, 106 S. Ct. 1531, 89 L. Ed. 2d 747 (1986); *see also* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11:53 at 167 (4th ed. 2002) (notice is "adequate if it may be understood by the average class member."). The notice must set forth the nature of the action, define the class, identify the class claims and defenses at issue, and explain to class members that they may enter an appearance through counsel if so desired, that they may request exclusion, and that any judgment will be binding on all class members. *See* Fed. R. Civ. P. 23(c)(2)(B).

Using these principles as a guide, Plaintiff proposes the following plan for notice, which includes direct mail notice, a settlement website, and notification by email.

### A. Direct mail notice

In this case, because 7-Eleven has addresses for the Class members, notice via direct mail, following a search for any updated addresses, is most appropriate under the circumstances. Here, a postcard summary notice should be mailed to all 57,000 class and subclass members. Proposed postcards are attached hereto as Group Exhibit A. The summary postcards generally describe the nature of the action and the claims together with the Class definitions. All other required information appears on the postcards as well.

Plaintiff proposes that such direct mail notice be disseminated to the Class and subclass within sixty (60) days of an Order approving this notice plan. Plaintiff future proposes that members of the Class and subclass have 60 days from the date notice is dissimilated to request exclusion.

### B. The Class Website

The postcards represent just a summary, however. That is, each postcard also notifies the recipient to visit a website for the lawsuit ("Case Website") where Class Members can access a traditional "long form" notice as well as other important information about the case, such as the deadline for opting-out of the lawsuit. The website will also host important case documents like the Order granting class certification and will provide contact information for Class Counsel. The Parties agree to meet-and-confer about the specific content of the Case Website before it goes live.

### C. Email Notice

In addition to the direct mail postcards and the Case Website, the Parties are meeting-and-conferring regarding the viability of transmitting the postcard notice via email in addition to U.S. mail to email addresses 7-Eleven may have collected with respect to Class Members.

### D. Class Administrator

Plaintiff's counsel received multiple bids for disseminating the proposed notice plan. Plaintiff's counsel recommends that the Court appoint Kurtzman Carson Consultants, or KCC, for the position as Claims Administrator in this case. KCC has extensive experience administering class action cases and settlements and would serve competently here.

### III. Conclusion

The Class and Subclass consist of approximately 57,000 persons to whom direct mail notice should be sent. Combined with a Class Website and potential email notice, the proposed Notice Plan is calculated to apprise the Class Members of these proceedings and their rights, comports with due process, and should receive the Court's approval.

**WHEREFORE**, the Plaintiff, Edwardo Munoz, respectfully requests that the Court adopt the instant Notice Plan, require that notice be disseminated to the Class and subclass within 60 days of its Order, and award such additional relief as it deems necessary and just.

Respectfully submitted,

Dated: January 10, 2018

**Edwardo Munoz**, individually and on behalf of all others similarly situated,

By:    /s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Mike Arias (CSB #115385)
   mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
   alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor

**Plaintiff's Proposed Notice Plan**     - 5 -

| | |
|---|---|
| 1 | Los Angeles, California 90045 |
| 2 | Telephone: (310) 844-9696 |
|   | Facsimile: (310) 861-0168 |
| 3 | |
| 4 | Steven L. Woodrow* |
|   |    swoodrow@woodrowpeluso.com |
| 5 | Patrick H. Peluso* |
|   |    ppeluso@woodrowpeluso.com |
| 6 | Taylor T. Smith* |
| 7 |    tsmith@woodrowpeluso.com |
|   | **WOODROW & PELUSO, LLC** |
| 8 | 3900 East Mexico Avenue, Suite 300 |
| 9 | Denver, Colorado 80210 |
|   | Telephone: (720) 213-0675 |
| 10 | Facsimile: (303) 927-0809 |

**Plaintiff's Proposed Notice Plan**    - 6 -

## Certificate of Service

I hereby certify that, on the date indicated below, the foregoing document (and any attachments or accompanying documents) was served via the Court's electronic filing system.

Dated: January 10, 2018                                        /s/ Patrick H. Peluso