UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3893-RGK (AGRx) | Date | March 5, 2019 |
|---|---|---|---|
| Title | Edwardo Munoz v. 7-Eleven, Inc. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Karl Lozada | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** **MINUTE ORDER RE FURTHER ORDER ON TELEPHONIC DISCOVERY CONFERENCE (Dkt. No. 54)**

The court conducted a telephonic discovery conference on February 28, 2019 and issued a minute order. (Dkt. No. 55.) The court heard oral argument on Item No. 1 and took the matter under submission at that time.

The parties explained that, pursuant to the District Judge's Order Granting Motion for Approval of Proposed Notice Plan (Dkt. No. 50), Defendant will provide class member identifying information to the claims administrator Kurtzman Carson Consultants ("KCC"). Plaintiff requests that Defendant provide the same information to Plaintiff's counsel. (Motion for Order, Dkt. No. 54.)

The parties agreed at oral argument that discovery from class members is not needed for the merits of this case.[1] Plaintiff seeks the information because the notice gives a potential class member several options including the option of contacting class counsel, and provides class counsel's name, address, phone number and email address. (Dkt. No. 46-2.) Plaintiff contends his counsel would use the class member information to confirm that a person on the phone is a member of the class. Plaintiff did not explain why he would need to cross reference the caller with the class list, given the parties' agreement that no discovery is needed from any class member. The parties could not find any case law regarding this issue and agreed that the court could take the matter under submission after oral argument without further briefing.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

---

[1] The fact that class members possess information relevant to the class claims is usually the basis for Plaintiff's request for contact information. *E.g., Wiegele v. Fedex Ground Package Sys.*, 2007 U.S. Dist. LEXIS 9444, *5-*7 (S.D. Cal. Feb. 8, 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3893-RGK (AGRx) | Date | March 5, 2019 |
|---|---|---|---|
| Title | Edwardo Munoz v. 7-Eleven, Inc. | | |

expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

    The court finds that Plaintiff's request for the class member information provided to KCC is not proportional to the needs of the case. The parties agree that the requested information is not relevant to the merits of the case. Plaintiff's flimsy reason for requesting the information is therefore outweighed by the burden of any *Belaire-West* notice or other notice advising class members of their right not to talk to counsel in the event Plaintiff's counsel initiates contact. Plaintiff's request that Defendant provide class member contact information to his counsel is DENIED.

                                                               0   :   0

Initials of Preparer   kl