# **EXHIBIT A**

## I. PRELIMINARY STATEMENT

The following responses are based on Responding Party's knowledge as of the date of these responses, and are given without prejudice to Responding Party's right to rely on documents, tangible things, or electronically stored information discovered through investigation and discovery to update any of the below responses as this lawsuit proceeds.

Responding Party will respond to each Interrogatory as it understands and interprets the Interrogatory, and reserves the right to modify any of the responses provided below in the event Propounding Party asserts a different interpretation should govern. Responding Party further objects to the extent any of the below Interrogatories seek information that would be covered by a privilege, including but not limited to the attorney-client privilege and work product doctrine.

## II. SPECIFIC RESPONSES

Subject to and without waiving the foregoing preliminary statement, Responding Party responds as follows:

**INTERROGATORY NO. 1:**

Identify and describe all steps taken and efforts made by You to comply with the FCRA or any FTC Advisory Opinions.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party objects to this interrogatory as being improperly overbroad such that it is unduly burdensome and oppressive, and seeks information that is not relevant to the extent it seeks information regarding FCRA compliance on matters not at issue in this lawsuit. Responding Party further objects to this request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving these objections, Responding Party responds as follows: The disclosure form at issue in this lawsuit complies with 15 U.S.C. § 1681b(b)(2), and is consistent with all relevant FTC

SEV05-13:2267325_2:12-5-18                                - 2 -
RESPONSE OF 7-ELEVEN, INC. TO PLAINTIFF'S INTERROGATORIES, SET NO. ONE

Advisory Opinions on that statute as well. Moreover, to date – and as reflected in Plaintiff's own briefing to date – there are no decisions available on the Westlaw database, let alone binding decisions, wherein a form analogous to the one at issue here was found to have violated 15 U.S.C. § 1681b(b)(2)'s requirements.

**INTERROGATORY NO. 2:**

Identify all Persons, and the total number of such Persons, to whom 7-Eleven provided the same Disclosure Form as it provided to Plaintiff and about whom 7-Eleven obtained a background check from Sterling Talent Solutions.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects to this interrogatory because Plaintiff did not execute the same form as every other employee application of Responding Party, and, to the extent such applicants executed a different form, they are outside the scope of this lawsuit. Responding Party further objects to this interrogatory to the extent it improperly seeks information in which third parties have a right to privacy. Subject to and without waiving those objections, Responding Party responds as follows: Responding Party estimates it has provided the same disclosure form it provided Plaintiff to approximately 57,000 people. Their contact information will be provided to the third-party administrator the parties utilize for providing notice to the class certified.

**INTERROGATORY NO. 3:**

Identify and describe the location and manner in which applicant and employee personnel files are maintained.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this interrogatory to the extent it seeks this information for each putative class member separately as being unduly burdensome and oppressive. Responding Party further objects to this interrogatory because it does not seek information that has any bearing on this lawsuit, or that is likely to lead to the