# EXHIBIT B

the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections, Responding Party responds as follows: Responding Party will produce documents it has in its possession, custody, and/or control that include communications between itself and Plaintiff regarding the FCRA disclosure and authorization process.

**REQUEST TO PRODUCE NO. 8:**

All Documents sufficient to identify any document or communication (including emails, letters, phone calls among Your employees, vendors, or other personnel) that mentions or references Plaintiff (including Plaintiff's complete personnel file), Your FCRA background check policies or procedures, or this lawsuit.

**RESPONSE TO REQUEST TO PRODUCE NO. 8:**

Responding Party objects to this request because it is so overbroad as to be unduly burdensome and oppressive, improperly compound, its scope exceeds the permissible scope of discovery given the amount of documents that could be conceivably responsive to this request without any relevance whatsoever to this lawsuit, and even appears to seek documents that would be protected from disclosure by the attorney-client privilege and/or work product doctrine. Responding Party further objects because to the extent this request seeks documents that could be within the permissible scope of discovery, the request is duplicative of other requests. Responding Party further objects to the phrase "sufficient to identify" on the grounds it is vague and ambiguous.

**REQUEST TO PRODUCE NO. 9:**

All Documents sufficient to identify any policies of insurance for which coverage has been sought by You with respect to the underlying claims, including all documents filed in any legal action regarding such insurance coverage and all coverage letters and reservation of rights.