# EXHIBIT D

***Interrogatories:***

No. 1:

Plaintiff agreed to narrow the scope of this interrogatory to "all steps taken and efforts made by 7-Eleven to comply with the FCRA's provision 15 U.S.C. § 1681b(b)(2)(A) or any FTC Advisory Opinions re same." Plaintiff further agreed that Plaintiff would not take the position that 7-Eleven has waived its attorney-client privilege over communications pertaining to same if 7-Eleven's response notes it did have communications with outside counsel on such matters. Following these agreements, 7-Eleven has agreed to provide a supplemental response.

No. 2:

The parties are at an impasse as Plaintiff's counsel contends the contact information should be provided directly to his counsel, and 7-Eleven believes it should only be provided to a third-party administrator for notice purposes.

No. 3:

The parties have agreed the matters raised in this interrogatory will be handled as part of 7-Eleven's Rule 30(b)(6) deposition.

No. 4:

Plaintiff agreed to narrow the scope of this interrogatory to "any training process that employees receive regarding 15 U.S.C. § 1681b(b)(2)(A)." Following this agreement, 7-Eleven has agreed to provide a supplemental response.

No. 5:

Plaintiff agreed to 7-Eleven's proposal in its 12-19-18 MC letter for 7-Eleven to provide a supplemental response to this interrogatory that notes the date Plaintiff received the Form at issue, and whether it was provided in person, online, or by mail.

No. 6:

No dispute.

/ / /

***Requests for Production:***

No. 1:

Plaintiff agreed that so long as 7-Eleven's supplemental response notes that Plaintiff's newhire paperwork is standard to that provided to other class members, 7-Eleven can meet its obligations under this request by producing Plaintiff's newhire paperwork.

Nos. 2 and 4:

Plaintiff agreed to limit the scope of these requests to 15 U.S.C. § 1681b(b)(2)(A). Plaintiff further clarified that the instruction made in the requests throughout of "sufficient to identify" was used to narrow the scope of these requests. With this agreement, 7-Eleven has agreed to provide supplemental responses.

No. 3:

Plaintiff agreed that nothing further needs to be provided on this request.

Nos. 5 and 11:

These pertain to contact information, and, as such, the dispute is duplicative to that for SROG 2.

No. 6:

Plaintiff was seeking clarification on the total number, which has been provided.

No. 7:

Plaintiff agreed that the scope of this request would be narrowed to communications regarding Plaintiff's hiring, firing, and/or background check.

No. 9:

Nothing further need be provided.

No. 10:

Parties are at an impasse as Plaintiff contends the size of 7-Eleven's legal department is relevant to willfulness, and 7-Eleven disagrees.

/ / /

No. 13:

Plaintiff agreed that because of the separateness 7-Eleven maintains with its franchisees, they are beyond the scope of this lawsuit. As such, nothing further needs to be provided on this request.

No. 14:

Nothing further need be provided here.

No. 15:

Plaintiff agreed to narrow the scope of this request to communications with Sterling related to the Form. Subject to that agreement, 7-Eleven will provide a supplemental response.

Nos. 16-18:

Nothing further need be provided.

***Requests for Admission:***

Nothing further need be provided.

***Rule 30(b)(6) Deposition:***

Topic 4:

Agreed scope will be limited to 15 U.S.C. § 1681b(b)(2)(A).

Topic 6:

This topic pertains to size of 7-Eleven's legal department/budget/etc., and again the parties are at an impasse.

Topics 11, 14, 15:

Plaintiff clarified these topics will pertain to the paperwork a person would have received along with the Form.

Topic 13:

Plaintiff agreed to withdraw this topic, which pertained to franchises.