Mike Arias (CSB #115385)
  mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANT & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**7-Eleven, Inc.**, a Texas corporation,<br><br>Defendant. | Case No. 2:18-cv-03893-RGK-AGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REVIEW OF MAGISTRATE JUDGE'S MINUTE ORDER (DKT. 56)**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Date: April 22, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Place: Courtroom 850<br>Complaint Filed: May 9, 2018 |

**PLEASE TAKE NOTICE** that on April 22, 2019, at 9:00 a.m. at the United States District Court for the Central District of California, Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") will and hereby does move before the Honorable R. Gary Klausner for review of and an order reversing Magistrate Judge Alicia G. Rosenberg's Minute Order Re: Further Order on Telephonic Discovery Conference. (Dkt. 56.)

This motion is made pursuant to Federal Rule of Civil Procedure 72(a) and Central District of California Local Rule 72-2.1. As explained in the accompanying Memorandum, the Magistrate Judge's denial of Plaintiff's discovery request is based on a state privacy concern that does not apply to the present action—a case of federal question jurisdiction in which the classes have already been certified. At this stage, disclosure of class member contact information does not implicate the privacy concerns of pre-certification discovery. Further, disclosure of this information to Plaintiff's counsel will not burden 7-Eleven.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such other materials as may be presented to the Court at the time of the hearing.

Respectfully submitted,

Dated: March 19, 2019

**Edwardo Munoz**, individually and on behalf of all others similarly situated,

By: /s/ *Patrick H. Peluso*
One of Plaintiff's Attorneys

Mike Arias (CSB #115385)
mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809


*Pro Hac Vice*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should reverse Magistrate Judge Rosenberg's Minute Order denying Plaintiff's request that Defendant 7-Eleven, Inc. ("Defendant" or "7-Eleven") provide class member contact information to his counsel. In her Minute Order, Magistrate Judge Rosenberg cites to the "burden" that *Belaire-West* notice would present as disproportionate to the needs of the case. However, as explained below, the *Belaire-West* standard is not implicated by this action. The notice referred to in the Minute Order is a state court standard for California laws and cases—the present action is a federal question, brought in federal court, which seeks relief for applicants nationwide. Further, the *Belaire-West* notice concern arises routinely in cases of pre-certification discovery. Here, however, the class and subclass have been certified. Likewise, because 7-Eleven must compile class member contact information to provide to the administrator, providing the same information to Plaintiff's counsel will impose no burden. Accordingly, Plaintiff asks the Court to review and ultimately reverse Magistrate Judge Rosenberg's Minute Order denying Plaintiff's request.

## II. ARGUMENT

### A. The *Belaire-West* Notice Is A State Court Standard Inapplicable To The Present Action—The Classes Have Been Certified, And The Claims Present A Federal Question.

In her Minute Order denying Munoz's request, Judge Rosenberg determined that the request for class member contact information was "outweighed by the burden of any *Belaire-West* notice" that the disclosure would supposedly require. (Dkt. 56, at 2.) However, the *Belaire-West* notice standard is a pre-certification, California state court standard that is inapplicable to the present action. As such,

disclosure of the class members contact information does not impose any notice burden. Thus, the Court should reverse the Magistrate Judge's Minute Order.

As early as 2007, the California courts recognized that seeking contact information for potential class members could interfere with their right to privacy, albeit in a manner less serious than with sensitive information (*e.g.* medical history). *Pioneer Electronics (USA), Inc. v. Superior Court*, 150 P.3d 198, 205 (Cal. 2007). In *Belaire-West*, the California Court of Appeal reiterated this point, finding that contact information deserves some privacy protection. *Belaire-West Landscape, Inc. v. Superior Court*, 57 Cal.Rptr.3d 197, 202 (Cal. Ct. App. 2007). However, because contact information is "not particularly sensitive," providing the putative class members with written notice and an opportunity to opt-out of the disclosure is sufficient to protect their privacy. *Id.* at 203. This notice/opt-out procedure is what Judge Rosenberg referred to as *Belaire-West* notice. (*See* Dkt. 56, at 2.)

Appropriate as such notice may have been in *Pioneer* and *Belaire-West*, it is inapplicable to the present action as a result of several key distinctions. First, the right to privacy at issue in *Belaire-West* is a state privilege—thus, the notice standard is rooted entirely in California state court and state law proceedings. *See Pioneer*, 150 P.3d at 199–200; *Belaire-West*, 57 Cal.Rptr.3d at 198; *Crab Addison, Inc. v. Superior Court*, 87 Cal.Rptr.3d 400, 402 (Cal. Ct. App. 2008). The third-party privacy rights at issue do not represent a federally-recognized privilege; to the extent that federal district courts have accepted these privacy rights, they do so as a matter of applying *state* laws and privileges when federal jurisdiction is based on diversity of citizenship. *Bright v. Dennis Garberg and Assoc., Inc.*, No. CV 10-7933 AHM(JCX), 2011 WL 13150146, at *6 (C.D. Cal. Nov. 15, 2011) ("Third party privacy is a state recognized privilege applicable in a federal action based on diversity jurisdiction."); *see also, e.g., Goro v. Flowers Foods, Inc.*, No. 17-cv-

02580-JLS-JLB, 2018 WL 3956018, at *2 (S.D. Cal. Aug. 17, 2018); *Martin v. Sysco Corp.*, No. 1:16-cv-00990-DAD-SAB, 2017 WL 4517819, at *4 (E.D. Cal. Oct. 10, 2017); *Sandres v. Corrections Corp of Am.*, No. 1:09–cv–01609 OWW JLT, 2011 WL 475068, at *2 (E.D. Cal. Feb. 4, 2011); *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal. 2007).

In the present case, state law and state privileges are inappropriate because Plaintiff's case is based on federal question jurisdiction. (Am. Compl., dkt. 23 at ¶ 10.) Munoz brings this action under the Fair Credit Reporting Act, a federal statute. (*Id.*) Further, Plaintiff seeks relief for himself and "[a]ll persons in the United States" who were subjected to the same unlawful practice by 7-Eleven.[1] (*Id.* ¶ 21.) Munoz seeks relief in federal court, on behalf of a nationwide class of applicants and employees, for violation of a federal statute. Accordingly, California's state privilege for third-party privacy—and the *Belaire-West* notice that such privilege entails—are inapplicable to this case.

Additionally, Plaintiff's request is distinguishable from the requests made in *Belaire-West* and related cases. In both *Pioneer* and *Belaire-West*, the request for contact information was a part of *precertification* discovery, relating to *putative* class members. *Pioneer*, 150 P.3d at 201; *Belaire-West*, 57 Cal.Rptr.3d at 198. The same is true for cases that have followed. *See, e.g.*, *Hill*, 242 F.R.D. at 563; *Crab Addison*, 87 Cal.Rptr.3d at 402; *Martin*, 2017 WL 4517819, at *3. This distinction is important because, rather than searching for potential clients or claims, the contact information Plaintiff seeks is limited to *actual* class members—the class and subclass have been certified, which means that the rights of these applicants will be determined in this case.

---

[1] Plaintiff also seeks relief under California law for a subclass of California residents. (Am. Compl. ¶ 21.) However, the claim is before the Court as a function of supplemental jurisdiction—diversity jurisdiction is not implicated. *See* 28 U.S.C. § 1367(a).

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REVIEW
-3-

Unlike the cases in which *Belaire-West* notice was appropriate to temper precertification searches for potential claimants, the contact information Plaintiff seeks will be used to verify class membership and, if necessary, to contact them regarding relevant information they may possess regarding potential defenses 7-Eleven may assert. "In a class action, fellow class members are potential percipient witnesses to alleged illegalities, and it is on that basis that their contact information becomes relevant." *Williams v. Superior Court*, 398 P.3d 69, 80 (Cal. 2017). Even if the *Belaire-West* notice standard were appropriate in a federal question case (which it is not), California courts have recognized that the opt-out notice is not suitable for a certified class: "a percipient witness's willingness to participate in civil discovery has never been considered relevant—witnesses may be compelled to appear and testify whether they want to or not." *Puerto v. Superior Court*, 70 Cal.Rptr.3d 701, 708 (Cal. Ct. App. 2008).

Magistrate Judge Rosenberg's denial of Munoz's request on the basis of the "burden" that *Belaire-West* notice would create was made in error. The notice is based on a state-recognized privilege that is inapplicable to this case. Further, even if it were germane to Plaintiff's cause of action, the contact information is not sought for precertification discovery and thus does not warrant *Belaire-West* notice. Accordingly, the Court should reverse Judge Rosenberg's Minute Order denying disclosure of his fellow class members' contact information.

**B.     Disclosing contact information of the certified classes to Plaintiff poses no burden to 7-Eleven.**

Because *Belaire-West* notice is not necessary or applicable to the disclosure that Munoz seeks, there is no identifiable burden to justify denying Plaintiff's request. Thus, Judge Rosenberg's decision to withhold class member contact information from Plaintiff lacks basis, and it should be reversed.

As explained above, at this stage in the case, disclosure of class member identities and contact information to Plaintiff and his counsel does not implicate the privacy concerns identified in cases like *Pioneer* and *Belaire-West*. The Court certified the classes on October 18, 2018. (Dkt. 43.) Consequently, Plaintiff and his counsel are responsible for fairly and adequately litigating on behalf of all class members—currently estimated at tens of thousands of job applicants across the country. In order to best represent the class, Plaintiff has asked 7-Eleven to provide contact information for the class members, which will, among other things, enable the verification of class membership.

Plaintiff's request creates no burden for 7-Eleven. As a result of the Proposed Notice Plan,[2] 7-Eleven is already required to provide contact information for the class members to the administrator tasked with disseminating notice. In other words, Plaintiff is merely requesting that 7-Eleven provide to his counsel the same document that will be provided to the third-party administrator.

Magistrate Judge Rosenberg has provided no meaningful grounds to support withholding this information from Plaintiff, particularly when it will enable him and his counsel to better represent and pursue the interests of the class.

## III.  CONCLUSION

The Minute Order denying Plaintiff's request should be reversed. The cited *Belaire-West* notice that would supposedly outweigh any need for class member information is plainly inapplicable to this action, and it is the only justification that Judge Rosenberg provided in her Order. 7-Eleven has already agreed to provide such information to the settlement administrator, and providing the same information to Plaintiff and his counsel will impose no burden on any party.

---

[2] The Proposed Notice Plan was approved by the Court on February 12, 2019. (Dkt. 50.)

Accordingly, the Court should reverse the Minute Order, grant Plaintiff's request, and award any such relief as it deems necessary and just.

                        Respectfully Submitted,

                        **EDWARDO MUNOZ**, individually and on behalf of all others similarly situated,

Dated: March 19, 2019      By: \_\_\_/s/ Patrick H. Peluso\_\_\_
                                           One of Plaintiff's Attorneys

Mike Arias (CSB #115385)
   mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
   alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
   swoodrow@woodrowpeluso.com
Patrick H. Peluso*
   ppeluso@woodrowpeluso.com
Taylor T. Smith*
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
**Pro Hac Vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on March 19, 2019.

/s/ Patrick H. Peluso

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REVIEW
-7-