Mike Arias (CSB #115385)
  mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANT & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*\*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**7-Eleven, Inc.**, a Texas corporation<br><br>Defendant. | Case No. 2:18-cv-03893-RGK-AGR<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**<br><br>Judge: Hon. R. Gary Klausner<br>Magistrate Judge: Hon. Alicia G. Rosenberg<br><br>Complaint Filed: May 9, 2018<br>Trial Date: July 2, 2019 |

# I.    INTRODUCTION

Plaintiff Edward Munoz ("Plaintiff" or "Munoz") filed a Motion to Compel production of certain communications regarding the drafting Defendant 7-Eleven, Inc.'s ("Defendant" or "7-Eleven") background check disclosure form. (Dkt. 57.) The communications in question occurred between 7-Eleven's Rule 30(b)(6) designee, Kristin Cope, and 7-Eleven's in-house and outside counsel between March and May of 2016. (*See* Dkt. 57-6, at 3.) Though Plaintiff does not argue that Defendant has waived privilege by identifying or providing these redacted communications, the deposition of Ms. Kope revealed that these particular communications were not made seeking legal advice, and thus they are not protected by the attorney-client privilege.

Defendant disputes this position in its response, arguing that: (1) privilege applies to these communications because the deponent initially characterized them as seeking legal advice; and (2) Plaintiff may not dispute the adequacy of 7-Eleven's privilege logs because he supposedly failed to meet the Court's meet-and-confer requirements. (*See* Response, dkt. 60, at 7–8, 12.) Neither of these arguments has merit.

First, 7-Eleven's reliance on mere statements that these communications were made to seek legal advice is insufficient to prove that privilege applies, especially in light of the deponent's contradictory admission that she made no changes to the form and that the attorneys were tasked with the ultimate decision of implementing the disclosure. Likewise, Defendant's attempts to inflate the present motion into one that would "eviscerate" the attorney-client privilege are exaggerated and unfounded.

Second, Defendant's argument that the privilege log is "outside the scope" of the motion denies the purpose of making a log and misrepresents the extent to which the parties have conferred regarding its deficiency. Plaintiff's Motion does

1  not seek any determination regarding the privilege log, but the Court can review it

2  when determining if privilege applies to the communications in question.

3  Nevertheless, 7-Eleven's own exhibits before the Court reveal that the privilege log

4  was a significant, disputed issue, and the lack of explicit mention of the privilege

5  log in the discovery dispute report does not preclude review by the Court.

6        Accordingly, and as set forth below, the Court should find that the attorney-

7  client privilege does not apply to the communications in question. The email chain

8  at issue is relevant to whether 7-Eleven willfully violated the FCRA, and Defendant

9  has failed to meet its burden to prove that these communications are protected by

10  privilege. Thus, the Court should grant Plaintiff's motion and compel the disclosure

11  of the relevant 2016 emails for use in this case.

12  **II.   ARGUMENT**

13        **A.   Defendant Has Failed To Prove That The Requested**

14            **Communications From 2016 Are Protected By The Attorney-**

15            **Client Privilege.**

16        As Plaintiff previously asserted in his Motion to Compel, 7-Eleven has not

17  met its burden to prove that the communications sought are protected by the

18  attorney-client privilege. The Rule 30(b)(6) deposition of Kristin Cope revealed that

19  the 2016 emails regarding 7-Eleven's disclosure form were not made seeking legal

20  advice—the decision to implement the form was a business decision made by the

21  attorneys. Plaintiff's Motion to Compel is limited to these conversations, and

22  Defendant has not proven that privilege applies to prevent their disclosure.

23  Accordingly, the Court should grant Plaintiff's motion.

24        For the attorney-client privilege to apply, (1) legal advice must be sought, (2)

25  from a professional legal adviser in his or her capacity as such, (3) with the

26  communication relating to that purpose, (4) made in confidence, (5) by the client.

27  *See Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1492 (9th Cir.1989) (citing *In*

28

*re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977)). The party asserting the attorney-client privilege bears the burden of establishing each element. *See United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir. 2009) ("After all, '[a] party asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication'").

Merely including counsel on emails is insufficient to trigger application of the privilege. *See Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 630 (D. Nev. 2013); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1075 (N.D. Cal. 2002). "That a person is a lawyer does not, *ipso facto*, make all communications with that person privileged." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996). Rather, the attorney-client privilege only applies to communications between attorneys and clients, which are made for the purpose of giving legal advice. *Id.*; *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).

A rebuttable presumption generally attaches to communications with outside counsel, but not to communications with in-house attorneys because they often operate in a purely or primarily business capacity. *ChevronTexaco Corp.*, 241 F.Supp.2d at 1076; *see also Lenz v. Universal Music Corp.*, No. C 07-3783 JF (RS), 2009 WL 3573990, at *2 (N.D. Cal. Oct. 30, 2009). Accordingly, the party asserting privilege must make a clear showing that the communications involving in-house counsel were made for the purpose of securing legal advice. *Chevron Texaco Corp.*, 241 F. Supp. 2d at 1076. It is not enough to simply assert as much: "[c]alling the lawyer's advice 'legal' or 'business' advice does not help in reaching a conclusion; it *is* the conclusion." *Chen*, 99 F.3d at 1502 (emphasis in original).

The communications in question, which occurred between March and May of 2016, were emails between Ms. Cope and 7-Eleven's in-house and outside counsel regarding the drafting/editing of Defendant's FCRA disclosure form. (*See* Dkt. 57-

6, at 3; Cope Depo., dkt. 57-8, at 126:3–24.) Though Ms. Cope initially characterized these emails as seeking legal advice, she admitted in her deposition that the lawyers involved were empowered with making the eventual decision to implement the form and that she did not make any edits. (Dkt. 57-8, at 126:10–21.) Thus, because the attorneys had ultimate authority to change and implement the form, it is contradictory for Ms. Cope to claim that she was seeking legal advice to that effect—the lawyers were wholly responsible for updating and ultimately implementing the form, resulting in what Plaintiff contends is primarily a business decision. As a result, the 2016 email communications are not protected by the attorney-client privilege.

In response, Defendant provides nothing more than a continued reliance on Ms. Cope's characterization of the communications, citing parts of the deposition when she testified to that effect. (Dkt. 60, at 5–7, 8–9.) This assertion is not a "clear showing" of the nature of the communications, particularly in light of Ms. Cope's contrary testimony. As the Ninth Circuit held in *Chen*, whether the advice is legal is the conclusion to be proven—simply stating that the communications related to legal advice is conclusory. *See Chen*, 99 F.3d at 1502. The burden to prove applicability of the attorney-client privilege remains with 7-Eleven, and 7-Eleven has not made a sufficient showing to meet its burden. *See Ruehle*, 583 F.3d at 607; *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076.

Additionally, Defendant responds by exaggerating the relief that Plaintiff's Motion seeks and the supposed impact that it will have. To hear 7-Eleven tell it, Munoz "seeks to eviscerate the attorney-client privilege." (Dkt. 60, at 4.) 7-Eleven characterizes the present motion as a "blatant bait-and-switch" that supposedly seeks "blanket" disclosure of *all communications* between Ms. Cope and the attorneys. (*Id.*) Similarly, Defendant overstates the communications sought as "*every, single, communication* 7-Eleven had with counsel in 2016" relating to the

FCRA disclosure form. (*Id.* at 9) (emphasis in original). Further still, 7-Eleven describes this motion as an effort to renege on Plaintiff's agreement that he would not treat identification of conversations with outside counsel as a waiver of privilege. (*Id.* at 11–12.)

To be sure, Plaintiff is neither seeking to "eviscerate" attorney-client privilege nor attempting to "renege" on its agreement. Plaintiff's motion seeks communications that have been identified, both in the privilege log and by Ms. Kope, as relevant to Plaintiff's requests. (*See* Dkt. 57-6, at 3; Cope Depo., dkt. 57-8, at 126:3–24.) These emails (one chain of emails, to be exact) do not span all of 2016—they occurred from March to May 2016. (*Id.*) Likewise, Plaintiff is not treating privilege as waived because 7-Eleven identified the conversation; rather, Munoz argues that privilege does not apply to the 2016 communications because they were not made seeking legal advice. (Dkt. 57-1, at 17–18.) These emails constitute only one of twelve (12) items on the privilege log, and their production is the only production that the present motion seeks to compel.[1] Characterizing one privilege log item as "*every, single, communication*" in the span of a year to inflame the issue does not reflect the true, more limited nature of Plaintiff's motion.

Defendant has failed to meet its burden of proving that the identified 2016 conversation was made seeking legal advice. As a result, it has failed to demonstrate the applicability of the attorney-client privilege to this email chain. The Court should grant the Motion and compel production of the relevant communications in question.

---

[1] Curiously, despite 7-Eleven's early insistence that the Motion to Compel is broad, Defendant acknowledges near the end of its response that the single 2016 email chain "is the only communication on the log Plaintiff is seeking on this Motion." (Dkt. 60, at 13.)

**B.     The Court May Consider The Deficiency Of The Privilege Log, And Plaintiff Satisfied The Meet-And-Confer Requirements On This Dispute.**

To end its response, 7-Eleven contends that Plaintiff cannot dispute the adequacy of the privilege log in its motion. Notwithstanding the fact that Plaintiff's Motion to Compel does not seek any order regarding privilege log, Plaintiff did confer with 7-Eleven about the adequacy of the log prior to the filing of this motion, and Defendant disputed Plaintiff's position. Further, the absence of a conspicuous mention of the privilege log in the joint report does not bar the issue from consideration.

The Court's local rules require that the parties meet and confer to eliminate disputes before filing any discovery-related motions. L.R. 37-1. Rule 37-1 further states that the moving party's conference request must "identify each issue and/or discovery request in dispute, [and] state briefly with respect to each such issue/request the moving party's position," along with any supporting legal authority. *Id.* After the meet-and-confer, the parties are to file a stipulation, or joint report, identifying the remaining disputes. L.R. 37-2. Judge Rosenberg's standing order requires brevity: the joint report must simply list each dispute "without argument." *See Honorable Alicia G. Rosenberg: Judge's Procedures*, United States District Court, Central District of Cal., https://www.cacd.uscourts.gov/honorable-alicia-g-rosenberg; (*see also* Dkt. 58).

Among the discovery issues disputed by the parties is the adequacy of 7-Eleven's privilege log. Although Defendant claims Plaintiff made only a "equivocal statement" that the log was deficient (dkt. 60, at 12), 7-Eleven's own exhibits reveal to the Court that the dispute was more thorough:

It also appears that 7-Eleven's privilege log may be deficient. Privilege logs must include "the title or position of the author and recipient of the document. *ODS Tech., L.P. v. Magna Entertainment*

*Corp.*, 2008 WL 11340376 (C.D. Cal. 2008); *see also United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir.), *cert. denied*, 519 U.S. 1927 (1996) ("The privilege log should: identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure.") Please advise as to whether you'd be willing to provide an updated log with these details.

(Dkt. 60-2, at 45.) This request stated Plaintiff's position and provided relevant legal authority, in accordance with L.R. 37-1. Further, 7-Eleven responded in kind to this statement, disputing Plaintiff's position. (*Id.* at 43.) Thus, the parties did confer on the deficiency of the privilege log, albeit without reaching an agreement, before the filing of this motion.

Nevertheless, 7-Eleven claims that the privilege log is outside the scope of this motion because Plaintiff did not include the issue in the "agenda" filed with the Court. (Dkt. 60, at 12.) Defendant's argument is flawed in two ways. First, the present motion does not seek any order regarding the privilege log as a whole; rather, Plaintiff raises the deficiency of the privilege log as additional grounds to support its claim that the 2016 emails in question are not protected (because privilege was not properly preserved). (Dkt. 57-1, at 18–19.) To argue that the log is "outside the scope" of a disputed privilege motion is akin to arguing the Court cannot consider the log in determining if privilege applies. This would foreclose the very purpose of drafting a detailed log—to permit a judgment by the Court as to whether communications are protected. *See, e.g.*, *ODS Tech.*, 2008 WL 11340376, at *3 (C.D. Cal. Oct. 31, 2008) (citing *Construction Prods. Research*, 73 F.3d at 473).

Second, despite 7-Eleven's claim that Munoz "literally set the agenda on the privilege issue [sic] in dispute" (dkt. 60, at 12), the report was filed jointly. (*See* Dkt. 54.) Again, Defendant's exhibits before the Court demonstrate that counsel for

both parties played a role in drafting the joint report. (*See* Dkt. 60-2, at 48.) Though the issue did not appear on its own in the joint report, the parties actively discussed the adequacy of the privilege log. Further, because the present motion only seeks production of the particular conversation pertaining to the disclosure form, the deficiency of the log is subsumed in the third issue identified in the joint report: "Deposition questions regarding any advice 7-Eleven received from its internal or external counsel regarding the use or editing of its form FCRA background check disclosure." (Dkt. 54, at 2.)

To the extent that it was necessary to explicitly inform the Court of the privilege log dispute in order to even *reference* the log's deficiency (it was not), Defendant's exhibits demonstrate that the issue was discussed and in dispute prior to the present motion. (*See id.* at 43–45.) Defendant's contention that the deficiency of the privilege log cannot be considered by the Court is without merit. The parties did confer on this issue prior to the filing of this motion. Plaintiff has not moved the Court for any order in regard to the log, but the Court may review the privilege log as a basis for concluding that the 2016 communications at issue are, or are not, protected by the attorney-client privilege.

## III.   CONCLUSION

Plaintiff's Motion to Compel should be granted. In light of the deposition of Ms. Cope, 7-Eleven has failed to meet its burden to prove that the attorney-client privilege applies to the identified email chain from 2016, which was not made seeking legal advice. Further, the Court may consider the deficiency of the privilege log in determining whether privilege has been properly preserved. Accordingly, the Court should grant the Motion, compel disclosure of these communications for use in this case, and award any such relief as it deems necessary and just.

Respectfully Submitted,

**EDWARDO MUNOZ**, individually and on behalf of all others similarly situated,

Dated: March 22, 2019

By: ____/s/ Patrick H. Peluso____
          One of Plaintiff's Attorneys

Mike Arias (CSB #115385)
    mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
    alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG &
    TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
    swoodrow@woodrowpeluso.com
Patrick H. Peluso*
    ppeluso@woodrowpeluso.com
Taylor T. Smith*
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
*Pro Hac Vice*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on March 22, 2019.

            /s/ Patrick H. Peluso