Julie R. Trotter, Bar No. 209675
 jtrotter@calljensen.com
Kent R. Christensen, Bar No. 253815
 kchristensen@calljensen.com
Delavan J. Dickson, Bar No. 270865
 ddickson@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant 7-Eleven, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO MUNOZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> 7-ELEVEN, INC., a Texas corporation, <br><br> Defendant. | Case No.  2:18-cv-03893 RGK (AGR) <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:  May 13, 2019 <br> Time:  9:00 a.m. <br> Place: Courtroom 850 <br><br> Complaint Filed:      May 9, 2018 <br> First Am. Comp. Filed: July 9, 2018 <br> Trial Date:            July 2, 2019 |

SEV05-13:2418546_9:4-8-19

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on May 13, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 850 of the United Stated District Courthouse, located at 255 East Temple Street, Los Angeles, California, before the Honorable Judge R. Gary Klausner presiding, Defendant 7-Eleven, Inc. ("Defendant") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment in favor of Defendant and against Plaintiff Edwardo Munoz ("Plaintiff") as to all claims in Plaintiff's Complaint. Alternatively, if for any reason this motion is not granted in its entirety, Defendant will, and hereby does, move this Court for an order of partial summary judgment, adjudicating that the Fair Credit Reporting Act ("FCRA") violations Plaintiff alleges in this action against Defendant are not, and could not be, considered willful FCRA violations.

This motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Julie R. Trotter and Kristin Cope, as well as the Exhibits attached thereto, the Request for Judicial Notice, and the Statement of Uncontroverted Facts and Conclusions of Law, as well as any other evidence and argument as may be presented to this Court prior to or at the hearing on this motion.

This motion is made following conference of counsel pursuant to L.R. 7-3, which took place on September 25 and 26, 2018. The parties have continued to meet-and-confer regarding the matters raised herein following this conference as well, and their remaining disputes are the result of good-faith disagreement.

Dated: April 8, 2019

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Kent R. Christensen
Delavan J. Dickson

By: */s/ Julie R. Trotter*
    Julie R. Trotter

Attorneys for Defendant 7-Eleven, Inc.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................... 6

II. BACKGROUND ........................................................................................ 7

III. LEGAL STANDARD ................................................................................. 9

IV. DISCUSSION ............................................................................................. 9

    A. Plaintiff Does Not Have Article III Standing .................................. 10

        1. Plaintiff Cannot Establish He Suffered An Injury In Fact Because The Form Included All Of The Information It Was Required To Include, And He Understands It ............................................................................ 11

        2. Plaintiff Cannot Establish He Suffered An Injury In Fact For The Additional Reason That 7-Eleven Never Took Any Actions Vis-à-vis Plaintiff That He Disagreed With It Taking ................................................... 13

        3. There Is No Causal Link Between Plaintiff's Claimed Confusion Regarding The Form, And 7-Eleven's Conduct ................................................................................. 14

    B. The Form Complies With 15 U.S.C. § 1681b(b)(2)(A) .................. 14

        1. Overview Of 15 U.S.C. § 1681b(b)(2)(A)'s requirements ................................................................... 14

        2. The Form Is "Clear And Conspicuous" ............................... 15

        3. The Form Consists Solely Of The Disclosure Itself ........... 15

    C. 7-Eleven Did Not Willfully Violate 15 U.S.C. § 1681b(b)(2)(A)(i) With The Form ............................................. 18

V. CONCLUSION ......................................................................................... 19

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Dawson v. Wonderful Pistachios & Almonds, LLC*,
  2018 WL 5263063 (C.D. Cal. April 27, 2018) ...................................................... 18

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
  895 F.3d 1166 (9th Cir. 2018) ........................................................... 10, 11, 13, 14

*Gilberg v. Cal. Check Cashing Stores, LLC*,
  913 F.3d 1169 (9th Cir. 2019) ................................................................................ 15

*Groshek v. Time Warner Cable, Inc.*,
  865 F.3d 884 (7th Cir. 2017) .................................................................................. 12

*In re Oracle Corp. Sec. Litig.*,
  627 F.3d 376 (9th Cir. 2010) ............................................................................ 9, 10

*Just v. Target Corp.*,
  187 F. Supp. 3d 1064 (D. Minn. 2016) ................................................................. 18

*Mitchell v. WinCo Foods, LLC*,
  743 Fed. Appx. 889 (9th Cir. Nov. 29, 2018) ........................................................ 13

*Newton v. Bank of Am.*,
  2015 WL 10435907 (C.D. Cal. May 12, 2015) ................................................ 15, 19

*Reed v. CRST Van Expedited, Inc.*,
  2017 WL 5633153 (M.D. Fla. Nov. 20, 2017) ................................................. 17, 19

*Ruiz v. Shamrock Foods Co.*,
  2018 WL 5099509 (C.D. Cal. Aug. 22, 2018) .............................................. 10, 12, 14

*Shaw v. Experian Info. Sols., Inc.*,
  891 F.3d 749 (9th Cir. 2018) .................................................................................. 18

# TABLE OF AUTHORITIES (Cont'd)

Page

*Stone v. U.S. Sec. Assocs., Inc.*,
  2018 WL 3745051 (N.D. Ga. May 31, 2018) .................................................. 12, 13

*Syed v. M-I, LLC*,
  853 F.3d 492 (9th Cir. 2017) ........................................................................ 11, 12

*Walker v. Fred Meyer*,
  2018 WL 2455915 (D. Or. May 7, 2018) ............................................ 15, 16, 17, 18

*Walker v. Realhome Servs. & Sols., Inc.*,
  2019 WL 1225211 (N.D. Ga. Jan. 28, 2019) ............................................................ 13

*Washington Envtl. Council v. Bellon*,
  732 F.3d 1131 (9th Cir. 2013) .......................................................................... 10

*Williams v. Nichols Demox, Inc.*,
  2018 WL 3046507 (N.D. Cal. June 20, 2018) ....................................................... 11, 13

**Federal Statutes**

15 U.S.C. § 1681a(d)(1) ........................................................................................ 14
15 U.S.C. § 1681a(e) ............................................................................................ 15
15 U.S.C. § 1681b(b)(2)(A) .............................................................................. *passim*
15 U.S.C. § 1681d(a) ...................................................................................... 15, 17

**Federal Rules**

Fed. R. Civ. P. 56(a) .............................................................................................. 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant 7-Eleven, Inc. ("7-Eleven") terminated Plaintiff's employment because he had recently been convicted of assault, and, when given the opportunity to provide additional details regarding the situation, he failed to do so. He filed this lawsuit shortly thereafter.

This lawsuit does not contend 7-Eleven acted improperly when it terminated Plaintiff's employment. Rather, it is a class action lawsuit under the Fair Credit Reporting Act ("FCRA") that claims the disclosure and authorization form 7-Eleven used to obtain a background check on Plaintiff ("Form") violates the FCRA because it contains *too much* information. Plaintiff seeks a multi-million dollar judgment as a result. Not only does this defy common sense, it abuses the law as well. In fact, this case should not have survived to this stage and should not be allowed to move past the summary judgment stage for three reasons: (1) Plaintiff does not have Article III standing; (2) the Form does not violate the FCRA; and (3) even presuming it did, the violation could not be considered willful.

Plaintiff fabricated allegations to survive a motion to dismiss *and* obtain class certification by claiming he was confused by what the Form authorized. (*See*, *e.g.*, Dkt. No. 31 at 2:21-23; Dkt. No. 33 at 3:24-4:1; Dkt. No. 40-1, ¶ 4.) However, at deposition, Plaintiff admitted that: (1) he understood 7-Eleven would conduct a criminal background search on him; (2) he had no dispute with it doing so; (3) he only read a couple sentences of the Form and spent just thirty seconds reviewing it before executing it; and (4) after reviewing the Form in full at the deposition that he understood it. Had these facts been honestly pled and stated earlier, the case would have never reached this stage. Now that the cat is out of the bag, Plaintiff's entire case must be dismissed for a lack of standing.

Even if Plaintiff's case did not have fatal defects when it came to standing, his claims fail as a matter of law because – as courts analyzing analogous disclosures have held – the Form does not violate the FCRA's requirements. Further, given these authorities, *even if* the Form was found to violate the FCRA's technical requirements, such a violation could not possibly be considered willful. Therefore, this motion must be granted.

## II. BACKGROUND

Plaintiff applied to work for a position at one of 7-Eleven's Pasadena stores in January 2018. (*See* Def.'s Statement of Uncontroverted Facts and Conclusions of Law ("SOUF"), ¶ 1.) During the application process, the store manager told Plaintiff 7-Eleven would have to complete a background check on him. (*See id.*, ¶ 2.) Plaintiff agreed to this even though he understood it may mean he would not receive a position. (*See id.*, ¶ 3.)

After Plaintiff was offered a position, 7-Eleven sent him an email on January 24, 2018 that included a hyperlink to access his new hire paperwork online. (*See id.*, ¶ 4.) This email also informed Plaintiff that it should take approximately 30 minutes for him to complete this paperwork, and that if he had any questions regarding the paperwork he should contact 7-Eleven's HR department. (*See id.*, ¶¶ 5-6.)

After receiving this email, Plaintiff went to the store where he had applied to use the store computer to complete the paperwork. (*See id.*, ¶ 7.) Plaintiff did not ask the store manager any questions about the new hire paperwork while completing it at the store, or call 7-Eleven's HR department with any questions about the new hire paperwork. (*See id.*, ¶¶ 8-9.) He was aware of the instruction to call HR if he had any questions about the new hire paperwork too. (*See id.*, at 10.)

One of the documents Plaintiff completed as part of the new hire paperwork was the Form, which he has attached to his complaints as an exhibit. (*See id., ¶* 11.) Although Plaintiff does not allege that the Form failed to include any information required by the FCRA, he nevertheless contends it was confusing because it allegedly

included extraneous information – in particular, Plaintiff has focused on the Form including information required for obtaining a "consumer report" and "investigative consumer report" as those terms are defined by the FCRA.[1] (*See id.*, ¶¶ 12-14.) Plaintiff further contends he did not understand the Form due to this additional information, and would not have executed it if he had understood what it authorized. (*See id.*, ¶ 15.) However, at his deposition, Plaintiff admitted the following:

- He understood the Form was authorizing an investigation into his background prior to his executing it;
- He had no problem with 7-Eleven conducting a criminal background check even prior to his executing the Form;
- He would not be upset – even now – if 7-Eleven had only conducted a criminal background check on him;
- He only took approximately thirty seconds to review the Form before executing it;
- He only read a few sentences of the Form, and disregarded the rest;
- He did not ask the store manager – who was nearby while Plaintiff was completing the new hire paperwork – or 7-Eleven's HR any questions about the Form before executing it;
- He understood his employment with 7-Eleven was terminated because of 7-Eleven's findings in a criminal background check, which he did not oppose 7-Eleven obtaining; and
- When Plaintiff actually read the Form in its entirety, he understood it.

(*See id.*, ¶¶ 16-24.)

After Plaintiff executed the Form, 7-Eleven obtained a criminal background check on him pursuant to this authorization from the vendor it relies on for background checks, which showed he had a recent conviction for assault. (*See id.*, ¶ 25.) The

---
[1] The Court previously relied on these allegations in part to deny 7-Eleven's motion to dismiss. (*See* Dkt. No. 37 at 3.)

criminal background check is the only task that was completed due to Plaintiff executing the Form – no other information on Plaintiff's background was obtained or sought pursuant to Plaintiff executing the Form. (*See id.*, ¶ 26.)

7-Eleven sent Plaintiff correspondence to the address he represented was his own in his new hire paperwork giving him an opportunity to either dispute the accuracy of the information in his criminal background check or provide 7-Eleven with additional information concerning it, but Plaintiff never did. (*See id.*, ¶¶ 27-28.) Following Plaintiff's failure to respond to this correspondence, 7-Eleven ultimately terminated his employment. (*See* id., ¶ 29.) Altogether, Plaintiff worked at 7-Eleven for less than a month. (*See id.*, ¶ 30.)

### III. LEGAL STANDARD

A party may move for summary judgment on any claim or defense; summary judgment should be granted if the movant is entitled to judgment based on the facts where there is no genuine issue of dispute. *See* Fed. R. Civ. P. 56(a). As described in detail by the Ninth Circuit, on a motion for summary judgment

> [w]here the non-moving party bears the burden of proof at trial, the moving party need only prove there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show that there is some metaphysical doubt as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor.

*In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (internal quotation marks and citations omitted).

### IV. DISCUSSION

Plaintiff is pursuing two claims in this lawsuit. First, Plaintiff alleges 7-Eleven willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) with the Form. (*See* Dkt. No. 23, ¶¶ 31-41.) Specifically, Plaintiff contends that the Form violates 15 U.S.C. §

1681b(b)(2)(A)(i) because it is not "clear and conspicuous," and also is not a standalone document. (*See id.*) As a result, Plaintiff claims he suffered an invasion of his privacy because 7-Eleven procured a consumer report after he executed the Form with these deficiencies. (*See*, *e.g.*, Dkt. 40 at 2:2-3, 6:25-7:5.) Plaintiff's second claim is a derivative claim under California's Unfair Competition Law ("UCL"). (*See* Dkt. No. 23, ¶¶ 42-45.)

As explained below, there can be no genuine dispute that both claims fail because: (1) Plaintiff does not have Article III Standing to pursue his claims; (2) the Form complies with 15 U.S.C. § 1681b(b)(2)(A)(i); and (3) even if the Form did not comply with 15 U.S.C. § 1681b(b)(2)(A)(i)'s technical requirements, the violation could not be considered willful.

### A.  Plaintiff Does Not Have Article III Standing

A plaintiff must establish Article III standing in order to pursue a claim in federal court. *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018). To establish such standing, a plaintiff must prove: "(1) that he suffered an injury in fact, (2) that there is a causal connection between the injury and the conduct complained of, and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *See id.* at 1173 (internal quotation marks omitted).

> The plaintiff also bears the burden of proof to establish standing with the manner and degree of evidence required at the successive stages of the litigation. While at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, in responding to a summary judgment motion, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true.

*See Washington Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013); *see also Ruiz v. Shamrock Foods Co.*, 2018 WL 5099509, at *6 (C.D. Cal. Aug. 22, 2018) (noting that "at the summary judgment stage, Plaintiffs must provide evidence demonstrating standing").

Plaintiff cannot establish the first or second element of the standing analysis.

### 1. Plaintiff Cannot Establish He Suffered An Injury In Fact Because The Form Included All Of The Information It Was Required To Include, And He Understands It

An injury in fact "must be both concrete and particularized and actual or imminent, not conjectural or hypothetical." *See Dutta*, 895 F.3d at 1173. As such, even "a flat out violation of a statutory provision will not necessarily support a civil law suit [sic] in federal court since a bare procedural violation of a law creating that right, divorced from any concrete harm will not constitute an injury-in-fact as demanded by Article III." *See id.* (internal quotation marks omitted). Rather, when analyzing this issue with alleged statutory violations,

> courts must ask: (1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in [the] case actually harm, or present a material risk of harm to, such interests. In making the first inquiry, [courts] ask whether Congress enacted the statute at issue to protect a concrete interest that is akin to a historical, common law interest. The second inquiry requires some examination of the *nature* of the specific alleged [violations] to ensure that they raise a real risk of harm to concrete interests [the statute] protects. In other words, [courts] must consider whether, in the case before [them], the procedural violation caused a real harm or a material risk of harm.

*Id.* at 1174 (internal quotation marks and citations omitted, non-italicized brackets in original).

The Ninth Circuit has held that alleged violations of 15 U.S.C. § 1681b(b)(2)(A) meet the first test in that the FCRA's statutory protections were established to protect consumers' concrete interests. *See Syed v. M-I, LLC*, 853 F.3d 492, 497 and 499 (9th Cir. 2017); *see also Dutta*, 895 F.3d at 1174 (citing *Syed* as an example of an analysis made on the first step). With respect to the second part of the test, however, a plaintiff must establish he suffered actual confusion when he claims, as Plaintiff does here, that the disclosure violates 15 U.S.C. § 1681b(b)(2)(A) because it includes *too much* information. *See Williams v. Nichols Demox, Inc.*, 2018 WL 3046507, at *3-5 (N.D.

Cal. June 20, 2018) (finding plaintiff lacked standing *even though* the disclosure at issue included a liability waiver because plaintiff did not allege that the disclosure actually confused her, and collecting numerous other decisions holding same); *see also Stone v. U.S. Sec. Assocs., Inc.*, 2018 WL 3745051, at *10-13 (N.D. Ga. May 31, 2018) (finding that the "majority view," which is consistent with the Ninth Circuit's *Syed* decision, is that there is no standing when a disclosure includes all the information required by the FCRA and the plaintiff does not suffer confusion).

Plaintiff cannot meet the second part of the test because he does not allege that the Form failed to include information it should have, and he also admitted he understood the Form when he reviewed it in full. (*See* Def.'s SOUF, ¶¶ 12, 16-24.) Specifically, although he had previously claimed that he was confused by the Form, his deposition testimony makes clear that: (1) he understood that the Form authorized a background check prior to his executing it; (2) he had no problem with 7-Eleven obtaining a criminal background report on him even prior to his executing the Form; (3) he only read a few sentences of the Form, and, altogether, spent just thirty seconds on it; and (4) he understood the Form when he actually reviewed it in full. (*See* Def.'s SOUF, ¶¶ 16-24.) The law is well-settled that on such facts, a plaintiff has not suffered an injury-in-fact on a 15 U.S.C. § 1681b(b)(2)(A)(i) *even if* the disclosure includes information that is not allowable under 15 U.S.C. § 1681b(b)(2)(A)(i). *See, e.g., Ruiz*, 2018 WL 5099509, at *5-6 (finding lack of standing even when disclosures at issue included liability waivers because one plaintiff "testified that there was no portion of the Martech disclosure and authorization he signed that he did not understand", the other two plaintiffs "did not even review the disclosure language in the Credential Check form before signing", and because "not only did Plaintiffs lack any confusion about the disclosure and authorization forms, Plaintiffs were fully aware that background checks were being procured"); *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887-89 (7th Cir. 2017) (finding no standing even presuming disclosure at issue improperly included extraneous information because Plaintiff did not contend that

this extraneous information resulted in him not understanding the disclosure); *Mitchell v. WinCo Foods, LLC*, 743 Fed. Appx. 889 (9th Cir. Nov. 29, 2018) (unpublished) (affirming trial court decision to dismiss 15 U.S.C. § 1681b(b)(2)(A)(i) claim based on standing where plaintiff failed to plead disclosure form had actually confused her); *Williams*, 2018 WL 3046507, at *5; *Stone*, 2018 WL 3745051, at *10-13; *Walker v. Realhome Servs. & Sols., Inc.*, 2019 WL 1225211, at *6-7 (N.D. Ga. Jan. 28, 2019) (finding plaintiff lacked standing because challenged disclosure included all the information required by 15 U.S.C. § 1681b(b)(2)(A)(i), and the plaintiff did not show he was confused by it).

In short, because Plaintiff admitted at deposition he understood the Form when he actually reviewed it in full, he cannot establish he actually suffered an injury-in-fact on his claims. As such, they fail as a matter of law.

### 2. Plaintiff Cannot Establish He Suffered An Injury In Fact For The Additional Reason That 7-Eleven Never Took Any Actions Vis-à-vis Plaintiff That He Disagreed With It Taking

An independent reason Plaintiff cannot establish an injury in fact is that not only was Plaintiff fine with 7-Eleven obtaining a criminal background on him at the time he executed the Form, he admitted at his deposition that even now he would not be upset if all 7-Eleven had completed after he executed the Form was obtain a criminal background check. (*See* Def.'s SOUF, ¶¶ 17-18.) Given that is all 7-Eleven obtained on Plaintiff due to him executing the Form, it would obviously defy reason to conclude he has suffered an injury-in-fact in this case. (*See id.*, ¶¶ 17-18, 25-26); *see also Dutta*, 895 F.3d at 1173-76 (finding no standing even where there was an FCRA violation because the same result would have occurred *even if* the defendant had not violated the FCRA as alleged in that case).

### 3. There Is No Causal Link Between Plaintiff's Claimed Confusion Regarding The Form, And 7-Eleven's Conduct

At deposition, Plaintiff testified he only reviewed the Form before executing it for approximately thirty seconds, and, in doing so, he only read a few sentences in it. (*See* Def.'s SOUF, ¶¶ 19-20.) He further testified that when he read the Form in full he understood it. (*See id.*, ¶ 24.) In light of this testimony, Plaintiff cannot establish the requisite causal link between his alleged confusion prior to executing the Form and conduct by 7-Eleven because any confusion Plaintiff claims he suffered was the result of his own laziness – not conduct by 7-Eleven. (*See id.*, ¶¶ 19-20, 24.) Therefore, Plaintiff cannot establish this element of the standing analysis either. *See Dutta*, 895 F.3d at 1173 (noting establishing standing requires, *inter alia*, proof of "a causal connection between the injury and the conduct complained of"); *see also Ruiz*, 2018 WL 5099509, at *5 (finding plaintiffs who did not read relevant disclosure lacked standing on 15 U.S.C. § 1681b(b)(2)(A)(i) claim).

### B. The Form Complies With 15 U.S.C. § 1681b(b)(2)(A)

#### 1. Overview Of 15 U.S.C. § 1681b(b)(2)(A)'s requirements

The FCRA defines a "consumer report" as being:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-- (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

*See* 15 U.S.C. § 1681a(d)(1).

One type of "consumer report" under the FCRA is known as an "investigative consumer report," which is defined as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

*See* 15 U.S.C. § 1681a(e). More information must be disclosed to a person in order to obtain an investigative consumer report on them relative to the information that must be disclosed for non-investigative consumer reports. *See* 15 U.S.C. §§ 1681b(b)(2) and 1681d(a).

A prospective employer may not obtain a consumer report from an applicant unless it first provides the applicant with "a clear and conspicuous disclosure" in a writing "that consists solely of the disclosure." *See* 15 U.S.C. § 1681b(b)(2)(A)(i). Such a disclosure may include the authorization by the consumer without violating these requirements. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

### 2. The Form Is "Clear And Conspicuous"

A disclosure is "clear" under 15 U.S.C. § 1681b(b)(2)(A) if it is "reasonably understandable", and it is conspicuous under 15 U.S.C. § 1681b(b)(2)(A) if it is "readily noticeable to the consumer." *See Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019).

Here, there can be no genuine dispute that the Form is reasonably understandable – Plaintiff himself admitted as much during his deposition. (*See* Def.'s SOUF, ¶ 24.) Similarly, there can be no reasonable dispute that the Form is "readily noticeable to the consumer" given it is in legible font, and sets forth the relevant headings in bolded, large, typeface. (*See id.*, ¶ 11.) Therefore, the Form meets the "clear and conspicuous" requirement of 15 U.S.C. § 1681b(b)(2)(A)(i). *See, e.g., Newton v. Bank of Am.*, 2015 WL 10435907, at *5-8 (C.D. Cal. May 12, 2015) (in granting summary judgment in reviewing an analogous form, finding these requirements were met because the form "use[d] language that a lay person would understand" and "[t]he amount of text is minimal with headings in boldface, capital font using a larger typeface than the surrounding text"); (*Compare* Def.'s RJN, ¶ 1, Ex. A *with* Dkt. No. 23, Ex. A.)

### 3. The Form Consists Solely Of The Disclosure Itself

The requirement that a disclosure "consist[ ] solely of the disclosure" is commonly referred to as the stand-alone requirement. *See Walker v. Fred Meyer*, 2018

WL 2455915, at *3 (D. Or. May 7, 2018). Pursuant to this requirement, a "written disclosure may not 'be encumbered with extraneous information.'" *See id.* (quoting *FTC Advisory Opinion to Coffey* (Feb. 11, 1998), available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-coffey-02-11-98).

Plaintiff claims the Form violates the stand-alone requirement because: (1) it provided information the FCRA requires be provided for both obtaining a "consumer report" and "investigative consumer report" as those terms are defined by the FCRA; (2) noted Sterling Talent Solutions, Inc. would be the third party that would prepare any report obtained pursuant to this form; (3) informed Plaintiff where he could find a summary of his FCRA rights; (4) explained that Plaintiff was authorizing parties to provide information for such a report to 7-Eleven; (5) stated that if Plaintiff executed it he would be acknowledging he had both read and understood the Form; and (6) explained that Plaintiff's employment offer could be revoked if unacceptable information was uncovered during this process. (*See* Dkt. No. 23, ¶¶ 35-36, Ex. A.)

Each of these contentions fail for the following reasons:

- <u>Combining Consumer and Investigative Consumer Disclosure</u>: It is permissible for an employer to include the required disclosures for both non-investigative and investigative consumer reports in one disclosure so long as the additional disclosures for the investigative consumer report do not "overshadow" the other required disclosures, which is why courts analyzing disclosures similar to 7-Eleven's Form that include both of these disclosures have held doing so does not run afoul of the FCRA. *See Walker*, 2018 WL 2455915, at *5 (in holding form with analogous provisions did not violate Section 1681b(b)(2)(A)(i) in dismissing FCRA claim, stating "the fact that Fred Meyer provided Walker with a disclosure that discussed both consumer reports and investigative reports does not run afoul of the FCRA" in citing to the Willner Opinion letter, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-willner-03-25-99); (*Compare* Def.'s RJN, ¶ 2, Ex. B *with* Dkt. No. 23, Ex. A.) Moreover, there

SEV05-13:2418546_9:4-8-19 - 16 -
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES

can be no dispute that the Form's inclusion of the information required for an investigative consumer report disclosure did not overshadow the Form as a whole because Plaintiff understood a background check was being requested when he executed it. (*See* Def.'s SOUF, ¶ 16.)

- Reference to company performing investigation: The fact that 7-Eleven notes Sterling would be the third party procuring the report is entirely consistent with Section 1681b(b)(2)(A)(i)'s requirements. Indeed, failure to make such a disclosure could have been challenged as misleading. *See Reed v. CRST Van Expedited, Inc.*, 2017 WL 5633153, at *3 (M.D. Fla. Nov. 20, 2017) (holding that a disclosure that "includes information about the content of the consumer report, [a consumer's] right to request a copy of and dispute the report, and the companies potentially generating the report" does not violate the standalone requirement); (*Compare* Def.'s RJN, ¶ 3, Ex. C *with* Dkt. No. 23, Ex. A.)

- Reference to FCRA Summary of Rights: 7-Eleven was required to inform Plaintiff where he could find a summary of his relevant FCRA rights because the Form authorized obtaining an investigative consumer report. *See* 15 U.S.C. 1681d(a)(1).

- Authorization: On the fourth and fifth points, the FCRA required 7-Eleven to obtain authorization for such a report from Plaintiff, and also allowed such authorization to be included as part of the disclosure. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

- Revocation of Employment Offer: 7-Eleven informing Plaintiff of potential consequences from any report obtained ensures an authorization – which may be included in such a disclosure – is meaningfully provided. *See id.*

In sum, the contentions Plaintiff relies on to claim the Form does not meet the standalone requirement lack merit. As such, Plaintiff cannot prove the Form violated this requirement. *See*, *e.g.*, *Walker*, 2018 WL 2455915, at *5; *Reed*, 2017 WL 5633153, at *3.

### C. 7-Eleven Did Not Willfully Violate 15 U.S.C. § 1681b(b)(2)(A)(i) With The Form

The only monetary relief Plaintiff seeks is statutory damages under the FCRA. (*See* Dkt. No. 23, ¶ 40.) As the Ninth Circuit recently explained,

> To recover statutory damages for a violation of the FCRA, Appellants must show that [the defendant] willfully failed to comply with the statute. A willful violation of the FCRA occurs where a defendant knowingly or recklessly violated the FCRA. Recklessness is an objective standard. A defendant acts in reckless disregard when its action both is a violation under a reasonable reading of the statute's terms and shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

*See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 760 (9th Cir. 2018) (internal quotation marks and citations omitted).

Here, there is no evidence that 7-Eleven knew that the Form violated 15 U.S.C. § 1681b(b)(2)(A)(i) – which is unsurprising given, as explained above, it does not do so. Moreover, even presuming the Form presents a technical violation, there was no statute, regulatory guidance or case law that would have put 7-Eleven on notice that the Form was noncompliant at the time Plaintiff executed the Form. *See id.* In fact, other than the case law making clear the inclusion of a liability waiver in a disclosure violates 15 U.S.C. § 1681b(b)(2)(A)(i)'s requirements – which the Form does not do – there is a dearth of on-point judicial or administrative authorities that analyze that statute's requirements. *See Just v. Target Corp.*, 187 F. Supp. 3d 1064, 1067-70 (D. Minn. 2016) (declining to decide whether an analogous disclosure to the Form violated 15 U.S.C. § 1681b(b)(2)(A)(i)'s standalone requirement because, even presuming if it did, the dearth of authority regarding its requirements outside of liability waivers precluded a finding that a disclosure without such a waiver could be considered a willful FCRA violation); (*Compare* Def.'s RJN, ¶ 4, Ex. D *with* Dkt. No. 23, Ex. A.) To the contrary, to the extent there is case law addressing analogous disclosures, those sources weigh in favor of finding that the Form is compliant. *See, e.g.*, *Dawson v. Wonderful Pistachios & Almonds, LLC*, 2018 WL 5263063, at *4-6 (C.D. Cal. April 27, 2018); *Walker*, 2018

1  WL 2455915, at *3-5; *Reed*, 2017 WL 5633153, at *3; *Newton*, 2015 WL 10435907, at
2  *5-8; (*Compare* Def.'s RJN, ¶¶ 1-5, Exs. A-E *with* Dkt. No. 23, Ex. A.) Therefore,
3  even if the Form is found to violate 15 U.S.C. § 1681b(b)(2)(A)(i)'s technical
4  requirements, the violation could not be considered willful given, to the extent there are
5  authorities that analyze analogous forms, those authorities would favor holding that the
6  Form complied with 15 U.S.C. § 1681b(b)(2)(A)(i).

## V.  CONCLUSION

Plaintiff's complaint, as well as class certification, relies on fabricated allegations that Plaintiff was confused by the Form to manufacture standing. But, when asked at deposition, Plaintiff readily admitted he was not actually confused; he just never read (or tried to read) the Form. Moreover, from the few sentences he did read, he understood the Form authorized 7-Eleven to obtain a criminal background report, which is all 7-Eleven ever did. Plaintiff did not suffer an actual injury and therefore lacks standing. Additionally, the Form does not violate the FCRA requirements as it is a stand-alone document that is clear and conspicuous – as Plaintiff himself confirmed after he actually read it. Accordingly, Defendant's Motion for Summary Judgment should be granted.

Dated: April 8, 2019

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Kent R. Christensen
Delavan J. Dickson


By: */s/ Julie R. Trotter*
     Julie R. Trotter

Attorneys for Defendant 7-Eleven, Inc.