Mike Arias (CSB #115385)
  mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANT & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**7-Eleven, Inc.**, a Texas corporation<br><br>Defendant. | Case No. 2:18-cv-03893-RGK-AGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Statement of Uncontroverted Facts and Conclusions of Law, Declaration of Steven Woodrow, and [Proposed] Judgment]*<br><br>Date: May 20, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Place: Courtroom 850<br>Complaint Filed: May 9, 2018 |

**PLEASE TAKE NOTICE** that on May 20, 2019, at 9:00 a.m. in Courtroom 850 of the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, Plaintiff Edwardo Munoz will and hereby does move before the Honorable R. Gary Klausner for an order granting summary judgment in favor of Plaintiff and the Class as to all claims in the Complaint.

This motion is made pursuant to Federal Rule of Civil Procedure 56 and Central District of California Local Rule 56-1. As explained in the accompanying Memorandum, summary judgment in favor of Plaintiff is warranted because the facts material to his claims are not disputed. 7-Eleven's disclosure form violates the FCRA by containing extraneous information, and the violation is willful in light of decades-old authority and guidance.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Statement of Uncontroverted Facts and Conclusions of Law, the Declaration of Steven Woodrow, pleadings and papers on file herein, and such other materials as may be presented to the Court at the time of the hearing.

Respectfully submitted,

Dated: April 17, 2019

**Edwardo Munoz**, individually and on behalf of all others similarly situated,

By: /s/ *Steven L. Woodrow*

One of Plaintiff's Attorneys

Mike Arias (CSB #115385)
  mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANG &
  TORRIJOS, LLP**

6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
    swoodrow@woodrowpeluso.com
Patrick H. Peluso*
    ppeluso@woodrowpeluso.com
Taylor T. Smith*
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................... ii

**I.    INTRODUCTION** ....................................................................... 1

**II.   BACKGROUND** .......................................................................... 1

**III.  LEGAL STANDARD** ................................................................. 3

**IV.   ARGUMENT** ............................................................................... 3

      **A.    By Combining Disclosures For Consumer Reports And Investigative Reports Into One Disclosure, And By Including A Statement About State Statutes, 7-Eleven's Form Fails To Stand Alone** .......................................................................... 4

      **B.    In Light Of Extant Legal Authority, 7-Eleven's Disclosure Form Constitutes A Willful Violation Of The FCRA.** .............................. 8

**V.    CONCLUSION** ........................................................................... 12

1
2

# TABLE OF AUTHORITIES

## CASES

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)..........................................................3

*Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010) ......................................9

*Gilberg v. Cal. Check Cashing Stores, LLC,*
     913 F.3d 1169 (9th Cir. 2019)...........................................................6, 8–10

*In re Oracle Corp. Sec. Litig.*, 627 F.3d 376 (9th Cir. 2010)....................................3

*Nw. Forest Res. Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) ........................5

*Pettis ex rel. United States v. Morrison–Knudsen Co.,*
     577 F.2d 668 (9th Cir.1978) ..............................................................................5

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007) ..................................................9

*Syed v. M-I, LLC*, 853. F.3d 492 (9th Cir. 2017)..........................................5–6, 9, 10

*Wilshire Westwood Associates,* 881 F.2d 801 (9th Cir. 1989) ..................................5

## STATUTES, RULES, AND OTHER SOURCES

Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.* ...........................................*passim*

Fed. R. Civ. P. 56...............................................................................................................3

*FTC Advisory Opinion to Willner* (Mar. 25, 1999) ...................................7–8, 10–11

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant 7-Eleven, Inc. ("Defendant" or "7-Eleven") procured a consumer report about Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") that ultimately led to his termination. In doing so 7-Eleven violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b *et seq.* ("FCRA" or the "Act"), because 7-Eleven's FCRA disclosure form failed to standalone. Plaintiff brought this action on behalf of himself and a class of other 7-Eleven applicants and employees alleging that 7-Eleven's violation was willful.  Throughout the course of this case, the material facts regarding 7-Eleven's form have remained undisputed. The record shows, and 7-Eleven concedes, that its form combines information regarding consumer and investigative reports—a practice that fails to comply with the FCRA's requirement that the consumer report disclosure be made "in a document that consists solely of the disclosure." 7-Eleven's form also contains additional extraneous information, including a statement that state statutory provisions may provide additional protections, and information about Sterling Talent Solutions. Furthermore, this violation is willful as a matter of law because 7-Eleven's interpretation of the FCRA is unambiguously barred by the statute itself. Accordingly, Plaintiff asks the Court to grant summary judgment in favor of himself and the Class and Subclass.

## II.    BACKGROUND

In January 2018, Munoz applied for a job at a 7-Eleven store in Los Angeles, California, and he was hired on or around January 28, 2018. (*See* Pl.'s Statement of Uncontroverted Facts and Conclusions of Law ("PSUF"), ¶¶ 1–2.) As part of the hiring process, Defendant provided him with a form that contained both a disclosure that 7-Eleven would obtain one or more reports regarding Munoz and an authorization of 7-Eleven to obtain the report(s). (*See id.* ¶ 3; *see also* Disclosure

Form, attached to the Woodrow Decl. as Exhibit A.) The disclosure form contains a lengthy description of the information that would be included in the "report," such as credit history, criminal history, and information obtained through personal interviews with employers, friends, family members, or associates. (*See* PSUF ¶ 4; Woodrow Decl., Ex. A.) The disclosure also includes thorough contact information for 7-Eleven's credit reporting agency, Sterling Talent Solutions, Inc. (*See* PSUF ¶ 5; Woodrow Decl., Ex. A.) The disclosure also includes a statement that "[s]tate statutory provisions may also provide additional protections for consumer reports". (*See* PSUF ¶ 6; Woodrow Decl., Ex. A.) The form itself was submitted with Plaintiff's Complaint and its authenticity has not been disputed. (*See* PSUF ¶ 7.) Munoz signed the form, and 7-Eleven subsequently procured a consumer report on Munoz. (*See id.* ¶ 8.)

After being employed for almost a month, Munoz was fired on or around February 21, 2018, based on information contained in the consumer report procured by 7-Eleven. (*See id.* ¶ 9.) On May 9, 2018, Plaintiff filed the present action on behalf of himself and a class of other 7-Eleven job applicants who were subject to the same disclosure form and subsequently had a background check obtained regarding their employment. (Compl., ECF 1.) After denying 7-Eleven's Motion to Dismiss, the Court certified the Class and a Subclass of California citizens on October 18, 2018. (Order, ECF 43.) The same FCRA notice that was provided to Plaintiff Munoz was also provided to approximately 57,000 other class members. (*See* PSUF ¶ 10.) However, 7-Eleven has not disclosed the number or identities of those who reside in California, despite its sole control over such information. (*See id.* ¶ 11.)

On January 30, 2019, Plaintiff's counsel deposed Kristen Cope, 7-Eleven's corporate designee pursuant to FRCP 30(b)(6). (*See id.* ¶ 12.) On behalf of 7-

Eleven, Ms. Cope testified that the form described consumer reports, background reports, and investigative reports all at once. (*See id.* ¶ 13.) As 7-Eleven's Rule 30(b)(6) designee testified:

> Q: The reports being described in that paragraph, are they consumer reports, background reports, and investigative reports?
>
> A: Yes.
>
> Q: So all three are being described in one paragraph, correct?
>
> A: That is correct.

(Woodrow Decl., Ex. B., at 89:16–22.) Ms. Cope further testified that, while consumer reports relate to credit checks, criminal history is part of a separate background check. (*See* PSUF ¶ 14.) At no point during the deposition did Ms. Cope dispute that the disclosure form described investigative consumer reports in addition to consumer reports. Likewise, 7-Eleven has not disputed the inclusion of investigative report information in the form during the course of this action.

## III.   LEGAL STANDARD

A motion for summary judgment is to be granted if the movant shows that (1) there is no genuine dispute as to any material fact of the claims on which judgment is sought, and (2) the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party initially bears the burden of proving the absence of a genuine issue of material fact. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the movant meets its burden, the burden shifts to the non-moving party to identify specific facts that demonstrate the existence of genuine issues for trial. *Id.*

## IV.   ARGUMENT

Plaintiff's primary claim is premised on two assertions: (1) that 7-Eleven's disclosure form violates the FCRA's stand-alone and "clear and conspicuous"

disclosure requirements in 15 U.S.C. § 1681b(b)(2)(A)(i); and (2) that 7-Eleven's violation was willful.[1] (*See* Am. Compl., ECF 23, at ¶¶ 31–41.) The undisputed facts supporting each assertion warrant judgment in Plaintiff's favor as a matter of law. First, 7-Eleven's form includes extraneous information about investigative consumer reports that renders the form unclear and violates the stand-alone mandate. Second, the violation is willful as a matter of law, in light of the statute's unambiguous language that is not subject to interpretation. Accordingly, the Court should grant Plaintiff's Motion for Summary Judgment on all of his claims.

### A. By Combining Disclosures For Consumer Reports And Investigative Reports Into One Disclosure, And By Including A Statement About State Statutes, 7-Eleven's Form Fails To Stand Alone.

Because 7-Eleven's disclosure form includes extraneous information and details about investigative reports, the form fails to stand alone, as required by the FCRA. Rather than dispute this inclusion, 7-Eleven instead insists that the inclusion is permissible. Controlling case law makes clear, however, that extraneous information, such as details regarding the nature and scope of an investigative report, violates the stand-alone requirement. Thus, 7-Eleven has violated the FCRA as a matter of law.

The Act defines two types of reports: (1) consumer reports, which are compiled from consumer data by reporting agencies; and (2) investigative consumer reports, which involve interviews of references and acquaintances. *See* 15 U.S.C. § 1681a(d)(1), 1681a(e). The two reports are distinctly defined, and each has its own,

---

[1] Plaintiff has also pleaded a derivative claim for violation of California Unfair Competition Law, which serves as the basis for the California Subclass. (*See* ECF 23 at 42–45.) This claim depends on the same facts supporting the FCRA claim.

separate disclosure requirements. *Compare* 15 U.S.C. § 1681b *with* 15 U.S.C. § 1681d.[2] Section 1681b(b)(2)(A)(i) of the FCRA requires employers to make a "clear and conspicuous disclosure" to employees or prospective employees of their intent to procure a consumer credit report. 15 U.S.C. § 1681b(b)(2)(A)(i). The statute further mandates that this disclosure be made "in a document that consists **solely** of the disclosure." *Id.* (emphasis added). This is the FCRA's "stand-alone" disclosure requirement.

---

[2] The disclosures for investigative consumer reports are to be made separately:

> A person may not procure or cause to be prepared an investigative consumer report on any consumer unless--
>
> (1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and (B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title.

15 U.S.C. § 1681d(a)(1). Allowing for the combination of these two disclosures would render the standalone and "clear and conspicuous" requirements meaningless. *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 834 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) ("We have long followed the principle that [s]tatutes should not be construed to make surplusage of any provision.") (citing *Wilshire Westwood Associates,* 881 F.2d 801, 804 (9th Cir. 1989); *see also Pettis ex rel. United States v. Morrison–Knudsen Co.,* 577 F.2d 668, 673 (9th Cir. 1978).

As the Ninth Circuit explained in *Syed*, the fact that other FCRA provisions mandating disclosure omit the term 'solely' is evidence that Congress intended that term to carry meaning. *Syed v. M-I, LLC*, 853 F.3d 492, 501 (9th Cir. 2017). Even though the statute makes exception for an accompanying authorization, the Court explained that, "in light of Congress's express grant of permission for the inclusion of an authorization, the familiar judicial maxim *expressio unius est exclusio alterius* counsels against finding additional, implied, exceptions." *Id*. Thus, under the plain language of the statute, any extraneous information contained in a disclosure form (aside from an authorization of said disclosure) violates the FCRA.

The Ninth Circuit in *Gilberg* reaffirmed *Syed*, reiterating that "*Syed*'s holding and statutory analysis were *not* limited to liability waivers; *Syed* considered the standalone requirement with regard to *any* surplusage." *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1175 (9th Cir. 2019) (emphasis added). This result is compelled by the clarity of the FCRA's standalone provision:

> We concluded [in *Syed*] the statute meant what it said: the required disclosure must be in a document that "consist[s] 'solely' of the disclosure." We based this holding on the statute's plain language, noting "[w]here congressional intent 'has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.'"

*Id*. (citing *Syed*, 853 F.3d at 496, 500). Together, *Gilberg* and *Syed* hold firmly "that the standalone requirement forecloses implied exceptions." *Id*. at 1176.

Hence, even if extraneous information is included under the guise of furthering the purpose of the FCRA, "purpose does not override plain meaning." *Id*. at 1175. Indeed, *Gilberg* further noted that "even 'related' information may distract or confuse the reader," as the presence of extraneous information in a disclosure

form that is "as likely to confuse as it is to inform" does not further the purpose of the FCRA. *Id.* at 1176

Like the forms in *Syed* and *Gilberg*, 7-Eleven's form does not stand alone and would require multiple implied exceptions to escape liability under the Act. It combines the consumer report disclosure with, among other things, details about "personal interviews" with family and friends that may be included in "the investigation," effectively blurring the distinction between consumer reports and investigative reports and combining the two into one: "the report." (*See* Woodrow Decl., Ex. A.) Indeed, the opening sentence of the form denotes the possibility of three separate reports (consumer report, background report, and investigative report), without providing any explanation or distinction. (*Id.*) These inclusions, particularly regarding the nature and scope of investigative reports, are extraneous, both rendering the disclosure unclear and violating the FCRA's stand-alone requirement.

7-Eleven has not disputed that the disclosure form contains information about investigative reports. Indeed just the opposite is true, as 7-Eleven has admitted that its disclosure combines disclosures for consumer reports, investigative consumer reports, and (criminal) background checks. (Woodrow Decl., Ex. B., at 89:16–22 ("Q: So all three [types of reports] are being described in one paragraph, correct? A: That is correct.").

Rather than dispute that its form contains extraneous information, 7-Eleven has argued that these inclusions were permissible, citing to a somewhat more lenient standard outlined by the FTC. (*See* Def. Mot. to Dismiss, ECF 24, at 6.) As a preliminary consideration, *Willner* does not bind the Court, and its standard is plainly precluded by the language of the FCRA itself and the Ninth Circuit's *Syed* and *Gilberg* rulings. However, even the FTC's relaxed standard set forth in *Willner*

was careful to permit "only a very limited" reference to investigative reports—merely enough to inform consumers that one may be procured. *See FTC Advisory Opinion to Willner* (Mar. 25, 1999). 7-Eleven's form contains far more than the limited disclosure permitted by *Willner*—thus, even if the Court were to ignore prevailing Ninth Circuit precedent and take this lenient approach, 7-Eleven's form still contains extraneous information that overshadows the consumer report disclosure.

Making matters worse for 7-Eleven, the Ninth Circuit in *Gilberg* held "that a prospective employer violates FCRA's standalone document requirement by including extraneous information relating to various state disclosure requirements in that disclosure." *Gilberg*, 913 F.3d at 1171. Here, 7-Eleven's disclosure contains a statement that "[s]tate statutory provisions may also provide additional protections for consumer reports". Thus, as in *Gilberg*, 7-Eleven's disclosure "refers not only to rights under FCRA . . . but also to rights under state laws inapplicable to [Munoz] and to extraneous documents that are not part of the FCRA-mandated disclosure". *See Gilberg*, 913 F.3d at 1175. 7-Eleven's form therefore violates the FCRA's standalone disclosure requirement for this reason as well.

By muddling its consumer report disclosure with details about investigative reports and interviews, and by referring to state statutory provisions, 7-Eleven violated the FCRA as a matter of law. Defendant's form is unclear and fails to stand alone, and the facts material to this claim are undisputed. Accordingly, the Court should grant Plaintiff's Motion for Summary Judgment.

**B.    In Light Of Extant Legal Authority, 7-Eleven's Disclosure Form Constitutes A Willful Violation Of The FCRA.**

The FCRA imposes civil liability for damages on any person who willfully fails to comply with the statute. *See* 15 U.S.C. § 1681n(a). This Court should find that 7-Eleven's actions willfully violated the FCRA as a matter of law.[3]

In the context of the FCRA, the Supreme Court in *Safeco* held that "reckless disregard of a requirement of FCRA would qualify as a willful violation" of the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007). The threshold for recklessness requires a showing that the defendant took an action or interpreted a statute in a manner that was "objectively unreasonable" and creates a risk of violation that is substantially greater than the risk associated with a careless reading. *Id.* at 69–70. The Supreme Court ruled that Safeco had not willfully violated the FCRA because the statute was "less-than-pellucid" on the issue in question and there was no court or FTC guidance "that might have warned [Safeco] away from the view it took." *Id.* at 70.

That said, a lack of definitive authority "does not, as a matter of law, immunize [a party] from potential liability" for violating the FCRA. *Syed*, 853 F.3d at 504 (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 721 (3d Cir. 2010)) (alterations in original). In *Syed*, the Ninth Circuit wholly adopted the standards of *Safeco*. *See Syed*, 853 F.3d at 503–06. The *Syed* court found that the standalone requirement—the very provision at issue here—"is not subject to a range of plausible interpretations." *Id.* at 505. To the contrary, "15 U.S.C. § 1681b(b)(2)(A) unambiguously forecloses the inclusion of a liability waiver in a disclosure document. Thus we need not consider . . . subjective interpretation of the FCRA in determining whether [the defendant] acted [recklessly]." *Id.* And, as explained

---

[3] Because the FCRA's stand-alone requirement is unambiguous, the question of willful violation can be decided "purely as a matter of law," without regard to subjective interpretation. *Syed*, 853 F.3d at 505 (finding that the defendant's FCRA disclosure willfully violated the statute).

above, *Syed*'s holding and analysis is "not limited to liability waivers," but applies "to any surplusage." *Gilberg*, 913 F.3d at 1175.

At all times relevant to this case, Section 1681b(b)(2)(A)(i) of the FCRA has plainly stated as follows:

> [A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

15 U.S.C. § 1681b(b)(2)(A)(i). This provision unambiguously requires that a consumer report disclosure must consist *solely* of the disclosure. Further, Section 1681b pertains exclusively to "consumer reports"—the FCRA contains a separate section regarding disclosures for investigative consumer reports. *Compare* 15 U.S.C. § 1681b *with* 15 U.S.C. § 1681d. The two report types are significantly different and distinctly defined. 15 U.S.C. § 1681a(d)(1), 1681a(e).

As noted in *Syed*, the stand-alone requirement mandate is unambiguous and thus not open to individual interpretation. *See Syed*, 853 F.3d at 505. In light of the FCRA's structure and language, it was reckless for 7-Eleven to adopt its own interpretation of the FCRA's plain language. Likewise, interpreting the word "disclosure" to encompass two, separately defined disclosures, or otherwise interpret "must consist solely of the disclosure" to mean nothing at all, is objectively unreasonable.

On the issue of willfulness, 7-Eleven may again seek refuge in the FTC's *Willner* opinion, which, in violation of the plain language of the Act, permits

inclusion of a "very limited" disclosure regarding investigative reports. *FTC Advisory Opinion to Willner* (Mar. 25, 1999). But *Willner* also stated that including a description of the "nature and scope" of investigative reports "would of necessity be much more detailed and would likely be held to overshadow" the consumer report disclosure. *Id.* Further, the FTC went out of its way to warn employers that, "[t]he surest way for an employer to comply, of course, would be to provide the [consumer report disclosure] notice and the [investigative report nature and scope] notice in separate documents." *Id.*

7-Eleven not only failed to take the "surest way" here, it did just the opposite: Defendant's disclosure form is overshadowed by extraneous information, including a lengthy description of the nature of a potential investigation and the sources that may be interviewed. (Woodrow Decl., Ex. A.) Indeed, 7-Eleven testified that it not only combined investigative consumer reports with ordinary consumer reports, it also included a disclosure for criminal background checks. This is of course on top of the other extraneous information (like statements regarding Sterling Talent Solutions and state law disclosures, among others).

Put simply, the FTC warned employers of the surest approach to take and 7-Eleven, which had ready access to counsel, ignored this advice. The *Willner* opinion has been available to employers for almost two decades, long before Munoz and the Class members were presented with 7-Eleven's form. Assuming the Court would even adopt *Willner* (at the expense of recent, controlling Ninth Circuit precedent established in *Syed* and *Gilberg* holding that FCRA's standalone requirement is unambiguous such that violations may be found willful as a matter of law), Defendant's form is still objectively unreasonable. The information included is extraneous and overshadows the required consumer report disclosure—it is unlawful under any approach.

1    As a matter of law, 7-Eleven's expansive interpretation of a pellucid,

2  unambiguous provision of the FCRA is objectively unreasonable and constitutes

3  reckless disregard of the statute's requirements. Defendant willfully violated the

4  FCRA, and the Court should thus grant summary judgment in favor of Plaintiff.

5  **V.    CONCLUSION**

6    Plaintiff's Motion for Summary Judgment should be granted. The facts

7  material to his claims are not disputed—7-Eleven's consumer report disclosure

8  form is saddled with extensive, confusing details about investigative reports as well

9  as a reference to state statutory provisions. As a matter of law, the form violates the

10  FCRA's stand-alone disclosure requirement, and Defendant's actions were willful

11  in light of the statute's plain language. Accordingly, the Court should grant

12  summary judgment in favor of Plaintiff and the Class and award any such relief as

13  it deems necessary and just.

14

15                                    Respectfully Submitted,

16                                    **EDWARDO MUNOZ**, individually and on

17                                    behalf of all others similarly situated,

18  Dated: April 17, 2019         By:    /s/ Steven L. Woodrow

19                                       One of Plaintiff's Attorneys

20                                    Mike Arias (CSB #115385)
21                                       mike@asstlawyers.com
22                                    Alfredo Torrijos (CSB #222458)
                                         alfredo@asstlawyers.com
23                                    **ARIAS SANGUINETTI WANG &**
24                                    **TORRIJOS, LLP**
25                                    6701 Center Drive West, 14th Floor
                                      Los Angeles, California 90045
26                                    Telephone: (310) 844-9696
                                      Facsimile: (310) 861-0168
27  ————————————————————————————————————————————

Steven L. Woodrow*
    swoodrow@woodrowpeluso.com
Patrick H. Peluso*
    ppeluso@woodrowpeluso.com
Taylor T. Smith*
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
*Pro Hac Vice*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on April 17, 2019.

/s/ Steven L. Woodrow