1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mike Arias (CSB #115385)
  mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANT & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz**, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>**7-Eleven, Inc.**, a Texas corporation<br><br>                    Defendant. | Case No. 2:18-cv-03893-RGK-AGR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Statement of Genuine Disputes of Material Fact and Declaration of Steven Woodrow]*<br><br>Date: May 13, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Place: Courtroom 850<br>Complaint Filed: May 9, 2018 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In its Motion for Summary Judgment, Defendant 7-Eleven, Inc. ("Defendant" or "7-Eleven") seeks to move the case backwards. That is, 7-Eleven's primary argument is that Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") supposedly lacks standing to bring his claims, asserting that Munoz was not injured by its improper FCRA disclosure form and that he has "fabricated" his allegations of confusion. Despite Defendant's bold accusations, its argument is unavailing. First, the Court already concluded that Plaintiff suffered an injury in fact sufficient to confer standing without any reference to his relative state of confusion. Second, Plaintiff's deposition confirms that he was indeed confused by the form, and a meticulous, *post hoc* review of the form with 7-Eleven's counsel cannot be used to erase his injury. Defendant's other arguments—that its form complies with the FCRA and that any violations weren't committed willfully—similarly fail in light of prevailing authority. Accordingly, Plaintiff asks the Court to deny 7-Eleven's Motion for Summary Judgment.

## II.   ARGUMENT

Defendant's Motion is divisible into two parts: (1) 7-Eleven argues that Munoz lacks standing; and (2) 7-Eleven asserts that it did not violate the FCRA, willfully or otherwise. (*See* Mot. for Summ. J., ECF 67, at 6–7.) Both arguments lack merit. First, the Court previously determined that Munoz has standing when it certified the class, and Defendant's attempt to relitigate this issue by arguing that Munoz was not confused by its FCRA disclosure ignores the evidence of record. Second, 7-Eleven's disclosure form violates the FCRA, as made clear by recent and controlling precedent, and Defendant's unreasonable interpretation of the Act's stand-alone requirement constitutes a reckless violation. Accordingly, the Court should deny 7-Eleven's Motion for Summary Judgment.

**A.** **The Court found that Plaintiff has standing to bring this suit, and his testimony confirmed that he was confused by the disclosure.**

7-Eleven dedicates a significant portion of its Motion for Summary Judgment to an attack on Plaintiff's standing. (ECF 67, at 10–14.) In essence, Defendant argues that Munoz was not confused by the form and that he therefore was not harmed by signing 7-Eleven's expansive form disclosure and authorization. (*Id.* at 12–13.) These arguments ignore significant portions of Munoz's actual testimony (as well as the Court's own prior class certification Order) and impermissibly distort the facts.

Of course, a plaintiff must have standing to bring suit, and in a class action, standing is satisfied if at least one named plaintiff meets the Article III standing requirements. *See Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007). Standing requires that: (1) the plaintiff suffered an injury in fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is redressable by a favorable decision. *Id.* In its Order granting class certification on October 18, 2018, the Court determined that Munoz had established standing:

> Here, Plaintiff has established standing. His injury—the procurement of a consumer report as the result of a faulty FCRA Disclosure Form— is sufficiently complete and particularized. . . . The consumer report is traceable to Defendant's alleged violation of the FCRA and would be remedied by a ruling in favor of the Plaintiff. Thus, Plaintiff has established standing, and determinations of harm suffered by additional members of the class for purposes of Article III standing will not be necessary.

(Order Re Pl.'s Mot. to Cert. Class, ECF 43, at 3–4) (citations omitted). Hence, the Court recognized that Munoz has sufficiently established the requisite injury in fact.

Munoz contends that 7-Eleven's disclosure form is unlawfully broad, and because 7-Eleven obtained authorization and procured a background check by way of an unlawful disclosure, Defendant has violated the privacy rights of Plaintiff and the members of the Class and Subclass. This alone is sufficient for standing purposes.

Defendant points out in its Motion that certain courts have required a plaintiff to demonstrate that they were confused by the extraneous information present in the form that they contend violated the FCRA. (*See* ECF 67, at 11–12 (citing *Williams v. Nichols Demox, Inc.*, 2018 WL 3046507, at *3–5 (N.D. Cal. June 20, 2018)).) Even though the Court made no mention of confusion when finding that Plaintiff had established standing, Munoz has alleged his confusion since the outset of this action. (*See* Am. Compl., ECF 23, at ¶ 6.) Though 7-Eleven cites to various statements that suggest Munoz understood individual sentences from the form when read in isolation at his deposition, his testimony actually confirms that he was confused by the language when he signed the form:

> Q: You thought it was just a simple criminal background check? That's what you're saying?
>
> A: Yes. . . . I thought it was just a simple background check that everybody gives you. . . .
>
> Q: What—what makes it different than what everybody else does?
>
> A: Where—where everybody can contact whoever or whomever and—and if I would have known that, like I probably wouldn't have signed it.

(Woodrow Decl., Ex. A at 140:18–141:10; *see also* Ex. A at 142:9–21, 145:16–146:20, 147:16–148:21, 168:2–6 ("Q: And if you understood that 7-Eleven had the right or was asking you to give them the right to do things like contact past

employers and family members, would you have said yes? A: No.").).)[1] It is clear from his testimony that Munoz was confused and did not understand what he was authorizing.[2]

Defendant strenuously asserts that because Munoz supposedly understood the form after reviewing it line-by-line at his deposition, he could not have been confused by the form. (ECF 67 at 12–13.) The logic of this argument is flawed for two reasons. First, a review of his deposition transcript reveals that even *after* an attorney-guided review of the form he still did not actually understand the scope of the form and what he had authorized. (*See id.* at 157:3–23.) Thus, even though the line-by-line review may have improved his understanding, he remained confused.

Second, an improvement to Munoz's understanding of the form nearly a year after he signed it cannot retroactively negate the injury he suffered back when he was denied an opportunity to meaningfully authorize the report. Plaintiff signed a form that contained confusing and extraneous information, giving 7-Eleven more authority to probe his background than he understood or would have permitted. A *post hoc* examination of the disclosure with 7-Eleven's attorneys cannot erase his signature, and it cannot change that the form confused him.

---

[1] Indeed, 7-Eleven itself testified that "consumer reports" differ from both "investigative consumer reports" as well as from "background checks," and it conceded that its FCRA disclosure form referred to and combined all three. (*See* Pl.'s Statement of Uncontroverted Facts and Conclusions of Law ("PSUF"), ECF 70-1 ¶¶ 13–14.) Accordingly, Plaintiff's confusion as to what the form authorizes was not only real, it was (and remains) demonstrably reasonable.

[2] Plaintiff admitted that he didn't read the entire form, but this was attributable to 7-Eleven's unlawful inclusion of dense sections of extraneous information (and Munoz's misunderstanding of what the form authorized). (*See* Woodrow Decl., Ex. A at 168:8–169:1.) 7-Eleven cannot present a form riddled with extraneous information and then hide behind the fact it was too cumbersome to read.

Despite 7-Eleven's contentions, Munoz has standing to bring this class action. The Court previously found that standing was satisfied, and Plaintiff's subsequent testimony has only confirmed that he was confused by 7-Eleven's disclosure form. Accordingly, Defendant's Motion for Summary Judgment should be denied.[3]

**B.    As explained in Plaintiff's Motion for Summary Judgment, 7-Eleven's form constitutes a willful violation of the FCRA.**

Unable to defeat Munoz's standing, 7-Eleven additionally argues that it is entitled to summary judgment because its disclosure form purportedly complied with the FCRA.[4] (ECF 67, at 14–17.) Defendant similarly asserts that any violation it committed was not willful. (*Id.* at 18–19.) As Plaintiff explains in his Motion for Summary Judgment (ECF 70), however, controlling precedent from the Ninth Circuit establishes definitively that 7-Eleven is mistaken on the law.

Though Munoz has outlined the Act's stand-alone disclosure requirement in greater detail in his Motion for Summary Judgment, it bears repeating here: the FCRA requires that a consumer report disclosure be made "in a document that consists solely of the disclosure," and this mandate means what it says. 15 U.S.C. § 1681b(b)(2)(A)(i). Since 2017, the Ninth Circuit has twice considered the meaning of this language, and each time the Court has reinforced its significance. *See Syed v. M-I, LLC*, 853 F.3d 492, 501 (9th Cir. 2017); *Gilberg v. Cal. Check Cashing Stores,*

---

[3] At best for 7-Eleven, and only insofar as the Court requires Munoz to demonstrate his actual confusion, there remains at minimum a genuine issue of material fact as to Plaintiff's confusion. That is, given his testimony that he was confused and "probably wouldn't have signed" the FCRA disclosure had it been clear, a reasonable trier of fact could find that Munoz was actually confused so as to meet 7-Eleven's test for standing. As such, summary judgment in 7-Eleven's favor would be wholly inappropriate.

[4] 7-Eleven has ceased using the FCRA disclosure at issue in this lawsuit.

*LLC*, 913 F.3d 1167, 1175 (9th Cir. 2019). In *Syed*, the Ninth Circuit held that the absence of such a mandate from other sections of the FCRA emphasized that Congress intended it to carry meaning—"solely" means "solely," and a singular express exception for a related authorization counsels against additional inclusions. 853 F.3d at 501. And just months ago, the Ninth Circuit reiterated this position in *Gilberg*: the statute's plain language "meant what it said," and *Syed*'s holding applies not only to liability waivers but "to any surplusage." 913 F.3d at 1175. Indeed, even related information can be "as likely to confuse as it is to inform," which violates the statute and does not further the FCRA's purpose. *Id.* at 1176.

Rather than address or even cite to these standards, 7-Eleven instead relies on an older district court case (presently on appeal) that applied more lenient guidance. That is, Defendant cites to *Walker*, a case in which the District of Oregon adopted the FTC's more relaxed interpretation of the standalone requirement in finding that employers may include a limited investigative report disclosure in their forms, provided that the information doesn't "overshadow" the consumer report disclosure. *Walker v. Fred Meyer, Inc.*, No. 3:17-cv-01797-YY, 2018 WL 2455915, at \*5 (D. Or. May 7, 2018); *see also FTC Advisory Opinion to Willner* (Mar. 25, 1999). Leaving aside the fact that *Walker* does not bind this Court, the case was decided prior to *Gilberg*'s clear admonishment that *Syed* wasn't limited to the inclusion of liability waivers, and *Walker* is currently before the Ninth Circuit on appeal.[5]

7-Eleven's avoidance of *Syed* and *Gilberg* in its Motion is unsurprising—applied to the case at hand, these controlling opinions instruct that Defendants form patently violates the FCRA. 7-Eleven's form combines the disclosures for consumer reports with the disclosures the FCRA requires for investigative consumer reports. Furthermore, the form includes extraneous information regarding

---

[5] Oral argument is presently set for June 11, 2019.

Sterling Talent Solutions, the availability of state law disclosures, and 7-Eleven's expansive form authorization. All of this combines to present dense, difficult to read and understand fine-print to consumers instead of a standalone disclosure.

On the issue of willfulness, the Supreme Court in *Safeco* held that "reckless disregard of a requirement of FCRA would qualify as a willful violation" of the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007). Recklessness requires a showing that the defendant took an action or interpreted a statute in a manner that was "objectively unreasonable" and creates a risk of violation that is substantially greater than the risk associated with a careless reading. *Id.* at 69–70. This standard has been directly applied by the Ninth Circuit. *See Syed*, 853 F.3d at 503–06; *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 760 (9th Cir. 2018). The Ninth Circuit has expressly held that the standalone requirement at issue here "is not subject to a range of plausible interpretations." *Syed*, 853 F.3d at 505. Rather, the FCRA "unambiguously forecloses the inclusion of a liability waiver in a disclosure document." *Id.* Likewise, *Gilberg* confirmed that *Syed*'s holding applies to *any* surplusage. *Gilberg*, 913 F.3d at 1175.

Once again, 7-Eleven avoids discussing *Syed* and *Gilberg*, citing to more district court opinions that pre-date the Ninth Circuit holdings. Defendant claims that there is "a dearth of on-point judicial or administrative authorities that analyze the statute's requirements." (ECF 67, at 18.) *Syed* rejected an identical argument, explaining that even a lack of definitive judicial authority "does not, as a matter of law, immunize [a party] from potential liability" for violating the FCRA. *Syed*, 853 F.3d at 504. Nevertheless, the FCRA is clear—at all times relevant to this case, Section 1681b(b)(2)(A)(i) has plainly stated as follows:

> [A] person may not procure a consumer report, or cause a consumer
> report to be procured, for employment purposes with respect to any

consumer, unless a clear and conspicuous disclosure has been made in
writing to the consumer at any time before the report is procured or
caused to be procured, in a document that consists solely of the
disclosure, that a consumer report may be obtained for employment
purposes.

15 U.S.C. § 1681b(b)(2)(A)(i). As noted in *Syed*, the stand-alone requirement is
unambiguous: elaboration by the courts is unnecessary, and individual
interpretation is objectively unreasonable. *See Syed*, 853 F.3d at 505.

Moreover, the FCRA contains wholly separate and distinct disclosure
provisions for consumer reports and investigative consumer reports. *Compare* 15
U.S.C. § 1681b(b)(2)(A) *with* 15 U.S.C. § 1681d(a)–(b). When viewed in light of
the clarity of § 1681b's standalone provision, it is objectively unreasonable to
conclude that Congress intended to allow employers to combine these two types of
disclosures into a single document (together with other information like 7-Eleven
did here), thereby eviscerating the need for wholly separate provisions in the
statute.

And as if the statute weren't clear enough, the FTC has issued a number of
advisory opinions, some more than twenty years ago, all of which counsel against
including extraneous information in a consumer report disclosure. As an example,
the *Willner* opinion, which discusses the stand-alone requirement while taking a
more lenient view, still restricts employers to a "very limited" statement regarding
investigative consumer report disclosures—cautioning employers to be careful so as
not to include information that may "overshadow" the consumer report disclosure.
*FTC Advisory Opinion to Willner* (Mar. 25, 1999). *Willner* even provided a short
sample provision, which 7-Eleven far exceeded here. Yet even if 7-Eleven had
followed *Willner* correctly, the FTC went out of its way to note that, "[t]he surest

way for an employer to comply, of course, would be to provide the [consumer report disclosure] notice and the [investigative report disclosure] notice in separate documents."[6] *Id*. 7-Eleven's decision to include, among other things, investigative report details in the disclosure represents an objectively unreasonable and impermissible interpretation of the FCRA's unambiguous language.[7] Defendant has had access to the FCRA and the FTC's advisory letters for two decades—7-Eleven's inclusion of extraneous information constitutes a reckless disregard for the law and, therefore, a willful violation of the FCRA.

By including extraneous information in its consumer report disclosure form, Defendant has violated the FCRA as a matter of law. The form violates the FCRA's stand-alone disclosure requirement, and Defendant's actions were willful in light of the statute's plain language. 7-Eleven's Motion for Summary Judgment stands contrary to the law and should be denied accordingly.

# V.   CONCLUSION

The Court should deny 7-Eleven's Motion for Summary Judgment. Defendant's attack on Plaintiff's standing overlooks the Court's own prior finding of standing and the facts of record showing that Munoz was indeed confused as a result of 7-Eleven's improper FCRA disclosure. Further, 7-Eleven's consumer report disclosure violates the FCRA as a matter of law, and Defendant's violation

---

[6] To be sure, the record lacks any separate disclosure from 7-Eleven concerning only investigative consumer reports that Defendant could cite to show that it indeed provided separate disclosures. This is because none was ever provided; 7-Eleven ignored the FTC's warning and combined the two disclosures into a single confusing document.

[7] This is of course in addition to other extraneous information, including disclosures regarding state statutory provisions that may be applicable and information about the background check company, Sterling Talent Solutions. (*See* PSUF, ECF 70-1 ¶¶ 5–6.)

was willful. Accordingly, the Court should deny 7-Eleven's motion and award any such relief as it deems necessary and just.

                                        Respectfully Submitted,

                                        **EDWARDO MUNOZ**, individually and on

                                        behalf of all others similarly situated,

Dated: April 22, 2019                   By:  ___/s/ Steven L. Woodrow___
                                             One of Plaintiff's Attorneys

                                        Mike Arias (CSB #115385)
                                             mike@asstlawyers.com
                                        Alfredo Torrijos (CSB #222458)
                                             alfredo@asstlawyers.com
                                        **ARIAS SANGUINETTI WANG &**
                                             **TORRIJOS, LLP**
                                        6701 Center Drive West, 14th Floor
                                        Los Angeles, California 90045
                                        Telephone: (310) 844-9696
                                        Facsimile: (310) 861-0168

                                        Steven L. Woodrow*
                                             swoodrow@woodrowpeluso.com
                                        Patrick H. Peluso*
                                             ppeluso@woodrowpeluso.com
                                        Taylor T. Smith*
                                             tsmith@woodrowpeluso.com
                                        **WOODROW & PELUSO, LLC**
                                        3900 East Mexico Avenue, Suite 300
                                        Denver, Colorado 80210
                                        Telephone: (720) 213-0675
                                        Facsimile: (303) 927-0809
                                        *Pro Hac Vice*

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on April 22, 2019.

/s/ Steven L. Woodrow