Julie R. Trotter, Bar No. 209675
  jtrotter@calljensen.com
Kent R. Christensen, Bar No. 253815
  kchristensen@calljensen.com
Delavan J. Dickson, Bar No. 270865
  ddickson@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant 7-Eleven, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO MUNOZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>7-ELEVEN, INC., a Texas corporation,<br><br>Defendant. | Case No.  2:18-cv-03893 RGK (AGR)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  May 20, 2019<br>Time: 9:00 a.m.<br>Place: Courtroom 850<br>Judge: Hon. R. Gary Klausner<br><br>*[Filed concurrently with Response to Plaintiff's Statement of Uncontroverted Facts and Request for Judicial Notice]*<br><br>Complaint Filed:        May 9, 2018<br>First Am. Comp. Filed:  July 9, 2018<br>Trial Date:             July 2, 2019 |

SEV05-13:2465896_2:4-29-19

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1

# TABLE OF CONTENTS

2                                                                                        Page

3    I.     INTRODUCTION ...................................................................................................5

4    II.    FACTUAL BACKGROUND.................................................................................5

5    III.   PLAINTIFF'S MOTION SHOULD BE DENIED AND HIS
           CASE DISMISSED BECAUSE HE LACKS STANDING....................................6
6
7           A.     Plaintiff Must Prove The Form's Provisions He Contends
                  Violate 15 U.S.C. § 1681b(b)(2)(A)(i) Caused Him Actual
8                 Confusion For Standing.............................................................................6

9           B.     Plaintiff Was Not Confused By The Form.................................................8

10   IV.    THE DISCLOSURE FORM AT ISSUE DOES NOT VIOLATE
           15 U.S.C. § 1681B(B)(2)(A)(I) ...........................................................................9
11
12          A.     The Form Does Not Violate The Standalone Requirement .........................9

13          B.     The Form Does Not Violate The "Clear And Conspicuous"
                  Requirement ............................................................................................12
14
15   V.     PLAINTIFF HAS NO EVIDENCE THAT 7-ELEVEN
           WILLFULLY VIOLATED THE FCRA.................................................................13

16   VI.    CONCLUSION....................................................................................................16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Baghdasarian v. Amazon.com, Inc.*,
2009 WL 4823368 (C.D. Cal. Dec. 9, 2009) ..................................................7

*Dawson v. Wonderful Pistachios & Almonds, LLC*,
2018 WL 5263063 (C.D. Cal. April 27, 2018) .............................................14

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
895 F.3d 1166 (9th Cir. 2018)..................................................................6, 7

*Fox v. Good Samaritan L.P.*,
801 F. Supp. 2d 883 (N.D. Cal. 2010) .........................................................12

*Gilberg v. Cal. Check Cashing Stores, LLC*,
913 F.3d 1167 (9th Cir. 2019).................................................11, 12, 15, 16

*Groshek v. Time Warner Cable, Inc.*,
865 F.3d 884 (7th Cir. 2017)..................................................................8, 9

*IV Solutions, Inc. v. Conn. Gen. Life Ins. Co.*,
2015 WL 12843822 (C.D. Cal. Jan. 29, 2015) ...........................................12

*Just v. Target Corp.*,
187 F. Supp. 3d 1064 (D. Minn. 2016)..................................................14, 15

*Mattson v. Home Depot, Inc.*,
2012 WL 2342948 (S.D. Cal. June 20, 2012)...............................................12

*Mitchell v. WinCo Foods, LLC*,
743 Fed. Appx. 889 (9th Cir. Nov. 29, 2018)............................................8, 9

*Newton v. Bank of Am.*,
2015 WL 10435907 (C.D. Cal. May 12, 2015) ........................................12, 14

*Reed v. CRST Van Expedited, Inc.*,
2017 WL 5633153 (M.D. Fla. Nov. 20, 2017) ...........................................14

*Ruiz v. Shamrock Foods Co.*,
2018 WL 5099509 (C.D. Cal. Aug. 22, 2018).............................................7, 9

*Shaw v. Experian Info. Sols., Inc.*,
891 F.3d 749 (9th Cir. 2018)..................................................................13, 14

**TABLE OF AUTHORITIES (con't)**

<u>Page</u>

*Syed v. M-I, LLC,*
   853 F.3d 492 (9th Cir. 2017)................................................................... 11

*Walker v. Fred Meyer,*
   2018 WL 2455915 (D. Or. May 7, 2018) ........................................... passim

*Walker v. Realhome Servs. & Sols., Inc.,*
   2019 WL 1225211 (N.D. Ga. Jan. 28, 2019) ...................................... 8, 9

*Washington Envtl. Council v. Bellon,*
   732 F.3d 1131 (9th Cir. 2013).......................................................... 7, 8, 9

*Williams v. Nichols Demox, Inc.,*
   2018 WL 3046507 (N.D. Cal. June 20, 2018) .................................... 8, 9

**State Cases**

*Culberson v. Walt Disney Parks and Resorts,*
   2019 WL 1594026 (Ct. App. April 15, 2019) ............................... 10, 11, 15

**Federal Statutes**

15 U.S.C. § 1681b(b)(2)(A) ........................................................................ 12
15 U.S.C. § 1681b(b)(2)(A)(i) .............................................................. passim
15 U.S.C. §§ 1681a(d)(1), 1681a(e) ........................................................... 10

**Other Authorities**

*Willner* Opinion letter ................................................................................ 16

## I.      INTRODUCTION

Plaintiff asks the Court to grant summary judgment and award statutory damages to the class for a willful violation of the Fair Credit Reporting Act ("FCRA") based only on the text of a one-page background disclosure form ("Form") he contends includes "extraneous information."  His motion should be denied for at least three reasons.

First, Plaintiff has failed to establish standing under Article III because he has not provided any evidence that would show he suffered an injury in fact vis-à-vis the Form – let alone an injury in fact caused by 7-Eleven's conduct.  This is because although Plaintiff's Amended Complaint falsely alleged Plaintiff was confused by the extraneous information in the Form, at deposition Plaintiff admitted he only spent about thirty seconds reviewing the Form and only read a few sentences from it prior to executing it, and when he read the Form in full (which is just one page) he actually understood it. Incredibly, Plaintiff's motion skips this fundamental threshold question altogether.

Second, summary judgment cannot be granted in favor of Plaintiff because the Form complies with the FCRA.  Plaintiff relies heavily on two Ninth Circuit decisions to claim otherwise, but neither establishes that 7-Eleven's Form violated the stand-alone requirement.  In fact, neither of these decisions is even relevant to that inquiry given the Form does not contain provisions *Syed* and *Gilberg* held violated the FCRA and neither explains what the disclosure can include.

Lastly, Plaintiff has not put forward any evidence that 7-Eleven willfully violated the FCRA with the Form.  On the contrary, to the extent there is case law that addresses the propriety of the provisions in the Form being challenged by Plaintiff, applying that case law would result in a finding that the Form is compliant.

For these reasons, and as explained in more detail below, Plaintiff's Motion must be denied, and the case dismissed.

## II.     FACTUAL BACKGROUND

During the application process, the manager of the 7-Eleven store where Plaintiff applied informed Plaintiff that 7-Eleven would have to complete a background check on

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1    him.[1]  (Def.'s Response to Plaintiff's Statement of Uncontroverted Facts and Additional

2    Uncontroverted Facts ("SGI"), ¶ 15.)  Plaintiff agreed to this even though he understood

3    it may mean he would not receive a position.  (*Id.*, ¶ 16.)

4          One of the documents Plaintiff completed as part of the new hire paperwork was

5    the Form, which he has attached to his complaints as an exhibit.  (*Id., ¶* 17.)  Although

6    Plaintiff does not allege that the Form failed to include any information required by the

7    FCRA, he nevertheless contends it was confusing because it allegedly included

8    extraneous information. (*See id.*, ¶¶ 18-19.)  At his deposition, Plaintiff admitted the

9    following:

10   - He understood the Form was authorizing an investigation into his background prior

11     to his executing it;

12   - He only took approximately thirty seconds to review the Form before executing it;

13   - He only read a few sentences of the Form and disregarded the rest prior to

14     executing it;

15   - He did not ask the store manager – who was nearby while Plaintiff was completing

16     the new hire paperwork – or 7-Eleven's HR any questions about the Form before

17     executing it; and

18   - When Plaintiff actually read the Form in its entirety, he understood it.

19   (*See id.*, ¶¶ 20-26.)

20   **III.   PLAINTIFF'S  MOTION  SHOULD  BE  DENIED  AND  HIS  CASE**

21   **DISMISSED BECAUSE HE LACKS STANDING**

22   **A.    Plaintiff Must Prove The Form's Provisions He Contends Violate 15**

23   **U.S.C. § 1681b(b)(2)(A)(i) Caused Him Actual Confusion For Standing**

24   A plaintiff must establish Article III standing in order to pursue a claim in federal

25   court.  *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir.

26

27   [1] Plaintiff's motion ignores numerous material facts that are critical to the issues raised in this case, which 7-Eleven set forth in its own Motion for Summary Judgment. (*See* Dkt. No. 67-1.)  Plaintiff's failure to include or address these facts in his own Motion should preclude judgment being granted in his favor by itself.

28

2018).  To establish such standing, a plaintiff must prove: "(1) that he suffered an injury in fact, (2) that there is a causal connection between the injury and the conduct complained of, and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *See id.* at 1173 (internal quotation marks omitted).

> The plaintiff also bears the burden of proof to establish standing with the manner and degree of evidence required at the successive stages of the litigation.  While at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, in responding to a summary judgment motion, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true.

*See Washington Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013); *see also Ruiz v. Shamrock Foods Co.*, 2018 WL 5099509, at *6 (C.D. Cal. Aug. 22, 2018) (noting that "at the summary judgment stage, Plaintiffs must provide evidence demonstrating standing"); *Baghdasarian v. Amazon.com, Inc.*, 2009 WL 4823368, *3-*6 (C.D. Cal. Dec. 9, 2009) (granting summary judgment to defendant on standing grounds even though that court had previously held standing was adequately shown at the class certification stage because burden of proof required for latter was more lenient relative to showing required on summary judgment).

In cases premised on the allegation that a disclosure form violates 15 U.S.C. § 1681b(b)(2)(A)(i) because the disclosure improperly includes extraneous provisions in violation of the statute, courts require that a plaintiff establish this allegedly extraneous information caused them actual confusion in order to have Article III standing.  *See, e.g., Ruiz*, 2018 WL 5099509, at *5-*6 (finding lack of standing even when disclosures at issue included provisions that unequivocally violated 15 U.S.C. § 1681b(b)(2)(A)(i)'s requirements because one plaintiff "testified that there was no portion of the Martech disclosure and authorization he signed that he did not understand", the other two plaintiffs "did not even review the disclosure language in the Credential Check form before signing", and because "not only did Plaintiffs lack any confusion about the

disclosure and authorization forms, Plaintiffs were fully aware that background checks were being procured"); *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887-89 (7th Cir. 2017); *Mitchell v. WinCo Foods, LLC*, 743 Fed. Appx. 889 (9th Cir. Nov. 29, 2018) (unpublished); *Williams v. Nichols Demox, Inc.*, 2018 WL 3046507, at *3-5 (N.D. Cal. June 20, 2018); *Walker v. Realhome Servs. & Sols., Inc.*, 2019 WL 1225211, at *6-7 (N.D. Ga. Jan. 28, 2019).

## B.   Plaintiff Was Not Confused By The Form

Obviously recognizing confusion as the litmus test for standing, Plaintiff's Amended Complaint alleges that "[t]he unnecessary inclusion of [ ] extraneous information [in the Form] rendered the document confusing to Plaintiff[.]" (Dkt. No. 23, ¶ 17.)  Although this allegation was enough to avoid a motion to dismiss challenge on standing grounds, as explained above, allegations in a complaint are insufficient to establish standing at the summary judgment stage. *See Bellon*, 732 F.3d at 1139.

As a review of Plaintiff's own deposition testimony shows, he can no longer contend he was confused by any allegedly extraneous information in the Form because in that deposition he admitted:

- He understood the Form was authorizing an investigation into his background prior to his executing it;

- He had no problem with 7-Eleven conducting a criminal background check even prior to his executing the Form;

- He only took approximately thirty seconds to review the Form before executing it;

- He only read a few sentences of the Form, and disregarded the rest prior to executing it;

- He did not ask the store manager – who was nearby while Plaintiff was completing the new hire paperwork – or 7-Eleven's HR any questions about the Form before executing it despite knowing he could and should if he had any questions; and

- When Plaintiff actually read the Form in its entirety, he understood it.

1    (*See* Def.'s SGI, ¶¶ 20-26.)   Given these facts, Plaintiff was <u>not</u> "deprived of a

2    meaningful opportunity to authorize the background check" – he just chose not to take

3    it.   Moreover, he cannot claim the Form caused him confusion when, by his own

4    admission, he did not read it prior to executing it and, after he actually did read the one-

5    page Form in full, he admitted he understood it.   (*See id.*); *see also Ruiz,* 2018 WL

6    5099509, at *6 (finding lack of standing even when disclosures at issue included

7    liability waivers because one plaintiff "testified that there was no portion of the Martech

8    disclosure and authorization he signed that he did not understand", the other two

9    plaintiffs "did not even review the disclosure language in the Credential Check form

10   before signing", and because "not only did Plaintiffs lack any confusion about the

11   disclosure and authorization forms, Plaintiffs were fully aware that background checks

12   were being procured"); *accord Groshek,* 865 F.3d at 887-89; *Mitchell,* 743 Fed. Appx.

13   889 (unpublished); *Williams,* 2018 WL 3046507, at *3-5; *Walker,* 2019 WL 1225211,

14   at *6-7.   As such, this Motion should be denied and the case dismissed given the record

15   does not support a finding that Plaintiff has Article III standing.

16   **IV.    THE DISCLOSURE FORM AT ISSUE DOES NOT VIOLATE 15 U.S.C. §**

17   **1681B(B)(2)(A)(I)**

18       Plaintiff's claims are all premised on the contention that the Form violates 15

19   U.S.C. § 1681b(b)(2)(A)(i).   Under that statute, before obtaining a background check on

20   a person, an employer must first provide the applicant with a written disclosure that is

21   both "clear and conspicuous" and "that consists solely of the disclosure itself."   *See* 15

22   U.S.C. § 1681b(b)(2)(A)(i).   As explained below, Plaintiff's motion fails to show the

23   Form violates either of these requirements.

24       **A.    The Form Does Not Violate The Standalone Requirement**

25       The requirement that a disclosure "consist[ ] solely of the disclosure" is

26   commonly referred to as the standalone requirement.   *See Walker v. Fred Meyer,* 2018

27   WL 2455915, at *3 (D. Or. May 7, 2018).   Pursuant to this requirement, a "written

28   disclosure may not 'be encumbered with extraneous information.'"   *See id.* (quoting

*FTC Advisory Opinion to Coffey* (Feb. 11, 1998), available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-coffey-02-11-98).

Plaintiff's Motion makes two arguments as to why the Form allegedly violates the standalone requirement.  Neither withstands scrutiny.

Plaintiff's first and primary argument is that, according to Plaintiff, an employer cannot include the information that must be disclosed for "investigative consumer reports" and "consumer reports" that are not investigative within the same disclosure. (*See* Mot. at 4:13-8:7.)  As an initial matter, Plaintiff's Motion is misleading in its characterization of an "investigative consumer report" because it is not separate and distinct from a "consumer report" under the FCRA. (*See* Mot. at 4:20-5:7.)  Rather, it is a sub-type of consumer report that is created at least in part by interviews.  *See* 15 U.S.C. §§ 1681a(d)(1), 1681a(e).  Moreover, Plaintiff's Motion is also misleading in claiming that 7-Eleven agrees its Form includes extraneous provisions as the dispute is more accurately described as a dispute regarding what is and is not considered extraneous under the standalone requirement.[2]  *See, e.g., Culberson v. Walt Disney Parks and Resorts*, 2019 WL 1594026, at *4 (Ct. App. April 15, 2019) (noting although it is true that 15 U.S.C. § 1681b(b)(2)(A)(i) includes a standalone requirement, "the question remains what information may constitute the disclosure itself") (unpublished).

Turning to the merits, 7-Eleven notes that the FTC has held the opinion since at least 1999 that it is possible for a disclosure to include the information necessary for all consumer reports – investigative or not – without violating the standalone requirement, and a court in this Circuit just last year held that a disclosure analogous to the Form that did this *did not* violate the standalone requirement.  *See Walker*, 2018 WL 2455915, at *5 (in holding form with analogous provisions did not violate Section 1681b(b)(2)(A)(i) in dismissing FCRA claim, stating "the fact that Fred Meyer provided Walker with a disclosure that discussed both consumer reports and investigative reports does not run

---

[2] In fact, it is difficult to imagine *any* disclosure meeting the standard Plaintiff subjectively believes governs whether a disclosure meets the standalone requirement.

CALL & JENSEN
EST. 1981

afoul of the FCRA" in citing to the Willner Opinion letter, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-willner-03-25-99); (*Compare* Def.'s Request for Judicial Notice ("RJN"), ¶ 1, Ex. A *with* Dkt. No. 23, Ex. A.)  In the hopes of avoiding these authorities, Plaintiff relies on the *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017) and *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1167 (9th Cir. 2019) decisions.  However, it is odd that Plaintiff has chosen to do so given (1) both of the disclosures in *Syed* and *Gilberg* also included the information necessary for all types of consumer reports – investigative or not; but (2) although both decisions found *other* provisions of the disclosures at issue violated the standalone requirement, they conspicuously *did not* find or even address the propriety of including the information necessary for all types of consumer reports in the same disclosure.  *See Gilberg*, 913 F.3d at 1172, 1174-76; *Syed*, 853 F.3d at 500-02, 508 (Appendix A).  Thus, given neither decision addressed the propriety of including such information despite the disclosures at issue doing so, if anything, to the extent they can be considered relevant precedent on this issue they actually weigh in 7-Eleven's favor.  In addition, neither of these decisions went so far as to hold that FTC guidance that has been on the books for twenty years now is wrong.  Further, as the California Courts of Appeal just recognized, although these decisions do hold there are no exceptions to the standalone requirement, "the question remains what information may constitute the disclosure itself" following them.  *See Culberson*, 2019 WL 1594026, at *4 (unpublished).  Therefore, for these reasons, Plaintiff placing his hopes on these decisions was misplaced.

Plaintiff's second argument on the standalone requirement is an attempt to equate the sentence in the Form that "State statutory provisions may also provide additional protections for consumer reports" with the *numerous*, detailed, and longwinded separate state disclosures included in the disclosure in *Gilberg*.  (*See* Mot. at 8:8-17; *compare* Dkt. No. 23, Ex. A (sentence just before the Authorization)) *with Gilberg*, 913 F.3d at 1172-73.  Given the significant differences between this one indisputably accurate and

CALL & JENSEN
EST. 1981

1    correct sentence in the Form, and the additional state law disclosures analyzed in

2    *Gilberg*, this argument is disingenuous at best.  In any event, this challenge is not even

3    within the scope of this lawsuit given Plaintiff's Amended Complaint does not allege

4    this sentence violates the standalone requirement.  (*See* Dkt. No. 23, ¶¶ 35-36); *see also*

5    *Fox v. Good Samaritan L.P.*, 801 F. Supp. 2d 883, 896 (N.D. Cal. 2010) (noting that

6    "[w]hile a summary judgment motion does go beyond the pleadings in the sense that it

7    tests the sufficiency of the evidence to *support the allegations of the complaint*, those

8    allegations still serve to frame – and limit – the issues"); *accord IV Solutions, Inc. v.*

9    *Conn. Gen. Life Ins. Co.*, 2015 WL 12843822, at *12-*15 (C.D. Cal. Jan. 29, 2015);

10   *Mattson v. Home Depot, Inc.*, 2012 WL 2342948, at *4 (S.D. Cal. June 20, 2012).

11          In sum, for the reasons stated above, Plaintiff's Motion fails to show that the

12   Form violates the standalone requirement.

13          **B.      The Form Does Not Violate The "Clear And Conspicuous"**

14                  **Requirement**

15          A disclosure is "clear" under 15 U.S.C. § 1681b(b)(2)(A) if it is "reasonably

16   understandable", and it is conspicuous under 15 U.S.C. § 1681b(b)(2)(A) if it is "readily

17   noticeable to the consumer."  *See Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d

18   1169, 1176 (9th Cir. 2019).

19          Here, there can be no genuine dispute that the Form is reasonably understandable

20   – Plaintiff himself admitted as much during his deposition.  (*See* Def.'s SGI, ¶ 26.)

21   Similarly, there can be no reasonable dispute that the Form is "readily noticeable to the

22   consumer" given it is in legible font, and sets forth the relevant headings in bolded,

23   large, typeface.  (*See* Dkt. No. 23, Ex. A.)  Therefore, the Form meets the "clear and

24   conspicuous" requirement of 15 U.S.C. § 1681b(b)(2)(A)(i).  *See*, *e.g.*, *Newton v. Bank*

25   *of Am.*, 2015 WL 10435907, at *5-8 (C.D. Cal. May 12, 2015) (in granting summary

26   judgment in reviewing an analogous form, finding these requirements were met because

27   the form "use[d] language that a lay person would understand" and "[t]he amount of

28

1  text is minimal with headings in boldface, capital font using a larger typeface than the

2  surrounding text"); (*Compare* Def.'s RJN, ¶ 2, Ex. B *with* Dkt. No. 23, Ex. A.)

3  Plaintiff's Motion does not contend otherwise as it does not include any actual

4  analysis on this issue, and rather, at best, makes this issue derivative to his standalone

5  requirement challenge.  (*See*, *generally*, Mot. at 3:25-8:22, *see id.* at 4:4:6, 7:11-14,

6  8:20-22 (only portions of motion where Plaintiff contends the Form is unclear, and as a

7  review of each excerpt shows the basis of that claim is always premised on Plaintiff's

8  allegation that the Form violates the standalone requirement).)   As such, Plaintiff's

9  Motion fails to show that the Form violates the "clear and conspicuous" requirement of

10  15 U.S.C. § 1681b(b)(2)(A)(i).

11  **V.   PLAINTIFF  HAS  NO  EVIDENCE  THAT  7-ELEVEN  WILLFULLY**

12  **VIOLATED THE FCRA**

13  The only monetary relief Plaintiff seeks is statutory damages under the FCRA.

14  (*See* Dkt. No. 23, ¶ 40.)  As the Ninth Circuit recently explained,

> To recover statutory damages for a violation of the FCRA, Appellants must
> show that [the defendant] willfully failed to comply with the statute.  A
> willful violation of the FCRA occurs where a defendant knowingly or
> recklessly violated the FCRA.  Recklessness is an objective standard.  A
> defendant acts in reckless disregard when its action both is a violation under
> a reasonable reading of the statute's terms and shows that the company ran a
> risk of violating the law substantially greater than the risk associated with a
> reading that was merely careless.

20  *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 760 (9th Cir. 2018) (internal

21  quotation marks and citations omitted)

22  Plaintiff once again relies primarily on *Gilberg* and *Syed* to contend 7-Eleven use

23  of the Form was a willful violation of the FCRA.  (See Mot. at 8:23-12:4.)  Once again,

24  that reliance is misplaced as those decisions do not support a finding that the Form

25  willfully violated the standalone requirement for the five reasons that follow.

26  First, as detailed in the above section, neither *Gilberg* nor *Syed* address the

27  propriety of the provisions in the Form Plaintiff contends violate the standalone

28  requirement.  As such, they are irrelevant to this issue.

1    Second, there was no statute, regulatory guidance or case law that would have put

2    7-Eleven on notice at the time Plaintiff executed the Form that the provisions in the

3    Form Plaintiff claims are noncompliant.  *See id.*  In fact, other than the case law making

4    clear the inclusion of a liability waiver in a disclosure violates 15 U.S.C. §

5    1681b(b)(2)(A)(i)'s requirements – which the Form does not do – there is very little on-

6    point judicial or administrative authorities that analyze that statute's requirements as

7    applied to the provisions in the Form being challenged.  *See Just v. Target Corp.*, 187 F.

8    Supp. 3d 1064, 1067-70 (D. Minn. 2016) (declining to decide whether an analogous

9    disclosure to the Form violated 15 U.S.C. § 1681b(b)(2)(A)(i)'s standalone requirement

10   because, even presuming if it did, the dearth of authority regarding its requirements

11   outside of liability waivers precluded a finding that a disclosure without such a waiver

12   could be considered a willful FCRA violation); (*Compare* Def.'s RJN, ¶ 4, Ex. D *with*

13   Dkt. No. 23, Ex. A.)  In fact, to the extent there is case law addressing analogous

14   disclosures, those sources weigh in favor of finding that the Form is compliant.  *See,*

15   *e.g.*, *Dawson v. Wonderful Pistachios & Almonds, LLC*, 2018 WL 5263063, at *4-6

16   (C.D. Cal. April 27, 2018); *Walker*, 2018 WL 2455915, at *3-5; *Reed*, 2017 WL

17   5633153, at *3; *Newton*, 2015 WL 10435907, at *5-8; (*Compare* Def.'s RJN, ¶¶ 1-5,

18   Exs. A-E *with* Dkt. No. 23, Ex. A.)  Therefore, even if the Form is found to violate 15

19   U.S.C. § 1681b(b)(2)(A)(i)'s technical requirements, the violation could not be

20   considered willful given, to the extent there are authorities that analyze analogous

21   forms, those authorities would favor holding that the Form complied with 15 U.S.C. §

22   1681b(b)(2)(A)(i).  *See id.*

23   Third, *Syed's* willfulness analysis is focused solely on the inclusion of a liability

24   waiver in a disclosure form – as Plaintiff's Motion acknowledges.  (*See* Motion at 9:17-

25   23.)   The Form does not have such a waiver, which further highlights *Syed's*

26   inapplicability.

27   Fourth, Plaintiff improperly attempts to use *Gilberg* to write out of existence the

28   willfulness requirement by claiming it stands for the proposition that "*any* surplusage"

1   in violation of the standalone requirement will *ipso facto* be a willful violation.  (*See*

2   Mot. at 9:23-10:2.)  The contention is based on a blatant misrepresentation of *Gilberg*,

3   though, as that opinion does not even use the word willfulness – let alone analyze the

4   issue. *See Gilberg*, 913 F.3d at 1174-78.  Moreover, as the California Courts of Appeal

5   just held in *Culberson v. Walt Disney Parks and Resorts*, 2019 WL 1594026, at *5-6

6   (Cal. Ct. App. April 15, 2019) (unpublished), such a contention lacks merit.  In fact,

7   *Culberson* is particularly instructive as it involved a challenge to provisions in a

8   disclosure form analogous to those Plaintiff makes against the Form, the plaintiffs there

9   relied on *Syed* and *Gilberg* on willfulness too, and *Culberson* affirms a trial court's

10  decision to grant summary judgment on a standalone requirement challenge.  *See id.* at

11  *3-*6; (*see also* Def.'s RJN, ¶ 6, Ex. F.)  For example, in *Culberson*, the Courts of

12  Appeal observed that the plaintiffs' contentions regarding the alleged unambiguity of

13  the standalone requirement lacked merit because, although the statute does instruct that

14  a disclosure must consist solely of the disclosure, "the question remains what

15  information may constitute the disclosure itself." *See id.* at *4; (*see also* Opp'n at 7:23-

16  8:16.)  *Culberson* also found it telling that the plaintiffs there – like here – had failed to

17  cite to *any* decisions holding a disclosure form analogous to the one at issue did not

18  comply with 15 U.S.C. § 1681b(b)(2)(A)(i)'s requirements, and, like here, the

19  *Culberson* court noted that to the extent there were authorities that had analyzed

20  analogous forms they weighed in favor of the employer defendant.  *See id.* at *4-*5

21  (citing to both *Just v. Target Corp.*, 187 F. Supp. 3d 1064, 1067-70 (D. Minn. 2016)

22  and the *Walker* decision in support of this contention, as 7-Eleven did in its own motion

23  for summary judgment).  Finally, *Culberson* also noted the inapplicability of both *Syed*

24  and *Gilberg* to the form at issue there. *See id.* at *5-*6.  Specifically, it noted that

25  although those decisions make clear including a liability waiver or actual state law

26  disclosures in a disclosure violates the standalone requirement, "[n]either case

27  considered information similar to that in the Disney disclosure form [at issue there] or

28  opined on what information may constitute the FCRA disclosure itself." *See id.*  That is

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1   the case here as well with the Form.  Thus, in sum, Plaintiff's attempt to write-out of

2   existence the willfulness requirement on a 15 U.S.C. § 1681b(b)(2)(A)(i) claim with

3   *Gilberg* – i.e. a decision that does not even address the issue – lacks merit.

4       Finally, Plaintiff's reliance on the FTC *Willner* opinion is misplaced as that

5   opinion explicitly states that it is possible to include information required for both non-

6   investigative and investigative consumer reports in the same disclosure so long as the

7   disclosure remains "very limited."   *See* Willner Opinion letter, available at

8   https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-willner-03-25-99;   (*see*

9   *also* Oppn' at 8:17-9:8.)  7-Eleven respectfully submits that given the Form is just one-

10  page long, it was not reckless to believe the Form was consistent with this opinion –

11  especially when the *Walker* decision, which Plaintiff all but admitted would require the

12  Form be found compliant if applied in his opposition to 7-Eleven's summary judgment

13  motion, applied the *Willner* opinion to find an analogous form was compliant.  *Walker*,

14  2018 WL 2455915, at *3-5; (*see also* Dkt. 70 at 6:12-20.)

15      In sum, for the reasons explained above, Plaintiff's Motion fails to show as a

16  matter of law that 7-Eleven *willfully* violated the FCRA with the Form.

17  **VI.   CONCLUSION**

18      Plaintiff's deposition testimony shows he lacks Article III standing, and, for the

19  reasons explained above, his Motion fails to show the Form violated the FCRA – let

20  alone that such a violation was willful.  As such, his Motion should be denied, and this

21  case should be dismissed.

22

23  Dated:  April 29, 2019              CALL & JENSEN
                                        A Professional Corporation
24                                      Julie R. Trotter
                                        Kent R. Christensen
25                                      Delavan J. Dickson

26

27                                      By: */s/ Julie R. Trotter*
                                            Julie R. Trotter

28                                      Attorneys for Defendant 7-Eleven, Inc.