UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3893-RGK (AGRx) | | Date | May 1, 2019 |
|---|---|---|---|---|
| Title | Edwardo Munoz v. 7-Eleven, Inc. | | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Karl Lozada | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) MINUTE ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

On March 8, 2019, Plaintiff filed a motion to compel. (Dkt. No. 57.) On March 15, 2019, Defendant 7-Eleven, Inc. filed an opposition. (Dkt. No. 60.) On March 22, 2019, Plaintiff filed a reply. (Dkt. No. 64.) The motion is appropriate for adjudication without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

In this certified class action, Plaintiff challenges 7-Eleven's form background check disclosure under the Fair Credit Reporting Act ("FCRA") and argues that 7-Eleven's violation of the FCRA was willful. On October 18, 2018, the District Court granted class certification. (Dkt. No. 43.) Plaintiff argues that statutory and punitive damages are available under the FCRA only when a defendant "willfully fails to comply" with the statute. 15 U.S.C. § 1681n(a); *Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir.), *cert. denied*, 138 S. Ct. 447 (2017).

There is some confusion as to the specific relief Plaintiff seeks. Plaintiff's motion to compel seeks a ruling that the attorney-client privilege does not apply between 7- Eleven employees, on the one hand, and 7-Eleven's in-house and outside counsel, on the other hand, regarding the drafting or editing of 7-Eleven's FCRA form in 2016. (Mem. at 10, 19.) Plaintiff's reply brief clarifies that Plaintiff seeks the "production of certain communications regarding the drafting [of 7-Eleven's] background check disclosure form." (Reply at 1.) These communications occurred "between March and May of 2016" between "Ms. Cope and 7-Eleven's in-house and outside counsel regarding the drafting/editing of Defendant's FCRA disclosure form." (*Id.* at 3.) Plaintiff "does not seek any determination regarding the privilege log."[1] (*Id.* at 1-2.)

---

[1] Plaintiff initially described the dispute as "Deposition questions regarding any advice 7-Eleven received from its internal or external counsel regarding the use or editing of its form FCRA background check disclosure." (Dkt. No. 54 at 2.) Plaintiff's motion does not seek to compel any answers to the Rule 30(b)(6) deposition questions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3893-RGK (AGRx) | Date | May 1, 2019 |
|---|---|---|---|
| Title | Edwardo Munoz v. 7-Eleven, Inc. | | |

*Legal Standards*

Federal law governs application of the attorney client privilege in federal question cases. Fed. R. Evid. 501; *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1492 (9th Cir. 1989). The party asserting the attorney-client privilege has the burden of establishing the existence of the attorney-client relationship and the privileged nature of the communication. *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). Application of the attorney-client privilege is governed by an eight-part test: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *Id.* (citation omitted).

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice in response to such disclosures." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citation omitted). "The attorney client privilege applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996). "It also extends to those papers prepared by an attorney or at an attorney's request for the purpose of advising a client, provided the papers are based on and would tend to reveal the client's confidential communications." *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977). Similarly, "[a] communication from the attorney to the client that does not contain legal advice may be protected if it 'directly or indirectly reveal[s] communications of a confidential nature by the client to the attorney.'" *United States v. Christensen*, 828 F.3d 763, 802 (9th Cir. 2016).

"If a person hires a lawyer for advice, there is a rebuttable presumption that the lawyer is hired 'as such' to give 'legal advice,' whether the subject of the advice is criminal or civil, business, tort, domestic relations, or anything else. But the presumption is rebutted when the facts show that the lawyer was 'employed without reference to his knowledge and discretion in the law.'" *Chen*, 99 F.3d at 1501 (citation omitted); *see also Ruehle*, 583 F.3d at 608 n.8.

On the other hand, "'[t]he fact that a person is a lawyer does not make all communications with that person privileged.'" *Id.* at 607 (citation omitted). The attorney client privilege does not attach to requests for business advice – as opposed to legal advice – from in-house counsel. *United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996); *see United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) (finding "in-house attorneys can serve multiple functions within the corporation": "In-house counsel may be involved intimately in the corporation's day to day business activities and frequently serve as integral players in business decisions or activities. Accordingly, communications involving in-housel might well pertain to business rather than legal matters. The privilege does not protect an attorney's business advice.").

*Discussion*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3893-RGK (AGRx) | Date | May 1, 2019 |
|---|---|---|---|
| Title | Edwardo Munoz v. 7-Eleven, Inc. | | |

    Plaintiff and 7-Eleven present evidence from 7-Eleven's Rule 30(b)(6) designee, a Senior Human Resources Information Systems Analyst named Ms. Cope. The version of the disclosure form given to Plaintiff was the April 2016 version. (Cope Depo. at 116:11-15, attached as Exh. C to Trotter Decl.)

    In 2013, Sterling, a consultant, provided the original template of the disclosure form to 7-Eleven's human resources ("HR") department. HR shared that document with in-house counsel (Ms. Bernstein), who worked with outside counsel (Mr. Welter) to modify the form. (*Id.* at 112:3-9, 113:13-14, 114:6-19.)

    In April 2016, counsel made changes to the form. (*Id.* at 115:8-12.) The participants in the communications leading up to the April 2016 changes to the disclosure form were Ms. Cope, a supervisor, Ms. Bernstein (in-house counsel) and Mr. Welter (outside counsel). (*Id.* at 117:1-2, 15-20, 118:18-21.) The communications started in early March 2016. (*Id.* at 126:3-7.) Ms. Cope was seeking legal advice from Ms. Bernstein and Mr. Welter. (*Id.* at 118:7-13.) Ms. Cope testified that the April 2016 edit to the disclosure form "was a legal decision as opposed to a business decision." (*Id.* at 118:14-17.) Her communications with the supervisor involved Ms. Bernstein and at times also outside counsel, all for the purpose of seeking legal advice. (*Id.* at 119:10-120:7.) Ms. Cope did not recall what changes were made to the form or why. (*Id.* at 115:13-24, 117:2124.) The ultimate decision to change the form were made by the outside counsel and in-house counsel. She was not aware of any approval needed on the business side. (*Id.* at 126:13-24, 131:5:14.)

    The court has conducted an *in camera* review of the email chain at issue in Plaintiff's motion to compel. The email chain is Item 3 on 7-Eleven's privilege log as of January 29, 2019. (Exh. F to Trotter Decl.)

    7-Eleven has satisfied its burden of showing that the attorney client privilege protects each email in the chain. The first email in the chain is from outside counsel (Mr. Welter) to in-house counsel (Ms. Bernstein) and contains legal advice. The second email from Ms. Bernstein to Ms. Cope forwards outside counsel's email and references a discussion about it. The third email is from Ms. Cope to Mr. Welter and Ms. Bernstein, and requests legal advice. The fourth email is Mr. Welter's response to Ms. Cope and Ms. Bernstein, and contains legal advice. The fifth email is from Ms. Cope to Mr. Welter and Ms. Bernstein, and requests clarification about the legal advice. The sixth email is Mr. Welter's response to Ms. Cope and Ms. Bernstein, and provides additional legal advice in response to Ms. Cope's questions. The seventh, eighth, ninth and tenth emails concern arrangements for a telephone conversation to discuss the legal advice. The eleventh email contains Ms. Cope's request for additional legal advice. The twelfth email contains a response from Ms. Thomasian, from Mr. Welter's firm, with legal advice. The thirteenth email contains another request from Ms. Cope for legal advice. The fourteenth email contains Ms. Thomasian's response with legal advice.

    The emails at issue are paradigmatic of the attorney client privilege and do not present a close question. *See Graf*, 610 F.3d at 1156. Plaintiff makes a conclusory argument that the decision to revise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3893-RGK (AGRx) | Date | May 1, 2019 |
|---|---|---|---|
| Title | Edwardo Munoz v. 7-Eleven, Inc. | | |

the disclosure form "is primarily a business decision" and not a legal decision. (Reply at 4.) Plaintiff cites no authority for this proposition and does not explain what he means. For example, an attorney may give legal advice, and the client may choose not to follow that advice. In that scenario, Plaintiff would presumably agree that the client is the decisionmaker. But even if the client chooses to follow the attorney's advice, the attorney client privilege still applies to the communications. Plaintiff has not argued that 7-Eleven has impliedly waived the attorney client privilege by relying on attorney-client communications in defending this case. *See Bruno v. Equifax Info. Servs., LLC*, 2019 U.S. Dist. LEXIS 24502, *6-*8 (E.D. Cal. Feb. 14, 2019) (finding no implied or express waiver; "While attorney-client communications may be highly relevant to plaintiff's claims for violation of the FCRA, absent a waiver plaintiff is not entitled to discovery containing such communications.").

IT IS ORDERED that Plaintiff's motion to compel is DENIED.

|  | 0 | : | 0 |
|---|---|---|---|
| Initials of Preparer | kl | | |