Mike Arias (CSB #115385)
  mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@asstlawyers.com
**ARIAS SANGUINETTI WANT & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**7-Eleven, Inc.**, a Texas corporation,<br><br>Defendant. | Case No. 2:18-cv-03893-RGK-AGR<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Reply to Defendant's Additional Uncontroverted Facts]*<br><br>Date: May 20, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Place: Courtroom 850<br>Complaint Filed: May 9, 2018 |

## I. INTRODUCTION

In its Opposition to Plaintiff's Motion for Summary Judgment, Defendant 7-Eleven, Inc. ("Defendant" or "7-Eleven") continues to ignore its own plain violations of the FCRA. Repeating much of its own Motion to for Summary Judgment (ECF 67), 7-Eleven's primary argument is that Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") supposedly lacks standing to bring his claims; 7-Eleven contends once again that Munoz "falsely alleged" that he was confused by the form. Defendant then argues that its form complies with the FCRA—dismissing *Syed* and *Gilberg* as "irrelevant" along the way—and asserts that there is no evidence to support a willful violation of the Act.

7-Eleven's arguments remain unsupported and have not improved since their first appearance in Defendant's Motion for Summary Judgment. First, leaving aside that the Court already found standing when granting class certification, Plaintiff's testimony confirmed that he was confused when signing 7-Eleven's form, and not even an exacting deposition could resolve all of his confusion. Second, despite Defendant's artful attempts to dodge controlling legal standards, its disclosure form violates the FCRA's requirements, and this violation is willful as a matter of law. Accordingly, the Court should grant summary judgment in Plaintiff's favor.

## II. ARGUMENT

### A. Plaintiff has standing to bring suit—his testimony confirmed that he was confused by 7-Eleven's disclosure form.

As in its Motion for Summary Judgment, 7-Eleven begins its Opposition with an attack on Plaintiff's standing. (ECF 73, at 6–9.) Defendant asserts that, because Munoz did not thoroughly read every line of the form before signing it, Munoz is supposedly unable to claim he was confused by the form.[1] (*Id.* at 9.) However,

---

[1] Moreover, 7-Eleven extrapolates to suggest that Munoz simply "did not read" the form at all. (ECF 73, at 9.) Such a claim is refuted by Munoz's own testimony,

portions of Munoz's testimony confirmed that he was confused when signing the form and that he remained confused at his deposition. This argument would further allow 7-Eleven to have its cake and eat it too: 7-Eleven cannot implement a dense, confusing form that is too cumbersome to read and then contend that only those consumers who read every word can demonstrate sufficient confusion for standing purposes.

    To be sure, a plaintiff must have standing to bring suit, and this Court previously determined that Munoz had demonstrated standing:

> Here, Plaintiff has established standing. His injury—the procurement of a consumer report as the result of a faulty FCRA Disclosure Form— is sufficiently complete and particularized. . . . The consumer report is traceable to Defendant's alleged violation of the FCRA and would be remedied by a ruling in favor of the Plaintiff. Thus, Plaintiff has established standing, and determinations of harm suffered by additional members of the class for purposes of Article III standing will not be necessary.

(Order Re Pl.'s Mot. to Cert. Class, ECF 43, at 3–4) (citations omitted). Nevertheless, Defendant asserts that the Court must require a showing of confusion to support Munoz's standing. (ECF 73, at 7.) As Plaintiff has already shown in his Response to Defendant's Motion for Summary Judgment, however, Munoz's own testimony amply demonstrates that he was confused as to what the form authorized. (ECF 71, at 3.) Indeed, during the course of his deposition, Munoz confirmed his confusion multiple times:

- Munoz was confused by the title of the form (Dkt. 71-3, 145:16–146:20);

---

referenced by 7-Eleven, that he spent time reviewing the form before he signed. (*See id.* at 6.)

- Munoz did not understand the different types of reports mentioned in the form (*Id.* at 147:16–148:21);
- Munoz did not understand the purpose or scope of the authorization—he thought it was a simple background check disclosure that would not include authorization to interview his friends and family (*Id.* at 140:7–141:18; 142:9–21; 143:19–144:7; 168:2–169:1); and
- Had he understood that the form authorized 7-Eleven to interview his friends and family, he would not have signed the form. (*Id.* at 140:18–141:10; 168:2–6.)

Further, some of Plaintiff's confusion persisted even during the attorney-assisted review of the form at his deposition. (*See id.* at 146:5–15; 148:1–6; 157:3–23.) Hence, even though the Court previously found Munoz enjoys standing without reference to confusion, Munoz has testified under oath to his confusion with the form. These are not, as 7-Eleven continues to suggest, false allegations.

      Defendant attempts to discount Munoz's confusion by comparing him to parties in *Ruiz*, a case in which the named plaintiffs lacked standing. *Ruiz v. Shamrock Foods Co.*, 2018 WL 5099509, at *5–6 (C.D. Cal. Aug. 22, 2018). The present case is distinguishable—the named plaintiffs in *Ruiz* each had fatal errors in their standing that Munoz does not: (1) plaintiff Ruiz was "unable to articulate what, if any, language [was] confusing or that he did not understand"; (2) plaintiff Guerrero did not read or review the form; and (3) plaintiff Torres did not "recall reviewing or even completing" the FCRA authorization form. *Id.* at *2–3. As a result, the plaintiffs "lack[ed] facts to allow the Court to make an inference that they were confused by the inclusion [in question] or would not have signed the authorization form had it contained a sufficiently clear disclosure." *Id.* at *5.

Munoz, on the other hand, does not require such inference from the Court. Plaintiff has articulated clearly, under oath, the language in the 7-Eleven's FCRA form that he found confusing (including the parts that he *still* doesn't understand). Munoz may not have meticulously studied every word, but he did review the form before signing it, and he did recall reading and completing the form as part of his application. Even if a painstaking, line-by-line review during his deposition were able to clear up a few of his misunderstandings, it cannot change the fact that Munoz was injured, and his privacy was compromised, by 7-Eleven's confusing FCRA disclosure form. Accordingly, Defendant's continued assertions that Munoz was never confused are groundless. Plaintiff has standing to bring this action.

### B. 7-Eleven's form is unclear and fails to stand alone.

7-Eleven next argues that its form complies with the FCRA, contending that: (1) investigative consumer reports are merely a "sub-type" of consumer reports that may be disclosed in the same, combined form; and (2) 7-Eleven did not include the exact extraneous inclusions that were deemed unlawful in *Syed* and *Gilberg*. Neither of these arguments has merit.

First, 7-Eleven's semantic arguments are unavailing. Defendant argues that, rather than being a distinct type of report, investigative consumer reports are a "sub-type" of consumer report. (ECF 73, at 10.) Accordingly, 7-Eleven believes that the "disclosure" that Section 1681b(b)(2)(A)(i) requires to stand alone can combine disclosures for both types of reports. This argument fails. Defendant cannot avoid the reality that the FCRA separately defines both report types—indeed, 7-Eleven cited to their respective definitions in the statute. *See* 15 U.S.C. §§ 1681a(d)(1), 1681a(e); (ECF 73, at 10). Further, and as 7-Eleven did not care to admit in its Response, each kind of report has its own disclosure requirements: the requirement for disclosures of consumer reports appears in § 1681b(b)(2), and separate

disclosure requirements for investigative consumer reports appear in § 1681d(a) and (b). To consider these reports to be one in the same, and subject to only one shared "disclosure" requirement, would require the Court to completely ignore the choice Congress made in enacting the FCRA to include to distinct and separate disclosure requirements for these two different types of reports.

7-Eleven poses another semantic argument, noting that it does not agree that the form contains extraneous information and the dispute "is more accurately described" as one pertaining to what exactly is extraneous. (ECF 73, at 10.) Of course, Plaintiff understands the nature of this dispute, but 7-Eleven readily admits that its form details the nature and scope of investigative consumer reports, and this information is extraneous to and overshadows the simple consumer report disclosure. *See FTC Advisory Opinion to Willner* (Mar. 25, 1999). Defendant cites to the *Willner* opinion by way of *Walker*, a district court case (currently on appeal) decided months after Munoz received the form and was subsequently fired. *See Walker v. Fred Meyer*, 2018 WL 2455915 (D. Or. May 7, 2018). But the *Willner* opinion, published more than two decades ago, informed employers that details regarding the nature and scope of investigative reports would "overshadow" the disclosure required by Section 1681b(b)(2)(A). *FTC Advisory Opinion to Willner* (Mar. 25, 1999). Likewise, 7-Eleven's inability to "imagine *any* disclosure" that doesn't contain extraneous information is irrelevant—*Willner* already instructed employers that the surest way to comply would be provide separate disclosures. *Id.*; (*see* ECF 73, at 10 n. 2).

7-Eleven next addresses *Syed* and *Gilberg*, concluding that because the Ninth Circuit decided those forms were noncompliant on the basis of a liability waiver and state law provisions (and because neither case addressed the inclusion of investigative report details), then surely 7-Eleven's inclusions are not extraneous.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
-5-

(ECF 73, at 11.) This argument is an extension of the same faulty logic that the defendant argued, and the Ninth Circuit rejected, in *Gilberg*. That is, the defendant in *Gilberg* argued that *Syed* was inapplicable because it addressed liability waivers rather than state law provisions. *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1175 (9th Cir. 2019).[2] But the Ninth Circuit clearly ruled that the statute's plain language "meant what it said," and "*Syed* considered the standalone requirement with regard to *any* surplusage." *Id.* (emphasis added). 7-Eleven itself admits that "there are no exceptions to the standalone requirement." (ECF 73, at 11.)

In a consumer report disclosure, details about the nature and scope of an investigative report are surplusage—they are required by Section 1681d(b) the FCRA to be disclosure to consumers in a *separate* disclosure, and the FTC issued a pointed warning to employers *more than twenty years ago* that such information would overshadow a 1681b(b)(2)(a) disclosure and should be presented separately. These details muddled 7-Eleven's disclosure and rendered the form unclear and confusing to Munoz and thousands of other applicants. As a matter of law, 7-Eleven's disclosure is not clear and it fails to stand alone. Accordingly, Defendant has violated the FCRA and summary judgment should be granted in Munoz's favor.

**C.     7-Eleven's violation of the FCRA was willful as a matter of law.**

Finally, 7-Eleven presents a scattershot of arguments as to why any violation that is ultimately found should not be considered willful. For a second and third time, 7-Eleven tries to dodge *Syed* and *Gilberg* by arguing they are irrelevant. Defendant also claims that prevailing authority, including *Willner* and several

---

[2] It is worth noting here that 7-Eeven's disclosure *does* contain a statement alerting applicants and employees to the existence of additional state law disclosures. The inclusion of this statement also constitutes additional extraneous information in violation of the Act.

1 district court cases decided before and after Munoz was injured by the form at
2 issue, counsel in favor of 7-Eleven's extraneous inclusions. As explained below,
3 each of Defendant's arguments is without merit.

4       First, and as explained above, *Syed* and *Gilberg* remain relevant. The Ninth
5 Circuit in *Syed* opined directly on willful violation of the standalone requirement:

> 6 [T]he term we are called upon to construe is *not subject to a range of*
> 7 *plausible interpretations*. To the contrary, 15 U.S.C. §
> 8 1681b(b)(2)(A)(i) *unambiguously* forecloses the inclusion of a liability
> 9 waiver in a disclosure document. Thus, we need not consider M-I's
> 10 subjective interpretation of the FCRA in determining whether it acted
> 11 in reckless disregard of the statutory language, and therefore willfully.

12 *Syed*, 853 at 505 (emphasis added). While Defendant is correct that *Gilberg* did not
13 address willfulness, the Court therein clarified that *Syed*'s analysis applies to **any**
14 surplus information—*Syed* forecloses an approach that would allow even related
15 information to cloud a consumer report disclosure. *See Gilberg*, 913 F.3d at 1175–
16 76. Ninth Circuit precedent is not simply rendered "irrelevant" or "inapplicable"
17 because 7-Eleven's form doesn't include a liability waiver. (*See* ECF 37, at 13, 14.)
18 The *Syed* and *Gilberg* opinions are relevant, instructive, and controlling, and 7-
19 Eleven cannot credibly suggest otherwise.

20       Second, 7-Eleven cites to a variety of district court cases that supposedly
21 supported its inclusion of investigative report details. (ECF 73, at 14.) However,
22 two of these decisions occurred *after* Munoz was injured by the form—as
23 Defendant points out, 7-Eleven's interpretation of the FCRA must have been
24 informed by standards in place at the time the form was executed, which means that
25 neither *Walker* nor *Dawson* could have instructed 7-Eleven. *See Walker v. Fred*
26 *Meyer*, 2018 WL 2455915 (D. Or. May 7, 2018); *Dawson v. Wonderful Pistachios*

27
28

*& Almonds, LLC*, 2018 WL 5263063 (C.D. Cal. April 27, 2018); (ECF 73, at 14). Defendant also cites to *Just* and *Newton*, which could have informed the drafting of 7-Eleven's disclosure form, but in neither case did the employer's form contain details about the nature and scope of investigative reports, as is at issue here.[3] (*See* ECF 73-4, 73-7.) Only one case cited by 7-Eleven involved a form containing similar surplus information, but the plaintiff did not challenge that information (and in fact failed entirely to address the contents of the form). *See Reed v. CRST Van Expedited, Inc.*, 2017 WL 5633153, at *3 (M.D. Fla. Nov. 20, 2017); (ECF 73-6). In short, none of the decisions cited by Defendant addressed the inclusion of investigative report details prior to 7-Eleven's implementation of the form.

      Critically, however, a lack of judicial guidance does not immunize a party from statutory damages or render its interpretation of the law reasonable. *Syed*, 853 F.3d at 504. At the time the form was implemented, two authorities were plainly instructive. First, in a general sense, the FCRA itself cautioned against the inclusion, creating separate disclosure requirements for consumer reports and investigative consumer reports and stating *unambiguously* that the consumer report disclosure must stand alone. *Compare* 15 U.S.C. § 1681b(b)(2) *with* § 1681d(a)–(b). Second, and in a more specific sense, the FTC issued its *Willner* opinion two decades ago, restricting employers to a "very limited" statement regarding investigative reports. *FTC Advisory Opinion to Willner* (Mar. 25, 1999). Even after providing a brief example (which 7-Eleven far exceeds) the FTC explicitly advised employers to provide separate forms so as not to risk overshadowing the standalone

---

[3] 7-Eleven also cites heavily to *Culberson*, a yet unpublished California state court appeal that found a disclosure form used by Disney to be FCRA compliant. *Culberson v. Walt Disney Parks and Resorts,* 2019 WL 1594026 (Cal. Ct. App. April 15, 2019). Once again, the form at issue was decidedly clearer than 7-Eleven's, and it did not contain investigative report details. (*See* ECF 73-8.)

disclosure required by Section 1681b(b)(2). *Id.* 7-Eleven went beyond the boundaries of *Willner*, including a nature and scope description that, precisely as the FTC warned, overshadowed its disclosure and confused Munoz and the class.

Plaintiff is not attempting to write willfulness out of existence, as 7-Eleven would have the Court believe. (ECF 73, at 14.) Rather, Plaintiff has demonstrated to the Court that Defendant violated the FCRA as a matter of law—7-Eleven recklessly exceeded not only the FCRA's unambiguous requirement for a standalone disclosure but the FTC's warning from twenty years ago about the *exact* information that is included in the form. Accordingly, the Court should grant summary judgment in favor of Plaintiff.

## V. CONCLUSION

The Court should grant Plaintiff's Motion for Summary Judgment. Defendant's repeated attacks on Munoz's standing are groundless obfuscations of the facts of the case and Plaintiff's testimony under oath. Further, prevailing legal authority, both now and at the time the form was presented to Munoz, indicates that Defendant has willfully violated the FCRA. Accordingly, the Court should grant Plaintiff's motion and award any such relief as it deems necessary and just.

Respectfully Submitted,

**EDWARDO MUNOZ**, individually and on behalf of all others similarly situated,

Dated: May 6, 2019

By: ___/s/ Steven L. Woodrow___
    One of Plaintiff's Attorneys

Mike Arias (CSB #115385)
mike@asstlawyers.com
Alfredo Torrijos (CSB #222458)
alfredo@asstlawyers.com

**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven L. Woodrow*
    swoodrow@woodrowpeluso.com
Patrick H. Peluso*
    ppeluso@woodrowpeluso.com
Taylor T. Smith*
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on May 6, 2019.

/s/ Steven L. Woodrow