# EXHIBIT A

Steven L. Woodrow*
    swoodrow@woodrowpeluso.com
Patrick H. Peluso*
    ppeluso@woodrowpeluso.com
Taylor T. Smith*
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiff and the alleged Classes

Julie R. Trotter
    jtrotter@calljensen.com
Delavan J. Dickson
    ddickson@calljensen.com
Kent R. Christensen
    kchristensen@calljensen.com
**CALL & JENSEN**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: 949-717-3000
Facsimile: 949-717-3100

Attorneys for Defendant

[Additional counsel appearing on signature page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**7-Eleven, Inc.,** a Texas corporation,<br><br>Defendant. | Case No.  2:18-cv-03893-RGK-AGR<br><br>**STIPULATION OF SETTLEMENT**<br><br>Judge: Hon. R. Gary Klausner<br>Magistrate Judge: Hon. A. Rosenberg<br><br>Complaint Filed: May 9, 2018<br>Trial Date: July 2, 2019 |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (the "Agreement" or "Settlement Agreement") is dated June 17, 2019 (irrespective of when signed for reference purposes), and is entered into by and among (i) Plaintiff Edwardo Munoz on behalf of himself and the Settlement Class (as defined below), and (ii) Defendant 7-Eleven, Inc. ("7-Eleven" or "Defendant"). This Agreement is intended by the Parties to fully, finally, and forever resolve with prejudice, discharge, and settle the Released Claims (as defined below), as well as any and all other matters at issue, or potentially at issue, in this litigation, upon and subject to the terms and conditions of this Agreement and subject to the final approval of the Court having jurisdiction over the Parties and these Released Claims.

## RECITALS

A.     On May 9, 2018, named plaintiff Edwardo Munoz filed a class action complaint and jury demand in this Court in the above-captioned action on behalf of himself and all others similarly situated against Defendant 7-Eleven, Inc.

B.     Following meet-and-confer efforts between the Parties, Plaintiff filed a First Amended Complaint on July 9, 2019 ("FAC"), which is the operative complaint in this matter. The FAC alleges that 7-Eleven violated the Fair Credit Reporting Act's ("FCRA") "stand alone" and "clear and conspicuous" requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) with the background check disclosure and authorization form ("Form") Plaintiff and the Class executed as part of their newhire paperwork. The FAC sought damages and injunctive relief on behalf of a nationwide class.

C.     On October 19, 2018, the Court, the Honorable R. Gary Klausner presiding, granted Plaintiff's Motion for Class Certification (dkt. 43).

D.     Prior to and following class certification, and throughout the case, the Parties have engaged in motion practice, class certification, written and oral discovery, and informal discovery regarding the size and scope of the Class and the underlying merits of the case.

**STIPULATION OF SETTLEMENT**

E.      On April 9, 2019, counsel for Plaintiff Munoz, 7-Eleven's corporate representative, and counsel for 7-Eleven engaged in a full-day mediation in Toronto, Ontario, Canada, with Michael Dickstein of Dickstein Dispute Resolution, a well-respected mediator, in an attempt to resolve the case.

F.      Through the mediation process, the Parties conducted further informal discovery and exchanged additional information about the size and scope of the Class.

G.      Following extensive back-and-forth discussions and negotiations facilitated by Mr. Dickstein, the Parties reached an agreement on the framework of the proposed settlement and the relief to be made available to the Class upon Court approval.

H.      Following an agreement in principle with respect to the relief to be afforded to the Class, the Parties negotiated an incentive award for the proposed Class Representative and reasonable attorneys' fees for proposed Class Counsel.

I.      At all times, 7-Eleven has denied and continues to deny all wrongdoing whatsoever and has denied and continues to deny that it committed, threatened, or attempted to commit any wrongful act or violation of any law or duty alleged in the Action, including but not limited to the FCRA. 7-Eleven also contends that it has acted properly in all respects in connection with its procurement and use of consumer reports/background checks for applicants and employees.

J.      7-Eleven also denies: (1) each and every claim and contention alleged; (2) all charges of wrongdoing or liability against it or its agents arising out of any conduct, statements, acts, or omissions alleged in the Action; and (3) that Plaintiff or the Class are entitled to any form of damages or other relief based on the conduct alleged in the Action.

K.      7-Eleven also maintains that it has strong, meritorious defenses to the claims alleged in the Action and that it was prepared to vigorously defend all aspects of the Action. Nonetheless, having conducted an investigation of the facts, analyzed

**STIPULATION OF SETTLEMENT**

the relevant legal issues, and taken into account the uncertainty and risks inherent in any litigation, 7-Eleven has concluded that further defense of the Action would be protracted, burdensome, and expensive and that as such, it is desirable and beneficial to fully and finally settle and resolve the Action in the manner and upon the terms and conditions set forth in this Agreement.

L.    This Agreement therefore is a compromise of disputed rights and remedies between the Parties, and the Parties acknowledge and agree it represents a fair and reasonable resolution of disputes, claims, and defenses for all concerned. This Agreement, any related documents, and any associated negotiations may not be construed as, or deemed to be evidence of, or an admission or concession of, liability or wrongdoing on the part of 7-Eleven or any of the Released Parties (defined below) with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever.

M.    It is understood and agreed that this Agreement represents a full and final resolution of all claims, at law or in equity, whether known or unknown, that relate to, are based on, or arise out of the facts, allegations, claims, causes of action, transaction or series of transactions, or damages alleged or that were or could have been brought in the Action.

N.    Plaintiff Munoz believes that the claims asserted in the Action against 7-Eleven on behalf of himself and the certified Class have merit and that he and the Class would have ultimately been successful in prevailing on the merits. Nonetheless, Plaintiff Munoz and Class Counsel recognize and acknowledge that 7-Eleven has raised factual and legal defenses that present a risk that Plaintiff Munoz and the Class may not prevail. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties, delays, and expenses inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and

**STIPULATION OF SETTLEMENT**

1  finally compromised, settled and resolved, with prejudice, and be barred pursuant to

2  the terms set forth in this Agreement.

3       O.    Based on their evaluation, Class Counsel have concluded that the terms

4  and conditions of this Agreement are fair, reasonable, and adequate to the Class and

5  that it is in the best interests of the Class to settle the claims raised in the Action

6  pursuant to the terms and provisions of this Agreement.

7       P.    The Parties agree that the Action has been resolved in good faith, after

8  significant arm's-length bargaining, presided over by a neutral and respected

9  mediator, and that the settlement reflected in this Agreement confers substantial

10  benefits upon each of the Parties.

11       Q.    Accordingly, to avoid the costs of trial and the exigencies of continued

12  litigation and to settle and dispose of, fully and completely and forever, the Released

13  Claims and any and all claims and causes of action asserted in the Action, subject to

14  final approval of the Court after a fairness hearing or hearings as provided for below,

15  and that upon final approval of this Agreement by the Court and fulfillment of each

16  Party's obligations the Court will enter a final order dismissing this Action with

17  prejudice.

18
19  **SETTLEMENT AGREEMENT**

20  **1.    DEFINITIONS**

21         In addition to terms defined throughout this Agreement and in any

22  schedule or exhibits, the following terms shall have the meaning set forth below and

23  shall be deemed defined, for purposes of this Agreement only, as follows:

24      **1.1**    **"Action"** means this lawsuit, which is captioned *Munoz v. 7-Eleven,*

25  *Inc.*, 2:18-cv-03893-RGK-AGR (C.D. Cal.).

26      **1.2**    **"Approved Claim"** means a Claim that meets all requirements

27  expressly set forth in this Agreement and approved by the Settlement

28  Administrator that also meets the following requirements: (a) the Claim is

**STIPULATION OF SETTLEMENT**

1   submitted on a timely basis in accordance with the directions on the Claim Form

2   and the provisions of this Agreement, (b) the Claim is fully and truthfully

3   completed and executed by a Class Member and provides all of the information

4   requested on the Claim Form, (c) the Claim is signed by the Class Member,

5   subject to the penalties of perjury, and (d) the Claim Form is verified by the

6   Settlement Administrator as being on the Class List and not a duplicate or

7   otherwise invalid claim, pursuant to Section 2 of this Agreement.

8       **1.3** **"Claim"** means a written claim on the approved **"Claim Form"**

9   submitted by a Class Member to the Settlement Administrator requesting to

10   participate in and receive a benefit under the terms of this Settlement Agreement.

11       **1.4** **"Claimant Payments"** mean the amounts due to each Class Member

12   who timely files an Approved Claim equal to the Class Member's share of the Net

13   Settlement Fund.

14       **1.5** **"Claims Deadline"** means the date by which all Claim Forms must

15   be postmarked or received by the Settlement Administrator in order to be

16   considered timely. The Claims Deadline shall be a date no later than fourteen (14)

17   days prior to the deadline for Class Counsel and Plaintiff to file a Motion for Final

18   Approval. The Claims Deadline shall be clearly set forth in the Preliminary

19   Approval Order and on the Notice and the Claim Form.

20       **1.6** **"Claim Form"** means the forms drafted by Class Counsel and

21   Defendant, subject to the Court's approval, which, to recover a portion of the

22   Settlement, each Class Member must complete in full, sign, and timely mail to the

23   Settlement Administrator. The Claim Form will be mailed to each Class Member

24   with the notice and will be made available in paper format upon request to the

25   Settlement Administrator or to Class Counsel.

26       **1.7** "**Class**" or "**Settlement Class**" means all Persons who fall into the

27   definition of either class certified by the Court in its Order granting Class

28   Certification of October 18, 2018 (dkt. 43), which for convenience were defined as

1    follows:

2        **Disclosure Class**: All persons in the United States who (1) from a date [two

3        years] prior to the filing of this initial complaint in this action to the date

4        notice is sent to the Disclosure Class; (2) applied for employment with

5        Defendant; (3) about whom Defendant procured a consumer repot; and (4)

6        who were provided the same for FCRA disclosure and authorization as the

7        disclosure and authorization form that Defendant provided to Plaintiff.

8        **California Subclass:** All members of the Disclosure Class who reside in

9        California.

10       **1.8    "Class Counsel"** means Steven Woodrow and Patrick Peluso of

11   Woodrow & Peluso, LLC.

12       **1.9    "Class List"** means the list of Persons identified by 7-Eleven to be

13   provided to the Settlement Administrator who are members of the Class, which 7-

14   Eleven represents it used its best efforts to compile.

15       **1.10   "Class Member"** or **"Settlement Class Member"** means a Person is

16   a member of the Class (including the proposed Class Representative) who has not

17   submitted a valid request for exclusion. 7-Eleven reasonably believes that the total

18   estimated size of the Class is comprised of approximately 59,920 Persons.

19       **1.11   "Class Representative"** or **"Named Plaintiff"** means Plaintiff

20   Edwardo Munoz, subject to the approval of the Court.

21       **1.12   "Court"** means the United States District Court for the Central

22   District of California.

23       **1.13   "*Cy Pres* Designees"** means the Education Fund of the National

24   Association of Consumer Advocates. Should the Court not approve the Education

25   Fund of the National Association of Consumer Advocates as a *cy pres* recipient,

26   the *Cy Pres* Recipient shall mean any other such organization that the Court deems

27   appropriate.

28       **1.14   "Defendant"** or **"7-Eleven"** means 7-Eleven, Inc.

**STIPULATION OF SETTLEMENT**

1       **1.15   "Defense Counsel"** or **"7-Eleven's Counsel"** means defense

2   counsel, Julie Trotter, Delavan Dickson, and Kent Christensen of Call & Jensen.

3       **1.16    "Effective Date"** means one (1) business day after which all of the

4   events and conditions specified in Section 9.1 have occurred or have been met.

5       **1.17   "Fair Credit Reporting Act"** or **"FCRA"** or "**the Act**" means and

6   refers to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

7       **1.18   "Fee Award"** means the amount of reasonable attorneys' fees and

8   reimbursement of expenses, if any, awarded by this or any other Court to Class

9   Counsel for their work pursuing this Action which Defendant will pay from the

10  Settlement Fund.

11      **1.19   "Final"** means one business day following the latest of the following

12  events: (i) the date upon which the time expires for filing or noticing any appeal of

13  the Court's Final Order approving this Settlement Agreement; (ii) if there is an

14  appeal or appeals, other than an appeal or appeals solely with respect to the Fee

15  Award, the date of completion, in a manner that finally affirms and leaves in place

16  the Final Order without any material modification, of all proceedings arising out

17  of the appeal or appeals (including, but not limited to, the expiration of all

18  deadlines for motions for reconsideration or petitions for review or *certiorari*, all

19  proceedings ordered on remand, and all proceedings arising out of any subsequent

20  appeal or appeals following decisions on remand); or (iii) the date of final

21  dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

22      **1.20   "Final Approval Hearing"** means the fairness hearing under Rule

23  23(e) during which the Parties will ask the Court to enter the Final Order

24  approving the Settlement Agreement, the incentive award to the Class

25  Representative, and the Fee Award, to be scheduled in the Preliminary Approval

26  Order and set forth in both the Short Form Notice and Long Form Notice.

27      **1.21**   "**Final Approval Order and Judgment**" means the order in which

28  the Court grants final approval of this Settlement Agreement, authorizes the entry

**STIPULATION OF SETTLEMENT**

- 8 -

1  of a final judgment, and dismisses the Action with prejudice.

2      **1.22  "Funding Date"** means the date by which 7-Eleven must forward to

3  the Settlement Administrator by wire the sum of the balance remaining between

4  the Initial Deposit and the Settlement Fund. The Funding Date shall be no later

5  than fourteen (14) days following the date the Final Approval Order and Judgment

6  becomes Final.

7      **1.23  "Incentive Award"** means the amount, if any, approved by the Court

8  as a payment to the Class Representative in recognition of the Class

9  Representative's time, effort, and exposure on behalf of the Class Members.

10      **1.24  "Judgment"** means the Judgment entered to by the Court

11  incorporating the terms of this Settlement Agreement as approved in the Final

12  Order.

13      **1.25  "Long Form Notice"** means traditional "long form" notice to be

14  made available on the Settlement Website, describing the terms of this Settlement

15  Agreement and containing information on how to file a claim, opt-out of the

16  Settlement Class, or object, and which will be made available in accordance with

17  Section 4 of this Settlement Agreement, substantially in the form of Exhibit A

18  hereto.

19      **1.26  "Nationwide"** means the fifty (50) states of the United States of

20  America and its territories or possessions that are subject to the FCRA or any

21  claims asserted in the Action.

22      **1.27  "Net Settlement Fund"** defined and calculated as the total

23  Settlement Fund (one million nine hundred seventy two-thousand and five

24  hundred dollars, $1,972,500 USD) less the sum of all Settlement Administration

25  Costs, any Incentive Award to the Settlement Class Representative, and any Fee

26  Award as approved by the Court respectively).

27      **1.28  "Notice Date"** means the date by which direct-mail notice under the

28  Notice Plan set forth in Section 4 has been sent, which shall be a date no later than

**STIPULATION OF SETTLEMENT**

twenty one (21) days after entry of the Preliminary Approval Order.

**1.29   "Notice Plan"** means the proposed plan developed by the Settlement Administrator and approved by the Parties for disseminating notice to members of the Class of the proposed Settlement Agreement and of the Final Approval Hearing.

**1.30   "Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion by a Person within the Class must be postmarked or filed with the Court, which shall be designated as a date no earlier than forty-five (45) days after the Notice Date and at least fourteen (14) days after papers supporting the Fee Award are filed with the Court and made available on the Settlement Website.

**1.31   "Parties"** or **"Settling Parties"** means Plaintiff Edwardo Munoz and Defendant 7-Eleven.

**1.32   "Person"** means any individual or any entity including, without limitation, a corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any other business or legal entity and their respective predecessors, successors, representatives, and assigns.

**1.33   "Plaintiff"** means the Named Plaintiff Edwardo Munoz.

**1.34   "Preliminary Approval"** means the Court's preliminary approval of the Settlement Agreement and approval of the form of the Notice and of the Notice Plan.

**1.35   "Preliminary Approval Order"** means the Court's order preliminarily approving the Settlement Agreement, confirming the prior certification of the Class, and directing notice of the Settlement to the Class.

**1.36   "Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected,

**STIPULATION OF SETTLEMENT**

claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, punitive, treble, exemplary, statutory, or multiplied damages, expenses, costs, attorneys' fees, fines, penalties, awards, interest (including pre-judgment interest), and all other obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the FCRA or any other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States (including both direct, vicarious, and derivative claims), and whether known or unknown, against the Released Parties or any of them that relate to, are based on, or arise out of the facts, allegations, claims, causes of action, transaction or series of transactions, or damages alleged or that were or could have been brought in the Action, including any and all alleged violations of the FCRA or any similar federal, state, local, statutory, or common law or any other similar law, rule or regulation.

**1.37** **"Released Parties"** means Defendant 7-Eleven and all current and former, direct and indirect, parents, subsidiaries, brother-sister companies, and all other affiliates and related partnerships, joint ventures, or other entities, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, insurers, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, through, under or in concert with any of the persons or entities listed in this section, and their successors.

**1.38** **"Releasing Parties"** means Plaintiff Munoz and those Class Members who do not timely opt out of the Class (whether or not such Class Members submit claims).

**1.39** **"Settlement Administration Expenses"** means the expenses

**STIPULATION OF SETTLEMENT**

incurred by the Settlement Administrator in providing Notice, maintaining the Settlement Website, processing claims, mailing checks for Approved Claims, as well as any costs incurred in sending the Class Action Fairness Act notices described in Section 4.2(g) below. 7-Eleven will pay all Settlement Administration Expenses incurred in connection with this Agreement.

**1.40  "Settlement Administrator"** means the third-party administrator selected by the Parties and approved by the Court to oversee the distribution of Notice and to process and pay Approved Claims to the Class Members, in accordance with the terms and conditions set forth in this Agreement, and any other amounts to any other Persons required under this Agreement.

**1.41  "Settlement Agreement" "Settlement"** or **"Agreement"** means this Agreement and the settlement contemplated hereunder.

**1.42  "Settlement Checks"** mean the checks to be issued by the Settlement Administrator from the Settlement Fund in the amount of the Claimant Payments. Settlement Checks shall be issued no later than twenty one (21) days following the Funding Date.

**1.43  "Settlement Fund"** means the total aggregate common fund that 7-Eleven will be obligated to pay by operation of this Settlement Agreement if it receives final approval from the Court and the Judgment becomes Final. The Settlement Fund equals one-million, nine-hundred seventy-two thousand, five-hundred dollars ($1,972,500 USD) and constitutes 7-Eleven's exclusive and total payment obligation under this Settlement Agreement to settle the Action in full. The Settlement Fund will be used to pay: (a) the Settlement Checks to Settlement Class Members who submit Approved Claims; (b) any Fee Award; (c) any Incentive Award approved by the Court; and (d) all Settlement Administration Costs. The Settlement Fund represents the total extent of 7-Eleven's monetary obligations under this Agreement. The Settlement Fund shall be maintained in an interest-bearing account if possible at a bank chosen by the Settlement

**STIPULATION OF SETTLEMENT**

Administrator ("the Settlement Bank Account"). The Settlement Administrator shall establish the Settlement Bank Account at a bank that is insured by the Federal Deposit Insurance Corporation and that has total assets of at least five-hundred million dollars ($500,000,000 USD) and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's). Any costs associated with opening and/or maintaining the bank account to hold the Settlement Fund shall be deducted from the Settlement Fund. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.

1.44   **"Settlement Website"** means the Internet website to be established, administered and maintained by the Settlement Administrator as set forth in Section 4 of this Settlement Agreement which shall contain the Long Form Notice, important dates and deadlines, and key Settlement documents and orders. The Settlement Website will also allow Settlement Class Members to file Claim Forms electronically.

1.45   **"Short Form Notice"** means the notice of this proposed Class Action Settlement and Final Approval Hearing, which will be delivered via direct-mail notice to the Class Members in substantially the manner set forth in this Agreement, consistent with the requirements of due process and Rule 23, as expressly provided in this Agreement and as substantially in the form attached as Exhibit B.

**2.     CLASS BENEFITS**

2.1   **Payments to Settlement Class Members.**  No later than the Funding Date, 7-Eleven shall deposit into the Settlement Bank Account the Settlement Fund . 7-Eleven shall have no payment obligations under this Settlement other than the Settlement Fund. In the event that this Settlement Agreement terminates or is not approved, any advances paid to the Settlement Administrator by 7-Eleven that have not been spent, and are not required for amounts that are due and payable for

**STIPULATION OF SETTLEMENT**

1  reasonable and identified notice and administration costs already incurred, shall,

2  within ten (10) business days, be returned by the Settlement Administrator to 7-

3  Eleven by payment to an account designated by 7-Eleven.

4  a) To facilitate the notice and claims administration process, 7-

5  Eleven and its counsel will provide to the Settlement Administrator, in an

6  electronically searchable and readable format, the Class List. Any information on the

7  Class List shall be provided solely for the purpose of providing notice to the Class

8  and informing them about their rights further to this Settlement, shall be kept in strict

9  confidence and, subject to a Stipulated Protective Order, shall not be disclosed to any

10  third party other than the parties to this Agreement and their counsel if necessary to

11  effectuate the terms of the Agreement or the administration process, shall be used for

12  no other cases, and shall be used for no other purpose.

13  b) Subject to the terms and conditions of this Agreement, Class

14  Members shall qualify for payment from the Settlement Fund if they submit a Claim

15  Form before the Claims Deadline that is an Approved Claim and they are on the

16  Class List. Only one claim per person shall be permitted.

17  c) Each Class Member who submits an Approved Claim shall be

18  eligible to receive one (1) Claimant Payment of equal value, which is to be

19  determined by dividing the Net Settlement Fund by the total number of Approved

20  Claims. However, in no event shall any Class Member receive a Claimant Payment

21  greater than five-hundred fifty dollars ($550), which shall be the maximum payout.

22  If the $550 cap is triggered, any remaining funds from the Net Settlement Fund shall

23  be distributed evenly among the *Cy Pres* designees approved by the Court.

24  d) Settlement Checks for the Claimant Payments shall be valid for

25  ninety (90) days after issuance. Settlement Checks shall be issued to Class members

26  who filed Approved Claims within twenty-one (21) days of the Funding Date. Any

27  funds associated with Settlement Checks not cashed by Settlement Class Members

28  within that time will remain in the Settlement Fund unless such Settlement Check is

**STIPULATION OF SETTLEMENT**

1    returned as undeliverable to the Settlement Administrator within the 90-day period

2    after issuance ("Returned Settlement Checks"). With respect to Returned Settlement

3    Checks, the Settlement Administrator will make one (1) reasonable attempt at re-

4    mailing to the address on file or to any updated address determined by using the

5    national change of address registry. Re-mailed checks shall be valid for ninety (90)

6    days after issuance of the re-mailing.

7            e)      Any amounts remaining in the Settlement Fund after payment of

8    all Claimant Payments, Settlement Administration Costs, Fee Award and Incentive

9    Award will be paid to the *Cy Pres* Recipients, as approved by the Court.

10           f)      Notwithstanding any judgment, principle, or statute, there shall

11   be no interest accrued, owing, or paid by 7-Eleven on the Claimant Payments, or on

12   the Settlement Fund, or on any other benefit available (or potentially available)

13   under this Agreement.

14       **2.2    Prospective Relief.**  The Parties and Settlement Class agree that the

15   language below satisfies the requirements of 15 U.S.C. § 1681b(b)(2)(A)(i), which

16   is the content in 7-Eleven's current background check disclosure form:

17

18                    **CONSUMER REPORT DISCLOSURE AND AUTHORIZATION**

19   7-Eleven, Inc. may obtain, where permitted, one or more "consumer reports" as that term is defined
     in the Fair Credit Reporting Act ("FCRA") to use for employment purposes in connection with
20   your employment, or your application for employment (i.e., for the purpose of considering you for
     employment) with 7-Eleven, Inc.  Consumer reports may contain information concerning your
21   criminal history, driving history, education history, employment history, records of military
     service, and other background information where permissible by law.
22

23   By affixing your electronic signature below, you authorize 7-Eleven, Inc. to obtain, where
     permitted, one or more consumer reports in connection with your employment or application for
24   employment with 7-Eleven, Inc.

25

26   **First Name:**
     **Full Middle Name:**
27   **Last Name:**
     **Address:**
28   **Email Address:**
     **STIPULATION OF SETTLEMENT**

                                           - 15 -

**Date of Birth:**
**Social Security Number:**

This is an electronic signature and is given in accordance with U.S. federal regulations governing the legal and binding effectiveness of electronic signatures. By providing this electronic signature, you are acknowledging that you have carefully read this notice and authorization form, and understand it.

.

**2.3    Payments Not Wages.** The Parties agree that payments under this Agreement do not constitute wages, these payments are not subject to FICA or other withholding, and each Settlement Class Member who is eligible for and receives a payment under this Agreement will be solely responsible for payment of any taxes on the amount received.

**3.    RELEASES**

**3.1    Released Claims.** The obligations incurred under this Settlement Agreement shall constitute a full and final disposition, settlement, and dismissal of the Action and of any and all Released Claims by the Releasing Parties against all Released Parties and each of them.

**3.2    Release.** Upon the Effective Date, the Releasing Parties and each of them, jointly and severally, shall be deemed to have, and by operation of the Final Order, shall have fully, finally, and forever released, relinquished, waived, and discharged with prejudice all Released Claims against the Released Parties and each of them.

**3.3    All Claims, Known and Unknown, Extinguished.** In addition, upon the Effective Date the Class Representative, on behalf of himself and his present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them, shall be deemed to have released any and all claims, known or unknown, against 7-Eleven and the Released Parties that were or could have been brought against 7-Eleven and the Released Parties either in the Action or in any separate proceeding in any court of competent jurisdiction. 7-Eleven shall be able to raise a

**STIPULATION OF SETTLEMENT**

1 defense in any subsequent action alleging Released Claims that payments to any

2 Person based on an Approved Claim operates as an accord and satisfaction and a

3 release and waiver as to any claims such Persons may otherwise have arising

4 from, or which could have been asserted in, the Action.

5      **3.4**     **California Section 1542**. For the Released Claims, each Settlement

6 Class Member who applied for or worked in the State of California waives all

7 rights and benefits afforded by California Code Section 1542 and does so with full

8 understanding of the significance of that waiver. Section 1542 states: "**A general**

9 **release does not extend to claims that the creditor or releasing party does not**

10 **know or suspect to exist in his or her favor at the time of executing the**

11 **release and that, if known by him or her, would have materially affected his**

12 **or her settlement with the debtor or released party.**" The Class Representative

13 and Settlement Class Members acknowledge that they may discover facts in

14 addition to or different from those that they now know or believe to be true with

15 respect to the subject matter of this release, but that it is their intention to finally

16 and forever settle and release the Released Claims, notwithstanding any unknown

17 claims they may have, as that term is defined in this Agreement.

18 **4.**     **NOTICE, EXCLUSIONS & OBJECTIONS**

19      **4.1**     **Notice Plan**

20           a)     The Parties agree to provide the best notice that is practicable

21 under the circumstances, including individual notice to Persons in the Class who

22 may be identified through reasonable efforts.

23           b)     7-Eleven shall, within fourteen (14) days of entry of the

24 Preliminary Approval Order, provide the Settlement Administrator with the Class

25 List. The Settlement Administrator shall use the Class List to take all steps

26 reasonably necessary, including reverse phone look-ups of the phone numbers, to

27 identify the owner of the numbers in the Class List at the relevant time together

28 with such Persons' last known mailing address and email address, where

**STIPULATION OF SETTLEMENT**

available. After identifying mailing addresses through this process, the Settlement Administrator shall, by using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), obtain updated mailing addresses, if available.

c) Within thirty (30) days following entry of the Preliminary Approval Order, the Settlement Administrator shall send the Short Form Notice to each Class Member via first class mail for those Class Members for whom a mailing address has been obtained. Wherever an email address has been located, the Settlement Administrator will also email the Short Form Notice, in a form appropriate for email, to the email address. Neither the Parties nor the Settlement Class Administrator shall have any obligation to mail or email the Short Form Notice to any Settlement Class Member for whom no mailing address or email address could be located following the process set forth in 4.3.b above. If and to the extent deemed necessary by the Settlement Administrator, the last known address of Persons in the Class will be subject to confirmation or updating as follows: (i) the Settlement Administrator may conduct a reasonable search to locate an updated address for any Person in the Class whose Short Form Notice is returned as undeliverable; (ii) the Settlement Administrator shall update addresses based on any forwarding information received from the United States Post Office; and (iii) the Settlement Administrator shall update addresses based on information it receives and through any requests received from Persons in the Class.

d) If any Short Form Notice sent under this Section is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Short Form Notice once to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Otherwise, the Settlement Administrator shall attempt to send notice via email. Other than as set forth in this paragraph, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail the Short Form Notice.

**STIPULATION OF SETTLEMENT**

1        e)     The Settlement Administrator shall have discretion to format

2 the Short Form Notice and Claim Form in a reasonable manner to minimize

3 mailing or administrative costs. Before the Short Form Notices are mailed, Class

4 Counsel and Counsel for Defendant shall first be provided with a proof copy of

5 any and all notices (including what the items will look like in their final form), and

6 shall have the right to inspect the same for compliance with the Settlement

7 Agreement and with any orders by the Court.

8        f)     No later than twenty-one (21) days following the entry of the

9 Preliminary Approval Order, the Settlement Administrator shall cause the Long

10 Form Notice, a downloadable Claim Form that may be printed and mailed to the

11 Settlement Administrator, an electronic version of the Claim Form that may be

12 completed and submitted electronically, this Settlement Agreement and Exhibits,

13 the FAC, the Preliminary Approval Order, and any other relevant documents to be

14 made available on a dedicated Settlement Website, the website name/URL for

15 which is to be agreed upon by the Parties, to be administered by the Settlement

16 Administrator. When available, the Settlement Administrator shall make available

17 on the Settlement Website Class Counsel's application for a Fee Award and any

18 motion seeking approval of any Incentive Award as well as the Final Approval

19 Order. Any other content proposed to be included or displayed on the Settlement

20 Website shall be approved in advance by Class Counsel and Defendant's Counsel.

21 Such approvals shall not be unreasonably withheld.

22        g)     Within thirty (30) days after entry of the Preliminary Approval

23 Order, the Settlement Administrator shall set up a toll-free telephone number that

24 will provide automated information about the settlement, the Class Members'

25 rights, important deadlines, and instructions as to how Class Members may

26 request and obtain hard-copy settlement documents. That telephone number shall

27 be maintained until the Claims Deadline. After that time, and through the date the

28 Final Approval Order is entered, a recording will advise any caller to the toll free

**STIPULATION OF SETTLEMENT**

1  telephone number that the Claims Deadline has passed and that details regarding

2  the settlement may be reviewed on the Settlement Website.

3          h)  7-Eleven and the Settlement Administrator shall be responsible

4  for timely compliance with any notice required by the Class Action Fairness Act

5  ("CAFA"), 28 U.S.C. § 1715. 7-Eleven shall provide proof of such compliance by

6  filing a confirmation declaration with the Court at least fourteen (14) days prior to

7  the Final Approval Hearing.

8          i)  Claim Forms shall be returned or submitted to the Settlement

9  Administrator via U.S. Mail or via submission through the Settlement Website, by

10  the Claims Deadline or be forever barred.

11      **4.2**    **Right to Opt Out, Comment, or Object.** The Notice shall advise the

12  Class Members of their rights, including the right to be excluded from, comment

13  upon, or object to the Settlement Agreement or its terms and conditions. The

14  Notice shall specify that: (i) any objection to the Settlement Agreement and any

15  papers submitted in support of an objection shall be considered by the Court at the

16  Final Approval Hearing only if, on or before the Objection/Exclusion Deadline

17  approved by the Court and specified in the Notice, the Person making an objection

18  files notice of his or her intention to do so and at the same time files copies of such

19  papers he or she proposes to submit at the Final Approval Hearing with the Clerk

20  of the Court and sends copies of such papers by mail, hand, or overnight delivery

21  service to Class Counsel and 7-Eleven's Counsel, and (ii) that any objection made

22  by a Class Member represented by counsel must be filed through the Court's

23  CM/ECF system.

24      **4.3**    **Objections**.  Any member of the Class who intends to object to this

25  Agreement must include in the objection his/her name and address; include all

26  arguments, citations, and evidence supporting the objection (including copies of

27  any documents relied on); state that he or she is a Class Member; and provide a

28  statement indicating whether the objector intends to appear at the Final Approval

**STIPULATION OF SETTLEMENT**

Hearing and, if so, whether the appearance will be with or without counsel. Any Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this section and as detailed in this Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Action or any other action or proceeding. To be valid, the objection must be filed with the Court and delivered or postmarked and sent via mail to Class Counsel and 7-Eleven's Counsel on or before the Objection/Exclusion Deadline approved by the Court and specified in the Short Form and Long Form Notice.

**4.4     Exclusion**. A member of the Class may request to be excluded from the Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified on the Notice. To exercise the right to be excluded, a member of the Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the name and number of the case, and a statement that such Person intends to be excluded from the Settlement. A request to be excluded that does not include all of this information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Class and shall be bound as Class Members by the Agreement, if approved. Any Class Member who elects to be excluded shall not: (i) be bound by any orders of the Final Order; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting

1   exclusion. So-called "mass" or "class" opt-outs shall not be allowed.

2      **4.5    Settlement Administration Costs** are payable from the Settlement

3   Fund, as approved by the Court.

4      **4.6    Binding Settlement**. Any Class Member who does not, in

5   accordance with the terms and conditions of this Agreement, seek timely

6   exclusion from the Class or timely file an Approved Claim shall be deemed a

7   Class Member bound by this Agreement, but shall not be entitled to receive any

8   cash award or any other benefits pursuant to this Agreement but will otherwise be

9   bound together with all respective Class Members by all of the terms of this

10  Agreement, including the terms of the Final Order to be entered in the Action and

11  Releases provided for in the Agreement, and will thus be barred from bringing any

12  action against any of the Released Parties concerning the Released Claims.

13  **5.    SETTLEMENT ADMINISTRATION**

14     **5.1    Claims Process**. The Settlement Administrator shall, under the

15  Court's supervision, administer the relief provided by this Settlement Agreement

16  by processing Claim Forms in a rational, responsive, cost-effective, and timely

17  manner. The Settlement Administrator shall maintain reasonably detailed records

18  of its activities under this Agreement. The Settlement Administrator shall ensure

19  that all such records will be made available for inspection and copying to Class

20  Counsel and 7-Eleven's Counsel upon request. The Settlement Administrator shall

21  also provide reports and other information to the Court as the Court may require.

22  The Settlement Administrator shall provide Class Counsel and 7-Eleven's Counsel

23  with information concerning the Notice as well as the administration and

24  implementation of the Settlement Agreement. Should the Court request, the

25  Parties, in conjunction with the Settlement Administrator, shall submit a timely

26  report to the Court summarizing the work performed by the Settlement

27  Administrator, including a report of all amounts from the Settlement Fund paid to

28  Settlement Class Members on account of Approved Claims. Without limiting the

**STIPULATION OF SETTLEMENT**

1  foregoing, the Settlement Administrator shall:

2         a)      Forward to 7-Eleven's Counsel and Class Counsel, all

3  original (or suitable copies of) documents and other materials received in

4  connection with the administration of the Settlement, within fifteen (15) days after

5  the date on which all Claim Forms have been finally approved or disallowed in

6  accordance with the terms of this Agreement;

7         b)      Receive requests to be excluded from the Class and other

8  requests from Class Members and promptly provide to Class Counsel and 7-

9  Eleven's Counsel copies upon receipt. If the Settlement Administrator receives

10  any requests for exclusion or other requests from Class Members after the

11  deadline for the submission of such forms and requests, the Settlement

12  Administrator shall promptly provide copies thereof to Class Counsel and 7-

13  Eleven's Counsel.

14         c)      Provide weekly or other periodic reports to Class Counsel

15  and 7-Eleven's Counsel, including without limitation, reports regarding the

16  number of Claim Forms received and the amount of the payments sought, the

17  number approved by the Settlement Administrator, and the categorization and

18  description of Claim Forms rejected, in whole or in part, by the Settlement

19  Administrator; and

20         d)      Make available for inspection and copying by Class Counsel

21  and/or 7-Eleven's Counsel, the Claim Forms and any supporting documentation

22  received by the Settlement Administrator at any time upon reasonable notice.

23    **5.2    Valid Claim Forms**. The Settlement Administrator shall reject a

24  Claim Form, or any part of a Claim for a payment with due regard for 7-Eleven

25  records to verify the submissions of any claim presented, including without

26  limitation, where the name provided on the Claim Form does not appear on the

27  Class List or cannot be validated as having been considered for employment by 7-

28  Eleven. In addition, the Settlement Administrator shall be obliged to employ

**STIPULATION OF SETTLEMENT**

reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Class Member is an Approved Claim and shall reject Claim Forms that fail to comply with the instructions or the terms of this Agreement, after giving the claimant a reasonable opportunity to provide any requested missing information, but in no event shall any Class Member have more than thirty (30) days after being noticed by the Settlement Administrator of any question or deficiency in the submitted Claim Form to answer the question or cure such deficiency.

**5.3    Challenges to Validity of Claim Form**. Both Class Counsel and 7-Eleven, either individually or jointly, shall have the right to challenge the acceptance or rejection of a Claim Form submitted by a Class Member. The Settlement Administrator shall be bound by any agreed decisions of Class Counsel and 7-Eleven's Counsel as to the validity of any disputed Claim Form. To the extent Class Counsel and 7-Eleven are not able to agree on the disposition of a challenge, the Parties shall present such challenges to the mediator, Michael Dickstein, for binding, non-appealable decision as to such challenge, subject to any confidentiality provisions as necessary to assure the privacy of the person whose claim is challenged.

**5.4    Administrator's Request for Information**. In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class Member.

**5.5    Fairness Hearing**. The Final Approval Hearing shall be no earlier than forty-five (45) days after the Notice described in Section 4.1 is provided or such other time as the Court shall set.

**5.6    Confidentiality of Information**. The Settlement Administrator and the Parties each agree to keep all information received under Section 5 of this

**STIPULATION OF SETTLEMENT**

- 24 -

Agreement—including the Class List and all personal information of the Class obtained therefrom—confidential and may use it only for purposes of effectuating this Agreement.

## 6.    TERMINATION OR RESCISSION OF SETTLEMENT

**6.1    Termination Events**. Subject to Section 9 below, the Class Representative, on behalf of the Class, or Defendant and each or any of them, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties within ten (10) business days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect, including without limitation the Court's refusal to approve the reversion of monies remaining in the Settlement Fund to 7-Eleven; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Order in this Action in any material respect; (iv) the date upon which the Final Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which the Alternate Order, as defined in Section 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2    Termination or Rescission by Defendant**.  Notwithstanding any other provision contained herein to the contrary, Defendant shall have the right, but not the obligation, to terminate and rescind this Agreement if over five (5) percent of the Class files valid requests for exclusion from this Agreement. To exercise this right, Defendant must provide written notice to Plaintiff no later than fourteen (14) days following the Objection/Exclusion Deadline. If Defendant terminates or rescinds this Agreement, then the Defendant's obligations under the Agreement will cease to have any force and effect, the Agreement will be vacated, canceled, and annulled, and the Parties will return to the status quo ante as if they had not entered into the settlement. In addition, the settlement and all negotiations

STIPULATION OF SETTLEMENT

and proceedings related to the settlement will be without prejudice of the rights of the Parties, and evidence of the settlement, negotiations, and proceedings will be inadmissible and will not be discoverable.

## 7.   PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

**7.1   Motion for Preliminary Approval**. Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date, the Objection/Exclusion deadline, the Claims Deadline, and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the forms attached as Exhibits B and C.

**7.2   Final Approval Hearing**. At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth in this Agreement.

**7.3   Final Approval Order**. After Notice is given, Class Counsel shall request from the Court a Final Order. The Final Order will (among other things):

a)   find that the Court has personal jurisdiction over all Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all attached exhibits;

b)   approve the Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties;

**STIPULATION OF SETTLEMENT**

1         c)      find that the Notice and the Notice Plan implemented

2  pursuant to the Agreement (i) constitute the best practicable notice under the

3  circumstances; (ii) constitute notice that is reasonably calculated, under the

4  circumstances, to apprise the Class of the pendency of the Action, their right to

5  object or exclude themselves from the proposed Agreement, and to appear at the

6  Final Approval Hearing; (iii) are reasonable and constitute due, adequate, and

7  sufficient notice to all persons entitled to receive notice; and (iv) meet all

8  applicable requirements of the Federal Rules of Civil Procedure, the Due Process

9  Clause of the United States Constitution, and the rules of the Court;

10        d)      find that the Class Representative and Class Counsel

11  adequately represented the Class for purposes of entering into and implementing

12  the Agreement;

13        e)      dismiss this Action (including all individual claims and class

14  action claims presented thereby) on the merits and with prejudice, without fees or

15  costs to any party except as provided in the Settlement Agreement;

16        f)      incorporate the Release set forth above, make the Release

17  effective as of the Effective Date, and forever discharge the Released Parties as set

18  forth in this Agreement;

19        g)      permanently bar and enjoin all Class Members who have not

20  been properly excluded from the Class from filing, commencing, prosecuting,

21  intervening in, or participating (as class members or otherwise) in, any lawsuit or

22  other action in any jurisdiction based on the Released Claims;

23        h)      authorize the Parties, without further approval from the

24  Court, to agree to and adopt such amendments, modifications and expansions of

25  the Settlement Agreement and its implementing documents (including all exhibits

26  to this Agreement) as (i) shall be consistent in all material respects with the Final

27  Order, or (ii) do not limit the rights of Class Members; and without affecting the

28  finality of the Final Order for purposes of appeal, retain jurisdiction as to all

**STIPULATION OF SETTLEMENT**

matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose; and

         i)       incorporate any other provisions, as the Court deems necessary and just.

## 8. ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARD.

**8.1    Attorneys' Fees and Costs**. No later than fourteen (14) days before the Objection Deadline, Class Counsel may make written application to the Court for a Fee Award not to exceed, in the aggregate, one-third (33.33%) of the Settlement Fund. The Parties agree that the Court (and only the Court) shall determine the final amount of the Fee Award in this Action. Any Fee Award shall be paid out of the Settlement Fund.

**8.2    Payment of Fees and Costs**. Class Counsel shall, within seven (7) days following the Funding Date, be paid the amount of attorneys' fees and expenses approved by the Court. Any payment of the Fee Award from the Settlement Fund shall be paid by the Settlement Administrator via electronic transfer to an account designated by Class Counsel providing necessary information to the Settlement Administrator. Class Counsel agree and represent that in no event shall Defendant collectively pay or be obligated to pay in excess of the Fee Award determined by the Court for Class Counsel's attorneys' fees and expenses.

**8.3    Incentive Award for Class Representative**. In addition to any Approved Claim payment to which he may be entitled to under the Settlement Agreement, and provided that he does so qualify for an Approved Claim, in recognition of his efforts on behalf of the Class, the Class Representative shall, subject to the approval of the Court, be awarded an incentive award in the aggregate amount to be determined by the Court upon written application to the

**STIPULATION OF SETTLEMENT**

Court made no later than fourteen (14) days before the Objection Deadline. 7-Eleven agrees that an incentive award of $5,000 is reasonable and that it shall not oppose such award, directly or indirectly. This sum shall be paid in recognition of the Plaintiff's time, exposure, and effort serving as the Class Representative in this litigation. The Settlement Administrator shall pay said amount via check from the Settlement Fund to the Class Representative, such check to be sent care of Class Counsel, within seven (7) days after the Funding Date.

**9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

**9.1    Effective Date of Settlement**. The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

a)    This Agreement has been signed by Class Counsel, the Named Plaintiff, 7-Eleven and 7-Eleven's Counsel;

b)    The Court has entered the Preliminary Approval Order;

c)    The Court has entered an order finally approving the Agreement, following notice to the Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Order, or an order substantially consistent with this Agreement; and

d)    The Final Order has become Final, as defined above, or, in the event that the Court enters a final order in a form other than that provided above ("Alternate Order") and that has the consent of the Parties, such Alternate Order becomes Final.

**9.2    Failure of Effective Date**. If some or all of the conditions specified in Section 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Section 9.3 unless the Plaintiff and Defendant

**STIPULATION OF SETTLEMENT**

mutually agree in writing to proceed with the Agreement. If any party to this Agreement is in material breach of the terms of this Agreement, any other party, provided that it is in substantial compliance with the terms of the Agreement, may terminate this Agreement on notice to all of the Settling Parties. Notwithstanding anything in this Agreement, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel set forth in Section 8.1 and 8.2 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3   Status Quo Ante.** If this Agreement is terminated or fails to become effective for the reasons set forth in Sections 6.1, 6.2, 9.1 or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement with all claims or their defenses fully preserved. In such event, any Final Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if they had never entered into this Agreement, subject to reasonable extensions of time as to any deadlines.

**9.4   No Admission of Liability.** Nothing in this Agreement or in any other document related to this Settlement will be construed as or deemed an admission of liability, culpability, negligence, reckless disregard, or wrongdoing on the part of Defendant. Likewise, nothing in this Agreement or in any other document related to this Settlement will be construed as or deemed an admission regarding the infirmity of any claim or legal argument or theory on the part of Plaintiff. Each of the Parties has entered into this Agreement with the intention of avoiding further disputes and litigation and the attendant inconvenience, expense, and unpredictability.

## 10.   MISCELLANEOUS PROVISIONS

**10.1   Good Faith Efforts.** The Parties: (i) acknowledge that it is their

intent to consummate this Settlement Agreement; and (ii) agree, subject to their ethical, fiduciary, and legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties, Class Counsel, and 7-Eleven's Counsel all agree to cooperate with one another in seeking Court approval of the Preliminary Approval order, the Settlement Agreement, and the Final Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2   All Disputes Resolved**. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by the Releasing Parties and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3   Advice of Counsel**. The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4   No Admission or Concessions**. Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained in this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

a)   is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of, the validity of any Released Claims, the truth of any fact alleged by

**STIPULATION OF SETTLEMENT**

1    the Plaintiffs, the deficiency of any defense that has been or could have been

2    asserted in the Action, the violation of any law or statute, the reasonableness of the

3    settlement amount or the fee award, or of any alleged wrongdoing, liability,

4    negligence or fault of the Released Parties, or any of them;

5               b)       is, may be deemed, or shall be used, offered, or received

6    against the Settlement Class as an admission, concession, or evidence of any fault,

7    misrepresentation, or omission with respect to any statement or written document

8    approved or made by the Released Parties, or any of them;

9               c)       is, may be deemed, or shall be used, offered, or received

10   against the Released Parties, or each or any of them, as an admission or concession

11   with respect to any liability, negligence, fault or wrongdoing as against any

12   Released Parties, in any civil, criminal, or administrative proceeding in any court,

13   administrative agency, or other tribunal. However, the settlement, this Agreement,

14   and any acts performed or documents executed in furtherance of or pursuant to this

15   Agreement or Settlement may be used in any proceedings as may be necessary to

16   enforce the provisions of this Agreement. If this Settlement Agreement is approved

17   by the Court, any of the Parties or any of the Released Parties may file this

18   Agreement or the Final Order in any action that may be brought against such Party

19   or Parties in order to support a defense or counterclaim based on principles of *res

20   judicata*, collateral estoppel, waiver, release, accord and satisfaction, good faith

21   settlement, judgment bar or reduction, or any other theory of claim preclusion or

22   issue preclusion or similar defense or counterclaim;

23              d)       is, may be deemed, or shall be construed against Plaintiffs, the

24   Settlement Class or each or any of them, or against the Released Parties, or each or

25   any of them, as an admission or concession that the consideration to be given

26   hereunder represents an amount equal to, less than, or greater than that amount that

27   could have or would have been recovered after trial; and

28              e)       is, may be deemed, or shall be construed as or received in

**STIPULATION OF SETTLEMENT**

1  evidence as an admission or concession against Plaintiffs, the Settlement Class, or
2  each and any of them, or against the Released Parties, or each or any of them, that
3  any of Plaintiffs' claims are with or without merit or that damages recoverable in
4  the Action would have exceeded or would have been less than any particular
5  amount.

6      **10.5   Headings/Captions**. The headings used in this Agreement are used
7  for the purpose of convenience only and are not meant to have legal effect.

8      **10.6   Waiver**. The waiver by one Party of any breach of this Agreement by
9  any other Party shall not be deemed as a waiver of any other prior or subsequent
10  breaches of this Agreement. The Parties agree that this Agreement may not be
11  waived except by a writing signed by the Class Representative and a duly-
12  authorized representative of Defendant.

13     **10.7   Recitals and Exhibits**. All the Recitals and Exhibits to this
14  Agreement are material and integral parts of it and are fully incorporated into this
15  Agreement by this reference.

16     **10.8   Entire Agreement**. This Agreement and its Exhibits set forth the
17  entire agreement and understanding of the Parties with respect to the matter set
18  forth herein, and supersede all prior negotiations, agreements, arrangements, and
19  undertakings with respect to the matters set forth herein. No representations,
20  warranties, or inducements have been made to any Party concerning this
21  Settlement Agreement or its Exhibits other than the representations, warranties,
22  and covenants contained and memorialized in such documents. This Agreement
23  may be amended or modified only by a written instrument signed by or on behalf
24  of each of the Parties and their duly-authorized representatives or their respective
25  successors-in-interest.

26     **10.9   Defendants' Fees and Costs**. Defendant shall bear its own attorneys'
27  fees and costs.

28     **10.10 No Assignments.** All Parties represent and warrant that they have not

**STIPULATION OF SETTLEMENT**

1   assigned any claim or right or interest therein as against the Released Parties to
2   any other Person or Party and that they are fully entitled to release the same.

3       **10.11 Authorized Signatures**. Each counsel or other Person executing this
4   Settlement Agreement, any of its Exhibits, or any related settlement documents on
5   behalf of any Party to this Agreement warrants and represents that such Person has
6   the full authority to do so and has the authority to take appropriate action required
7   or permitted to be taken pursuant to the Agreement to effectuate its terms.

8       **10.12 Counterparts Same as Original**. This Agreement may be executed
9   in one or more counterparts. All executed counterparts and each of them shall be
10  deemed to be one and the same instrument provided that counsel for the Parties to
11  this Agreement all exchange original signed counterparts. A complete set of
12  original executed counterparts shall be filed with the Court if the Court so
13  requests.

14      **10.13 Successors and Assigns**. This Settlement Agreement shall be binding
15  on, and inure to the benefit of, the successors and assigns of the Parties to this
16  Agreement and the Released Parties. The Parties represent, covenant, and warrant
17  that they have not directly or indirectly assigned, transferred, encumbered, or
18  purported to do so to any person or entity any portion of any liability, claim,
19  demand, action, cause of action, or rights released and discharged as set forth in
20  this Agreement.

21      **10.14 Jurisdiction Over Agreement**. This Court shall retain jurisdiction
22  with respect to implementation and enforcement of the terms of this Agreement,
23  and all Parties to this Agreement submit to the jurisdiction of the Court for
24  purposes of implementing and enforcing the settlement embodied in this
25  Agreement.

26      **10.15 Stay of Proceedings Pending Preliminary and Final Approval**.
27  All proceedings in the Action shall be stayed and abated following entry of the
28  Preliminary Approval Order, except as may be necessary to implement the

**STIPULATION OF SETTLEMENT**

Settlement Agreement or comply with the terms of the Settlement. Pending determination of whether the Settlement Agreement should be granted final approval, the Parties in the Action agree not to pursue any claims or defenses otherwise available to them.

**10.16 No Admissions or Concessions**. Whether or not the Settlement Agreement is signed or otherwise approved or if this Settlement Agreement is terminated, neither this Settlement Agreement not the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them. Additionally, neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed a waiver of 7-Eleven's right to challenge the Court's prior grant of class certification if this Settlement for any reason does not become Final.

**10.17 Applicable Law**. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

**10.18 Arms-Length Negotiations**. This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.19 Notice to Parties and Counsel**. Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel by email

**STIPULATION OF SETTLEMENT**

to their designated accounts in the Action, certified mail in care of the United States Postal Service (USPS) or by overnight mail in care of the USPS or such recognized commercial carrier as Federal Express, UPS or the like with proof of delivery:

**(a)**    For Plaintiff & the Class: Steven L. Woodrow, Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 East Mexico Avenue, Suite 300, Denver, Colorado 80210, swoodrow@woodrowpeluso.com, ppeluso@woodrowpeluso.com; and

**(b)**    For 7-Eleven: Julie R. Trotter, Delavan J. Dickson, and Kent R. Christensen CALL & JENSEN, 610 Newport Center Drive, Suite 700, Newport Beach, California 92660, jtrotter@calljensen.com, ddiscckson@calljensen.com, kchristrensen@calljensen.com

[SIGNATURE PAGE FOLLOWS]

**STIPULATION OF SETTLEMENT**

*For Plaintiff and the Class*

**EDWARDO MUNOZ**

*Edwardo munoz*

Date: ___06 / 17 / 2019_____

*For Defendant*

**7-ELEVEN, INC.**

_____

By: _____

Title: _____

Date: _____

*Approved as to form by counsel for the Parties:*

**WOODROW & PELUSO, LLC**

By: _Patrick Peluso_

Title: _Partner_

Date: _6/17/19_

**CALL & JENSEN, P.C.**

By: _____

Title: _____

Date: _____

STIPULATION OF SETTLEMENT

- 38 -

# EXHIBIT A

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

## If 7-Eleven, Inc. ("7-Eleven") Obtained a Background Check in Regard to Your Actual or Prospective Employment, You Could Get a Payment from a Class Action Settlement

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit about whether 7-Eleven used a disclosure form when it obtained background checks about its applicants and employees that complied with the Fair Credit Reporting Act, 15 U.S.C. § 1681b *et seq*. ("FCRA") and whether 7-Eleven provided other notices required by the FCRA.

- Persons included in the Settlement who file valid Claim Forms will be eligible to receive a payment from the Settlement Fund up to five-hundred fifty dollars ($550). The actual amount of the payments will be based on the number of valid claim forms submitted, administrative costs, and any incentive award or attorney's fees and expenses approved by the Court.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits but still give up your rights to sue the Defendant about the claims in this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice

## BASIC INFORMATION

CALL 1-800-000-0000 FOR THE SETTLEMENT ADMINISTRATOR OR 720-213-0676 FOR CLASS COUNSEL

## 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge R. Gary Klausner of the U.S. District Court for the Central District of California is overseeing this case. The case is known as *Edwardo Munoz v. 7-Eleven, Inc*., Case No. 2:18-cv-03893-RGK-AGR. Mr. Munoz, the person who sued, is called the Plaintiff/Class Representative. The Defendant is 7-Eleven.

## 2. What is a Class Action?

In a class action, one or more named plaintiffs called Class Representatives (in this case, Edwardo Munoz) sues on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 3. What is this Lawsuit about?

This lawsuit alleges that 7-Eleven violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b *et seq*. ("FCRA") by not using a "standalone" disclosure and authorization that notified applicants and employees that it might obtain background checks in regard to their employment. 7-Eleven denies that it violated any law and maintains that it could have asserted several defenses.

The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

## 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, years from now.

## WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am in the Settlement Class?

The Court in this case certified a class and subclass on October 18, 2018 (dkt. 43), defined as follows:

> **Disclosure Class**: All persons in the United States who (1) from a date [two years] prior to the filing of this initial complaint in this action to the date notice is sent to the Disclosure Class; (2) applied for employment with Defendant; (3) about whom Defendant procured a consumer repot; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form that Defendant provided to Plaintiff.

**California Subclass:** All members of the Disclosure Class who reside in California.

## THE SETTLEMENT BENEFITS

**6. What does the Settlement provide?**

7-Eleven has agreed to fund a Settlement Fund of $1,972,500 U.S. dollars. The cost to send notice to the class and administer the Settlement, as well as attorneys' fees and payments to the Class Representatives, will come out of this amount (*see* Question 13). The amount remaining after deducting these costs (the "Net Settlement Fund") will be used to pay the claims of eligible Class Members who submit valid claims.

Persons who file valid claims and who are part of this class according to 7-Eleven's records will be eligible to receive One (1) Claimant Payment of equal value from the Net Settlement Fund.

**7. How much will my payment be?**

If you are member of the Class and the Court gives final approval to the Settlement, you may be entitled to receive a check for an amount equal to the value of the One (1) Claimant Payment. The amount of your exact payment cannot be calculated at this time. Your payment will depend on the total number of valid claims that are filed, the cost of the Notice, and any incentive award to the Class Representatives and award of attorneys' fees to Class Counsel. The Class is estimated to include approximately 59,920 persons.

**8. When will I get my payment?**

You should receive a check from the settlement administrator within 60-90 days after the Settlement has been finally approved and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled for [Fairness Hearing Date.] All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

**9. How do I get benefits?**

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a Claim Form, under penalty of perjury, by **[CLAIMS DEADLINE].** The Claim form is included with this notice and can be found by calling, toll free, 1-800-000-0000 or by contacting Class Counsel at (720) 213-0676. The Claim Form can be submitted online at the Settlement Website or downloaded and submitted by mail.

## REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Class?**

If the Settlement becomes final, you will give up your right to sue 7-Eleven for the claims being resolved by this Settlement. The specific claims you are giving up against 7-Eleven are described in Section 1.36 of the Settlement Agreement. You will be "releasing" the Defendant and all related people as described

in Section 1.37 of the Settlement Agreement. Unless you exclude yourself (*see* Questions 14 & 15), you are "releasing" the claims, regardless of whether you submit a claim form or not. The Settlement Agreement is available at www.[settlementwebsite].com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to Class Counsel listed in Questions 12 and 17 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

| **11. What happens if I do nothing at all?** |

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

| **12. Do I have a lawyer in the case?** |

The Court has appointed Steven L. Woodrow, Patrick H. Peluso, and Taylor T. Smith of Woodrow & Peluso, LLC, to be the attorneys representing the Settlement Class. They are called "Class Counsel." Class Counsel believes, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Class and Subclass. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. You may also enter an appearance though an attorney if you so desire.

| **13. How will the lawyers be paid?** |

The Settlement Agreement allows Class Counsel to submit a petition for reasonable attorneys' fees of up to _____ of the Settlement Fund as fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement in this matter. Class Counsel may seek, and the Court may award less, than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed to pay an incentive award to the Class Representative from the Settlement Fund for his service in helping to litigate and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **14. How do I get out of the Settlement?** |

To exclude yourself from the Settlement, you must send a letter (or request for exclusion) by mail stating that you want to be excluded from *Edwardo Munoz v. 7-Eleven, Inc*. Case No. 2:18-cv-03893-RGK-AGR. Your letter or request for exclusion must also include your name, your address, the phone number that received the relevant telephone calls, and your signature. You must mail your exclusion request so that it is postmarked no later than [Objection/Opt Out Deadline] to:

*Edwardo Munoz v. 7-Eleven, Inc.*
Case No. 2:18-cv-03893-RGK-AGR
[Address Line 1]
[Address Line 2]
[TOLL FREE NUMBER]

The Court will exclude from the Class or Subclass any Class or Subclass Member who timely requests exclusion from the Class or Subclass.

| **15. If I don't exclude myself, can I sue the Defendant for the same thing later?** |
|---|

No. Unless you exclude yourself, you give up any right to sue 7-Eleven for the claims being resolved by this Settlement.

| **16. If I exclude myself, can I get anything from this Settlement?** |
|---|

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

**OBJECTING TO THE SETTLEMENT**

| **17. How do I object to the Settlement?** |
|---|

If you're a Class or Subclass Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter stating that you object to the Settlement in *Edwardo Munoz v. 7-Eleven, Inc*. Case No. 2:18-cv-03893-RGK-AGR, identify all your reasons for your objections (including citations and supporting evidence), and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, and your signature.

Class Counsel will file with the Court and post on the Settlement Website under the "Important Documents" tab, its request for attorneys' fees two weeks prior to the objection deadline.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. Mail the objection to these three places postmarked no later than Month 00, 2019:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| The Honorable R. Gary Klausner c/o Clerk of the Court Roybal Federal Building and U.S. Courthouse, 255 East Temple Street Los Angeles, CA 90012 | Steven Woodrow swoodrow@woodrowpeluso.com Woodrow & Peluso, LLC 3900 East Mexico Ave. Ste. 300 Denver, CO 80210 (720) 213-0675 | Julie R. Trotter jtrotter@calljensen.com CALL & JENSEN 610 Newport Center Drive Suite 700 Newport Beach, CA 92660 949-717-3000 |

|  |  |  |
|--|--|--|
|  |  |  |

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing at [time] on **Month 00, 2019** at the [insert where]. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for an award of attorneys' fees and expenses; and to consider the request for an incentive award to Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check with Class Counsel by calling [insert phone #]. If, however, you timely object to the Settlement and advise the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of such Fairness Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *Edwardo Munoz v. 7-Eleven* Case No. 2:18-cv-03893-RGK-AGR" It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your Notice of Intent to Appear must be postmarked no later than **Month 00, 2019**, and be sent to the addresses listed in Question 17. You must also state in your objection that you plan on appearing at the hearing.

## GETTING MORE INFORMATION

### 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the full Settlement Agreement. You can get a copy of the Settlement Agreement by writing the Settlement Administrator at P.O. Box 0000, City, ST 00000 or by visiting www.[settlementwebsite].com. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-720-213-0676, if you have any questions. Before doing so, however, please read this full Notice carefully.

# EXHIBIT B

**Legal Notice**

**ATTENTION! If You Applied to Work at a 7-Eleven Corporate Store and had a background check obtained regarding your employment from _____, 20___ to _____, 20___**

**You May Be Part of a Class Action Settlement**

**Learn More At:**

**www.[websiteURL].com**

*Edwardo Munoz v. 7-Eleven, Inc*. Case No. 2:18-cv-03893-RGK-AGR
[Settlement Administrator]
[Address Line 1]
[Address Line 2]
[Address Line 3]

First Class Postage



Postal Service: Please do not mark barcode

ABC-1234567-8

First Last
Address1
Address2
City, State, Zip Code

**Summary Notice**

You are receiving this notice because you have been identified as a settlement class member in *Edwardo Munoz v. 7-Eleven, Inc.* 2:18-cv-03893-RGK-AGR, pending in the U.S. District Court for the Central District of California. The Court has preliminarily approved a settlement that could impact your legal rights, whether you act or not. This is only a summary of the Full Notice. Visit www.[website].com to read the Full Notice,  submit a Claim Form, and view important court dates and documents.

**Nature of the Action.** This lawsuit alleges that 7-Eleven obtained background checks regarding applicants and employees in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, *et. seq.* The Class Representative claims that 7-Eleven obtained the background checks unlawfully insofar as it didn't provide a standalone disclosure and authorization as required by the Act prior to procuring the background check report. 7-Eleven denies that it violated any laws and asserts several defenses. The Court has not determined who is right. Rather, you are receiving this legal notice because your rights may be impacted by the settlement regardless of whether you file a claim.

**How Do I Know if I am a Class Member?** You fall into the definition of the Settlement Class if you applied to work at 7-Eleven from _____ to _____ and had 7-Eleven obtained a background check regarding your employment.

**What are My Options?** You may submit a Claim Form to be paid your share of the Net Settlement Fund (equal to the Settlement Fund of $_____ less all approved Settlement Administration Expenses, and any Incentive Awards and the Fee Award to Class Counsel). You can discuss the case with Class Counsel. You may also enter an appearance though an attorney if you so desire. You may also request to be excluded, and the Court will exclude any member who timely requests exclusion. To request exclusion, you must mail a signed statement that says "I wish to be excluded from *Edwardo Munoz v. 7-Eleven, Inc.* Case No. 17-cv-11630-NGE" to the Settlement Administrator, postmarked by [opt-out/objection deadline]. Specific information is available at www.website.com. If you do nothing you will be in the Class and you will also be bound by all orders and judgments of the Court entered under Rule 23(c)(3); however, you will NOT receive a share of the Net Settlement Fund. You MUST file a Claim Form to receive a payment. If you request exclusion, you will not be able to participate in the settlement.

**Who Represents Me?** The Court has appointed Steven L. Woodrow, Patrick H. Peluso, and Taylor T. Smith of Woodrow & Peluso, LLC to be the attorneys for the Class. These attorneys are referred to as Class Counsel. You may hire your own lawyer at your own expense.

**How Do I Get More Information?** For more information about the proposed settlement and a copy of the full Notice and Claim Form, go to www.[website].com, contact the Administrator at [toll free #] or [Address] or call Class Counsel at 720-213-0676.

**TO SUBMIT A CLAIM FORM, VISIT:**
**www.[websiteurl].com**

To request exclusion, submit your signed statement that says "I wish to be excluded from *Edwardo Munoz v. 7-Eleven, Inc.* Case 2:18-cv-03893-RGK-AGR to:

Epiq Systems
*Edwardo Munoz v. 7-Eleven, Inc.*
Case No. 2:18-cv-03893-RGK-AGR
[Address Line 1]
[Address Line 2]
[TOLL FREE NUMBER]

For all other inquiries, contact Class Counsel at:

*Edwardo Munoz v. 7-Eleven, Inc.*
Case 2:18-cv-03893-RGK-AGR
Class Counsel
Woodrow & Peluso, LLC
3900 East Mexico Ave., Ste. 300
Denver, CO 80210
(720) 213-0676   swoodrow@woodrowpeluso.com

**www.[websiteurl].com**

# EXHIBIT C

## Munoz v. 7-Eleven, Inc. FCRA Settlement CLAIM FORM

*Edwardo Munoz v. 7-Eleven, Inc.*, Case No. 2:18-cv-03893-RGK-AGR

Return this Claim Form to: [Settlement Administrator], [address]. Questions, visit www.[SettlementWebsite].com or call (_____

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE], BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**Instructions:** If you applied for work at 7-Eleven, Inc. ("7-Eleven" or "Defendant") and had a background check obtained regarding your employment, you may be entitled to a monetary payment if the settlement is finally approved by the Court. If the settlement is approved, each class member, whether or not he or she submits a claim, will release the Defendant and related entities, and all their officers, agents, employees, and those working with them, from any and all claims as a result of the background check disclosures that are the subject of this litigation. Only one claim per applicant or employee is allowed, regardless of how many notices were received/viewed or the number of background checks procured.

Claimants who are part of this class will receive one (1) Claim Payment from the Net Settlement Fund, which equals $1,972,500 less all Settlement Administration Expenses, and any approved Incentive Award and Fee Award. Claim Payments will be of equal value and will not exceed $550.

**YOU MUST SUBMIT THIS CLAIM FORM TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that if you are a Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that all information contained herein is true and correct.

Call Class Counsel at 720.213.0676 for Further Information

| YOUR CONTACT INFORMATION |
|---|
| **Name**: _____   _____   _____ <br> *(First)*          *(Middle)*          *(Last)* |
| **Current Address**: _____ <br> (You must provide a street address.  A P.O. box will not be accepted.) <br> _____   _____   ____ ____ ____ ____ ____ <br> *(City)*          *(State)*          *(Zip Code)* |
| **Current Phone Number:** ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___ <br> (Please provide a phone number where you can be reached if further information is required.) |
| **Class Member Verification** |
| By submitting this claim form and checking the boxes below, I declare under penalty of perjury that I applied for work at a 7-Eleven, Inc. corporate location and had a background check procured in regards to my potential or actual employment. <br> ************************************************************** <br> Additional information regarding the settlement can be found at **[website.com]**. |
| The Claims Administrator may audit any and all claims. **I declare under penalty of perjury that the foregoing is true and correct.** <br><br> Signature: _____    Date: _____ <br><br> Print Name: _____    Your claim will be reviewed by the Settlement Administrator. If accepted you will be mailed a check for your share of the Settlement based on the Units for which you are eligible. Please be patient. |

**CLAIM FORMS MUST BE POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT. MAIL THIS CLAIM FORM TO:  Claims Administrator, [Address].  If you have questions, you may call the Settlement Administrator at [toll-free #] or Class Counsel at 1 720-213-0676.**