# EXHIBIT B

Steven L. Woodrow*
    swoodrow@woodrowpeluso.com
Patrick H. Peluso*
    ppeluso@woodrowpeluso.com
Taylor T. Smith*
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiff and the Class

[Additional counsel appearing on signature page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Edwardo Munoz,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**7-Eleven, Inc.,** a Texas corporation,<br><br>Defendant. | Case No. 2:18-cv-03893-RGK-AGR<br><br>**DECLARATION OF STEVEN L. WOODROW**<br><br>Judge: Hon. R. Gary Klausner<br><br>Date: July 15, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br>Complaint Filed: May 9, 2018 |

**DECLARATION OF STEVEN L. WOODROW**   1

I, Steven L. Woodrow declare as follows:

1. I am over the age of eighteen (18), and am one of the attorneys for the plaintiff and the Class in this matter. I make this declaration in support of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement Agreement reached in the above captioned litigation.

2. I am able to testify to the matters set forth herein if called upon to do so. I make the following statements based upon my own personal knowledge and based on facts learned during the litigation of this case.

**Class Counsels' Pre-Suit Investigation**

3. In or around February 2018, Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") contacted Class Counsel to discuss his legal rights following his termination from Defendant 7-Eleven, Inc. ("Defendant" or "7-Eleven").

4. Thereafter, Class Counsel conducted a pre-suit investigation to evaluate Munoz's potential claims.

5. On March 9, 2018, Class Counsel sent a letter to 7-Eleven requesting all documents contained in Munoz's employment file.

6. On March 30, 2018, 7-Eleven responded and provided part of Munoz's employment file. The documents produced included Plaintiff's new-hire paperwork, including the Disclosure Regarding Background Investigation.

7. After receiving the documents related to Munoz's employment, our team of lawyers undertook an extensive investigation regarding 7-Eleven's employment of Munoz. The investigation included reviewing all of the documents provided by 7-Eleven and by Plaintiff Munoz. The investigation also included a series of follow-up interviews with Plaintiff Munoz regarding his experience with 7-Eleven and the context of how each document was provided to him.

8. Following the completion of the investigation, we were satisfied internally that a good faith basis existed to pursue the case on behalf of Plaintiff

**DECLARATION OF STEVEN L. WOODROW**
- 2 -

Munoz. Further, based upon 7-Eleven's standardized employment practices, we were also satisfied that a good faith basis existed to pursue this case on behalf of all individuals similarly-situated to Munoz.

***The Litigation History***

9. Following the filing of the Complaint, 7-Eleven's counsel reached out to Class Counsel and counsel for the Parties discussed each side's respective view of the case. Following these discussions and being presented with additional documentation, Plaintiff filed his First Amended Complaint, which removed his adverse-action claim.

10. Shortly thereafter, 7-Eleven moved to dismiss the First Amended Complaint. The Parties fully briefed the Court and argued the motion on August 27, 2018. On September 5, 2018, the Court issued its Order denying Defendant's motion to dismiss.

11. Immediately after briefing Defendant's motion to dismiss, Plaintiff moved for class certification. On October 18, 2018, following full briefing on class certification, the Court issued its Order certifying Plaintiff's proposed class and sub-class.

12. Following the Classes being certified, the Parties worked to identify the size and scope of the Classes. Then, Plaintiff began formulating a proposed notice plan, which the Court ultimately approved on February 12, 2019.

13. After approval, Class Counsel worked with Kurtzman Carson Consultants, LLC ("KCC") to effectuate the notice plan. Immediately following notice being mailed to the class, Class Counsel began fielding calls on a daily basis from class members seeking additional information about the case. The class member inquiries required Class Counsel to devote considerable time to responding to the requests for additional information.

**DECLARATION OF STEVEN L. WOODROW**
- 3 -

14. As of June 17, 2019, out of 52,165 total potential class members, KCC was able to locate and direct mailed notices to 52,009 individuals. As of today, 7,111 mailings have been returned as undeliverable. KCC is working to identify a new address for these individuals. Concurrently, KCC was able to locate email addresses for 49,448 class members and direct notice via electronic mail as well. After reviewing the notice effectiveness, KCC was able to determine that only 912 individuals, or 1.75 percent of all class members, have not received notice by either direct mail or electronic mail. These results are impressive and demonstrate that settlement notice is likely to meet or exceed the certification notice.

15. The Parties also engaged in extensive discovery. This included serving and responding to discovery requests and effectuating subpoenas. Further, the Parties met-and-conferred regularly regarding various disputes, and, when necessary, raised the disputes with the Court. The Parties also conducted depositions. On January 30, 2019, Class Counsel deposed 7-Eleven's corporate representative, Kristin Cope, in Dallas, Texas. Later, on February 20, 2019, 7-Eleven's counsel deposed Plaintiff Munoz on February 20, 2019 in Newport Beach, California.

*The Mediation Process and Settlement History*

16. In early 2019, counsel for both Parties began to discuss the potential for settlement, and ultimately agreed to hold a private mediation session.

17. Following the exchange of potential mediators, the Parties agreed to schedule a mediation session with Michael E. Dickstein. Mr. Dickstein is a nationally-recognized mediator with substantial class action experience. In the lead up to the mediation, the Parties exchanged mediation statements regarding their respective views of the potential for a settlement.

18. On April 9, 2019, the Parties met in Toronto, Ontario, Canada for a full-day mediation session. The mediation was adversarial and hard fought with both sides expressing confidence in their respective views. Ultimately, the session ended

**DECLARATION OF STEVEN L. WOODROW**

- 4 -

with the Parties unable to reach an agreement. Instead, the Parties agreed to brief and argue their cross-motions for summary judgment and prepare for trial.

19. Counsel for the Parties also agreed, however, to continue to discuss a possible resolution in the lead up to the trial.

20. To facilitate these discussions, Mr. Dickstein worked to continue the settlement talks by engaging both sides in a series of telephonic negotiations.

21. Throughout the discussions, the Parties finished briefing their cross motions for summary judgment, prepared for and held the Local Rule 16-2 meeting, and started compiling the joint exhibit list, their Memorandum of Contentions of Law and Fact, the proposed jury instructions, and their witness lists.

22. In the midst trial preparation and with the assistance of the mediator, the Parties reached an agreement in principal to resolve the claims at issue. Only after reaching an agreement in principal did the Parties discuss an amount for reasonable attorneys' fees and an incentive award for Munoz.

23. Accordingly, the settlement negotiations were overseen by a well-respected mediator with substantial class action experience who made certain that at all times the negotiations stayed professional and arm's-length. The result is a Settlement Agreement that provides class members with substantial relief.

**Class Counsel's Opinion of the Settlement Agreement**

24. The terms of the Settlement Agreement are undeniably strong. The Settlement Agreement provides substantial monetary relief to the class members, and redresses the very issue that gave rise to the instant litigation. That is, the agreement requires 7-Eleven to utilize an FCRA compliant disclosure on a going forward basis.

25. Further, assuming that projections hold (which assume a 5% take rate, administrative costs of approximately $125,000, a $5,000 incentive award, and— solely for the sake of this illustration—a 25% attorneys' fee award), the per claimant

**DECLARATION OF STEVEN L. WOODROW**
- 5 -

amounts will equal $517 for each class member who files a claim. This is an unquestionably strong result.

26. Moreover, the strength of the Settlement Agreement is most apparent when view in contrast to the continuation of the litigation. Here, both Parties were willing to litigate this case through summary judgment and trial. And an adversarial ruling or a verdict in 7-Eleven's favor would have left the class members with potentially no recovery at all.

27. Further, regardless of the result of summary judgment and the impending trial, the decision likely would have been appealed. Altogether, this process could drag out for several years.

28. Fortunately for class members, this Settlement Agreement will provide them with immediate and substantial relief.

29. My firm has extensive experience litigating FCRA class actions, has devoted substantial resources to the present litigation, and will continue to do so throughout its pendency. (*See* Woodrow & Peluso Firm Resume, attached hereto as Exhibit 1.) We support this Settlement as being fair, reasonable, and adequate and in the best interest of the Settlement Class.

Further affiant sayeth not.

Signed this 17th day of June 2019 in Denver, Colorado.

                              /s/ Steven L. Woodrow
                              Steven L. Woodrow

**DECLARATION OF STEVEN L. WOODROW**

- 6 -

# Exhibit 1

## WOODROW & PELUSO, LLC FIRM RESUME

WOODROW & PELUSO, LLC ("Woodrow & Peluso" or the "firm") is a plaintiff's class action and commercial litigation firm based in Denver, Colorado. The firm files cases across the Country.

Our attorneys have over a decade of experience successfully representing consumers and small businesses in matters nationwide. From litigation under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, to cases enforcing the rights of job applicants and employees under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, to appeals of first impression, our lawyers have litigated and favorably resolved numerous legal disputes to the satisfaction of our clients. At Woodrow & Peluso, LLC, we take special pride in the quality of our work product and strive tirelessly to achieve the best results for every client. Descriptions of our three primary practice areas—(1) Consumer Class Actions, (2) Commercial Litigation, and (3) Appeals—and key personnel follow.

### OUR PRACTICE AREAS

**1.   CONSUMER CLASS ACTIONS**

The majority of the firm's caseload focuses on consumer class actions. These cases include class actions alleging violations of statutes, such as the Fair Credit Reporting Act, the Telephone Consumer Protection Act, and the Truth-in-Lending Act, as well as class actions challenging systematic breaches of contract and advancing other common law theories.

**TCPA Class Actions**

Woodrow & Peluso attorneys have successfully litigated and settled numerous class actions challenging violations of the Telephone Consumer Protection Act. To date we have filed, prosecuted, and resolved using various settlement models TCPA cases against major corporations and entities including Rita's Italian Ice, Global Marketing Research Services, LKQ Corporation, J.B. Hunt, Altisource, Acurian, Price Self Storage, Local Lighthouse, Geekatoo, and the University of South Carolina, among others. Our firm's attorneys have substantial experience prosecuting such claims, including class actions challenging the unlawful transmission of text messages, the sending of unlawful facsimiles, the placement of "robocalls" featuring a pre-recorded voice to residential landline phones, and the use of automatic telephone dialing systems, including predictive dialers, to call consumer cell phones.

Notable TCPA cases and settlements include:

• *Tech Instruments, Inc. v. Eurton Electric Inc*. 1:16-cv-02981-MSK-KMT (Krieger, C.J.) (adversarial class certification granted under for transmission of junk faxes)

• *Bowman v. Art Van Furniture, Inc*. 2:17-cv-11630-NGE-RSW (Edmunds, J.) (granting final approval to all in, non-reversionary settlement fund of $5,875,000 in pre-recorded message case) (final approval granted December 10, 2018);

- *Wendell H. Stone & Co. v. LKQ Corporation*, 16-cv-07648 (N.D. Ill.) (Kennelly, J.) (granting final approval to all-in, non-reversionary, settlement fund of $3,266,500) (final approval granted May 16, 2017);

- *Martin et al. v. Global Marketing Research Services, Inc.*, 6:14-cv-1290-ORL-31-KRS (M.D. FL) (Woodrow & Peluso appointed co-lead Settlement Class Counsel in settlement creating $10,000,000 common fund for class of 688,500 cellphone users) (final approval granted November 4, 2016);

- *Mendez v. Price Self Storage Management, Inc.*, 3:15-cv-02077-AJB-JLB (S.D. CA) (Woodrow & Peluso appointed co-lead Settlement Class Counsel in TCPA settlement providing option of $750 cash or $1,100 in storage certificates) (final approval granted August 23, 2016);

- *Sherry Brown and Ericka Newby v. Rita's Water Ice Franchise Company, LLC*, 2:15-cv-03509-TJS (E.D. PA) ("all in" non-reversionary $3,000,000 settlement fund for text messages) (final approval granted March 20, 2017);

- *Morris et al v. SolarCity, Inc.* 3:15-cv-05107 (N.D. CA) (JPA with counsel on $15 million common fund TCPA settlement, final approval granted February 1, 2018); and

- *Gergetz v. Telenav, Inc.* 3:16-cv-04261 (N.D. CA) ("all-in" non-reversionary $3.5 million fund for text messages) (final approval granted on September 6, 2018).

Further, while a Partner with his prior law firm, Woodrow & Peluso attorney Steven Woodrow was appointed interim co-lead class counsel in a TCPA class action against Nationstar Mortgage, LLC (*see Jordan et al v. Nationstar Mortgage LLC*, 3:14-cv-00787-WHO) and led TCPA litigation that resolved favorably against Bankrate Inc., and Carfax.com. Mr. Woodrow was also involved in the TCPA settlement reached in *Weinstein v. The Timberland Co. et al.* (N.D. Ill.), a text messaging class action featuring 40,000 unauthorized messages, and was part of the appellate strategy team that secured the landmark decision in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), the first federal appellate decision to affirm that text messages are covered as "calls" under the TCPA.

### FCRA Class Actions

The second sub-focus within the firm's class action practice consists of cases under the Fair Credit Reporting Act ("FCRA"), which regulates the procurement and use of consumer reports by employers when they make hiring/firing/pay decisions. To date, the firm has successfully represented clients in putative class actions against Terminix, ServiceMaster, TrueBlue Inc./Labor-Ready Mid-Atlantic, FedEx, Tyler Staffing Services, Inc., Great Lakes Wine & Spirits, Freeman Webb, Inc., and others. This includes attaining adversarial class certification in the case of *Munoz v. 7-Eleven, Inc.*, 2:18-cv-03893-RGK-AGR (C.D. Cal., October 28, 2018). This also includes *Woodford v. World Emblem*, 1:15-cv-02983-ELR, an FCRA settlement providing between $315 and $400 to claimants (final approval granted January 23, 2017).

**Banking and Financial Institutions Class Actions**

Our attorneys have substantial experience representing consumers in class action litigation involving national banking associations and other financial institutions. Meaningful representations include:

- *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2012 WL 28099, at *15 (N.D. Cal. Jan. 5, 2012). Attorney Steven Woodrow secured prior firm's appointment as Class Counsel from Judge Lucy Koh in class action challenging JPMorgan Chase Bank, N.A.'s suspension of former WaMu home equity line of credit accounts. Case settled with Mr. Woodrow's appointment as co-lead settlement class counsel.

- *In re JPMorgan Chase Bank, N.A. Home Equity Line of Credit Litigation*, MDL No. 2167. Attorney Steven Woodrow helped secure transfer by the Judicial Panel on Multidistrict Litigation to the Northern District of Illinois and appointment of prior firm as interim class counsel. Attorney Woodrow also negotiated and was also appointed co-lead settlement class counsel in settlement projected to restore between $3 billion - $5 billion in credit to affected borrowers in addition to cash payments.

- *Hamilton v. Wells Fargo Bank, N.A.*, 4:09-cv-04152-CW (N.D. Cal.). Attorney Steven Woodrow served as co-lead settlement counsel in class action challenging Wells Fargo's suspensions of home equity lines of credit. Nationwide settlement restored access to over $1 billion in credit and provided industry leading service enhancements and injunctive relief.

- *In re Citibank HELOC Reduction Litigation*, 09-CV-0350-MMC (N.D. Cal.). Attorney Steven Woodrow was appointed interim co-lead counsel and settlement class counsel in class actions challenging Citibank's suspensions of home equity lines of credit. The settlement was estimated to have restored over $650,000,000 worth of credit to affected borrowers.

- *Vess v. Bank of America, N.A.* 10cv920–AJB(WVG) (S.D. Cal.). Attorney Steven Woodrow negotiated class action settlement with Bank of America challenging suspension and reduction of home equity lines of credit.

- *Wigod v. Wells Fargo*, No. 10-cv-2348 (N.D. Ill.). Steven Woodrow secured the first appellate decision in the country recognizing the right of homeowners to sue under state law to enforce HAMP trial plan agreements. Attorney Steven Woodrow was appointed co-lead settlement counsel providing loan modifications and cash payments to affected borrowers.

**General Consumer Protection Class Actions**

Woodrow & Peluso attorneys have additionally successfully prosecuted and resolved countless class action suits against other companies for a range of consumer protection issues. For example, Woodrow & Peluso filed the first class action in the Country to challenge the marijuana industry's use of certain allegedly dangerous fungicides and pesticides and were the first lawyers to bring class actions (against the Colorado Rockies Baseball Club and Kroenke Sports & Entertainment, LLC) seeking to enforce the Colorado Consumer Protection Act, § 6-1-718 *et seq.*, which prohibits owners of entertainment venues from imposing restrictions on the resale of tickets. The firm has also brought and litigated class actions against hospitals for their use of "chargemaster" billing rates and are presently engaged in litigation against Southwest Airlines related to its "Companion Pass" program.

Woodrow & Peluso LLC has also brought claims against major food manufacturers and distributors for falsely advertising certain products as "All Natural" and "Made in U.S.A." Our attorneys also have experience litigating class claims regarding missing or misappropriated "bitcoins." Woodrow & Peluso also brought the first class action in Colorado against cannabis growers for their use of unapproved and harmful pesticides.

2. COMMERCIAL LITIGATION

As small business owners, we understand and appreciate the challenges that new companies face as they strive to make headway in the market. Our attorneys regularly counsel small to medium-sized businesses and have represented such companies in a wide range of general commercial litigation matters including partnership and business disputes, breaches of contracts and term sheets, and claims charging company managers and members of breach of fiduciary duty, breach of contract, fraud, and fraudulent/preferential transfers. We regularly advise clients on matters and contracts involving millions of dollars, and our attorneys have successfully represented businesses and other entities in mediations, arbitrations, and trial. In 2018, for example, Woodrow & Peluso, LLC defended a developer of concessions at Denver International Airport against claims of bid-rigging and bribery.

3. APPEALS

Our attorneys have substantial experience handling appeals at both the state and federal level. Representative appeals worked on predominately by our attorneys include:

- *Mitchell v. Winco Foods, LLC*, No. 1:16-cv-00076-BLW, Appeal No. 17-35998 (9th Cir. Nov. 29, 2018). Firm attained reversal of district court's dismissal of putative FCRA class action on Article III standing grounds;

- *Brown v. Centura Health Corporation,* No. 15CV31140 (Douglas Cnty. Colo.), Appeal No. 17CA430. Firm achieved reversal of dismissal of putative class action lawsuit challenging hospital's use of chargemaster billing system);

- *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012). Attorney Steven Woodrow briefed and argued this appeal resulting in the first federal appellate decision holding that banks may be sued under state law for violations of the federal government's Home Affordable Modification Program. The opinion has been cited over 1,300 times by courts, litigants, and commentators throughout the Country and is widely regarded as the leading authority on the rights and obligations of HAMP servicers and borrowers.

- *Robins v. Spokeo*, 742 F.3d 409 (9th Cir. 2014). Attorney Steven Woodrow argued a federal appeal reversing dismissal and upholding consumer rights under the Fair Credit Reporting Act against one of the nation's largest online data aggregators regarding whether a plaintiff who does not suffer tangible pecuniary loss may still show legal harm to satisfy Article III standing. The case was reversed on writ of certiorari to the United States Supreme Court (argued by different attorneys).

- *Equity Residential Properties Mgmt. Corp. v. Nasolo*, 364 Ill. App. 3d 26, 28, 847 N.E.2d 126, 128 (2006). Attorney Steven Woodrow helped author the winning brief in this landmark landlord/tenant appeal defining the requirements for constructive service and due process for Illinois evictions under the Illinois Forcible Entry and Detainer Act. 735 ILCS 5/9–107 *et seq*.

- *Fuentes v. Kroenke Sports & Entertainment, LLC*, Case No. 2014CV32619. Woodrow & Peluso appealed grant of summary judgment in favor of defendant finding that the Colorado Consumer Protection Act, 6-1-701 *et seq*. does not allow for class actions. Case settled prior to the resolution of the appeal.

### OUR ATTORNEYS

At present, our firm consists of 4 attorneys whose relevant experience is set forth below.

**STEVEN LEZELL WOODROW** has over a decade of experience advising consumers and small businesses in high stakes litigation.

Steven briefed and delivered the winning argument in the landmark federal appellate court decision *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012) holding banks accountable for violations of the federal Home Affordable Modification Program. The opinion is widely regarded as the leading authority on the rights and obligations of HAMP servicers and borrowers. Steven also delivered the winning oral argument in *Robins v. Spokeo*, 742 F.3d 409 (9th Cir. 2014), a federal appeal upholding consumer rights under the Fair Credit Reporting Act against one of the nation's largest online data aggregators. The case and the Supreme Court decision that ultimately reversed it (and now the Ninth Circuit's decision to re-affirm its prior

finding of Article III standing) present some of the most widely-litigated issues in class action practice today.

Mr. Woodrow was appointed lead class counsel in litigation against JPMorgan Chase Bank, N.A. challenging the bank's 4506-T HELOC suspension program and was appointed lead settlement class counsel in other HELOC suspension litigation against Wells Fargo Bank, N.A., Citibank, N.A., Chase, Bank of America, N.A. and PNC Bank.

Mr. Woodrow also led the legal team that secured a preliminary injunction freezing the U.S. assets of Mark Karpeles, the former head of the failed Bitcoin exchange known as Mt. Gox, as well as an order compelling Mr. Karpeles to personally appear in the United States for a deposition in connection with Mt. Gox's Chapter 15 bankruptcy case in Dallas Texas.

Steven has also litigated putative class actions under the Telephone Consumer Protection Act, and courts have appointed him to serve as class counsel in nationwide settlements against cellphone companies, aggregators, and mobile content providers related to unfair billing practices, including *Paluzzi v. Cellco Partnership*, *Williams v. Motricity, Inc*., and *Walker v. OpenMarket Inc*.

Steven has also served as an Adjunct Professor of Law at the Illinois Institute of Technology Chicago-Kent College of Law, where he co-taught a seminar on class actions. Prior to founding Woodrow & Peluso, Steven was a partner at prominent class action technology firm in Chicago.

Before that, he worked as a litigator at a Chicago boutique where he tried and arbitrated a range of consumer protection, landlord tenant, and real estate matters.

**EDUCATION**
Chicago-Kent College of Law, J.D., High Honors, 2005
The University of Michigan-Ann Arbor, B.A, Political Science, with Distinction, 2002

**ADMISSIONS**
State of Illinois (2005)
State of Colorado (2011)
United States Court of Appeals for the Seventh Circuit
United States Court of Appeals for the Ninth Circuit
United States District Court, Northern District of Illinois
United States District Court, District of Colorado
United States District Court, Eastern District of Michigan
United States District Court, Western District of Michigan
United States District Court, District of New Mexico


**PATRICK H. PELUSO** specializes in plaintiff-side consumer class actions.

With a true passion for protecting consumers and their rights, Patrick aggressively pursues class action lawsuits against companies who violate those rights.

Through these lawsuits, he is able to force law-breaking companies to compensate the people they have harmed and correct their future practices. Patrick possesses the skills, strategic vision, and moxie to achieve excellent results for the people he represents. He has experience working with a broad range of consumer protection laws including the Fair Credit Reporting Act, the Telephone Consumer Protection Act, and various state consumer protection and consumer fraud statutes.

Patrick received his law degree from the University of Denver, Sturm College of Law where he was Editor-in-Chief of an academic journal. During law school, Patrick worked with a leading consumer class action law firm and held legal internships with a federal administrative judge and the legal department of a publicly traded corporation. Before law school, Patrick attended New York University, where he graduated with a B.S. and played on the school's club baseball team.

Patrick grew up in Baltimore, Maryland and now resides in Denver, Colorado.

**EDUCATION**
University of Denver, J.D.
New York University, B.S.

**ADMISSIONS**
State of Colorado (2014)
United States District Court, District of Colorado
United States District Court, District of New Mexico
United States District Court, Eastern District of Michigan
United States District Court, Northern District of Illinois
United States District Court, Western District of Wisconsin


**TAYLOR TRUE SMITH** focuses his practice on consumer class actions.

Throughout his life and career, Taylor has developed a passion for consumer advocacy. By pursuing class actions on behalf of consumers, Taylor can give consumers not just a voice but also a seat at the bargaining table.

Taylor received his law degree from the Creighton University School of Law. During law school, he interned with the South Dakota Supreme Court. Prior to beginning law school, Taylor attended South Dakota State University where he earned a B.S. in Economics.

Taylor was raised in Fort Pierre, South Dakota and currently resides in Denver, Colorado.

**EDUCATION**
Creighton University School of Law, J.D. *Cum Laude* 2017
South Dakota State University, B.S. *Magna Cum Laude* 2013

**ADMISSIONS**
State of Colorado (2017)
United States District Court, District of Colorado
United States District Court, Eastern District of Michigan
United States District Court, Northern District of Illinois


**STEPHEN KLEIN** devotes his practice to consumer class actions and commercial litigation.

In a word, Stephen prides himself on the pursuit of results. Whether championing consumers in class actions to curb injurious commercial practices or helping businesses to secure their resources and protect their rights, Stephen is dedicated to achieving client goals.

Stephen earned his law degree at the University of Denver, Sturm College of Law, where he earned a certificate in intellectual property law. While in law school, Stephen worked as a student attorney in the Environmental Law Clinic and as a legal fellow in DU's Office of Technology Transfer. He also served as Managing Editor of the University of Denver Water Law Review. Prior to law school, Stephen earned a B.A. in Environmental and Sustainability Studies from the University of Northern Colorado.

Originally from Chicago, Illinois, Stephen spent time in Minnesota, Ohio, and Texas before settling in the Denver metro area.

**EDUCATION**
University of Denver, Sturm College of Law, J.D., Order of the Coif, 2018
University of Northern Colorado, B.A., *summa cum laude*, 2014

**ADMISSIONS**
State of Colorado (2018)
United States District Court, District of Colorado