UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03893-RGK-AGR | Date | July 18, 2019 |
|---|---|---|---|
| Title | ***EDWARDO MUNOZ v. 7-ELEVEN, INC.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re: Plaintiff's Motion for Preliminary Approval of Class Action Settlement (DE 85)

## I.   INTRODUCTION

On May 9, 2018, Edwardo Munoz ("Plaintiff"), individually and on behalf of all others similarly situated, filed a class action complaint. The complaint alleges, (1) violation of 15 U.S.C. § 1681(b)(2)(A)(i) and 15 U.S.C. § 1681(b)(3) of the Fair Credit Reporting Act ("FCRA"); and (2) violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) ("UCL").

On July 23, 2018, Plaintiff filed a First Amended Complaint ("FAC"). Plaintiff continues to allege violations of section 1681(b)(2)(A)(i) of the FCRA and the UCL, but eliminated his claim for violation of § 1681(b)(3) of the FCRA.

The parties reached a settlement following a private mediation session and negotiation process. On May 15, 2019, Plaintiff filed a Notice of Settlement. On June 17, 2019, Plaintiff filed the present Motion for Preliminary Approval of Class Action Settlement. (DE 85.) For the following reasons, the Court **CONTINUES** hearing on this motion to allow Plaintiff to file an Addendum.

## II.   FACTUAL BACKGROUND

Defendant is a national convenience store operator. Defendant employed Plaintiff for approximately one month from January 26, 2018, until February 21, 2018. While completing his employment application, Plaintiff was asked to sign a disclosure form ("Disclosure Form"). This Disclosure Form contained a general disclosure that there would be a consumer report performed that summarized Plaintiff's background and criminal history. Based on information provided in the consumer report, Plaintiff's employment was terminated. Plaintiff alleges that Defendant's Disclosure Form violates the FCRA by providing information regarding both obtaining a "consumer report" and an "investigative consumer report," violating the FCRA's "stand-alone" requirement. Additionally, Plaintiff alleges that Defendant also included extraneous information that made the Disclosure Form unclear and hard to understand.

The parties reached a settlement in May 2019. The basic terms of the proposed settlement (the "Settlement") provide for a putative settlement class defined as all persons who, from May 9, 2016, through the date notice is sent to the Disclosure Class: (1) applied for employment with Defendant; (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03893-RGK-AGR | Date | July 18, 2019 |
|---|---|---|---|
| Title | ***EDWARDO MUNOZ v. 7-ELEVEN, INC.*** | | |

about whom Defendant procured a consumer report; and (3) were provided the same FCRA disclosure and authorization form that Defendant provided to Plaintiff. The Settlement also includes a California Subclass consisting of all members of the Disclosure Class who reside in California. The Settlement also provides for a Class settlement fund (the "Settlement Fund") of $1,972,500.

The Settlement Fund will be reduced by settlement administration expenses, any incentive award, and any fee award. The remaining net settlement fund will be divided by the total number of approved claims such that every claimant receives the same amount of damages. Each class member who submits an approved claim will be entitled to receive one payment up to a maximum of $550.

Based on Plaintiff's damages estimate, at a claim rate of 5%, administrative fees and costs of $125,000, an incentive award of $5,000, and a fee award of 25%, each claimant would receive approximately $517.

### III.   JUDICIAL STANDARD

Before a court may evaluate a class settlement, the court must first ensure that the class-qualifying criteria of Federal Rule of Civil Procedure ("Rule") 23(a) and (b) are met. *Amchem Prod. v. Windsor*, 521 U.S. 591, 621 (1997). As the party seeking class certification, the plaintiff bears the burden of demonstrating those requirements are satisfied. *Marlo v. United Parcel Servs., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). This inquiry receives "undiluted, even heightened, attention in the settlement context." *Amchem*, 521 U.S. at 620.

After completing the class certification analysis, the court must then determine whether the proposed settlement is fair, adequate, and reasonable. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). Courts evaluate the settlement as a whole, rather than its individual parts, to determine its overall fairness. *Id.*

### IV.   DISCUSSION

The Court first addresses whether the class can be certified for settlement purposes only, and then evaluates the fairness, adequacy, and reasonableness of the settlement. The Court concludes by considering the adequacy of Plaintiff's proposed settlement notice.

####   A.   Class Certification for Settlement Purposes

For a court to grant class certification, the plaintiff must establish that the following elements have been established: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *see Hanlon*, 150 F.3d at 1019. The Plaintiff must also satisfy one of the requirements under Rule 23(b). *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 753 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-03893-RGK-AGR | Date | July 18, 2019 |
| Title | ***EDWARDO MUNOZ v. 7-ELEVEN, INC.*** | | |

On October 18, 2018, the Court granted Plaintiff's Motion to Certify Class. (DE 43.) Thus, the Court finds that for the purposes of settlement, the question of class certification has been resolved.

  **B.**  <u>**Preliminary Approval of the Settlement**</u>

Next, the Court determines whether a proposed settlement that would bind class members is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Hanlon*, 150 F.3d at 1026.

To determine whether a settlement is reasonable at preliminary approval, a district court may consider some or all of the following factors:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*See Officers for Justice v. Civil Serv. Comm'n of San Francisco,* 688 F.2d 615, 625 (9th Cir.1982) (noting that the list of factors is "by no means an exhaustive list of relevant considerations").

After reviewing the parties' submitted materials, the Court finds that the proposed settlement requires modification. The Court addresses the issue of attorneys' fees first.

  1.  *Attorneys' Fees*

Even where the parties have agreed to an amount for attorneys' fees, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable." *In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Although there are two methods to determine attorneys' fees in common fund cases—namely, the lodestar approach and the percentage approach— "the main inquiry is whether the end result is reasonable." *Cox v. Clarus Mktg. Grp.*, 291 F.R.D. 473, 482 (S.D. Cal. 2013) (citing *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000)).

Here, Plaintiff's counsel plans to rely solely on the percentage approach. Under the percentage method, prevailing attorneys are awarded a percentage of the common fund recovered for the class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Counsel has indicated that they will likely request 25% of the settlement fund as attorneys' fees plus costs. (Pl.'s Mtn. for Settlement Approval 14:8-13). Specifically, the terms of the Settlement provide that attorneys' fees will not exceed, "one-third (33.33%) of the Settlement Fund." (Stip. of Settlement Pg. 28 ¶ 8.1) At this stage, these terms are acceptable for purposes of preliminary approval.[1] However, the ultimate determination of attorneys'

---

[1] There must be apparent circumstances that justify a departure from the Ninth Circuit's "benchmark award" of 25%. *Bluetooth*, 654 F.3d 935, 942 (9th Cir. 2011). The Court is skeptical that those circumstances exist here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03893-RGK-AGR | Date | July 18, 2019 |
|---|---|---|---|
| Title | ***EDWARDO MUNOZ v. 7-ELEVEN, INC.*** | | |

fees will be properly addressed at the final approval stage, subject to a separate motion for attorneys' fees.

      2.    *Remaining Settlement Terms*

As to the remaining settlement terms, the Court finds as follows. First, Plaintiff states in this Motion that the Settlement terms are the result of adversarial arm's length and collusion free negotiations between the parties, who were both represented by experienced counsel. These negotiations were conducted with the assistance of Michael E. Dickstein, a well-respected mediator with substantial class action experience.

Second, Plaintiff has established that the investigation and discovery conducted were sufficient. The Court agrees. Prior to mediation, the parties engaged in extensive discovery—conducting depositions, serving and responding to discovery requests, and regularly meeting to confer regarding discovery disputes. (Woodrow Dec. 4:10-16.) Furthermore, even during the mediation process, the parties were in the midst of trial preparation, compiling exhibit lists, witness lists, as well as drafting their memorandum of contentions of law and fact. (*Id*. at 5:3-9.)

Third, the amount offered in settlement is fair. The estimated net recovery per person of $517 is below the FCRA statutory maximum of $1,000. However, the maximum statutory award manifests only if Plaintiffs' claims prevail at trial. (*Id*. at 6:3-7.)

Fourth, as to the release of future claims, "A settlement agreement may preclude a party from bringing a related claim in the future 'even though the claim was not presented and might not have been presentable in the action,' *but only where* the released claim is based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (emphasis added) (citations omitted). A proposed settlement agreement is overly broad when it fails to limit the claims released to those based on the facts alleged in the complaint. *See id.*

Here, the agreement requires a release of claims "relating to the FCRA that belong to Plaintiff Munoz and any class member who does not opt-out." (Pl.'s Mot. for Prelim. Approval at 8:8-12.) This limitation is broader than the parameters established by the Ninth Circuit. The language fails to limit the released claims released to those based on the facts alleged in the complaint. Such language would be required for approval of any final settlement agreement.

Fifth, there are no known objectors at this time.

On balance, with the exception of the release, the Court finds that the proposed settlement is fair, adequate, and reasonable. As discussed above, the language fails to limit the claims released to those based on the facts alleged in the complaint. This deficiency must be cured before the Court can preliminarily grant approval of this class action settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03893-RGK-AGR | Date | July 18, 2019 |
|---|---|---|---|
| Title | ***EDWARDO MUNOZ v. 7-ELEVEN, INC.*** | | |

Accordingly, the Court withholds approval of the proposed notice until the defects discussed above have been cured.

### C.  Proposed Notice

Finally, pursuant to Rule 23(e), "[t]he court must direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed. R. Civ. P. 23(e)(1). Moreover, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be reasonably identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

Here, the proposed notice sufficiently informs the Class members of (1) the nature of the litigation and the Settlement Class, (2) the essential terms of the Settlement, (3) information about attorneys' fees and other expenses, (4) how to object to the Settlement, and (5) how to obtain additional information about the Settlement. The Settlement Administrator will provide such notice by mail, using the most updated address information available for Settlement Class members. The Settlement Administrator will maintain a Settlement Website that will host the traditional Long Form Notice. However, the proposed notice suffers from the same deficiency with respect to the released claims, as the notice refers claimants to the language stated in the Settlement Agreement. Such deficiencies need to be cured before the Court can approve this proposed notice. Accordingly, the Court finds the proposed notice insufficient.

### V.  CONCLUSION

For the foregoing reasons, the Court **continues** hearing on this motion to allow the parties to file an Addendum to Plaintiff's Motion for Preliminary Approval of Class Action Settlement. The Addendum shall be filed no later than **10 days** from the date this order is entered. Attached to the Addendum shall be an amended Stipulation of Settlement, Settlement Agreement, and Proposed Notice of Class Action Settlement that cures the deficiency discussed above regarding the language used in releasing claims.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03893-RGK-AGR | Date | July 18, 2019 |
|---|---|---|---|
| Title | ***EDWARDO MUNOZ v. 7-ELEVEN, INC.*** | | |

Upon approval of the parties' Addendum, the Court will (1) rule on the requests for appointment of class representative, class counsel, and claims administrator; and (2) set a hearing date for Final Approval of Class Action Settlement.

**IT IS SO ORDERED.**

Initials of Preparer _____ : _____