# EXHIBIT A

Steven L. Woodrow*
    swoodrow@woodrowpeluso.com
Patrick H. Peluso*
    ppeluso@woodrowpeluso.com
Taylor T. Smith*
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiff and the alleged Classes

Julie R. Trotter
    jtrotter@calljensen.com
Delavan J. Dickson
    ddickson@calljensen.com
Kent R. Christensen
    kchristensen@calljensen.com
**CALL & JENSEN**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: 949-717-3000
Facsimile: 949-717-3100

Attorneys for Defendant

[Additional counsel appearing on signature page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| **Edwardo Munoz,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**7-Eleven, Inc.,** a Texas corporation,<br><br>Defendant. | Case No.  2:18-cv-03893-RGK-AGR<br><br>**STIPULATION OF SETTLEMENT**<br><br>Judge: Hon. R. Gary Klausner<br>Magistrate Judge: Hon. A. Rosenberg<br><br>Complaint Filed: May 9, 2018<br>Trial Date: July 2, 2019 |

- 1 -

1    This Stipulation of Settlement (the "Agreement" or "Settlement Agreement")
2    is dated June 17, 2019 (irrespective of when signed for reference purposes), and is
3    entered into by and among (i) Plaintiff Edwardo Munoz on behalf of himself and the
4    Settlement Class (as defined below), and (ii) Defendant 7-Eleven, Inc. ("7-Eleven"
5    or "Defendant"). This Agreement is intended by the Parties to fully, finally, and
6    forever resolve with prejudice, discharge, and settle the Released Claims (as defined
7    below), as well as any and all other matters at issue, or potentially at issue, in this
8    litigation, upon and subject to the terms and conditions of this Agreement and
9    subject to the final approval of the Court having jurisdiction over the Parties and
10   these Released Claims.

## **RECITALS**

13   A.    On May 9, 2018, named plaintiff Edwardo Munoz filed a class action
14   complaint and jury demand in this Court in the above-captioned action on behalf of
15   himself and all others similarly situated against Defendant 7-Eleven, Inc.

16   B.    Following meet-and-confer efforts between the Parties, Plaintiff filed a
17   First Amended Complaint on July 9, 2018 ("FAC"), which is the operative complaint
18   in this matter. The FAC alleges that 7-Eleven violated the Fair Credit Reporting
19   Act's ("FCRA") "stand alone" and "clear and conspicuous" requirements of 15
20   U.S.C. § 1681b(b)(2)(A)(i) with the background check disclosure and authorization
21   form ("Form") Plaintiff and the Class executed as part of their new hire paperwork.
22   The FAC sought damages and injunctive relief on behalf of a nationwide class.

23   C.    On October 19, 2018, the Court, the Honorable R. Gary Klausner
24   presiding, granted Plaintiff's Motion for Class Certification (dkt. 43).

25   D.    Prior to and following class certification, and throughout the case, the
26   Parties have engaged in motion practice, class certification, written and oral

28                                    - 2 -
**STIPULATION OF SETTLEMENT**

discovery, and informal discovery regarding the size and scope of the Class and the underlying merits of the case.

E.      On April 9, 2019, counsel for Plaintiff Munoz, 7-Eleven's corporate representative, and counsel for 7-Eleven engaged in a full-day mediation in Toronto, Ontario, Canada, with Michael Dickstein of Dickstein Dispute Resolution, a well-respected mediator, in an attempt to resolve the case.

F.      Through the mediation process, the Parties conducted further informal discovery and exchanged additional information about the size and scope of the Class.

G.      Following extensive back-and-forth discussions and negotiations facilitated by Mr. Dickstein, the Parties reached an agreement on the framework of the proposed settlement and the relief to be made available to the Class upon Court approval.

H.      Following an agreement in principle with respect to the relief to be afforded to the Class, the Parties negotiated an incentive award for the proposed Class Representative and reasonable attorneys' fees for proposed Class Counsel.

I.      At all times, 7-Eleven has denied and continues to deny all wrongdoing whatsoever and has denied and continues to deny that it committed, threatened, or attempted to commit any wrongful act or violation of any law or duty alleged in the Action, including but not limited to the FCRA. 7-Eleven also contends that it has acted properly in all respects in connection with its procurement and use of consumer reports/background checks for applicants and employees.

J.      7-Eleven also denies: (1) each and every claim and contention alleged; (2) all charges of wrongdoing or liability against it or its agents arising out of any conduct, statements, acts, or omissions alleged in the Action; and (3) that Plaintiff or

- 3 -

**STIPULATION OF SETTLEMENT**

1  the Class are entitled to any form of damages or other relief based on the conduct

2  alleged in the Action.

3        K.    7-Eleven also maintains that it has strong, meritorious defenses to the

4  claims alleged in the Action and that it was prepared to vigorously defend all aspects

5  of the Action. Nonetheless, having conducted an investigation of the facts, analyzed

6  the relevant legal issues, and taken into account the uncertainty and risks inherent in

7  any litigation, 7-Eleven has concluded that further defense of the Action would be

8  protracted, burdensome, and expensive and that as such, it is desirable and beneficial

9  to fully and finally settle and resolve the Action in the manner and upon the terms

10  and conditions set forth in this Agreement.

11        L.    This Agreement therefore is a compromise of disputed rights and

12  remedies between the Parties, and the Parties acknowledge and agree it represents a

13  fair and reasonable resolution of disputes, claims, and defenses for all concerned.

14  This Agreement, any related documents, and any associated negotiations may not be

15  construed as, or deemed to be evidence of, or an admission or concession of, liability

16  or wrongdoing on the part of 7-Eleven or any of the Released Parties (defined

17  below) with respect to any claim of any fault, liability, wrongdoing, or damage

18  whatsoever.

19        M.    It is understood and agreed that this Agreement represents a full and

20  final resolution of all claims, at law or in equity, whether known or unknown, that

21  relate to, are based on, or arise out of the facts, allegations, claims, causes of action,

22  transaction or series of transactions, or damages alleged or that were or could have

23  been brought in the Action.

24        N.    Plaintiff Munoz believes that the claims asserted in the Action against 7-

25  Eleven on behalf of himself and the certified Class have merit and that he and the

26  Class would have ultimately been successful in prevailing on the merits.

27

28                                           - 4 -

**STIPULATION OF SETTLEMENT**

Nonetheless, Plaintiff Munoz and Class Counsel recognize and acknowledge that 7-Eleven has raised factual and legal defenses that present a risk that Plaintiff Munoz and the Class may not prevail. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties, delays, and expenses inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved, with prejudice, and be barred pursuant to the terms set forth in this Agreement.

O.     Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Class and that it is in the best interests of the Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

P.     The Parties agree that the Action has been resolved in good faith, after significant arm's-length bargaining, presided over by a neutral and respected mediator, and that the settlement reflected in this Agreement confers substantial benefits upon each of the Parties.

Q.     Accordingly, to avoid the costs of trial and the exigencies of continued litigation and to settle and dispose of, fully and completely and forever, the Released Claims and any and all claims and causes of action asserted in the Action, subject to final approval of the Court after a fairness hearing or hearings as provided for below, and that upon final approval of this Agreement by the Court and fulfillment of each Party's obligations the Court will enter a final order dismissing this Action with prejudice.

- 5 -

**STIPULATION OF SETTLEMENT**

# SETTLEMENT AGREEMENT

## 1. DEFINITIONS

In addition to terms defined throughout this Agreement and in any schedule or exhibits, the following terms shall have the meaning set forth below and shall be deemed defined, for purposes of this Agreement only, as follows:

**1.1** **"Action"** means this lawsuit, which is captioned *Munoz v. 7-Eleven, Inc.*, 2:18-cv-03893-RGK-AGR (C.D. Cal.).

**1.2** **"Approved Claim"** means a Claim that meets all requirements expressly set forth in this Agreement and approved by the Settlement Administrator that also meets the following requirements: (a) the Claim is submitted on a timely basis in accordance with the directions on the Claim Form and the provisions of this Agreement, (b) the Claim is fully and truthfully completed and executed by a Class Member and provides all of the information requested on the Claim Form, (c) the Claim is signed by the Class Member, subject to the penalties of perjury, and (d) the Claim Form is verified by the Settlement Administrator as being on the Class List and not a duplicate or otherwise invalid claim, pursuant to Section 2 of this Agreement.

**1.3** **"Claim"** means a written claim on the approved "Claim Form" submitted by a Class Member to the Settlement Administrator requesting to participate in and receive a benefit under the terms of this Settlement Agreement.

**1.4** **"Claimant Payments"** mean the amounts due to each Class Member who timely files an Approved Claim equal to the Class Member's share of the Net Settlement Fund.

**1.5** **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received by the Settlement Administrator in order to be considered timely. The Claims Deadline shall be a date no later than fourteen (14)

- 6 -

days prior to the deadline for Class Counsel and Plaintiff to file a Motion for Final Approval. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order and on the Notice and the Claim Form.

**1.6** **"Claim Form"** means the forms drafted by Class Counsel and Defendant, subject to the Court's approval, which, to recover a portion of the Settlement, each Class Member must complete in full, sign, and timely mail to the Settlement Administrator. The Claim Form will be mailed to each Class Member with the notice and will be made available in paper format upon request to the Settlement Administrator or to Class Counsel.

**1.7** **"Class"** or **"Settlement Class"** means all Persons who fall into the definition of either class certified by the Court in its Order granting Class Certification of October 18, 2018 (dkt. 43), which for convenience were defined as follows:

> **Disclosure Class**: All persons in the United States who (1) from a date [two years] prior to the filing of this initial complaint in this action to the date notice is sent to the Disclosure Class; (2) applied for employment with Defendant; (3) about whom Defendant procured a consumer repot; and (4) who were provided the same for FCRA disclosure and authorization as the disclosure and authorization form that Defendant provided to Plaintiff.

> **California Subclass:** All members of the Disclosure Class who reside in California.

**1.8** **"Class Counsel"** means Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC.

**1.9** **"Class List"** means the list of Persons identified by 7-Eleven to be provided to the Settlement Administrator who are members of the Class, which 7-Eleven represents it used its best efforts to compile.

- 7 -

**STIPULATION OF SETTLEMENT**

1    **1.10** **"Class Member"** or **"Settlement Class Member"** means a Person is

2    a member of the Class (including the proposed Class Representative) who has not

3    submitted a valid request for exclusion. 7-Eleven reasonably believes that the total

4    estimated size of the Class is comprised of approximately 59,920 Persons.

5    **1.11** **"Class Representative"** or **"Named Plaintiff"** means Plaintiff

6    Edwardo Munoz, subject to the approval of the Court.

7    **1.12** **"Court"** means the United States District Court for the Central

8    District of California.

9    **1.13** **"*Cy Pres* Designees"** means the Education Fund of the National

10   Association of Consumer Advocates. Should the Court not approve the Education

11   Fund of the National Association of Consumer Advocates as a *cy pres* recipient,

12   the *Cy Pres* Recipient shall mean any other such organization that the Court deems

13   appropriate.

14   **1.14** **"Defendant"** or **"7-Eleven"** means 7-Eleven, Inc.

15   **1.15** **"Defense Counsel"** or **"7-Eleven's Counsel"** means defense

16   counsel, Julie Trotter, Delavan Dickson, and Kent Christensen of Call & Jensen.

17   **1.16** **"Effective Date"** means one (1) business day after which all of the

18   events and conditions specified in Section 9.1 have occurred or have been met.

19   **1.17** **"Fair Credit Reporting Act"** or **"FCRA"** or **"the Act"** means and

20   refers to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

21   **1.18** **"Fee Award"** means the amount of reasonable attorneys' fees and

22   reimbursement of expenses, if any, awarded by this or any other Court to Class

23   Counsel for their work pursuing this Action which Defendant will pay from the

24   Settlement Fund.

25   **1.19** **"Final"** means one business day following the latest of the following

26   events: (i) the date upon which the time expires for filing or noticing any appeal of

27

28                                        - 8 -

**STIPULATION OF SETTLEMENT**

the Court's Final Order approving this Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Order without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.20** **"Final Approval Hearing"** means the fairness hearing under Rule 23(e) during which the Parties will ask the Court to enter the Final Order approving the Settlement Agreement, the incentive award to the Class Representative, and the Fee Award, to be scheduled in the Preliminary Approval Order and set forth in both the Short Form Notice and Long Form Notice.

**1.21** **"Final Approval Order and Judgment"** means the order in which the Court grants final approval of this Settlement Agreement, authorizes the entry of a final judgment, and dismisses the Action with prejudice.

**1.22** **"Funding Date"** means the date by which 7-Eleven must forward to the Settlement Administrator by wire the sum of the balance remaining between the Initial Deposit and the Settlement Fund. The Funding Date shall be no later than fourteen (14) days following the date the Final Approval Order and Judgment becomes Final.

**1.23** **"Incentive Award"** means the amount, if any, approved by the Court as a payment to the Class Representative in recognition of the Class Representative's time, effort, and exposure on behalf of the Class Members.

**1.24** **"Judgment"** means the Judgment entered to by the Court

- 9 -

incorporating the terms of this Settlement Agreement as approved in the Final Order.

**1.25** **"Long Form Notice"** means traditional "long form" notice to be made available on the Settlement Website, describing the terms of this Settlement Agreement and containing information on how to file a claim, opt-out of the Settlement Class, or object, and which will be made available in accordance with Section 4 of this Settlement Agreement, substantially in the form of Exhibit A hereto.

**1.26** **"Nationwide"** means the fifty (50) states of the United States of America and its territories or possessions that are subject to the FCRA or any claims asserted in the Action.

**1.27** **"Net Settlement Fund"** defined and calculated as the total Settlement Fund (one million nine hundred seventy two-thousand and five hundred dollars, $1,972,500 USD) less the sum of all Settlement Administration Costs, any Incentive Award to the Settlement Class Representative, and any Fee Award as approved by the Court respectively).

**1.28** **"Notice Date"** means the date by which direct-mail notice under the Notice Plan set forth in Section 4 has been sent, which shall be a date no later than twenty one (21) days after entry of the Preliminary Approval Order.

**1.29** **"Notice Plan"** means the proposed plan developed by the Settlement Administrator and approved by the Parties for disseminating notice to members of the Class of the proposed Settlement Agreement and of the Final Approval Hearing.

**1.30** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion by a Person within the Class must be postmarked or filed with the Court, which shall be

- 10 -

**STIPULATION OF SETTLEMENT**

1  designated as a date no earlier than forty-five (45) days after the Notice Date and

2  at least fourteen (14) days after papers supporting the Fee Award are filed with the

3  Court and made available on the Settlement Website.

4      **1.31**   **"Parties"** or **"Settling Parties"** means Plaintiff Edwardo Munoz

5  and Defendant 7-Eleven.

6      **1.32**   **"Person"** means any individual or any entity including, without

7  limitation, a corporation, partnership, limited partnership, limited liability

8  partnership, limited liability company, association, joint stock company, estate,

9  legal representative, trust, unincorporated association, and any other business or

10  legal entity and their respective predecessors, successors, representatives, and

11  assigns.

12      **1.33**   **"Plaintiff"** means the Named Plaintiff Edwardo Munoz.

13      **1.34**   **"Preliminary Approval"** means the Court's preliminary approval of

14  the Settlement Agreement and approval of the form of the Notice and of the

15  Notice Plan.

16      **1.35**   **"Preliminary Approval Order"** means the Court's order

17  preliminarily approving the Settlement Agreement, confirming the prior

18  certification of the Class, and directing notice of the Settlement to the Class.

19      **1.36**   **"Released Claims"** means any and all actual, potential, filed, known

20  or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected,

21  claims, demands, liabilities, rights, causes of action, contracts or agreements,

22  extra-contractual claims, punitive, treble, exemplary, statutory, or multiplied

23  damages, expenses, costs, attorneys' fees, fines, penalties, awards, interest

24  (including pre-judgment interest), and all other obligations, whether in law or in

25  equity, accrued or unaccrued, direct, individual or representative, of every nature

26  and description whatsoever, whether based on the FCRA or any other federal,

27

28                                  - 11 -

1  state, local, statutory or common law or any other law, rule or regulation,

2  including the law of any jurisdiction outside the United States (including both

3  direct, vicarious, and derivative claims), and whether known or unknown, against

4  the Released Parties or any of them that relate to, are based on, could have been

5  brought or arise out of the facts, allegations, claims, causes of action, transaction

6  or series of transactions, or damages alleged in the First Amended Complaint.

7      **1.37   "Released Parties"** means Defendant 7-Eleven and all current and

8  former, direct and indirect, parents, subsidiaries, brother-sister companies, and all

9  other affiliates and related partnerships, joint ventures, or other entities, and, with

10  respect to each of them, their predecessors and successors; and, with respect to

11  each such entity, all of its past, present, and future employees, officers, directors,

12  stockholders, owners, insurers, representatives, assigns, attorneys, agents, insurers,

13  employee benefit programs (and the trustees, administrators, fiduciaries, and

14  insurers of such programs), and any other persons acting by, through, under or in

15  concert with any of the persons or entities listed in this section, and their

16  successors.

17      **1.38   "Releasing Parties"** means Plaintiff Munoz and those Class

18  Members who do not timely opt out of the Class (whether or not such Class

19  Members submit claims).

20      **1.39   "Settlement Administration Expenses"** means the expenses

21  incurred by the Settlement Administrator in providing Notice, maintaining the

22  Settlement Website, processing claims, mailing checks for Approved Claims, as

23  well as any costs incurred in sending the Class Action Fairness Act notices

24  described in Section 4.2(g) below. 7-Eleven will pay all Settlement Administration

25  Expenses incurred in connection with this Agreement.

26      **1.40   "Settlement Administrator"** means the third-party administrator

27

28

- 12 -

**STIPULATION OF SETTLEMENT**

1 selected by the Parties and approved by the Court to oversee the distribution of

2 Notice and to process and pay Approved Claims to the Class Members, in

3 accordance with the terms and conditions set forth in this Agreement, and any

4 other amounts to any other Persons required under this Agreement.

5      **1.41**   **"Settlement Agreement" "Settlement"** or **"Agreement"** means this

6 Agreement and the settlement contemplated hereunder.

7      **1.42**   **"Settlement Checks"** mean the checks to be issued by the Settlement

8 Administrator from the Settlement Fund in the amount of the Claimant Payments.

9 Settlement Checks shall be issued no later than twenty one (21) days following the

10 Funding Date.

11      **1.43**   **"Settlement Fund"** means the total aggregate common fund that 7-

12 Eleven will be obligated to pay by operation of this Settlement Agreement if it

13 receives final approval from the Court and the Judgment becomes Final. The

14 Settlement Fund equals one-million, nine-hundred seventy-two thousand, five-

15 hundred dollars ($1,972,500 USD) and constitutes 7-Eleven's exclusive and total

16 payment obligation under this Settlement Agreement to settle the Action in full.

17 The Settlement Fund will be used to pay: (a) the Settlement Checks to Settlement

18 Class Members who submit Approved Claims; (b) any Fee Award; (c) any

19 Incentive Award approved by the Court; and (d) all Settlement Administration

20 Costs. The Settlement Fund represents the total extent of 7-Eleven's monetary

21 obligations under this Agreement. The Settlement Fund shall be maintained in an

22 interest-bearing account if possible at a bank chosen by the Settlement

23 Administrator ("the Settlement Bank Account"). The Settlement Administrator

24 shall establish the Settlement Bank Account at a bank that is insured by the

25 Federal Deposit Insurance Corporation and that has total assets of at least five-

26 hundred million dollars ($500,000,000 USD) and a short-term deposit rating of at

27

28

**STIPULATION OF SETTLEMENT**

1  least P-1 (Moody's) or A-1 (Standard & Poor's). Any costs associated with

2  opening and/or maintaining the bank account to hold the Settlement Fund shall be

3  deducted from the Settlement Fund. The Settlement Administrator shall be

4  responsible for all tax filings with respect to any earnings on the Settlement Fund

5  and the payment of all taxes that may be due on such earnings.

6    **1.44**  **"Settlement Website"** means the Internet website to be established,

7  administered and maintained by the Settlement Administrator as set forth in

8  Section 4 of this Settlement Agreement which shall contain the Long Form

9  Notice, important dates and deadlines, and key Settlement documents and orders.

10  The Settlement Website will also allow Settlement Class Members to file Claim

11  Forms electronically.

12    **1.45**  **"Short Form Notice"** means the notice of this proposed Class

13  Action Settlement and Final Approval Hearing, which will be delivered via direct-

14  mail notice to the Class Members in substantially the manner set forth in this

15  Agreement, consistent with the requirements of due process and Rule 23, as

16  expressly provided in this Agreement and as substantially in the form attached as

17  Exhibit B.

18  **2.**   **CLASS BENEFITS**

19    **2.1**   **Payments to Settlement Class Members.** No later than the Funding

20  Date, 7-Eleven shall deposit into the Settlement Bank Account the Settlement Fund .

21  7-Eleven shall have no payment obligations under this Settlement other than the

22  Settlement Fund. In the event that this Settlement Agreement terminates or is not

23  approved, any advances paid to the Settlement Administrator by 7-Eleven that have

24  not been spent, and are not required for amounts that are due and payable for

25  reasonable and identified notice and administration costs already incurred, shall,

26

27

28                - 14 -

**STIPULATION OF SETTLEMENT**

1  within ten (10) business days, be returned by the Settlement Administrator to 7-

2  Eleven by payment to an account designated by 7-Eleven.

3        a)     To facilitate the notice and claims administration process, 7-

4  Eleven and its counsel will provide to the Settlement Administrator, in an

5  electronically searchable and readable format, the Class List. Any information on the

6  Class List shall be provided solely for the purpose of providing notice to the Class

7  and informing them about their rights further to this Settlement, shall be kept in strict

8  confidence and, subject to a Stipulated Protective Order, shall not be disclosed to any

9  third party other than the parties to this Agreement and their counsel if necessary to

10  effectuate the terms of the Agreement or the administration process, shall be used for

11  no other cases, and shall be used for no other purpose.

12        b)     Subject to the terms and conditions of this Agreement, Class

13  Members shall qualify for payment from the Settlement Fund if they submit a Claim

14  Form before the Claims Deadline that is an Approved Claim and they are on the

15  Class List. Only one claim per person shall be permitted.

16        c)     Each Class Member who submits an Approved Claim shall be

17  eligible to receive one (1) Claimant Payment of equal value, which is to be

18  determined by dividing the Net Settlement Fund by the total number of Approved

19  Claims.  However, in no event shall any Class Member receive a Claimant Payment

20  greater than five-hundred fifty dollars ($550), which shall be the maximum payout.

21  If the $550 cap is triggered, any remaining funds from the Net Settlement Fund shall

22  be distributed evenly among the *Cy Pres* designees approved by the Court.

23        d)     Settlement Checks for the Claimant Payments shall be valid for

24  ninety (90) days after issuance. Settlement Checks shall be issued to Class members

25  who filed Approved Claims within twenty-one (21) days of the Funding Date. Any

26  funds associated with Settlement Checks not cashed by Settlement Class Members

27

28                    - 15 -

within that time will remain in the Settlement Fund unless such Settlement Check is returned as undeliverable to the Settlement Administrator within the 90-day period after issuance ("Returned Settlement Checks"). With respect to Returned Settlement Checks, the Settlement Administrator will make one (1) reasonable attempt at re-mailing to the address on file or to any updated address determined by using the national change of address registry. Re-mailed checks shall be valid for ninety (90) days after issuance of the re-mailing.

   e) Any amounts remaining in the Settlement Fund after payment of all Claimant Payments, Settlement Administration Costs, Fee Award and Incentive Award will be paid to the *Cy Pres* Recipients, as approved by the Court.

   f) Notwithstanding any judgment, principle, or statute, there shall be no interest accrued, owing, or paid by 7-Eleven on the Claimant Payments, or on the Settlement Fund, or on any other benefit available (or potentially available) under this Agreement.

  **2.2** **Prospective Relief.**  The Parties and Settlement Class agree that the language below satisfies the requirements of 15 U.S.C. § 1681b(b)(2)(A)(i), which is the content in 7-Eleven's current background check disclosure form:

### CONSUMER REPORT DISCLOSURE AND AUTHORIZATION

7-Eleven, Inc. may obtain, where permitted, one or more "consumer reports" as that term is defined in the Fair Credit Reporting Act ("FCRA") to use for employment purposes in connection with your employment, or your application for employment (i.e., for the purpose of considering you for employment) with 7-Eleven, Inc.  Consumer reports may contain information concerning your criminal history, driving history, education history, employment history, records of military service, and other background information where permissible by law.

By affixing your electronic signature below, you authorize 7-Eleven, Inc. to obtain, where permitted, one or more consumer reports in connection with your employment or application for employment with 7-Eleven, Inc.

**First Name:**

- 16 -

**STIPULATION OF SETTLEMENT**

**Full Middle Name:**
**Last Name:**
**Address:**
**Email Address:**
**Date of Birth:**
**Social Security Number:**

This is an electronic signature and is given in accordance with U.S. federal regulations governing the legal and binding effectiveness of electronic signatures.  By providing this electronic signature, you are acknowledging that you have carefully read this notice and authorization form, and understand it.

      **2.3**    **Payments Not Wages.** The Parties agree that payments under this Agreement do not constitute wages, these payments are not subject to FICA or other withholding, and each Settlement Class Member who is eligible for and receives a payment under this Agreement will be solely responsible for payment of any taxes on the amount received.

**3.**    **RELEASES**

      **3.1**    **Released Claims.**  The obligations incurred under this Settlement Agreement shall constitute a full and final disposition, settlement, and dismissal of the Action and of any and all Released Claims by the Releasing Parties against all Released Parties and each of them.

      **3.2**    **Release**. Upon the Effective Date, the Releasing Parties and each of them, jointly and severally, shall be deemed to have, and by operation of the Final Order, shall have fully, finally, and forever released, relinquished, waived, and discharged with prejudice all Released Claims against the Released Parties and each of them.

      **3.3**    **All Claims, Known and Unknown, Extinguished**. In addition, upon the Effective Date the Class Representative, on behalf of himself and his present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of

- 17 -

**STIPULATION OF SETTLEMENT**

1    them, shall be deemed to have released any and all claims, known or unknown,

2    against 7-Eleven and the Released Parties that were or could have been brought

3    against 7-Eleven and the Released Parties either in the Action or in any separate

4    proceeding in any court of competent jurisdiction. 7-Eleven shall be able to raise a

5    defense in any subsequent action alleging Released Claims that payments to any

6    Person based on an Approved Claim operates as an accord and satisfaction and a

7    release and waiver as to any claims such Persons may otherwise have arising

8    from, or which could have been asserted in, the Action.

9         **3.4     California Section 1542**. For the Released Claims, each Settlement

10   Class Member who applied for or worked in the State of California waives all

11   rights and benefits afforded by California Code Section 1542 and does so with full

12   understanding of the significance of that waiver. Section 1542 states: "**A general**

13   **release does not extend to claims that the creditor or releasing party does not**

14   **know or suspect to exist in his or her favor at the time of executing the**

15   **release and that, if known by him or her, would have materially affected his**

16   **or her settlement with the debtor or released party.**" The Class Representative

17   and Settlement Class Members acknowledge that they may discover facts in

18   addition to or different from those that they now know or believe to be true with

19   respect to the subject matter of this release, but that it is their intention to finally

20   and forever settle and release the Released Claims, notwithstanding any unknown

21   claims they may have, as that term is defined in this Agreement.

22   **4.     NOTICE, EXCLUSIONS & OBJECTIONS**

23        **4.1     Notice Plan**

24             a)     The Parties agree to provide the best notice that is practicable

25   under the circumstances, including individual notice to Persons in the Class who

26   may be identified through reasonable efforts.

27

28                                      - 18 -

1          b)     7-Eleven shall, within fourteen (14) days of entry of the

2    Preliminary Approval Order, provide the Settlement Administrator with the Class

3    List. The Settlement Administrator shall use the Class List to take all steps

4    reasonably necessary, including reverse phone look-ups of the phone numbers, to

5    identify the owner of the numbers in the Class List at the relevant time together

6    with such Persons' last known mailing address and email address, where

7    available. After identifying mailing addresses through this process, the Settlement

8    Administrator shall, by using the National Change of Address ("NCOA") database

9    maintained by the United States Postal Service ("Postal Service"), obtain updated

10   mailing addresses, if available.

11         c)     Within thirty (30) days following entry of the Preliminary

12   Approval Order, the Settlement Administrator shall send the Short Form Notice to

13   each Class Member via first class mail for those Class Members for whom a

14   mailing address has been obtained. Wherever an email address has been located,

15   the Settlement Administrator will also email the Short Form Notice, in a form

16   appropriate for email, to the email address. Neither the Parties nor the Settlement

17   Class Administrator shall have any obligation to mail or email the Short Form

18   Notice to any Settlement Class Member for whom no mailing address or email

19   address could be located following the process set forth in 4.3.b above. If and to

20   the extent deemed necessary by the Settlement Administrator, the last known

21   address of Persons in the Class will be subject to confirmation or updating as

22   follows: (i) the Settlement Administrator may conduct a reasonable search to

23   locate an updated address for any Person in the Class whose Short Form Notice is

24   returned as undeliverable; (ii) the Settlement Administrator shall update addresses

25   based on any forwarding information received from the United States Post Office;

26   and (iii) the Settlement Administrator shall update addresses based on information

27

28                       - 19 -

**STIPULATION OF SETTLEMENT**

1    it receives and through any requests received from Persons in the Class.

2          d)     If any Short Form Notice sent under this Section is returned by

3    the Postal Service as undeliverable, the Settlement Administrator shall re-mail the

4    Short Form Notice once to the forwarding address, if any, provided by the Postal

5    Service on the face of the returned mail. Otherwise, the Settlement Administrator

6    shall attempt to send notice via email. Other than as set forth in this paragraph,

7    neither the Parties nor the Settlement Administrator shall have any other

8    obligation to re-mail the Short Form Notice.

9          e)     The Settlement Administrator shall have discretion to format

10   the Short Form Notice and Claim Form in a reasonable manner to minimize

11   mailing or administrative costs. Before the Short Form Notices are mailed, Class

12   Counsel and Counsel for Defendant shall first be provided with a proof copy of

13   any and all notices (including what the items will look like in their final form), and

14   shall have the right to inspect the same for compliance with the Settlement

15   Agreement and with any orders by the Court.

16         f)     No later than twenty-one (21) days following the entry of the

17   Preliminary Approval Order, the Settlement Administrator shall cause the Long

18   Form Notice, a downloadable Claim Form that may be printed and mailed to the

19   Settlement Administrator, an electronic version of the Claim Form that may be

20   completed and submitted electronically, this Settlement Agreement and Exhibits,

21   the FAC, the Preliminary Approval Order, and any other relevant documents to be

22   made available on a dedicated Settlement Website, the website name/URL for

23   which is to be agreed upon by the Parties, to be administered by the Settlement

24   Administrator. When available, the Settlement Administrator shall make available

25   on the Settlement Website Class Counsel's application for a Fee Award and any

26   motion seeking approval of any Incentive Award as well as the Final Approval

27

28                                            - 20 -

**STIPULATION OF SETTLEMENT**

1   Order. Any other content proposed to be included or displayed on the Settlement

2   Website shall be approved in advance by Class Counsel and Defendant's Counsel.

3   Such approvals shall not be unreasonably withheld.

4          g)    Within thirty (30) days after entry of the Preliminary Approval

5   Order, the Settlement Administrator shall set up a toll-free telephone number that

6   will provide automated information about the settlement, the Class Members'

7   rights, important deadlines, and instructions as to how Class Members may

8   request and obtain hard-copy settlement documents. That telephone number shall

9   be maintained until the Claims Deadline. After that time, and through the date the

10   Final Approval Order is entered, a recording will advise any caller to the toll free

11   telephone number that the Claims Deadline has passed and that details regarding

12   the settlement may be reviewed on the Settlement Website.

13          h)    7-Eleven and the Settlement Administrator shall be responsible

14   for timely compliance with any notice required by the Class Action Fairness Act

15   ("CAFA"), 28 U.S.C. § 1715. 7-Eleven shall provide proof of such compliance by

16   filing a confirmation declaration with the Court at least fourteen (14) days prior to

17   the Final Approval Hearing.

18          i)    Claim Forms shall be returned or submitted to the Settlement

19   Administrator via U.S. Mail or via submission through the Settlement Website, by

20   the Claims Deadline or be forever barred.

21       **4.2**    **Right to Opt Out, Comment, or Object.** The Notice shall advise the

22   Class Members of their rights, including the right to be excluded from, comment

23   upon, or object to the Settlement Agreement or its terms and conditions. The

24   Notice shall specify that: (i) any objection to the Settlement Agreement and any

25   papers submitted in support of an objection shall be considered by the Court at the

26   Final Approval Hearing only if, on or before the Objection/Exclusion Deadline

27

28                        - 21 -

**STIPULATION OF SETTLEMENT**

1  approved by the Court and specified in the Notice, the Person making an objection

2  files notice of his or her intention to do so and at the same time files copies of such

3  papers he or she proposes to submit at the Final Approval Hearing with the Clerk

4  of the Court and sends copies of such papers by mail, hand, or overnight delivery

5  service to Class Counsel and 7-Eleven's Counsel, and (ii) that any objection made

6  by a Class Member represented by counsel must be filed through the Court's

7  CM/ECF system.

8      **4.3    Objections**.  Any member of the Class who intends to object to this

9  Agreement must include in the objection his/her name and address; include all

10  arguments, citations, and evidence supporting the objection (including copies of

11  any documents relied on); state that he or she is a Class Member; and provide a

12  statement indicating whether the objector intends to appear at the Final Approval

13  Hearing and, if so, whether the appearance will be with or without counsel. Any

14  Class Member who fails to timely file a written objection with the Court and

15  notice of his or her intent to appear at the Final Approval Hearing in accordance

16  with the terms of this section and as detailed in this Notice, and at the same time

17  provide copies to designated counsel for the Parties, shall not be permitted to

18  object to this Agreement at the Final Approval Hearing, and shall be foreclosed

19  from seeking any review of this Agreement by appeal or other means and shall be

20  deemed to have waived his, her, or its objections and be forever barred from

21  making any such objections in the Action or any other action or proceeding. To be

22  valid, the objection must be filed with the Court and delivered or postmarked and

23  sent via mail to Class Counsel and 7-Eleven's Counsel on or before the

24  Objection/Exclusion Deadline approved by the Court and specified in the Short

25  Form and Long Form Notice.

26      **4.4    Exclusion**. A member of the Class may request to be excluded from

27

28                                         - 22 -

the Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified on the Notice. To exercise the right to be excluded, a member of the Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the name and number of the case, and a statement that such Person intends to be excluded from the Settlement. A request to be excluded that does not include all of this information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Class and shall be bound as Class Members by the Agreement, if approved. Any Class Member who elects to be excluded shall not: (i) be bound by any orders of the Final Order; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed.

**4.5     Settlement Administration Costs** are payable from the Settlement Fund, as approved by the Court.

**4.6     Binding Settlement**. Any Class Member who does not, in accordance with the terms and conditions of this Agreement, seek timely exclusion from the Class or timely file an Approved Claim shall be deemed a Class Member bound by this Agreement, but shall not be entitled to receive any cash award or any other benefits pursuant to this Agreement but will otherwise be bound together with all respective Class Members by all of the terms of this Agreement, including the terms of the Final Order to be entered in the Action and Releases provided for in the Agreement, and will thus be barred from bringing any action against any of the Released Parties concerning the Released Claims.

- 23 -

**STIPULATION OF SETTLEMENT**

## 5.   SETTLEMENT ADMINISTRATION

**5.1   Claims Process**. The Settlement Administrator shall, under the Court's supervision, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost-effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall ensure that all such records will be made available for inspection and copying to Class Counsel and 7-Eleven's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and 7-Eleven's Counsel with information concerning the Notice as well as the administration and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

a)   Forward to 7-Eleven's Counsel and Class Counsel, all original (or suitable copies of) documents and other materials received in connection with the administration of the Settlement, within fifteen (15) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

b)   Receive requests to be excluded from the Class and other requests from Class Members and promptly provide to Class Counsel and 7-Eleven's Counsel copies upon receipt. If the Settlement Administrator receives any requests for exclusion or other requests from Class Members after the

- 24 -

**STIPULATION OF SETTLEMENT**

1  deadline for the submission of such forms and requests, the Settlement

2  Administrator shall promptly provide copies thereof to Class Counsel and 7-

3  Eleven's Counsel.

4          c)      Provide weekly or other periodic reports to Class Counsel

5  and 7-Eleven's Counsel, including without limitation, reports regarding the

6  number of Claim Forms received and the amount of the payments sought, the

7  number approved by the Settlement Administrator, and the categorization and

8  description of Claim Forms rejected, in whole or in part, by the Settlement

9  Administrator; and

10         d)      Make available for inspection and copying by Class Counsel

11  and/or 7-Eleven's Counsel, the Claim Forms and any supporting documentation

12  received by the Settlement Administrator at any time upon reasonable notice.

13     **5.2    Valid Claim Forms**. The Settlement Administrator shall reject a

14  Claim Form, or any part of a Claim for a payment with due regard for 7-Eleven

15  records to verify the submissions of any claim presented, including without

16  limitation, where the name provided on the Claim Form does not appear on the

17  Class List or cannot be validated as having been considered for employment by 7-

18  Eleven. In addition, the Settlement Administrator shall be obliged to employ

19  reasonable procedures to screen claims for abuse or fraud and deny Claim Forms

20  where there is evidence of abuse or fraud. The Settlement Administrator shall

21  determine whether a Claim Form submitted by a Class Member is an Approved

22  Claim and shall reject Claim Forms that fail to comply with the instructions or the

23  terms of this Agreement, after giving the claimant a reasonable opportunity to

24  provide any requested missing information, but in no event shall any Class

25  Member have more than thirty (30) days after being noticed by the Settlement

26  Administrator of any question or deficiency in the submitted Claim Form to

27

28                                      - 25 -

**STIPULATION OF SETTLEMENT**

1    answer the question or cure such deficiency.

2    **5.3    Challenges to Validity of Claim Form**. Both Class Counsel and 7-

3    Eleven, either individually or jointly, shall have the right to challenge the

4    acceptance or rejection of a Claim Form submitted by a Class Member. The

5    Settlement Administrator shall be bound by any agreed decisions of Class Counsel

6    and 7-Eleven's Counsel as to the validity of any disputed Claim Form. To the

7    extent Class Counsel and 7-Eleven are not able to agree on the disposition of a

8    challenge, the Parties shall present such challenges to the mediator, Michael

9    Dickstein, for binding, non-appealable decision as to such challenge, subject to

10   any confidentiality provisions as necessary to assure the privacy of the person

11   whose claim is challenged.

12   **5.4    Administrator's Request for Information**. In the exercise of its

13   duties outlined in this Agreement, the Settlement Administrator shall have the

14   right to reasonably request additional information from the Parties or any Class

15   Member.

16   **5.5    Fairness Hearing**. The Final Approval Hearing shall be no earlier

17   than forty-five (45) days after the Notice described in Section 4.1 is provided or

18   such other time as the Court shall set.

19   **5.6    Confidentiality of Information**. The Settlement Administrator and

20   the Parties each agree to keep all information received under Section 5 of this

21   Agreement—including the Class List and all personal information of the Class

22   obtained therefrom—confidential and may use it only for purposes of effectuating

23   this Agreement.

24   **6.    TERMINATION OR RESCISSION OF SETTLEMENT**

25   **6.1    Termination Events**. Subject to Section 9 below, the Class

26   Representative, on behalf of the Class, or Defendant and each or any of them, shall

27

28                                      - 26 -

have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties within ten (10) business days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect, including without limitation the Court's refusal to approve the reversion of monies remaining in the Settlement Fund to 7-Eleven; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Order in this Action in any material respect; (iv) the date upon which the Final Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which the Alternate Order, as defined in Section 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2   Termination or Rescission by Defendant**.  Notwithstanding any other provision contained herein to the contrary, Defendant shall have the right, but not the obligation, to terminate and rescind this Agreement if over five (5) percent of the Class files valid requests for exclusion from this Agreement. To exercise this right, Defendant must provide written notice to Plaintiff no later than fourteen (14) days following the Objection/Exclusion Deadline. If Defendant terminates or rescinds this Agreement, then the Defendant's obligations under the Agreement will cease to have any force and effect, the Agreement will be vacated, canceled, and annulled, and the Parties will return to the status quo ante as if they had not entered into the settlement. In addition, the settlement and all negotiations and proceedings related to the settlement will be without prejudice of the rights of the Parties, and evidence of the settlement, negotiations, and proceedings will be inadmissible and will not be discoverable.

- 27 -

**STIPULATION OF SETTLEMENT**

**7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

**7.1     Motion for Preliminary Approval**. Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date, the Objection/Exclusion deadline, the Claims Deadline, and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the forms attached as Exhibits B and C.

**7.2     Final Approval Hearing**. At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth in this Agreement.

**7.3     Final Approval Order**. After Notice is given, Class Counsel shall request from the Court a Final Order. The Final Order will (among other things):

a)     find that the Court has personal jurisdiction over all Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all attached exhibits;

b)     approve the Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties;

c)     find that the Notice and the Notice Plan implemented pursuant to the Agreement (i) constitute the best practicable notice under the

- 28 -

**STIPULATION OF SETTLEMENT**

circumstances; (ii) constitute notice that is reasonably calculated, under the

circumstances, to apprise the Class of the pendency of the Action, their right to

object or exclude themselves from the proposed Agreement, and to appear at the

Final Approval Hearing; (iii) are reasonable and constitute due, adequate, and

sufficient notice to all persons entitled to receive notice; and (iv) meet all

applicable requirements of the Federal Rules of Civil Procedure, the Due Process

Clause of the United States Constitution, and the rules of the Court;

d)       find that the Class Representative and Class Counsel

adequately represented the Class for purposes of entering into and implementing

the Agreement;

e)       dismiss this Action (including all individual claims and class

action claims presented thereby) on the merits and with prejudice, without fees or

costs to any party except as provided in the Settlement Agreement;

f)       incorporate the Release set forth above, make the Release

effective as of the Effective Date, and forever discharge the Released Parties as set

forth in this Agreement;

g)       permanently bar and enjoin all Class Members who have not

been properly excluded from the Class from filing, commencing, prosecuting,

intervening in, or participating (as class members or otherwise) in, any lawsuit or

other action in any jurisdiction based on the Released Claims;

h)       authorize the Parties, without further approval from the

Court, to agree to and adopt such amendments, modifications and expansions of

the Settlement Agreement and its implementing documents (including all exhibits

to this Agreement) as (i) shall be consistent in all material respects with the Final

Order, or (ii) do not limit the rights of Class Members; and without affecting the

finality of the Final Order for purposes of appeal, retain jurisdiction as to all

**STIPULATION OF SETTLEMENT**

matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose; and

        i)     incorporate any other provisions, as the Court deems necessary and just.

## 8. ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARD.

**8.1 Attorneys' Fees and Costs**. No later than fourteen (14) days before the Objection Deadline, Class Counsel may make written application to the Court for a Fee Award not to exceed, in the aggregate, one-third (33.33%) of the Settlement Fund. The Parties agree that the Court (and only the Court) shall determine the final amount of the Fee Award in this Action. Any Fee Award shall be paid out of the Settlement Fund.

**8.2 Payment of Fees and Costs**. Class Counsel shall, within seven (7) days following the Funding Date, be paid the amount of attorneys' fees and expenses approved by the Court. Any payment of the Fee Award from the Settlement Fund shall be paid by the Settlement Administrator via electronic transfer to an account designated by Class Counsel providing necessary information to the Settlement Administrator. Class Counsel agree and represent that in no event shall Defendant collectively pay or be obligated to pay in excess of the Fee Award determined by the Court for Class Counsel's attorneys' fees and expenses.

**8.3 Incentive Award for Class Representative**. In addition to any Approved Claim payment to which he may be entitled to under the Settlement Agreement, and provided that he does so qualify for an Approved Claim, in recognition of his efforts on behalf of the Class, the Class Representative shall,

STIPULATION OF SETTLEMENT

subject to the approval of the Court, be awarded an incentive award in the aggregate amount to be determined by the Court upon written application to the Court made no later than fourteen (14) days before the Objection Deadline. 7-Eleven agrees that an incentive award of $5,000 is reasonable and that it shall not oppose such award, directly or indirectly. This sum shall be paid in recognition of the Plaintiff's time, exposure, and effort serving as the Class Representative in this litigation. The Settlement Administrator shall pay said amount via check from the Settlement Fund to the Class Representative, such check to be sent care of Class Counsel, within seven (7) days after the Funding Date.

9. **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

  **9.1 Effective Date of Settlement**. The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

    a) This Agreement has been signed by Class Counsel, the Named Plaintiff, 7-Eleven and 7-Eleven's Counsel;

    b) The Court has entered the Preliminary Approval Order;

    c) The Court has entered an order finally approving the Agreement, following notice to the Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Order, or an order substantially consistent with this Agreement; and

    d) The Final Order has become Final, as defined above, or, in the event that the Court enters a final order in a form other than that provided above ("Alternate Order") and that has the consent of the Parties, such Alternate Order becomes Final.

  **9.2 Failure of Effective Date**. If some or all of the conditions specified

- 31 -

1    in Section 9.1 are not met, or in the event that this Agreement is not approved by

2    the Court, or the settlement set forth in this Agreement is terminated or fails to

3    become effective in accordance with its terms, then this Agreement shall be

4    canceled and terminated subject to Section 9.3 unless the Plaintiff and Defendant

5    mutually agree in writing to proceed with the Agreement. If any party to this

6    Agreement is in material breach of the terms of this Agreement, any other party,

7    provided that it is in substantial compliance with the terms of the Agreement, may

8    terminate this Agreement on notice to all of the Settling Parties. Notwithstanding

9    anything in this Agreement, the Parties agree that the Court's failure to approve, in

10   whole or in part, the attorneys' fees payment to Class Counsel set forth in Section

11   8.1 and 8.2 above shall not prevent the Agreement from becoming effective, nor

12   shall it be grounds for termination.

13        **9.3     Status Quo Ante.** If this Agreement is terminated or fails to become

14   effective for the reasons set forth in Sections 6.1, 6.2, 9.1 or 9.2 above, the Parties

15   shall be restored to their respective positions in the Action as of the date of the

16   signing of this Agreement with all claims or their defenses fully preserved. In such

17   event, any Final Order or other order entered by the Court in accordance with the

18   terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties

19   shall be returned to the *status quo ante* with respect to the Action as if they had

20   never entered into this Agreement, subject to reasonable extensions of time as to

21   any deadlines.

22        **9.4     No Admission of Liability.** Nothing in this Agreement or in any

23   other document related to this Settlement will be construed as or deemed an

24   admission of liability, culpability, negligence, reckless disregard, or wrongdoing

25   on the part of Defendant. Likewise, nothing in this Agreement or in any other

26   document related to this Settlement will be construed as or deemed an admission

27

28                                          - 32 -

**STIPULATION OF SETTLEMENT**

1  regarding the infirmity of any claim or legal argument or theory on the part of

2  Plaintiff. Each of the Parties has entered into this Agreement with the intention of

3  avoiding further disputes and litigation and the attendant inconvenience, expense,

4  and unpredictability.

5      **10.**    **MISCELLANEOUS PROVISIONS**

6      **10.1**   **Good Faith Efforts**. The Parties: (i) acknowledge that it is their

7  intent to consummate this Settlement Agreement; and (ii) agree, subject to their

8  ethical, fiduciary, and legal obligations, to cooperate to the extent reasonably

9  necessary to effectuate and implement all terms and conditions of this Agreement

10  and to exercise their reasonable best efforts to accomplish the foregoing terms and

11  conditions of this Agreement. The Parties, Class Counsel, and 7-Eleven's Counsel

12  all agree to cooperate with one another in seeking Court approval of the

13  Preliminary Approval order, the Settlement Agreement, and the Final Order, and

14  promptly to agree upon and execute all such other documentation as may be

15  reasonably required to obtain final approval of the Agreement.

16      **10.2**   **All Disputes Resolved**. The Parties intend this Settlement Agreement

17  to be a final and complete resolution of all disputes between them with respect to

18  the Released Claims by the Releasing Parties and each or any of them, on the one

19  hand, against the Released Parties, and each or any of them, on the other hand.

20  Accordingly, the Parties agree not to assert in any forum that the Action was

21  brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith

22  or without a reasonable basis.

23      **10.3**   **Advice of Counsel**. The Parties have relied upon the advice and

24  representation of counsel, selected by them, concerning their respective legal

25  liability for the claims hereby released. The Parties have read and understand fully

26  this Agreement and have been fully advised as to the legal effect thereof by

27

28                                          - 33 -

**STIPULATION OF SETTLEMENT**

counsel of their own selection and intend to be legally bound by the same.

**10.4   No Admission or Concessions**. Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained in this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

a)      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence or fault of the Released Parties, or any of them;

b)      is, may be deemed, or shall be used, offered, or received against the Settlement Class as an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c)      is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the settlement, this Agreement, and any acts performed or documents executed in furtherance of or pursuant to this Agreement or Settlement may be used in any proceedings as may be necessary to enforce the provisions of this Agreement. If this Settlement Agreement is approved by the Court, any of the Parties or any of the Released Parties may file this Agreement or the Final Order in any action that may be brought against such Party

- 34 -

**STIPULATION OF SETTLEMENT**

or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, waiver, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

d)      is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

e)      is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.5   Headings/Captions**. The headings used in this Agreement are used for the purpose of convenience only and are not meant to have legal effect.

**10.6   Waiver**. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement. The Parties agree that this Agreement may not be waived except by a writing signed by the Class Representative and a duly-authorized representative of Defendant.

**10.7   Recitals and Exhibits**. All the Recitals and Exhibits to this Agreement are material and integral parts of it and are fully incorporated into this Agreement by this reference.

**10.8   Entire Agreement**. This Agreement and its Exhibits set forth the

- 35 -

**STIPULATION OF SETTLEMENT**

1  entire agreement and understanding of the Parties with respect to the matter set

2  forth herein, and supersede all prior negotiations, agreements, arrangements, and

3  undertakings with respect to the matters set forth herein. No representations,

4  warranties, or inducements have been made to any Party concerning this

5  Settlement Agreement or its Exhibits other than the representations, warranties,

6  and covenants contained and memorialized in such documents. This Agreement

7  may be amended or modified only by a written instrument signed by or on behalf

8  of each of the Parties and their duly-authorized representatives or their respective

9  successors-in-interest.

10      **10.9   Defendants' Fees and Costs**. Defendant shall bear its own attorneys'

11  fees and costs.

12      **10.10 No Assignments.** All Parties represent and warrant that they have not

13  assigned any claim or right or interest therein as against the Released Parties to

14  any other Person or Party and that they are fully entitled to release the same.

15      **10.11 Authorized Signatures**. Each counsel or other Person executing this

16  Settlement Agreement, any of its Exhibits, or any related settlement documents on

17  behalf of any Party to this Agreement warrants and represents that such Person has

18  the full authority to do so and has the authority to take appropriate action required

19  or permitted to be taken pursuant to the Agreement to effectuate its terms.

20      **10.12 Counterparts Same as Original**. This Agreement may be executed

21  in one or more counterparts. All executed counterparts and each of them shall be

22  deemed to be one and the same instrument provided that counsel for the Parties to

23  this Agreement all exchange original signed counterparts. A complete set of

24  original executed counterparts shall be filed with the Court if the Court so

25  requests.

26      **10.13 Successors and Assigns**. This Settlement Agreement shall be binding

27

28

**STIPULATION OF SETTLEMENT**

1  on, and inure to the benefit of, the successors and assigns of the Parties to this

2  Agreement and the Released Parties. The Parties represent, covenant, and warrant

3  that they have not directly or indirectly assigned, transferred, encumbered, or

4  purported to do so to any person or entity any portion of any liability, claim,

5  demand, action, cause of action, or rights released and discharged as set forth in

6  this Agreement.

7      **10.14 Jurisdiction Over Agreement**. This Court shall retain jurisdiction

8  with respect to implementation and enforcement of the terms of this Agreement,

9  and all Parties to this Agreement submit to the jurisdiction of the Court for

10  purposes of implementing and enforcing the settlement embodied in this

11  Agreement.

12      **10.15 Stay of Proceedings Pending Preliminary and Final Approval**.

13  All proceedings in the Action shall be stayed and abated following entry of the

14  Preliminary Approval Order, except as may be necessary to implement the

15  Settlement Agreement or comply with the terms of the Settlement. Pending

16  determination of whether the Settlement Agreement should be granted final

17  approval, the Parties in the Action agree not to pursue any claims or defenses

18  otherwise available to them.

19      **10.16 No Admissions or Concessions**. Whether or not the Settlement

20  Agreement is signed or otherwise approved or if this Settlement Agreement is

21  terminated, neither this Settlement Agreement not the settlement contained herein,

22  nor any act performed or document executed pursuant to or in furtherance of this

23  Agreement or the settlement may be deemed, or shall be used, offered or received

24  against the Released Parties, or each or any of them, as an admission, concession

25  or evidence of, the validity of any Released Claims, the truth of any fact alleged

26  by the Plaintiff, the deficiency of any defense that has been or could have been

27

28                                  - 37 -

**STIPULATION OF SETTLEMENT**

1   asserted in the Action, the violation of any law or statute, the reasonableness of the

2   settlement amount or the fee award, or of any alleged wrongdoing, liability,

3   negligence, or fault of the Released Parties, or any of them. Additionally, neither

4   the Settlement, nor any act performed or document executed pursuant to or in

5   furtherance of the Settlement, is or may be deemed a waiver of 7-Eleven's right to

6   challenge the Court's prior grant of class certification if this Settlement for any

7   reason does not become Final.

8       **10.17 Applicable Law**. This Settlement Agreement shall be governed by

9   and construed in accordance with the laws of the State of California.

10      **10.18 Arms-Length Negotiations**. This Agreement is deemed to have been

11  prepared by counsel for all Parties, as a result of arm's-length negotiations among

12  the Parties with the aid of a neutral mediator. Whereas all Parties have contributed

13  substantially and materially to the preparation of this Agreement, it shall not be

14  construed more strictly against one Party than another.

15      **10.19 Notice to Parties and Counsel**. Where this Agreement requires

16  notice to the Parties, such notice shall be sent to the undersigned counsel by email

17  to their designated accounts in the Action, certified mail in care of the United

18  States Postal Service (USPS) or by overnight mail in care of the USPS or such

19  recognized commercial carrier as Federal Express, UPS or the like with proof of

20  delivery:

21      **(a)**   For Plaintiff & the Class: Steven L. Woodrow, Patrick H. Peluso,

22      Woodrow & Peluso, LLC, 3900 East Mexico Avenue, Suite 300, Denver,

23      Colorado 80210, swoodrow@woodrowpeluso.com,

24      ppeluso@woodrowpeluso.com; and

25      **(b)**   For 7-Eleven: Julie R. Trotter, Delavan J. Dickson, and Kent R.

26      Christensen CALL & JENSEN, 610 Newport Center Drive, Suite 700,

27

28                                              - 38 -

**STIPULATION OF SETTLEMENT**

1    Newport Beach, California 92660, jtrotter@calljensen.com,

2    ddisckson@calljensen.com, kchristrensen@calljensen.com

3

4    [SIGNATURE PAGE FOLLOWS]

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    - 39 -

**STIPULATION OF SETTLEMENT**

*For Plaintiff and the Class*

**EDWARDO MUNOZ**

*Edwardo munoz*

Date: 07/27/2019


*For Defendant*

**7-ELEVEN, INC.**

By: Rankin Gasaway

Title: Sr. Vice President

Date: July 23 2019

- 40 -

**STIPULATION OF SETTLEMENT**

Doc ID: 4a6b158831a6e7725d474a7c55987dbef7e29e2b

*Approved as to form by counsel for the Parties:*

**WOODROW & PELUSO, LLC**

By: Patrick Peluso

Title: Partner

Date: 7/28/19

**CALL & JENSEN, P.C.**

By: Julie R. Trotter

Title: Managing Shareholder

Date: July 29, 2019

- 41 -

# EXHIBIT A

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

## If 7-Eleven, Inc. ("7-Eleven") Obtained a Background Check in Regard to Your Actual or Prospective Employment, You Could Get a Payment from a Class Action Settlement

*A Federal Court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit about whether 7-Eleven used a disclosure form when it obtained background checks about its applicants and employees that complied with the Fair Credit Reporting Act, 15 U.S.C. § 1681b *et seq.* ("FCRA") and whether 7-Eleven provided other notices required by the FCRA.

- Persons included in the Settlement who file valid Claim Forms will be eligible to receive a payment from the Settlement Fund up to five-hundred fifty dollars ($550). The actual amount of the payments will be based on the number of valid claim forms submitted, administrative costs, and any incentive award or attorney's fees and expenses approved by the Court.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits but still give up your rights to sue the Defendant about the claims in this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge R. Gary Klausner of the U.S. District Court for the Central District of California is overseeing this case. The case is known as *Edwardo Munoz v. 7-Eleven, Inc.*, Case No. 2:18-cv-03893-RGK-AGR. Mr. Munoz, the person who sued, is called the Plaintiff/Class Representative. The Defendant is 7-Eleven.

### 2. What is a Class Action?

In a class action, one or more named plaintiffs called Class Representatives (in this case, Edwardo Munoz) sues on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 3. What is this Lawsuit about?

This lawsuit alleges that 7-Eleven violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b *et seq.* ("FCRA") by not using a "standalone" disclosure and authorization that notified applicants and employees that it might obtain background checks in regard to their employment. 7-Eleven denies that it violated any law and maintains that it could have asserted several defenses.

The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, years from now.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court in this case certified a class and subclass on October 18, 2018 (dkt. 43), defined as follows:

> **Disclosure Class**: All persons in the United States who (1) from a date [two years] prior to the filing of this initial complaint in this action to the date notice is sent to the Disclosure Class; (2) applied for employment with Defendant; (3) about whom Defendant procured a consumer repot; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form that Defendant provided to Plaintiff.

**California Subclass:** All members of the Disclosure Class who reside in California.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

7-Eleven has agreed to fund a Settlement Fund of $1,972,500 U.S. dollars. The cost to send notice to the class and administer the Settlement, as well as attorneys' fees and payments to the Class Representatives, will come out of this amount (*see* Question 13). The amount remaining after deducting these costs (the "Net Settlement Fund") will be used to pay the claims of eligible Class Members who submit valid claims.

Persons who file valid claims and who are part of this class according to 7-Eleven's records will be eligible to receive One (1) Claimant Payment of equal value from the Net Settlement Fund.

### 7. How much will my payment be?

If you are member of the Class and the Court gives final approval to the Settlement, you may be entitled to receive a check for an amount equal to the value of the One (1) Claimant Payment. The amount of your exact payment cannot be calculated at this time. Your payment will depend on the total number of valid claims that are filed, the cost of the Notice, and any incentive award to the Class Representatives and award of attorneys' fees to Class Counsel. The Class is estimated to include approximately 59,920 persons.

### 8. When will I get my payment?

You should receive a check from the settlement administrator within 60-90 days after the Settlement has been finally approved and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled for [Fairness Hearing Date.] All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

### 9. How do I get benefits?

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a Claim Form, under penalty of perjury, by [**CLAIMS DEADLINE**]. The Claim form is included with this notice and can be found by calling, toll free, 1-800-000-0000 or by contacting Class Counsel at (720) 213-0676. The Claim Form can be submitted online at the Settlement Website or downloaded and submitted by mail.

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue 7-Eleven for the claims being resolved by this Settlement. The specific claims you are giving up against 7-Eleven are described in Section 1.36 of the Settlement Agreement. You will be "releasing" the Defendant and all related people as described

in Section 1.37 of the Settlement Agreement. Unless you exclude yourself (*see* Questions 14 & 15), you are "releasing" the claims, regardless of whether you submit a claim form or not. The Settlement Agreement is available at www.[settlementwebsite].com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to Class Counsel listed in Questions 12 and 17 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

## 12. Do I have a lawyer in the case?

The Court has appointed Steven L. Woodrow, Patrick H. Peluso, and Taylor T. Smith of Woodrow & Peluso, LLC, to be the attorneys representing the Settlement Class. They are called "Class Counsel." Class Counsel believes, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Class and Subclass. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. You may also enter an appearance though an attorney if you so desire.

## 13. How will the lawyers be paid?

The Settlement Agreement allows Class Counsel to submit a petition for reasonable attorneys' fees of up to _____ of the Settlement Fund as fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement in this matter. Class Counsel may seek, and the Court may award less, than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed to pay an incentive award to the Class Representative from the Settlement Fund for his service in helping to litigate and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter (or request for exclusion) by mail stating that you want to be excluded from *Edwardo Munoz v. 7-Eleven, Inc*. Case No. 2:18-cv-03893-RGK-AGR. Your letter or request for exclusion must also include your name, your address, the phone number that received the relevant telephone calls, and your signature. You must mail your exclusion request so that it is postmarked no later than [Objection/Opt Out Deadline] to:

*Edwardo Munoz v. 7-Eleven, Inc.*
Case No. 2:18-cv-03893-RGK-AGR
[Address Line 1]
[Address Line 2]
[TOLL FREE NUMBER]

The Court will exclude from the Class or Subclass any Class or Subclass Member who timely requests exclusion from the Class or Subclass.

| **15. If I don't exclude myself, can I sue the Defendant for the same thing later?** |
|---|

No. Unless you exclude yourself, you give up any right to sue 7-Eleven for the claims being resolved by this Settlement.

| **16. If I exclude myself, can I get anything from this Settlement?** |
|---|

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

| **17. How do I object to the Settlement?** |
|---|

If you're a Class or Subclass Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter stating that you object to the Settlement in *Edwardo Munoz v. 7-Eleven, Inc.* Case No. 2:18-cv-03893-RGK-AGR, identify all your reasons for your objections (including citations and supporting evidence), and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, and your signature.

Class Counsel will file with the Court and post on the Settlement Website under the "Important Documents" tab, its request for attorneys' fees two weeks prior to the objection deadline.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. Mail the objection to these three places postmarked no later than Month 00, 2019:

| **Court** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| The Honorable R. Gary Klausner c/o Clerk of the Court Roybal Federal Building and U.S. Courthouse, 255 East Temple Street Los Angeles, CA 90012 | Steven Woodrow swoodrow@woodrowpeluso.com Woodrow & Peluso, LLC 3900 East Mexico Ave. Ste. 300 Denver, CO 80210 (720) 213-0675 | Julie R. Trotter jtrotter@calljensen.com CALL & JENSEN 610 Newport Center Drive Suite 700 Newport Beach, CA 92660 949-717-3000 |

|  |  |  |
|---|---|---|

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing at [time] on **Month 00, 2019** at the [insert where]. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for an award of attorneys' fees and expenses; and to consider the request for an incentive award to Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check with Class Counsel by calling [insert phone #]. If, however, you timely object to the Settlement and advise the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of such Fairness Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *Edwardo Munoz v. 7-Eleven* Case No. 2:18-cv-03893-RGK-AGR" It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your Notice of Intent to Appear must be postmarked no later than **Month 00, 2019**, and be sent to the addresses listed in Question 17. You must also state in your objection that you plan on appearing at the hearing.

## GETTING MORE INFORMATION

### 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the full Settlement Agreement. You can get a copy of the Settlement Agreement by writing the Settlement Administrator at P.O. Box 0000, City, ST 00000 or by visiting www.[settlementwebsite].com. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-720-213-0676, if you have any questions. Before doing so, however, please read this full Notice carefully.

# EXHIBIT B

**Legal Notice**

## ATTENTION! If You Applied to Work at a 7-Eleven Corporate Store and had a background check obtained regarding your employment from _____, 20__ to _____, 20__

### You May Be Part of a Class Action Settlement

### Learn More At:

**www.[websiteURL].com**

*Edwardo Munoz v. 7-Eleven, Inc.* Case No. 2:18-cv-03893-RGK-AGR
[Settlement Administrator]
[Address Line 1]
[Address Line 2]
[Address Line 3]

First Class Postage



Postal Service: Please do not mark barcode

ABC-1234567-8

First Last
Address1
Address2
City, State, Zip Code

**Summary Notice**

You are receiving this notice because you have been identified as a settlement class member in *Edwardo Munoz v. 7-Eleven, Inc.* 2:18-cv-03893-RGK-AGR, pending in the U.S. District Court for the Central District of California. The Court has preliminarily approved a settlement that could impact your legal rights, whether you act or not. This is only a summary of the Full Notice. Visit www.[website].com to read the Full Notice, submit a Claim Form, and view important court dates and documents.

**Nature of the Action.** This lawsuit alleges that 7-Eleven obtained background checks regarding applicants and employees in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, *et. seq.* The Class Representative claims that 7-Eleven obtained the background checks unlawfully insofar as it didn't provide a standalone disclosure and authorization as required by the Act prior to procuring the background check report. 7-Eleven denies that it violated any laws and asserts several defenses. The Court has not determined who is right. Rather, you are receiving this legal notice because your rights may be impacted by the settlement regardless of whether you file a claim.

**How Do I Know if I am a Class Member?** You fall into the definition of the Settlement Class if you applied to work at 7-Eleven from _____ to _____ and had 7-Eleven obtained a background check regarding your employment.

**What are My Options?** You may submit a Claim Form to be paid your share of the Net Settlement Fund (equal to the Settlement Fund of $_____ less all approved Settlement Administration Expenses, and any Incentive Awards and the Fee Award to Class Counsel). You can discuss the case with Class Counsel. You may also enter an appearance though an attorney if you so desire. You may also request to be excluded, and the Court will exclude any member who timely requests exclusion. To request exclusion, you must mail a signed statement that says "I wish to be excluded from *Edwardo Munoz v. 7-Eleven, Inc.* Case No. 17-cv-11630-NGE" to the Settlement Administrator, postmarked by [opt-out/objection deadline]. Specific information is available at www.website.com. If you do nothing you will be in the Class and you will also be bound by all orders and judgments of the Court entered under Rule 23(c)(3); however, you will NOT receive a share of the Net Settlement Fund. You MUST file a Claim Form to receive a payment. If you request exclusion, you will not be able to participate in the settlement.

**Who Represents Me?** The Court has appointed Steven L. Woodrow, Patrick H. Peluso, and Taylor T. Smith of Woodrow & Peluso, LLC to be the attorneys for the Class. These attorneys are referred to as Class Counsel. You may hire your own lawyer at your own expense.

**How Do I Get More Information?** For more information about the proposed settlement and a copy of the full Notice and Claim Form, go to www.[website].com, contact the Administrator at [toll free #] or [Address] or call Class Counsel at 720-213-0676.

**TO SUBMIT A CLAIM FORM, VISIT:**
**www.[websiteurl].com**

To request exclusion, submit your signed statement that says "I wish to be excluded from *Edwardo Munoz v. 7-Eleven, Inc.* Case 2:18-cv-03893-RGK-AGR to:

Epiq Systems
*Edwardo Munoz v. 7-Eleven, Inc.*
Case No. 2:18-cv-03893-RGK-AGR
[Address Line 1]
[Address Line 2]
[TOLL FREE NUMBER]

For all other inquiries, contact Class Counsel at:

*Edwardo Munoz v. 7-Eleven, Inc.*
Case 2:18-cv-03893-RGK-AGR
Class Counsel
Woodrow & Peluso, LLC
3900 East Mexico Ave., Ste. 300
Denver, CO 80210
(720) 213-0676   swoodrow@woodrowpeluso.com

**www.[websiteurl].com**

# EXHIBIT C

## Munoz v. 7-Eleven, Inc. FCRA Settlement CLAIM FORM

*Edwardo Munoz v. 7-Eleven, Inc.*, Case No. 2:18-cv-03893-RGK-AGR

Return this Claim Form to: [Settlement Administrator], [address]. Questions, visit www.[SettlementWebsite].com or call (_____

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE], BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**Instructions:** If you applied for work at 7-Eleven, Inc. ("7-Eleven" or "Defendant") and had a background check obtained regarding your employment, you may be entitled to a monetary payment if the settlement is finally approved by the Court. If the settlement is approved, each class member, whether or not he or she submits a claim, will release the Defendant and related entities, and all their officers, agents, employees, and those working with them, from any and all claims as a result of the background check disclosures that are the subject of this litigation. Only one claim per applicant or employee is allowed, regardless of how many notices were received/viewed or the number of background checks procured.

Claimants who are part of this class will receive one (1) Claim Payment from the Net Settlement Fund, which equals $1,972,500 less all Settlement Administration Expenses, and any approved Incentive Award and Fee Award. Claim Payments will be of equal value and will not exceed $550.

**YOU MUST SUBMIT THIS CLAIM FORM TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that if you are a Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that all information contained herein is true and correct.

Call Class Counsel at 720.213.0676 for Further Information

| YOUR CONTACT INFORMATION |
|---|
| **Name**: _____   _____   _____<br>*(First)*                          *(Middle)*                     *(Last)* |
| **Current Address**: _____<br>(You must provide a street address.  A P.O. box will not be accepted.)<br>_____   _____   ____ ____ ____ ____ ____<br>*(City)*                          *(State)*        *(Zip Code)* |
| **Current Phone Number:** ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___<br>(Please provide a phone number where you can be reached if further information is required.) |
| Class Member Verification |
| By submitting this claim form and checking the boxes below, I declare under penalty of perjury that I applied for work at a 7-Eleven, Inc. corporate location and had a background check procured in regards to my potential or actual employment.<br>*************************************************************************<br>Additional information regarding the settlement can be found at **[website.com]**. |
| The Claims Administrator may audit any and all claims. **I declare under penalty of perjury that the foregoing is true and correct.**<br><br>Signature: _____      Date: _____<br><br>Print Name: _____   Your claim will be reviewed by the Settlement Administrator. If accepted you will be mailed a check for your share of the Settlement based on the Units for which you are eligible. Please be patient. |

**CLAIM FORMS MUST BE POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT. MAIL THIS CLAIM FORM TO:  Claims Administrator, [Address].  If you have questions, you may call the Settlement Administrator at [toll-free #] or Class Counsel at 1 720-213-0676.**